UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NO. 06-243-JMH

*Electronically Filed*

WEST HILLS FARMS, LLC, ET AL.,                                        PLAINTIFFS

v.

CLASSICSTAR, LLC, ET AL.,                                             DEFENDANTS

<u>DEFENDANT DAVID PLUMMER'S ANSWER TO AMENDED COMPLAINT</u>

Defendant David Plummer ("Plummer"), by and through counsel of record Burl McCoy of McCoy, West and Franklin and J. Ronald Sim and Christina L. Haring of Stoel Rives LLP, hereby answer the allegations in the above captioned amended complaint as follows:

1.      Answering paragraph 1, Plummer denies the allegations.

2.      Answering paragraph 2,  Plummer denies the allegations.

3.      Answering paragraph 3, Plummer admits a search warrant was executed by the United States government in February 2006  seeking documents related to the business operations of ClassicStar, LLC ("ClassicStar").  Plummer does not now, nor has he ever, owned any interest in Classic Star.  Plummer lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations in paragraph 3.

4.      Answering paragraph 4, Plummer denies the allegations.

5.      Answering paragraph 5, Plummer denies the allegations.  Plummer affirmatively alleges that the use of a combination of thoroughbred and performance horses was fully disclosed to Plaintiffs and Plaintiffs knew or should have known that both thoroughbred and performance horses would be used in the Mare Lease Program with Classic Star.   For example, see Schedule A to Exhibit E to the Complaint dated

December 23, 2004 which identifies 43 performance horse parings and 7 thoroughbred horse pairings as included in the 2004 mare lease program for West Hills Farms LLC ("West Hills").   The schedule is signed by Debra Remmers, an owner of West Hills.

6.       Answering paragraph 6, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

7.       Answering paragraph 7, Plaintiffs' allegations are legal conclusions and therefore, no response is required.  To the extent any response to the allegations in paragraph 7 is deemed required, Plummer denies the allegations.

8.       Answering paragraph 8, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

9.       Answering paragraph 9, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

10.       Answering paragraph 10, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

11.       Answering paragraph 11, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

12.       Answering paragraph 12, Plummer denies the allegations.  Plummer is a resident of the state of Texas.

13.       Answering paragraph 13, Plummer lacks sufficient information to form a belief as to the truth of  the allegations and therefore denies the allegations.

14.       Answering paragraph 14, Plummer admits the allegations set forth in the first sentence and further admits that ClassicStar operates two horse farms located in Kentucky.  With respect to the remaining allegations set forth in paragraph 13, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the remaining allegations.

15.       Answering paragraph 15, Plummer admits the allegations.

16.     Answering paragraph 16, Plummer admits the allegations.

17.     Answering paragraph 17, Plummer admits the first sentence of paragraph 17.  Plummer further admits on information and belief that Defendant Tony Ferguson, Thomas Robinson and John Parrott hold some type of ownership interest in GeoStar and that GeoStar owns some unknown percentage of GasStar, a publicly traded corporation. With respect to the remaining allegations set forth in paragraph 17, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the remaining allegations.

18.     Answering paragraph 18, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

19.     Answering paragraph 19, Plaintiffs' allegations are legal conclusions and therefore, no response is required.

20.     Answering paragraph 20, Plaintiffs' allegations are legal conclusions and therefore, no response is required.  To the extent a response is deemed required, Plummer denies the allegations.

21.     Answering paragraph 21, Plaintiffs' allegations are legal conclusions and therefore, no response is required.

22.     Answering paragraph 22, Plummer admits that he has transacted business in Kentucky.  With respect to the remaining allegations set forth in paragraph 22, Plaintiffs' allegations are legal conclusions and therefore, no response is required.  To the extent a response is deemed required, Plummer denies the remaining allegations set forth in paragraph 22.

23.     Answering paragraph 23, Plummer admits that he has transacted business in Kentucky.  With respect to the remaining allegations set forth in paragraph 23, Plaintiffs' allegations are legal conclusions and therefore, no response is required.  To the extent a response is deemed required, Plummer denies the remaining allegations set forth in paragraph 23.

24.     Answering paragraph 24, Plummer admits that it generally describes one alternative method of structuring a mare lease arrangement.

25.     Answering paragraph 25, Plummer admits the first sentence of the paragraph.  Plummer denies the allegation that he acquired control of Classic Star with defendant Ferguson.  Plummer alleges that he owned the predecessor to Classic Star, Classic Breeders LLC, and that it was a well regarded operation that included boarding and leasing of thoroughbred mares.

26.     Answering paragraph 26, Plummer admits the first sentence of paragraph 26.  With respect to the remaining allegations set forth in paragraph 26, Plaintiffs' allegations are legal conclusions and therefore, no response is required.  To the extent a response is deemed required, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.  Plummer affirmatively alleges that the tax effects based on a taxpayer's participation in the equine industry depend on a variety of factors, including, without limitation, the individual taxpayer or entity, the agreement at issue, the particular facts and circumstances of each taxpayer, and the equine interests at stake.

27.     Answering paragraph 27, Plaintiffs' allegations are legal conclusions and therefore, and, therefore, no response is required.  To the extent a response is deemed required, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.  Plummer affirmatively alleges that the tax effects based on a taxpayer's participation in the equine industry depend on a variety of factors, including, without limitation, the individual taxpayer or entity, the agreement at issue, the particular facts and circumstances of each taxpayer, and the equine interests at stake.

28.     Answering paragraph 28, Plaintiffs' allegations are legal conclusions and therefore, and, therefore, no response is required.  To the extent a response is deemed required, Plummer lacks sufficient information to form a belief as to the truth of the

allegations and therefore denies the allegations.  Plummer affirmatively alleges that the tax effects based on a taxpayer's participation in the equine industry depend on a variety of factors, including, without limitation, the individual taxpayer or entity, the agreement at issue, the particular facts and circumstances of each taxpayer, and the equine interests at stake.

29.     Answering paragraph 29, Plaintiffs' allegations are legal conclusions and therefore no response is required.  To the extent a response is deemed required, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.  Plummer affirmatively alleges that the tax effects based on a taxpayer's participation in the equine industry depend on a variety of factors, including, without limitation, the individual taxpayer or entity, the agreement at issue, the particular facts and circumstances of each taxpayer, and the equine interests at stake.

30.     Answering paragraph 30, Plummer denies the same.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

31.     Answering paragraph 31, Plummer denies the allegations.  Plummer alleges that prior to 1998 he owned and operated Blue Blood Farm which he sold to Classic Breeders LLC.  He repurchased the business in 2000 and continued to operate it until July 1, 2001, when he sold it to GeoStar.  Plummer has never had an ownership interest in ClassicStar.

32.     Answering paragraph 32, Plummer admits the allegations.

33.     Answering paragraph 33, Plummer admits the allegations.

34.     Answering paragraph 34, Plummer admits that Classic Breeders, LLC was re-purchased by him in 2000.

35.     Answering paragraph 35, Plummer admits that he sold New Classic Breeders to GeoStar on July 1, 2001.

36.     Answering paragraph 36, Plummer admits the allegations.

37.     Answering paragraph 37, Plummer denies that he had control over ClassicStar and denies the remaining allegations.

38.     Answering paragraph 38, Plummer admits the allegations.

39.     Answering paragraph 39, Plummer denies the allegations.  Exhibit A attached to the complaint is the search warrant executed by the U.S. Government on ClassicStar in Kentucky.  Presuming there is a typographical error in reference to Exhibit A instead of Exhibit B to the complaint, the terms of the document attached as Exhibit B to the complaint speak for themselves and Plummer denies the allegations to the extent the allegations are incomplete, inconsistent with or mischaracterize the terms of the document attached to the complaint as Exhibit B.

40.     Answering paragraph 40, Plummer denies the allegations.  Exhibit B attached to the complaint is a letter dated March 18, 2004.  Presuming there is a typographical error in reference to Exhibit B instead of Exhibit C to the complaint, the terms of the document attached as Exhibit C to the complaint speak for themselves and Plummer denies the allegations to the extent the allegations are incomplete, inconsistent with or mischaracterize the terms of the document attached to the complaint as Exhibit C.

41.     Answering paragraph 41, Plummer admits he made presentations as the Director of Marketing of GeoStar that related to the Mare Lease Program.  Plummer denies all of the remaining allegation set forth in paragraph 41.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

42.     Answering paragraph 42, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

43.     Answering paragraph 43, Plummer denies the allegations.  Plummer affirmatively alleges that the use of both thoroughbred and performance horses were fully

disclosed to Plaintiffs and Plaintiffs knew or should have known that both thoroughbred and performance horses would be used in the Mare Lease Program with ClassicStar.

44.     Answering paragraph 44, Plummer denies the allegations.  Plummer affirmatively alleges that breeders were provided  with information related to thoroughbred and performance horse mares and nominations.  Plummer affirmatively alleges that the use of both thoroughbred and performance horses were fully disclosed to Plaintiffs and Plaintiffs knew or should have known that both thoroughbred and performance horses would be used in the Mare Lease Program with Classic Star.

45.     Answering paragraph 45, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

46.     Answering paragraph 46, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.  Plummer affirmatively alleges that the tax effects based on a taxpayer's participation in the equine industry depend on a variety of factors, including, without limitation, the individual taxpayer or entity, the agreement at issue, the particular facts and circumstances of each taxpayer, and the equine interests at stake.  Plummer further alleges that each plaintiff was represented by a tax attorney and CPA in their dealings with Classic Star and was advised to rely on the advice of those professionals.

47.     Answering paragraph 47, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

48.     Answering paragraph 48, Plummer denies the allegations. Plummer further alleges that each plaintiff was represented by a tax attorney and CPA in their dealings with Classic Star and was advised to rely on the advice of those professionals.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

49.     Answering paragraph 49, Plummer denies the allegations.   Plummer further alleges that each plaintiff was represented by a tax attorney and CPA in their dealings with Classic Star and was advised to rely on the advice of those professionals. Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

50.     Answering paragraph 50, Plummer denies the allegations.  Plummer further alleges that each Plaintiff was represented by a tax attorney and CPA and was advised to rely on the advice of  those professionals.  Plummer affirmatively alleges that the tax effects based on a taxpayer's participation in the equine industry depend on a variety of factors, including, without limitation, the individual taxpayer or entity, the agreement at issue, the particular facts and circumstances of each taxpayer, and the equine interests at stake.

51.     Answering paragraph 51, Plummer denies the allegations but admits that plaintiffs were informed that loans could be available to cover a portion of the cost of the lease package.

52.     Answering paragraph 52, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

53.     Answering paragraph 53, Plummer lacks sufficient information to form a belief as to the truth of an averment and therefore denies the allegations.

54.     Answering paragraph 54, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

55.     Answering paragraph 55, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

56.     Answering paragraph 56, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

57.     Answering paragraph 57, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

58.     Answering paragraph 58, Plummer lacks sufficient information to form a belief as to the truth of an averment and therefore denies the allegations.   Based on information and belief, Plummer alleges that Nelson Breeders obtained two independent tax opinions supporting its participation in the Mare Lease Program.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

59.     Answering paragraph 59, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

60.     Answering paragraph 60, Plummer denies that Nelson Breeders executed a binding letter agreement effective March 26, 2004.   The letter, which is attached to the complaint as Exhibit D, says "At the Lessees Option, anytime before November 1, 2004 the Lessees can reduce their package by any amount."   The terms of the document speak for themselves.   Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

61.     Answering paragraph 61, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.   Plummer affirmatively alleges that Nelson never paid ClassicStar most of the money it was obligated to pay for the 2004 mare lease program.

62.     Answering paragraph 62, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.   On information and belief, Plummer alleges that substantially all contact between Classic Star and plaintiff West Hills was through West Hills' tax attorney, Joseph Hanna.

63.     Answering paragraph 63, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

64.     Answering paragraph 64, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.   Plummer further alleges that Debra Remmers, an owner of West Hills Farms, LLC, visited Buffalo Ranch in August of 2004 and inspected many of the performance horse mares that were included in West Hills' 2004 mare lease package.  Subsequently, Ms. Remmers signed the Schedule A reflecting 43 performance horse pairings that she had selected.

65.     Answering paragraph 65, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

66.     Answering paragraph 66, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

67.     Answering paragraph 67, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

68.     Answering paragraph 68, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

69.     Answering paragraph 69, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

70.     Answering paragraph 70, Plummer admits each of the Plaintiffs entered into a Mare Lease and Breeding Agreement with ClassicStar.  Plummer denies the remaining allegations set forth in paragraph 70.  Presuming there is a typographical error in reference to the Sample Agreement as Exhibit D instead of Exhibit E to the complaint, there are two documents identified as Exhibit E attached to the complaint.  Plummer lacks sufficient information to form a belief as to the truth or authenticity of the document identified as Exhibit E identifying a list of seventeen purported transfers and therefore denies any and all allegations purported to be set forth in this document.  The terms of the document attached as Exhibit E to the complaint entitled "Mare Lease and Breeding Agreement" speak for themselves and Plummer denies the allegations to the extent the allegations are incomplete, inconsistent with or mischaracterize the terms of

this document.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

71.     Answering paragraph 71, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.  The terms of the document attached as Exhibit E to the complaint entitled "Mare Lease and Breeding Agreement" speak for themselves and Plummer denies the allegations to the extent the allegations are incomplete, inconsistent with or mischaracterize the terms of this document.

72.     Answering paragraph 72, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.  The terms of the document attached as Exhibit E to the complaint entitled "Mare Lease and Breeding Agreement" speak for themselves and Plummer denies the allegations to the extent the allegations are incomplete, inconsistent with or mischaracterize the terms of this document.

73.     Answering paragraph 73, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

74.     Answering paragraph 74, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

75.     Answering paragraph 75, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

76.     Answering paragraph 76, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

77.     Answering paragraph 77, Plummer denies the allegations.  Plummer further alleges that prior to November 1, 2004 at least one of the principals of each of the plaintiff had visited Buffalo Ranch in Farmington, Utah and inspected the performance horse mares that were included in their mare lease packages.  Plaintiffs Arbor Farms and

West Hills Farms substantially increased the size of their 2004 packages after inspecting the performance horses.

78.     Answering paragraph 78, Plummer denies the allegations.

79.     Answering paragraph 79, Plummer denies the allegations.

80.     Answering paragraph 80, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

81.     Answering paragraph 81, Plummer denies the allegations.   Plummer further alleges that all plaintiffs had inspected the performance horses in their mare lease programs well before November 1, 2004, the date until which they could have received a full refund of any amounts paid,  and knew and approved that a substantial majority of the mares in their lease programs would be performance horses.

82.     Answering paragraph 82, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

83.     Answering paragraph 83, Plummer denies the allegations.  Plummer affirmatively alleges that the use of both thoroughbred and performance horses were fully disclosed to Plaintiffs and Plaintiffs knew or should have known that both thoroughbred and performance horses would be used in the Mare Lease Program with Classic Star. Plaintiffs were similarly aware of the embryo transplant program being developed at Buffalo Ranch and took advantage of the opportunity to observe the facilities and witness the processes.

84.     Answering paragraph 84, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

85.     Answering paragraph 85, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

86.     Answering paragraph 86, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

87.     Answering paragraph 87, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

89.     Answering paragraph 88, Plummer denies the allegations.  Plummer lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies the allegations.

89.     Answering paragraph 89, Plummer denies the allegations.

90.     Answering paragraph 90, Plummer denies the allegations.

91.     Answering paragraph 91, Plummer denies the allegations.

92.     Answering paragraph 92, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the same.

93.     Answering paragraph 93, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

94.     Answering paragraph 94, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

95.     Answering paragraph 95, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

96.     Answering paragraph 96, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

97.     Answering paragraph 97,  Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

98.     Answering paragraph 98, Plummer admits that he is aware that ClassicStar has represented to the public that it intends to sell some of its mares on or about November 5, 2006 at a sale in Lexington, Kentucky.  Plummer lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 98 and therefore denies the allegations.

99.     Answering paragraph 99, Plummer denies the allegations.  There are two documents identified as Exhibit E attached to the complaint.  Presuming Plaintiffs are referencing the document identified as Exhibit E identifying a list of seventeen purported transfers in this paragraph, Plummer lacks sufficient information to form a belief as to the truth or authenticity of this document and therefore denies any and all allegations purported to be set forth in this document.

100.    Answering paragraph 100, Plummer denies the allegations.

101.    Answering paragraph 101, Plummer denies the allegations.

102.    Answering paragraph 102, Plummer repeats and incorporates by this response its responses to the allegations of paragraphs 1 through 101 as if fully set forth herein.

103.    Answering paragraph 103, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

104.    Answering paragraph 104, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

105.    Answering paragraph 105, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

106.    Answering paragraph 106, Plummer denies the allegations.

107.    Answering paragraph 107, Plummer denies the allegations.

108.    Answering paragraph 108, Plummer denies the allegations.

109.   Answering paragraph 109, Plummer denies the allegations.  There are two documents identified as Exhibit E attached to the complaint.  Presuming Plaintiffs are referencing the document identified as Exhibit E identifying a list of seventeen purported transfers in this paragraph, Plummer lacks sufficient information to form a belief as to the truth or authenticity of this documents and therefore denies any and all allegations purported to be set forth in this document.

110.   Answering paragraph 110, Plummer denies the allegations.

111.   Answering paragraph 111, Plummer denies the allegations.

112.   Answering paragraph 112, Plummer denies the allegations.

113.   Answering paragraph 113, Plummer denies the allegations.

114.   Answering paragraph 114, Plummer denies the allegations.

115.   Answering paragraph 115, Plummer denies the allegations.

116.   Answering paragraph 116, Plummer denies the allegations.

117.   Answering paragraph 117, Plummer denies the allegations.

118.   Answering paragraph 118, Plummer denies the allegations.  There are two documents identified as Exhibit E attached to the complaint.  Presuming Plaintiffs are referencing the document identified as Exhibit E identifying a list of seventeen purported transfers in this paragraph, Plummer lacks sufficient information to form a belief as to the truth or authenticity of this document and therefore denies any and all allegations purported to be set forth in this document.

119.   Answering paragraph 119, Plummer denies the allegations.

120.   Answering paragraph 120, Plummer denies the allegations.

121.   Answering paragraph 121, Plummer denies the allegations.

122.   Answering paragraph 122, Plummer denies the allegations.

123.   Answering paragraph 123, Plummer denies the allegations.

124.   Answering paragraph 124, Plummer denies the allegations.

125.   Answering paragraph 125, Plummer denies the allegations.

126.     Answering paragraph 126, Plummer denies the allegations.

127.     Answering paragraph 127, Plummer denies the allegations.

128.     Answering paragraph 128, Plummer denies the allegations.  There are two documents identified as Exhibit E attached to the complaint.  Presuming Plaintiffs are referencing the document identified as Exhibit E identifying a list of seventeen purported transfers in this paragraph, Plummer lacks sufficient information to form a belief as to the truth or authenticity of this document and therefore denies any and all allegations purported to be set forth in this document.

129.     Answering paragraph 129, Plummer denies the allegations.

130.     Answering paragraph 130, Plummer denies the allegations.

131.     Answering paragraph 131, Plummer denies the allegations.

132.     Answering paragraph 132, Plummer repeats and incorporates by this response its responses to the allegations of paragraphs 1 through 131 as if fully set forth herein.

133.     Answering paragraph 133, Plummer denies the allegations.

134.     Answering paragraph 134, Plummer admits that Plaintiffs were provided with services of value, but denies the remaining allegations set forth in paragraph 134 Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.  Plummer affirmatively alleges that the use of both thoroughbred and quarter horses were fully disclosed to Plaintiffs and Plaintiffs knew or should have known that both thoroughbred and performance horses would be used in the Mare Lease Program with Classic Star.

135.     Answering paragraph 135, Plummer denies the allegations.

136.     Answering paragraph 136, Plummer denies the allegations.

137.     Answering paragraph 137, Plummer denies the allegations.

138.     Answering paragraph 138, Plummer denies the allegations.

139.     Answering paragraph 139, Plummer denies the allegations.

140.    Answering paragraph 140, Plummer denies the allegations.

141.    Answering paragraph 141, Plummer repeats and incorporates by this response its responses to the allegations of paragraphs 1 through 140 as if fully set forth herein.

142.    Answering paragraph 142, Plummer admits Plaintiffs entered into the Mare Lease and Breeding Agreements with ClassicStar.  Plummer lacks sufficient information to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations set forth in paragraph 142.

143.    Answering paragraph 143, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

144.    Answering paragraph 144, Plummer denies the allegations.

145.    Answering paragraph 145, Plummer repeats and incorporates by this response its responses to the allegations of paragraphs 1 through 144 as if fully set forth herein.

146.    Answering paragraph 146, Plummer denies the allegations.

147.    Answering paragraph 147, Plummer denies the allegations.

148.    Answering paragraph 148, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

149.    Answering paragraph 149, Plummer denies the allegations.

150.    Answering paragraph 150, Plummer repeats and incorporates by this response its responses to the allegations of paragraphs 1 through 149 as if fully set forth herein.

151.    Answering paragraph 151, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

152.     Answering paragraph 152, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

153.     Answering paragraph 153, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

154.     Answering paragraph 154, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

155.     Answering paragraph 155, Plummer denies the allegations.

156.     Answering paragraph 156, Plummer denies the allegations.

157.     Answering paragraph 157, Plummer repeats and incorporates by this response its responses to the allegations of paragraphs 1 through 156 as if fully set forth herein.

158.     Answering paragraph 158, Plummer denies the allegations.

159.     Answering paragraph 159, Plummer denies the allegations.

160.     Answering paragraph 160, Plummer denies the allegations.

161.     Answering paragraph 161, Plummer repeats and incorporates by this response its responses to the allegations of paragraphs 1 through 160 as if fully set forth herein.

162.     Answering paragraph 162, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

163.     Answering paragraph 163, Plummer repeats and incorporates by this response its responses to the allegations of paragraphs 1 through 162 as if fully set forth herein.

164.     Answering paragraph 164, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

165.     Answering paragraph 165, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

166.     Answering paragraph 166, Plummer denies the allegations.

167.     Answering paragraph 167, Plummer denies the allegations.

168.     Answering paragraph 168, Plummer repeats and incorporates by this response its responses to the allegations of paragraphs 1 through 167 as if fully set forth herein.

169.     Answering paragraph 169, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

170.     Answering paragraph 170, Plummer lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the same.  Plummer affirmatively alleges that he leased certain mares to ClassicStar that were identified for breeding purposes by ClassicStar in the Mare Lease Program and that Plummer repossessed these mares when ClassicStar failed to make payments due and owing to Plummer pursuant to his written contract with ClassicStar.

171.     Answering paragraph 171, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

172.     Answering paragraph 172, Plummer denies the allegations.  Plummer lacks sufficient information to admit or deny the allegations with respect to the other identified defendants.

173.     Answering paragraph 173, Plummer denies the allegations.

174.     Answering paragraph 174, Plummer repeats and incorporates by this response its responses to the allegations of paragraphs 1 through 173 as if fully set forth herein.

175.     Answering paragraph 175, Plummer denies the allegations.

## AFFIRMATIVE DEFENSES

By way of further answer to plaintiffs' amended complaint, Plummer hereby alleges and avers as follows:

1.     Plaintiffs have failed to state a claim for which relief may be granted;

2.     Plaintiffs' damages, if any, were caused by other parties and/or nonparties to this action; and

3.     Plaintiffs have failed to name one or more necessary and indispensable parties.

WHEREFORE, having answered Plaintiffs' Amended Complaint, Plummer prays for relief as follows:

1.     That Plaintiffs' Amended Complaint be dismissed with prejudice;

2.     That Plummer's costs, disbursements and reasonable attorneys' fees be awarded; and

3.     That the Court award any other relief as the Court deems just and equitable under the circumstances.

DATED this 30th day of October, 2006.

STOEL RIVES LLP


By:  /s/ Christina L. Haring
    J. Ronald Sim, *pro hac vice*
    Christina L. Haring, *pro hac vice*
Attorneys for Defendant S. David Plummer
*Admitted Pro Hac Vice*

McCOY WEST & FRANKLIN
Burl McCoy

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on October 30, 2006, I electronically filed the foregoing

with the clerk of court by using the CM/ECF system, which will send a Notice of

Electronic Filing to the following:

> Barry D. Hunter, Esq.
> Paul E. Sullivan, Esq.
> FROST, BROWN, TODD, LLC – LEXINGTON
> 250 W. Main Street
> 2700 Lexington Financial Center
> Lexington, KY  40507
> COUNSEL FOR PLAINTIFFS

> Robert C. Webb, Esq.
> FROST, BROWN, TODD, LLC – LOUISVILLE
> 400 W. Market Street, Suite 3200
> Louisville, KY  40223
> COUNSEL FOR PLAINTIFFS

> Brian M. Johnson, Esq.
> David Andrew Owen, Esq.
> GREENEBAUM, DOLL & MCDONALD, PLLC – LEXINGTON
> 300 W. Vine Street,k, Suite 1100
> Lexington, KY  40507
> COUNSEL FOR DEFENDANTS, CLASSICSTAR, LLC; CLASSICSTAR
> FARMS, LLC; NATIONAL EQUINE LENDING CO., LLC; GEOSTAR CORP.;
> TONY FERGUSON AND DOES 1 – 3

STOEL RIVES LLP


By: /s/ Christina L. Haring
    J. Ronald Sim, *pro hac vice*
    Christina L. Haring, *pro hac vice*
Attorneys for Defendant S. David Plummer
*Admitted Pro Hac Vice*