UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

ELECTRONICALLY FILED

| | |
|---|---|
| IN RE CLASSICSTAR MARE LEASE LITIGATION | ) ) ) ) ) | MDL No. 1877 |
| | ) ) | Master File: Civil Action No.: 5:07-cv-353-JMH |
| AND | ) ) | |
| WEST HILLS FARMS, LLC, ET AL. | ) ) | |
| PLAINTIFFS | ) ) | |
| V. | ) ) | CASE NO.: 06-243-JMH |
| CLASSICSTAR, LLC, ET AL. | ) ) | |
| DEFENDANTS. | ) | |

## MOTION TO COMPEL AND SUPPORTING LEGAL MEMORANDUM

For their Motion to Compel the Deposition of Defendant GeoStar Corp. pursuant to Fed.R.Civ.P. 30(b)(6), the Plaintiffs West Hills Farms, LLC, Arbor Farms, LLC, Nelson Breeders, LLC, MacDonald Stables, LLC and Jaswinder and Monica Grover, state as follows:

### INTRODUCTION

The Plaintiffs bring this Motion to require GeoStar, a defendant in this action, to produce a designee for deposition pursuant to Fed.R.Civ.P. 30(b)(6). GeoStar's refusal in this regard represents the most recent in the series of actions by GeoStar designed to frustrate discovery into its role, and the role of its principals, in the ClassicStar fraud. These actions have resulted in numerous orders compelling GeoStar to participate in discovery, including one entered on

August 26, 2008 in which Plaintiffs agreed to defer the depositions of various GeoStar principals with the express understanding that "all other forms of discovery of the parties, including depositions of third parties and of other employees of parties, shall proceed." [Agreed Order, 8/26/08, attached as Exhibit A.] GeoStar has no basis for reneging on this prior agreement, and should be compelled to produce a designee to appear for deposition on the topics included on the attached Exhibit B.

## ARGUMENT

Prior to entering into the Agreed Order, GeoStar had asserted that the decision of many of its principals to assert their Fifth Amendment right not to testify justified its own refusal to appear for deposition or produce records. The Agreed Order resolved that issue, by providing that discovery as to all but certain identified employees would proceed. Given the time and energy already expended on this issue, GeoStar should be held to its agreement.

Moreover, there is no basis for GeoStar's objection. As a corporation, GeoStar has no Fifth Amendment privilege of its own to assert. *Braswell v. United States*, 487 U.S. 99, 102 (1988); *United States of America v. Peter*, 479 F.2d 147, 149 (6th Cir. 1973). Neither can it evade its obligation to prepare a designee to appear by relying on assertions by a select group of its employees. As GeoStar remains a defendant in this action, it has an obligation to prepare some designee to appear on its behalf. *Securities and Exchange Commission v. Mutual Benefits Corp.*, 04-60573-CV, 2008 U.S.Dist. LEXIS 6178 * 15-17 (S.D.N.Y. 2008)(if corporation had no employee with sufficient knowledge who would not invoke the Fifth Amendment, then it had an obligation to retain an person to familiarize himself with corporate records and answer relevant questions); *City of Chicago, Illinois v. Wolf*, 91-C-8161, 1993 U.S.Dist. LEXIS 6810

(N.D.Ill. 1993)(agent must be prepared to answer questions regarding corporation's assets, contracts, correspondence, and other similar information).

It simply seems beyond belief that no GeoStar employee can conduct a review of its business records and appear on its behalf without subjecting himself to a "real and appreciable risk of self incrimination." *See United States v. Kordel*, 397 U.S. 1, 8-9 (1970)(authorizing protective order, if at all, only in the very limited situation where *no* authorized person can respond without self incrimination). At the very least, the Court should not consider such a request here, where GeoStar has not filed an affidavit to that effect and where at least some GeoStar employees, such as Byron Dyson and Bill Bolles, have already testified about subjects within their knowledge without asserting their Fifth Amendment rights. In fact, Fred Lambert, GeoStar's CFO, will already be appearing on behalf of First Source Wyoming, a wholly owned GeoStar subsidiary, to speak to many of the same topics identified on the Rule 30(b)(6) notice to GeoStar. Therefore, it is obvious that GeoStar could produce Mr. Lambert or some other employee for deposition.

It is also worth noting that, despite the mass assertions of the Fifth Amendment, no indictments have yet been issued in this case and no one can predict when such indictments might be forthcoming. As a result, allowing GeoStar to evade legitimate discovery by reliance on the privilege assertions of some of its principals will forestall the progress of the case at least for the foreseeable future. *See Church & Dwight Co., Inc. v. Kaloti Enterprises of Michigan, LLC*, 07-CV-612, 2008 U.S.Dist. LEXIS 47232 (E.D.N.Y. 2008)(denying stay of Rule 30(b)(6) deposition which would effectively delay all discovery where no resolution of criminal investigation of corporate officers appeared imminent). This delay, like the others which have

3

come before it, only increases the prejudice to the Plaintiffs, whose most pressing concern is to locate the funds obtained from them by fraud before GeoStar completely dissipates them.

Perhaps because the Court has already addressed the Fifth Amendment concerns once, in the August 28, 2008 Agreed Order, GeoStar had now put forth another, equally specious, reason to avoid its discovery obligations. For months, Plaintiffs have indicated in discussions between counsel that the Plaintiffs plan to appear for deposition in December or January, at the same time that GeoStar produces one or more of its principals. Now, at this late date, GeoStar asserts that it will not appear for its Rule 30(b)(6) deposition until after the deposition of the Plaintiffs. Of course, GeoStar has no right to make such a demand. *See* Fed. R. Civ. P. 26(d)(2)(B)("discovery by one party does not require any other party to delay its discovery"); *see also United States v. Time, Inc.*, 31 F.R.D. 179, 180 (S.D.N.Y. 1969)(no reason to require the plaintiff to answer defendant's interrogatories before taking the defendant's deposition); *United States Steel Corp. v. United States*, 43 F.R.D. 447, 450 (S.D.N.Y. 1968)(same).

## CONCLUSION

GeoStar is now engaged in a campaign to frustrate discovery of its role in the ClassicStar fraud and the benefits it received. However, none of the grounds it has put forth justifies the avoidance of its deposition obligations. Accordingly, GeoStar should be required to prepare a designee to testify on relevant topics, pursuant to Fed.R.Civ.P. 30(b)(6) and the earlier Agreed Order entered by this Court.

Respectfully submitted,

FROST BROWN TODD LLC

By: /s/ Barry D. Hunter
    Barry D. Hunter
    Paul E. Sullivan
    Medrith Lee Norman
    250 West Main Street, Suite 2700
    Lexington Kentucky  40507
    Attorneys for Plaintiffs West Hills Farms, LLC,
    Arbor Farms, LLC, Nelson Breeders, LLC,
    MacDonald Stables, LLC, and Jaswinder Grover
    and Monica Grover

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been electronically filed on October 31, 2008, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| David P. Thatcher, Esq.<br>david.thatcher@chamberlainlaw.com | Robert M. Anderson, Esq.<br>randerson@vancott.com |
| Amanda Brockmann, Esq.<br>abrockmann@bsglex.com | T. Scott White, Esq.<br>tsw@m-p.net |
| Christopher B. Snow, Esq.<br>cbs@clydesnow.com | Eric D. Freed, Esq.<br>efreed@cozen.com |
| David Tachau, Esq.<br>dtachau@tachaulaw.com | Barbara B. Edelman, Esq.<br>Edelman@dinslaw.com |
| Michael J. Gartland, Esq.<br>mgartland@wisedel.com | J. Ronald Sim, Esq.<br>jrsim@stoel.com |
| John G. Irvin, Jr., Esq.<br>jirvin@ksattorneys.com | Nicholas Deenis, Esq.<br>ndeenis@stradley.com |
| Brian M. Johnson, Esq.<br>bmj@gdm.com | Janet Knauss Larsen, Esq.<br>larja@fosterpdx.com |
| T. Parker Douglas, Esq.<br>pdouglas@hjdlaw.com | Jeffrey Weston Shields, Esq.<br>jshields@joneswaldo.com |
| Catherine L. Sakach, Esq.<br>csakach@wolfblock.com | Judy Clausen, Esq.<br>jclausen@murphyandersonlaw.com |
| Romaine C. Marshall, Esq.<br>rcmarshall@hollandhart.com | Richard Idell, Esq.<br>Richard.idell@idellseitel.com |
| Timothy S. Arnold, Esq.<br>timarn@bkf-law.com | Daniel L. Berman, Esq.<br>dlb@bermansavage.com |
| Jayson E. Blake, Esq.<br>jeb@millerlawpc.com | Ian M. Comisky, Esq.<br>icomisky@blankrome.com |

Matthew L. Lalli, Esq.
mlalli@swlaw.com

Earl M. Forte, Esq.
forte@blankrome.com

John J. Carwile, Esq.
jcarwile@ahn-law.com

David Z. Chesnoff, Esq.
dzchesnoff@gcklaw.com

Daniel T. Flaherty, Esq.
dflaherty@gklaw.com

Grahmn Morgan, Esq.
GMorgan@dinslaw.com

Scott T. Seabolt, Esq.
sseabolt@foley.com

Jeffrey A. Lane, Esq.
jlane@springer-and-steinberg.com

David W. Scofield, Esq.
dws@psplawyers.com

Robin Luce Herrmann, Esq.
luce-hermann@butzel.com

John O. Morgan, Jr., Esq.
john@johnomorganjr.com

Jordana Cooper, Esq.
Cooper-j@blankrome.com

Ahndrea R. Van Den Elzen, Esq.
avandenelzen@pjmlaw.com

Whitney Howard Mendiondo, Esq.
Whitney.howard@dinslaw.com

John R. Tarter, Esq.
jtarter@mapother-atty.com

/s/ Barry D. Hunter
Counsel for West Hills Farms, LLC,
Arbor Farms, LLC, Nelson Breeders, LLC,
MacDonald Stables LLC and Jaswinder and
Monica Grover

LEXLibrary 0108868.0536983 380339v1