UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

ELECTRONICALLY FILED

| | | |
|---|---|---|
| IN RE CLASSICSTAR MARE LEASE LITIGATION | ) ) ) ) ) ) | MDL No. 1877<br><br>Master File:<br>Civil Action No.: 5:07-cv-353-JMH |
| AND | ) ) | |
| WEST HILLS FARMS, LLC, ET AL. | ) ) | |
| PLAINTIFFS | ) | |
| V. | ) ) | CASE NO.: 06-243-JMH |
| CLASSICSTAR, LLC, ET AL. | ) ) | |
| DEFENDANTS. | ) | |

PLAINTIFFS' STATUS REPORT

The Court has scheduled a Status Conference for Tuesday, December 2, 2008 at 1:00 p.m. All sides agree that discovery has essentially broken down and that the Court's assistance is required to put it back on track. This letter will set forth the Plaintiffs' perspective[1] on the causes of the problem and the action that is warranted.

A.  The Impact of the Fifth Amendment.

It cannot seriously be disputed that the central issue now driving this case - and preventing the orderly progression of discovery (or of any semblance thereof) - is a concern by the defendants over their possible criminal prosecution by the federal authorities and their desire to delay discovery as long as possible. At the same time, however, Plaintiffs as a group have

---
[1] While this Status Report is being filed by the West Hills Plaintiffs, the West Hills Plaintiffs have discussed and believe they have the support of all of the other Plaintiffs in this case.

been defrauded out of tens if not hundreds of millions of dollars they invested with ClassicStar, and they should be afforded the ability to take discovery and bring this matter to a conclusion.

The new discovery deadline, which has already been extended for six (6) months, is fast approaching. Plaintiffs believe that the Defendants should be forced to elect, by on or before December 10, 2008, whether or not they will be pleading the Fifth, so that all parties can plan out a workable discovery scheduled. It is not workable for the case to proceed without certainty on this issue; nor is it fair to postpone these critical depositions until the close of discovery. Moreover, a procedure should be adopted (discussed below) with regard to the third party witnesses in this case who have been scheduling and then canceling their depositions based on their desire to put off deciding whether they will plead the fifth.

**B.   The Joining of New MDL Plaintiffs.** While Defendants wish to avoid duplication, it is not fair to require existing Plaintiffs to wait for all possible new Plaintiffs to join this case before their claims can proceed. The breathtaking scope of the fraud in this case has generated an impressive array of separate cases. However, it has now been more than a year since all ClassicStar related cases were transferred to this Court for MDL proceeding - and nearly a year since the Court entered its initial Scheduling Order. Plaintiffs propose that the Court allow the case to proceed on two (2) tracks: (1) the existing track for Plaintiffs joined in this case before November 1, 2008 or for any other later joined Plaintiffs who elect to join on such track; and (2) a later track for all subsequently joined Plaintiffs.

**C.   Pre-Trial Deadlines.** Plaintiffs believe that no extension is necessary if the majority of the Defendants elect to plead the Fifth and that only a brief extension of two (2) to three (3) months is necessary if they do not.

D.  **Scheduling Depositions Going Forward.**  Plaintiffs propose that: (1) the parties should, by no later than December 15, 2008 (after the Fifth Amendment issues have been decided), agree to a list of witnesses to be deposed and a schedule for when those depositions will go forward; (2) as to each third party witness to be deposed, one counsel of record in the MDL proceeding should be designated to arrange scheduling and to identify any issue regarding the Fifth Amendment or other obstacles to the scheduled deposition; and (3) this Court should assume jurisdiction over all third party subpoena disputes in this case wherever the witness is located.  *See, e.g.*, 17 Moore's Fed. Pract. §112.07(1)(b) and cases cited therein.

E.  **Appointment of a Master Commissioner.**  Given the resistance to the discovery heretofore exhibited by Defendants, Plaintiffs believe that either Judge Todd or a Master Commissioner should be granted with final authority to resolve discovery disputes, including document discovery disputes and disputes arising with regard to scheduling of depositions.  The process currently in effect, allowing the disgruntled party the ability to appeal from Judge Todd's discovery Orders, is not designed to produce the certainty required by the Plaintiffs to complete discovery.

Respectfully submitted,

/s/ Barry D. Hunter
Paul E. Sullivan
Barry D. Hunter
Medrith Lee Norman
Frost Brown Todd LLC
250 West Main Street
Suite 2800
Lexington, Kentucky 40507-1749
Telephone:    (859) 231-0000
Facsimile:    (859) 231-0011

3

Robert C. Webb
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
Telephone: (502) 589-5400
Facsimile: (502) 581-1087
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been electronically filed on December 1, 2008, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| David P. Thatcher, Esq.<br>david.thatcher@chamberlainlaw.com | Robert M. Anderson, Esq.<br>randerson@vancott.com |
| Amanda L. Tomlin, Esq.<br>atomlin@bsglex.com | T. Scott White, Esq.<br>tsw@m-p.net |
| Christopher B. Snow, Esq.<br>cbs@clydesnow.com | Eric D. Freed, Esq.<br>efreed@cozen.com |
| David S. Frydman, Esq.<br>dfrydman@frydmanllc.com | Earl M. Forte, Esq.<br>forte@blankrome.com |
| Michael J. Gartland, Esq.<br>mgartland@wisedel.com | J. Ronald Sim, Esq.<br>jrsim@stoel.com |
| John G. Irvin, Jr., Esq.<br>jirvin@ksattorneys.com | Nicholas Deenis, Esq.<br>ndeenis@stradley.com |
| Brian M. Johnson, Esq.<br>bmj@gdm.com | Janet Knauss Larsen, Esq.<br>larja@fosterpdx.com |
| T. Parker Douglas, Esq.<br>pdouglas@hjdlaw.com | Jeffrey Weston Shields, Esq.<br>jshields@joneswaldo.com |
| Brian P. Flaherty, Esq.<br>bflaherty@wolfblock.com | Catherine L. Sakach, Esq.<br>csakach@wolfblock.com |
| Romaine C. Marshall, Esq.<br>rcmarshall@hollandhart.com | Richard Idell, Esq.<br>Richard.idell@idellseitel.com |
| Timothy S. Arnold, Esq.<br>timarn@bkf-law.com | Daniel L. Berman, Esq.<br>dlb@bermansavage.com |
| Jayson E. Blake, Esq.<br>jeb@millerlawpc.com | Ian M. Comisky, Esq.<br>icomisky@blankrome.com |
| Matthew L. Lalli, Esq.<br>mlalli@swlaw.com | David W. Scofield, Esq.<br>dws@psplawyers.com |

David Z. Chesnoff, Esq.  
dzchesnoff@gcklaw.com

David Tachau, Esq.  
dtachau@tachaulaw.com

Jeffrey A. Lane, Esq.  
jlane@springer-and-steinberg.com

John J. Carwile, Esq.  
jcarwile@ahn-law.com

Ahndrea R. Van Den Elzen, Esq.  
avandenelzen@pjmlaw.com

Judy Clausen, Esq.  
jclausen@murphyandersonlaw.com

Jordana Cooper, Esq.  
Cooper-j@blankrome.com

Robin Luce Herrmann, Esq.  
luce-hermann@butzel.com

John O. Morgan, Jr., Esq.  
john@johnomorganjr.com

Daniel T. Flaherty, Esq.  
dflaherty@gklaw.com

John R. Tarter, Esq.  
jtarter@mapother-atty.com

Gregory M. Krause, Esq.  
Krauseg@butzel.com

/s/ Barry D. Hunter  
Counsel for West Hills Farms, LLC,  
Arbor Farms, LLC, Nelson Breeders, LLC,  
MacDonald Stables LLC and Jaswinder and  
Monica Grover