ELECTRONICALLY FILED

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT LEXINGTON

**MASTER FILE NO. 5:07-CV-353-JMH**

**IN RE: CLASSICSTAR MARE LEASE LITIGATION**          **MDL NO. 1877**

**RELATING TO: ALL CASES**

### STATUS REPORT
### OF DEFENDANTS GEOSTAR CORPORATION
### TONY FERGUSON, THOM ROBINSON AND JOHN PARROTT

Defendants GeoStar Corporation ("GeoStar"), Tony Ferguson, Thom Robinson and John Parrott submit this status report for the Court's consideration. This report is intended to provide the Court with information regarding the progress of this litigation, as well as remaining items to be completed. Defendants also offer a proposal for completing these remaining items on a schedule that it believes would be fair to the parties.

### BACKGROUND

A.     The Number of Cases in the MDL Has Increased Dramatically.

This MDL initially consisted of seven cases. The number of cases in the MDL has tripled since it was originally established, and one other case is currently the subject of a conditional transfer order entered by the Judicial Panel on Multidistrict Litigation. The following cases are now consolidated in this MDL:

| Case Name | Filing Date | No. of Plaintiffs |
|---|---|---|
| West Hills Farms, LLC v. ClassicStar, LLC et al. (5:06-cv-00243-JMH) | 7/28/2006 | 6 |
| Raifman et al. v. ClassicStar, LLC et al. (5:07-cv-00347-JMH) | 10/19/2007 | 5 |
| Premiere Thoroughbreds, LLC et al. v. ClassicStar, LLC et al. (5:07-cv-00348-JMH) | 10/19/2007 | 3 |

| | | |
|---|---|---|
| J & L Canterbury Farms, LLC et al. v. ClassicStar, LLC et al. (5:07-cv-00349-JMH) | 10/19/2007 | 3 |
| Beechglen Farms et al. v. ClassicStar, LLC (5:07-cv-00350-JMH) | 10/19/2007 | 2 |
| Bissmeyer Properties v. Classicstar et al. (5:07-cv-00351-JMH) | 10/19/2007 | 1 |
| Spencer Plummer v. GeoStar et al. (5:07-cv-00352-JMH) | 10/19/2007 | 1 |
| Skinner et al. v. Plummer et al. (5:07-cv-00419-JMH) | 12/13/2007 | 2 |
| Dumar Horses, L.C. v. ClassicStar, LLC et al. (5:08-cv-00017-JMH) | 1/7/2008 | 1 |
| Zeus Investments, LLC v. ClassicStar, LLC et al. (5:08-cv-00018-JMH) | 1/7/2008 | 1 |
| Goyak et al. v. ClassicStar Racing Stable, LLC et al. (5:08-cv-00053-JMH) | 1/28/2008 | 4 |
| Beechglen Farms et al. v. Plummer (5:08-cv-00060-JMH) | 2/5/2008 | 2 |
| McNeill v. Geostar et al. (5:08-cv-00074-JMH) | 2/14/2008 | 1 |
| AA-J Breeding, LLC et al. v. GeoStar Corporation et al. (5:08-cv-00079-JMH) | 2/14/2008 | 5 |
| Gunshy Thoroughbreds, LLC v. GeoStar Corporation (5:08-cv-00103-JMH) | 2/19/2008 | 1 |
| DLJ Family Investment Partners v. GeoStar Corporation (5:08-cv-00104-JMH) | 2/25/2008 | 1 |
| Ginaldi et al. v. ClassicStar, LLC et al. (5:08-cv-00109-JMH) | 2/29/2008 | 2 |
| Baker et al. v. Plummer et al. (5:08-cv-00321-JMH) | 7/21/2008 | 22 |
| MacDonald et al. v. Handler Thayer & Duggan LLC et al. (5:08-cv-00373-JMH) | 9/15/2008 | 3 |
| Cunningham v. GeoStar Corporation (5:08-cv-00418-JMH) | 10/9/2008 | 1 |
| Tillotson et al. v. Geostar Financial Services Corporation et al. (5:08-cv-00487-JMH) | 11/25/2008 | 2 |

Based upon conversations counsel for GeoStar has had with other ClassicStar clients and their lawyers, it is anticipated that additional cases will be filed and subsequently consolidated with this MDL.

B.      The Defendants Have Engaged in the Production of an Enormous Amount of Documents.

An enormous amount of document discovery has taken place over the past several months, much of which has been produced by GeoStar.  As of this filing, GeoStar has produced approximately 350,000 pages of documents, including 273,000 pages of its financial records.  GeoStar also produced copies of the ClassicStar, LLC ("ClassicStar") server, excluding documents subject to GeoStar's attorney-client privilege.  The server contains literally millions of pages of documents.  During the time ClassicStar was represented by GeoStar's counsel, it produced approximately 320,000 pages of documents.   GeoStar has made subsequent productions of ClassicStar's documents as it has received them from other sources.  GeoStar is still being asked to produce documents, such as, for example, all of its production and operation records pertaining to its business over a span of seven years, regardless of whether they have anything to do with the business of ClassicStar or any related gas investments.[1]  Including the Plaintiffs' master list of document requests, the *West Hills* Plaintiffs have now served GeoStar with seven sets of document requests and recently joined in 69 additional document requests from the *Goyak* Plaintiffs.

C.      The Deposition Phase of Discovery Has Begun, With Dozens of Depositions Remaining to be Taken.

This litigation has entered the deposition phase of discovery, and GeoStar believes that approximately one hundred depositions remain to be taken across the numerous cases in this MDL.  Although deposition scheduling remains under discussion among the parties, concerns have arisen regarding the production of witnesses for multiple depositions – one of GeoStar's

---

[1]     Responding to this continuing requests is extremely burdensome because electronic data must be searched, typically using key words in order to locate responsive documents.  While this can be done by using document review platforms created by vendors, it is extremely expensive to continually upload potentially responsive groups of documents for this purpose.

primary concerns at the time it moved for the consolidation of cases in this MDL.  Presently pending before the Court is a motion to compel GeoStar to produce a Rule 30(b)(6) designee for an extensive, five-day deposition covering 39 topics, one of which incorporates 13 separate topics, for a total of 51 topics.[2]  This notice was served after GeoStar requested deposition dates from some Plaintiffs, without any advance discussion with GeoStar, before GeoStar had been served with the complaint in one of the new cases involving 22 plaintiffs (*Baker*), and while other cases are still making their way to the MDL.

Before scheduling any depositions of Plaintiffs, GeoStar has attempted to coordinate schedules with counsel for other Defendants.  For the most part, however, deposition notices have been served, discussions regarding the scheduling of those depositions take place, and then the depositions are rescheduled one or more times.

This is partly the result of poor coordination and partly due to the fact that an identical criminal investigation is taking place in Portland, Oregon.  Some party witnesses, and even some non-party witnesses, have retained counsel to advise them with regard to their Fifth Amendment rights.  Thus far, ten witnesses have testified and four witnesses (including one party) have indicated that they will assert their Fifth Amendment privilege in connection with this litigation.[3]

---

[2]    The Rule 30(b)(6) notice to GeoStar is attached as Exhibit A.  This notice incorporates by reference the subpoena of a Rule 30(b)(6) representative of First Source Wyoming, Inc., attached as Exhibit B.  First Source Wyoming, Inc. is a wholly-owned subsidiary of GeoStar.

[3]    West Hills' reply memorandum in support of its motion to compel the appearance of a Rule 30(b)(6) designee of GeoStar incorrectly states in two separate sections that GeoStar's officers and directors have indicated they will assert their Fifth Amendment privilege.  This is absolutely incorrect.  GeoStar's officers and directors have, instead, previously requested a limited protective order in the interest of providing more time to evaluate the status of the criminal investigation so they can make an educated decision on the matter.  The only "indication" one way or the other on this issue has been the statement by GeoStar's officers and directors, through counsel, that they *want to testify*.  Given the magnitude of the claims asserted by Plaintiffs, as absurdly inflated as they may be, the Court should take the importance of the individual Defendants' Fifth Amendment rights into consideration.

4

D.     The Criminal Investigation Appears to be Active.

The investigation in Portland began with the seizure of documents from ClassicStar's property in Kentucky, as well as the business location of Defendant Strategic Opportunity Solutions, LLC ("Buffalo Ranch") in Utah.  Search warrants were executed for those properties in February 2006.  Witnesses have been interviewed, it is believed that witnesses have testified before the grand jury, and documents have been produced.  GeoStar has recently received a request for additional information, and it will be responding this week.  Although the current status of the criminal investigation remains unknown, it is notable that the investigation is now nearly three years in process.

## ISSUES ON WHICH THE PARTIES NEED GUIDANCE

A.     The Scheduling Order is No Longer Feasible in Light of the Numerous Cases That Have Been Consolidated in This MDL.

The parties have expended enormous efforts in attempting to understand the various issues in this litigation.  As noted above, this litigation already involves a huge amount of data and a very large number of documents.  Documents are continuing to be produced, as some cases are relatively new and are not at all developed.  Responses to document requests have only recently been received from some of the new Plaintiffs, and document requests to the *Baker* plaintiffs were served on November 19, 2008.

The current discovery deadline is March 2, 2009.  While that deadline may be manageable for the plaintiffs in the *West Hills* case, which was filed first, it is impossible for GeoStar to complete discovery in all of the cases in which it is a defendant by that date.  The *Baker* case alone includes 22 plaintiffs, and document discovery has not yet taken place in that case.

These Defendants are not the only ones who believe that additional time for discovery is necessary. Two Plaintiffs have indicated that they do not oppose an extension of the discovery period, and other Defendants are in agreement. Although the *West Hills* Plaintiffs have been more than willing to move ahead with discovery of Defendants, all but one has failed to provide dates for their own depositions. Indeed, one of those Plaintiffs has indicated that it is not available for a deposition until February – the month prior to the current discovery deadline.[4]

Defendants understand that discovery needs to move ahead and have already committed tremendous resources to this process. As explained below, however, this case is not just about the *West Hills* plaintiffs. The number of cases in this MDL has tripled since it was first established. For the discovery process to be manageable for Defendants, an additional six months should be added to the schedule. Although this new deadline would still be aggressive, as it would require Defendants to continue ahead with depositions on a weekly basis, Defendants are willing to attempt to shoulder this burden. Defendants have outlined a specific proposal for discovery and case management at the end of this report.

B.    The Parties Need the Court to Bring Order to the Deposition Process.

The most significant problem with deposition scheduling in this MDL is the lack of recognition that there is more than one case in this MDL. As noted in the table above, many cases have been consolidated relatively recently. One other case is subject to a conditional transfer order from the Judicial Panel on Multidistrict Litigation, and a second may soon be the subject of such an order. The *West Hills* Plaintiffs are attempting to force an extensive Rule 30(b)(6) deposition of GeoStar despite the fact that some of the cases are very new, with the

---

[4]    *See* e-mail attached as Exhibit C.

Plaintiffs in those cases not even having received documents yet.  Likewise, GeoStar has yet to receive documents from all of the Plaintiffs in the MDL.

GeoStar is attempting to move forward with discovery in all of the various cases in which it is involved.  In *Baker*, for example, GeoStar filed a motion to dismiss the complaint on November 17, 2008 and served on the plaintiffs a master list of document requests, which it coordinated with counsel for the other defendants in that case, two days later.  The 22 plaintiffs in *Baker* obviously have not yet had an opportunity to respond to those requests.  Similarly, the plaintiffs in *Ginaldi* and *Goyak* have yet to respond to document requests, pursuant to agreements with the defendants in those cases.  GeoStar is also in the process of serving document requests in the other cases in which no documents have been produced by the Plaintiffs.

Despite the status of the document production, depositions have moved forward.  The scheduling of depositions, however, has been haphazard and uncoordinated.  Although counsel for some parties have coordinated to set aside blocks of dates for depositions in particular locations, it has been necessary to double-track the deposition schedule.[5]  During the process of scheduling depositions, GeoStar and other Defendants have expressed concerns about the possibility of duplicative depositions of the same witnesses.[6]  These concerns are well-founded not just because cases are continuing to be consolidated with the MDL, but because one group of

---

[5]   With the exception of one day, the double-tracked depositions that were scheduled did not go forward due to eleventh hour contact from witnesses and their counsel.

[6]   Counsel for both Private Consulting Group and Handler Thayer & Duggan have expressed this concern.

Plaintiffs has already attempted to reserve the right to re-depose a third-party witness as a result of the double-tracking of depositions.[7]

In their caustic reply memorandum in support of their motion to compel the appearance of a Rule 30(b)(6) designee, the *West Hills* plaintiffs argued that GeoStar is attempting to obtain an indefinite stay of that discovery, as cases may continue to trickle in to this MDL. Plaintiffs are again mistaken. GeoStar recognizes that Plaintiffs are entitled to proceed with discovery, just as GeoStar is entitled to coordination and the avoidance of duplicative depositions.

C.     Plaintiffs Need to Appoint Liaison Counsel.

As noted above, this litigation has proceeded not so much as an MDL, but as a number of separate lawsuits that happen to be taking place at the same time. For example, when Defendants previously sought a limited protective order in connection with providing testimonial evidence, they could not obtain an agreement with all Plaintiffs. Agreed orders were entered in some cases, but the motion was fully briefed in another because those Plaintiffs did not agree with the negotiated resolution. Scheduling depositions has been more difficult because counsel for all parties are not involved with the discussions regarding potential dates. These Defendants believe that scheduling matters, in particular, would be easier to handle if Plaintiffs had one or two designated lawyers for the purpose of coordinating the schedule. Although coordinating schedules has not been as much of a problem for Defendants, these Defendants suggest that liaison counsel be appointed for the Defendants for the same reasons.

---

[7]     *See* deposition of Gary Thomson, pp. 161-162 (*Goyak* Plaintiffs attempting to reserve the right to re-depose Chad Vanderlinden, whose deposition was being taken at the same time as the Thomson deposition). Cited pages of this transcript are attached as Exhibit D.

## DEFENDANTS' PROPOSAL

Keeping in mind all of the foregoing, and in an attempt to arrive at a schedule that is reasonable for all of the parties, GeoStar proposes the following:

1. The deadline for fact discovery should be extended by six months to September 4, 2009. GeoStar anticipates that it will still need to take an average of ten depositions per month if the extension is granted, and other parties will also be taking depositions. This extension, therefore, would still result in a very aggressive discovery schedule, and any shorter time period would be too burdensome. All other deadlines should be extended accordingly.

2. The parties should exchange lists of witnesses they wish to depose by December 15, 2008. The parties should confer as a group or through liaison counsel by December 19, 2008 to coordinate the scheduling of depositions and should confer on a monthly basis thereafter in an effort to set deposition dates.

3. The Court should set a deadline of January 1, 2009 for the parties to propound written discovery requests. Plaintiffs and Defendants should be required to coordinate written discovery requests through "master lists" in accordance with the Court's Amended Practice and Procedure Order. This will prevent individual Plaintiffs from inundating Defendants with written discovery requests that are duplicative of previously-served requests. All objections to these requests should be made by February 1, 2009, and all discovery disputes regarding those objections should be resolved by February 21, 2009, either by agreement or through a conference with Judge Todd. In the event that a conference with Judge Todd is necessary for this purpose, his ruling on the objections should be final.

4. GeoStar will produce a Rule 30(b)(6) designee during the week of May 4, 2009, to testify regarding a reasonable scope of issues. Plaintiffs and any other parties wishing to participate in the Rule 30(b)(6) deposition will send a list of proposed topics of testimony to

counsel for GeoStar on or before April 6, 2009. The parties will attempt to resolve any objections to the scope of the notice on or before April 10, 2009. In the event the parties are unable to resolve any dispute regarding the scope, the parties will participate in a hearing with Judge Todd during the week of April 13, 2009. Judge Todd's ruling on the objections should be final so that the parties may proceed with the deposition without the delay associated with requesting review of that ruling.

5.     In the event that other cases are added to this MDL after May 4, 2009, those parties may have the opportunity to take a subsequent Rule 30(b)(6) deposition of GeoStar. However, the examination in any such deposition should be limited to matters not previously covered in the earlier Rule 30(b)(6) deposition and the questioning should be limited to parties whose cases are consolidated after May 4, 2009.

6.     Deposition transcripts will be made available to parties in cases consolidated with this litigation subsequent to the taking of those depositions, subject to appropriate protective orders. Those depositions may be used in the newly-added cases as if those Plaintiffs were parties to this MDL at the time the depositions were taken.

7.     The Court should order that witnesses may be deposed only once in this litigation. This will encourage the parties to coordinate the scheduling of depositions. The exception to this rule should be that parties in later-added cases may have the opportunity to depose such witnesses with regard to any issues not covered in the prior deposition.

8.     Depositions of any parties who indicate that they are considering asserting their Fifth Amendment privilege should be deferred until June 2009. The scheduling of those depositions at that time should be given priority over the scheduling of any other depositions so that dates are made available. By deferring these depositions, the parties whose Fifth

Amendment privilege may be implicated are provided additional time to evaluate their status in light of the progress of the identical, parallel criminal investigation.  The Plaintiffs would not be prejudiced by this extension, as they would have a full three months remaining prior to the discovery deadline – the same amount of time they would have under the current scheduling order.

9.     In the interest of coordinating deposition scheduling and other discovery matters, Plaintiffs should designate one or two lawyers as liaison counsel with authority to agree to dates for depositions and any other matters of timing that are typically handled by agreement of counsel.  Defendants should likewise designate two lawyers for this purpose.

Respectfully submitted,


/s/ Brian M. Johnson
David A. Owen
Brian M. Johnson
Matthew A. Stinnett
Greenebaum Doll & McDonald PLLC
300 West Vine Street, Suite 1100
Lexington, Kentucky 40507
Telephone:  (859) 231-8500
Facsimile:  (859) 255-2742
COUNSEL FOR DEFENDANTS
GEOSTAR CORPORATION, THOM
ROBINSON, TONY FERGUSON AND
JOHN PARROTT

## CERTIFICATE OF SERVICE

I, Brian M. Johnson, electronically filed the foregoing document through the ECF system on December 1, 2008, which will send a notice of electronic filing to the following counsel of record:

- **Jason Trent Ams**
  jta@gdm.com
- **Robert M. Anderson**
  randerson@vancott.com
- **Troy J. Aramburu**
  taramburu@joneswaldo.com
- **Timothy S. Arnold**
  timarn@bkf-law.com
- **Jennifer Cave Artiss**
  jca2@gdm.com,mlw@gdm.com,ckw@gdm.com
- **Daniel L. Berman**
  dlb@bermansavage.com
- **Jayson E. Blake**
  jeb@millerlawpc.com
- **Charles R. Brown**
  crb@clydesnow.com
- **Thomas L. Canary , Jr**
  tcanary@mapother-atty.com
- **John Jay Carwile**
  jcarwile@ahn-law.com,ECF@ahn-law.com
- **David Z. Chesnoff**
  dzchesnoff@gcklaw.com
- **Judy A. Clausen**
  jclausen@murphyandersonlaw.com
- **Neal D. Colton**
  ncolton@cozen.com
- **Ian M. Comisky**
  icomisky@blankrome.com
- **Jordana Cooper**
  cooper-j@blankrome.com
- **Emily H. Cowles**
  ehc@morganandpottinger.com
- **C. Edward Craft**
  craft@litchfieldcavo.com
- **Jason W. Crowell**
  jwcrowell@stoel.com,jalorton@stoel.com,sea_docket@stoel.com
- **Nicholas Deenis**
  ndeenis@stradley.com
- **Andrew G. Deiss**
  adeiss@joneswaldo.com

- **Yvette D. Diaz**
  ydiaz@joneswaldo.com
- **Dennis M. Dolan**
  dolan@litchfieldcavo.com
- **Peter H. Donaldson**
  pdonaldson@swlaw.com
- **Kevin P. Dougherty**
  dougherty-kp@blankrome.com
- **T. Parker Douglas**
  pdouglas@hjdlaw.com
- **Blake C. Erskine , Jr**
  berskine@erskine-blackburn.com
- **Brian P. Flaherty**
  bflaherty@wolfblock.com
- **Earl M. Forte**
  forte@blankrome.com
- **Eric D. Freed**
  efreed@cozen.com,ncolton@cozen.com,mmerola@cozen.com
- **David S. Frydman**
  dfrydman@frydmanllc.com
- **Michael Joseph Gartland**
  mgartland@wisedel.com,wdecfs@gmail.com
- **Paul B. George**
  georp@fosterpdx.com,beldt@fosterpdx.com
- **Ronald L. Green**
  rgreen@bsglex.com
- **Brent O. Hatch**
  bhatch@hjdlaw.com
- **George Edward Henry , II**
  geh@hwgsg.com
- **Robin Luce Herrmann**
  luce-herrmann@butzel.com
- **Gloria S. Hong**
  gshong@stoel.com
- **Barry D. Hunter**
  bhunter@fbtlaw.com,ahorger@fbtlaw.com,plobel@fbtlaw.com
- **Richard J. Idell**
  richard.idell@idellseitel.com,courts@idellseitel.com,elizabeth.rest@idellseitel.com
- **John G. Irvin , Jr**
  jirvin@ksattorneys.com
- **Brent E. Johnson**
  bjohnson@hollandhart.com,kbkurtz@hollandhart.com
- **Brian M. Johnson**
  bmj@gdm.com,ejk@gdm.com,ckw@gdm.com
- **Terry E Johnson**
  tjohnson@pjmlaw.com

- **Ellen Arvin Kennedy**
  federaldistricteky@fowlerlaw.com,fmbfederaldistrict@gmail.com
- **Gregory M. Krause**
  krauseg@butzel.com,waldroup@butzel.com
- **Matthew L. Lalli**
  mlalli@swlaw.com
- **Jeffrey A. Lane**
  jlane@springer-and-steinberg.com,zjobe@springer-and-steinberg.com
- **Janet Knauss Larsen**
  larja@fosterpdx.com,erwil@fosterpdx.com,decks@fosterpdx.com,baxtb@fosterpdx.com
  ,spenr@fosterpdx.com,beldt@fosterpdx.com
- **Kara Read Marino**
  kmarino@hwgsg.com
- **Romaine C. Marshall**
  rcmarshall@hollandhart.com,lcpaul@hollandhart.com,slclitdocket@hollandhart.com,inta
  keteam@hollandhart.com
- **Maura E. McKenna**
  mmckenna@wolfblock.com
- **John O'Neill Morgan , Jr**
  court@johnomorganjr.com,john@johnomorganjr.com
- **Niels P. Murphy**
  nmurphy@murphyandersonlaw.com,bblair@murphyandersonlaw.com,scassidy@murphy
  andersonlaw.com,jclausen@murphyandersonlaw.com
- **Marc L. Newman**
  mlnewman@millershea.com
- **Medrith Lee Norman**
  mnorman@fbtlaw.com,plobel@fbtlaw.com
- **David Andrew Owen**
  dao@gdm.com,ejk@gdm.com,ckw@gdm.com
- **Kent Clark Phipps**
  cphipps@ahn-law.com,ECF@ahn-law.com
- **Gregory L. Powell**
  poweg@fosterpdx.com,beckc@fosterpdx.com
- **Christopher E. Pushaw**
  cpushaw@stradley.com
- **C. Randall Raine**
  crr@hwgsg.com
- **Elizabeth Juliana Rest**
  elizabeth.rest@idellseitel.com
- **Walter A. Romney , Jr**
  war@clydesnow.com
- **Catherine L. Sakach**
  csakach@wolfblock.com
- **Jonathan T. Salomon**
  jsalomon@tachaulaw.com,mshuffitt@tachaulaw.com

14

- **Ory Sandel**
  ory.sandel@idellseitel.com
- **Richard A. Schonfeld**
  rreyes@gcklaw.com
- **David W. Scofield**
  dws@psplawyers.com
- **Jeffrey Weston Shields**
  jshields@joneswaldo.com
- **J. Ronald Sim**
  jrsim@stoel.com,jalorton@stoel.com,sea_docket@stoel.com,gshong@stoel.com
- **Michael Albert Simpson**
  msimpson@ahn-law.com,ECF@ahn-law.com
- **Christopher B. Snow**
  cbs@clydesnow.com
- **Rodney G. Snow**
  rgs@clydesnow.com, dhales@clydesnow.com
- **Jeffrey Alan Springer**
  jspringer@springer-and-steinberg.com,zjobe@springer-and-steinberg.com
- **Matthew A. Stinnett**
  mas2@gdm.com,ckw@gdm.com
- **Paul E. Sullivan**
  psullivan@fbtlaw.com
- **David B. Tachau**
  dtachau@tachaulaw.com,mshuffitt@tachaulaw.com
- **John R. Tarter**
  jtarter@mapother-atty.com
- **David P. Thatcher**
  david.thatcher@chamberlainlaw.com,angela.mckinley@chamberlainlaw.com
- **Rebecca A. Thiebes**
  thier@fosterpdx.com
- **Kyle C. Thompson**
  kthompson@bermansavage.com
- **Amanda Lee Tomlin**
  atomlin@bsglex.com
- **Ahndrea R Van Den Elzen**
  arv@pjmlaw.com
- **Mary Jane E. Wagg**
  mwagg@vancott.com,docketing@vancott.com,kkatzdorn@vancott.com
- **Robert C. Webb**
  bwebb@fbtlaw.com,jraley@fbtlaw.com,jdodson@fbtlaw.com
- **Mickey T. Webster**
  mwebster@wyattfirm.com,hdabney@wyattfirm.com,rhobson@wyattfirm.com
- **Yosef Y. Weintraub**
  yweintraub@frydmanllc.com
- **T. Scott White**
  tsw@morganandpottinger.com

15

- **Tracey N. Wise**
  wisebk@wisedel.com,plickert@wisedel.com,wdecfs@gmail.com
- **Kenneth W. Yeates**
  kyeates@bermansavage.com

I further state that I sent the foregoing document and the notice of electronic filing via U.S. Mail on December 1, 2008 to the following counsel of record, who require manual noticing:

**Mark Bradley Blackburn**
Erskine & Blackburn, LLP
6618 Sitio Del Rio Blvd., Bldg C-101
Austin, TX 78730

**James M. Cameron, Jr.**
**Krista L. Lenart**
Dykema Gossett
2723 S. State Street, Suite 400
Ann Arbor, MI 48104

**Mary K. Deon**
**Scott L. Gorland**
Pepper Hamilton, LLP
100 Renaissance Center, 36th Floor
Detroit, MI 48243-1157

**Michael C. Walch**
Callister Nebeker
10 East S. Temple, Suite 900
Salt Lake City, UT 84133

/s/ Brian M. Johnson
COUNSEL FOR DEFENDANTS
GEOSTAR CORPORATION, THOM
ROBINSON, TONY FERGUSON AND
JOHN PARROTT

3102994_2.DOC

16