IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| IN RE CLASSICSTAR MARE LEASE LITIGATION | ) ) ) | MDL NO. 1877 |
| *and* | ) ) | MASTER FILE: 5:07-CV-353-JMH |
| WEST HILL FARMS, ET AL., | ) ) | 5:06-CV-243 |

### GASTAR EXPLORATION LTD.'S
### MOTION FOR SUMMARY JUDGMENT
### ON PLAINTIFF NELSON BREEDERS, LLC'S CLAIMS

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Gastar Exploration Ltd. ("Gastar Exploration") moves this Court pursuant to Rule 56, FED. R. CIV. P., as follows:

### PRELIMINARY STATEMENT

In its Fourth Amended Complaint (the "Complaint"), Plaintiff Nelson Breeders, LLC ("Plaintiff") has asserted twelve claims against Gastar Exploration. Gastar Exploration has previously moved to dismiss these claims under Rule 12, FED. R. CIV. P., for want of personal and subject matter jurisdiction and for failure to state a claim. This motion is filed subject to and without waiver of Gastar Exploration's Rule 12 motions.

The claims against Gastar Exploration contained in the Complaint and the basis for dismissal of these claims are as follows:[1]

### Count 1—RICO

1.  Plaintiff does not state a claim for, and there is no evidence to support, a Section 1962(a) claim against Gastar Exploration.

---

[1] Counts 4, 11, and 15 - 27 have not been asserted against Gastar Exploration. Therefore, they are not discussed in this Motion for Summary Judgment or in the supporting memorandum.

    a)    There is no evidence to show that Gastar Exploration participated as a principal in the alleged pattern of racketeering activity.

    b)    Plaintiff has not pled, and there is no evidence to show, that Gastar Exploration used or invested any income from a pattern of racketeering activity into the acquisition, establishment, or operation of an enterprise.

    c)    There is no evidence to show that Plaintiff suffered injury specifically as a result of Gastar Exploration's investment of racketeering income into the acquisition, establishment, or operation of an enterprise.

2.    Plaintiff does not state a claim for, and there is no evidence to support, a Section 1962(c) claim against Gastar Exploration.

    a)    Plaintiff has not pled, and there is no evidence to show, that Gastar Exploration conducted the affairs of an enterprise.

    b)    Plaintiff has not pled, and there is no evidence to show, that Gastar Exploration committed any predicate act, and as such, it cannot show that Gastar Exploration participated in the conduct of the affairs of an enterprise through a pattern of racketeering activity.

3.    Plaintiff does not state a claim for, and there is no evidence to support, a Section 1962(d) claim against Gastar Exploration for conspiracy to violate Section 1962(a) or (c).

    a)    There is no evidence sufficient to support the inference that Gastar Exploration agreed to the objectives of a RICO conspiracy.

    b)    There is no evidence sufficient to support the inference that Gastar Exploration agreed to the commission of predicate acts.

c) There is no evidence sufficient to support the inference that Gastar Exploration agreed to the investment of racketeering income into the acquisition, establishment, or operation of an enterprise.

d) There is no evidence sufficient to support the inference that Gastar Exploration agreed to the operation or management of an enterprise through a pattern of racketeering activity.

e) There is no direct or circumstantial evidence sufficient to support the inference that Gastar Exploration conspired with respect to ClassicStar or the Plaintiff.

f) There is no evidence sufficient to support the inference that any of Gastar Exploration's actual conduct, such as the issuance of stock to its own investors in return for investment, was the result of a conspiracy rather than legitimate conduct.

g) There is no evidence that Plaintiff's injuries arise out of any alleged conspiracy to which Gastar Exploration was purportedly a party.

4. To the extent that Plaintiff demonstrates that one or more of Gastar Exploration's former shareholders or officers violated RICO or conspired to violate RICO, there is no evidence sufficient to show that Gastar Exploration should be liable for such alleged conduct.

a) There is no evidence to show that the alleged conduct, including without limitation participation in any conspiracy, was within the course and scope of any former agency relationship the officer may have had with Gastar Exploration.

b) To the extent that Plaintiff identifies some conduct committed by a former officer that was within the course and scope of that person's agency for Gastar

3

        Exploration, there is no evidence that such conduct (as differentiated from such person's conduct outside the scope of the agency) was the proximate cause of Plaintiff's injuries.

5. Because Plaintiff claims to have been injured as a result of its participation in a scheme to acquire investment assets (including horses, working interests, and/or Gastar Exploration shares) through allegedly tax-advantaged means provided by the ClassicStar Mare Lease Program, Plaintiff is *in pari delicto* by virtue of its knowing participation in a scheme to defraud the Government of tax revenues, and therefore, its recovery under RICO is barred as a matter of law.

6. The evidence conclusively demonstrates that Plaintiff's RICO claims are barred by limitations.

### Count 2—Common Law Fraud

7. Plaintiff does not state a claim for, and there is no evidence to support, a common law fraud claim against Gastar Exploration.

8. There is no evidence that Gastar Exploration made any misrepresentation or failed to disclose any material facts to Plaintiff. Additionally and in the alternative, the evidence indicates that the misrepresentations and omissions identified by Plaintiff in the Complaint were made by others.

9. There is no evidence that Gastar Exploration owed any duty of disclosure to Plaintiff.

10. There is no evidence that Plaintiff justifiably or reasonably relied on any misrepresentation or omission by Gastar Exploration. Additionally and in the alternative, the

4

Plaintiff's contractual agreements conclusively demonstrate that Plaintiff did not justifiably or reasonably rely on any misrepresentation or omission by Gastar Exploration.

11. The evidence conclusively demonstrates that Plaintiff did not justifiably or reasonably rely on any alleged misrepresentation or omission relating to the tax treatment of its purported investments. Additionally and in the alternative, there is no evidence that Plaintiff justifiably or reasonably relied on any alleged misrepresentation or omission relating to the tax treatment of its purported investments.

12. The evidence conclusively demonstrates that Plaintiff's common law fraud claim is barred by limitations.

### Count 3—Negligent Misrepresentation

13. Plaintiff does not state a claim for, and there is no evidence to support, a negligent misrepresentation claim against Gastar Exploration.

14. There is no evidence that Gastar Exploration made any misrepresentation to Plaintiff. Additionally and in the alternative, the evidence indicates that the misrepresentations identified by Plaintiff in the Complaint were made by others.

15. There is no evidence that Plaintiff justifiably or reasonably relied on any misrepresentation by Gastar Exploration. Additionally and in the alternative, the Plaintiff's contractual agreements conclusively demonstrate that Plaintiff did not justifiably or reasonably rely on any misrepresentation by Gastar Exploration.

16. The evidence conclusively demonstrates that Plaintiff did not justifiably or reasonably rely on any alleged misrepresentations relating to the tax treatment of its purported investments. Additionally and in the alternative, there is no evidence that Plaintiff justifiably or

reasonably relied on any alleged misrepresentation relating to the tax treatment of its purported investments.

### Count 5—Theft by Deception

17. Plaintiff does not state a claim for, and there is no evidence to support, a theft by deception claim against Gastar Exploration.

18. There is no evidence that Gastar Exploration received any money or property, either directly or indirectly, from Plaintiff.

19. The evidence conclusively demonstrates that, under Kentucky law, Plaintiff's theft by deception claim is barred by the doctrine of unclean hands.

### Count 6—Unjust Enrichment

20. Plaintiff does not state a claim for, and there is no evidence to support, an unjust enrichment claim against Gastar Exploration.

21. There is no evidence that Gastar Exploration received any money or property, either directly or indirectly, from Plaintiff.

22. The evidence conclusively demonstrates that, under Kentucky law, Plaintiff's unjust enrichment claim is barred by the doctrine of unclean hands.

### Count 7—Conspiracy

23. There is no evidence to support the imposition of liability against Gastar Exploration under a conspiracy theory of liability.

24. Kentucky law does not provide for a separate cause of action for conspiracy. As pled by Plaintiff, its conspiracy theory of liability is contingent upon the merits of its common law fraud claim. Such claim fails for the reasons stated above as to Count 2.

### Count 8—Aiding and Abetting

25. There is no evidence to support the imposition of liability against Gastar Exploration under an aiding and abetting theory of liability.

26. Kentucky law does not provide for a separate cause of action for aiding and abetting. As pled by Plaintiff, its aiding and abetting theory of liability is contingent upon the merits of its common law fraud claim. Such claim fails for the reasons stated above as to Count 2.

### Count 9—Agency

27. There is no evidence to support the imposition of liability against Gastar Exploration under an agency theory of liability.

28. There is no evidence that Gastar Exploration manifested an intent that any of the other defendants act on its behalf with respect to the promotion and sale of the ClassicStar Mare Lease Program.

29. There is no evidence that any of the other defendants consented to act on behalf of Gastar Exploration with respect to the promotion and sale of the ClassicStar Mare Lease Program.

30. There is no evidence that Gastar Exploration induced Plaintiff's belief that any of the other defendants acted on behalf of Gastar Exploration with respect to the promotion and sale of the ClassicStar Mare Lease Program.

31. The Plaintiff's contractual agreements conclusively demonstrate that Plaintiff did not believe it had entered into any agreements with Gastar Exploration related to the ClassicStar Mare Lease Program or any of the alternative investments promoted by ClassicStar.

7

### Count 10–-Money Had and Received

32. Plaintiff does not state a claim for, and there is no evidence to support, a money had and received claim against Gastar Exploration.

33. There is no evidence that Gastar Exploration received any money or property, either directly or indirectly, from Plaintiff.

34. The evidence conclusively demonstrates that, under Kentucky law, Plaintiff's money had and received claim is barred by the doctrine of unclean hands.

### Count 12—Constructive Trust

35. Plaintiff does not state a claim for, and there is no evidence to support, a constructive trust claim against Gastar Exploration.

36. There is no evidence that Gastar Exploration received any money or property, either directly or indirectly, from Plaintiff.

37. The evidence conclusively demonstrates that, under Kentucky law, Plaintiff's constructive trust claim is barred by the doctrine of unclean hands.

### Count 13—Alter Ego/Instrumentality

38. There is no evidence to support the imposition of liability against Gastar Exploration under an alter ego or instrumentality theory of liability.

39. The theory of "reverse-piercing" the corporate veil, pled by Plaintiff, is not recognized under Kentucky law.

40. There is no evidence that Gastar Exploration was operated as the alter ego or instrumentality of GeoStar Corporation. Additionally and in the alternative, the evidence conclusively demonstrates that Gastar Exploration was a separate corporate entity that represented itself as independent, was adequately capitalized, prepared financial statements that

were audited by independent public auditors, nominated and elected directors, and had financial results and debt ratios that were typical of independent entities.

41. There is no evidence that the failure to impose the liability of GeoStar Corporation on Gastar Exploration would sanction a fraud or promote injustice.

42. The evidence conclusively demonstrates that, under Kentucky law, Plaintiff's alter ego and instrumentality theories of liability are barred by the doctrine of unclean hands.

### Count 14—Fraudulent Transfer

43. Plaintiff does not state a claim for, and there is no evidence to support, a constructive trust claim against Gastar Exploration.

44. There is no evidence that Gastar Exploration received any money or property, either directly or indirectly, from Plaintiff.

45. The evidence conclusively demonstrates that, under Kentucky law, Plaintiff's fraudulent transfer claim is barred by the doctrine of unclean hands.

### CONCLUSION AND PRAYER

46. Contemporaneously herewith, Gastar Exploration files under seal two memoranda in support of its motion for summary judgment; the first being an omnibus memorandum addressing the RICO claims by all applicable Track I plaintiffs, and the second addressing the remaining counts asserted by Plaintiff against Gastar Exploration. Gastar Exploration additionally files an omnibus appendix of summary judgment evidence in support of all its motions for summary judgment against the applicable Track I plaintiffs. Said memoranda and supporting evidence are incorporated by reference as if fully set forth herein.

WHEREFORE, Gastar Exploration respectfully requests that this Honorable Court grant it the following relief:

a. Grant Gastar Exploration's previously-filed motion to dismiss the RICO and State Law Claims for lack of personal jurisdiction.

b. Additionally and in the alternative, grant Gastar Exploration's previously-filed motion to dismiss the State Law Claims for lack of subject matter jurisdiction.

c. Additionally and in the alternative, grant Gastar Exploration's previously-filed motion to dismiss the RICO and State Law Claims for failure to state a claim on which relief can be granted.

d. Additionally and in the alternative, grant Gastar Exploration judgment as a matter of law on each of Plaintiff's claims for the reasons described herein, and order that Plaintiff take nothing on its claims against Gastar Exploration.

A form of order is attached.

Respectfully Submitted,

/s/ Jason M. Powers
John W. Hays
Elizabeth E. Nicholas
JACKSON KELLY PLLC
175 E. Main Street, Suite 500
Lexington, KY  40507
Telephone:  859-288-2843
Facsimile:   859-288-2849

James D. Thompson, III, *pro hac vice*
Phillip B. Dye, Jr., *pro hac vice*
Jason M. Powers, *pro hac vice*
VINSON & ELKINS LLP
1001 Fannin St., Suite 2500
Houston, Texas
Telephone: (713)758-2222
Facsimile: (713)758-2346

***Attorneys for Defendant***
***Gastar Exploration Ltd.***

## CERTIFICATE OF SERVICE

This is to certify that on June 14, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following:

**Simona Alessandra Agnolucci**  sagnolucci@howardrice.com
**Jason Trent Ams**  jta@gdm.com
**Timothy S. Arnold**  timarn@bkf-law.com; termie@bkf-law.com
**Jennifer Cave Artiss**  jca2@gdm.com; mlw@gdm.com; ckw@gdm.com
**Ryan R. Atkinson**  rra@ask-law.com
**Mark Bradley Blackburn**  mblackburn@erskine-blackburn.com
**Jayson E. Blake**  jeb@millerlawpc.com; asl@millerlawpc.com; cbc@millerlawpc.com; jns@millerlawpc.com; sed@millerlawpc.com
**David Z. Chesnoff**  dzchesnoff@gcklaw.com
**Neal D. Colton**  ncolton@cozen.com
**Emily H. Cowles**  ehc@morganandpottinger.com
**Jason W. Crowell**  jwcrowell@stoel.com; docketclerk@stoel.com
**Stephen J. Defeo**  sdefeo@brownconnery.com
**Nathan Ray Denney**  ndenney@cnmlaw.com

**Dennis K. Egan**  degan@kotzsangster.com
**Blake C. Erskine, Jr.**  berskine@erskine-blackburn.com; dmarlin@erskine-blackburn.com; vflores@erskine-blackburn.com
**Steven C. Forman**  scformanlaw@comcast.net
**Earl M. Forte**  forte@blankrome.com
**Eric D. Freed**  efreed@cozen.com; ncolton@cozen.com; mmerola@cozen.com
**Joseph M. Garemore**  jgaremore@brownconnery.com
**Michael Joseph Gartland**  mgartland@dlgfirm.com; dlgecf@dlgfirm.com; dlgecfs@gmail.com
**James Douglas Gilson**  jgilson@cnmlaw.com
**Ronald L. Green**  rgreen@bsglex.com; dhobson@bsglex.com; acook@bsglex.com; cfitch@bsglex.com
**John W. Hays**  jwhays@jacksonkelly.com; tslangham@jacksonkelly.com
**Nancy L. Hendrickson**  nancy@hendricksonlawfirm.com
**George Edward Henry, II**  geh@hwgsg.com
**Robin Luce Herrmann**  luce-herrmann@butzel.com
**Gloria S. Hong**  gshong@stoel.com
**Barry D. Hunter**  bhunter@fbtlaw.com; ahorger@fbtlaw.com; plobel@fbtlaw.com; whockensmith@fbtlaw.com
**Richard J. Idell**  richard.idell@idellseitel.com; courts@idellseitel.com
**John G. Irvin, Jr.**  jirvin@ksattorneys.com
**Brent E. Johnson**  bjohnson@hollandhart.com; kbkurtz@hollandhart.com
**Brian M. Johnson**  bmj@gdm.com; ejk@gdm.com; ckw@gdm.com
**Terry E. Johnson**  tjohnson@pjmlaw.com
**Jonathan F. Jorissen**  jorissen@butzel.com
**Jeremy T. Kamras**  jkamras@howardrice.com; nprince@howardrice.com; jcaruso@howardrice.com
**Ellen Arvin Kennedy**  federaldistricteky@fowlerlaw.com; fmbfederaldistrict@gmail.com
**Benjamin Samuel Klehr**  bklehr@cozen.com
**George J. Krueger**  krueger@blankrome.com
**Matthew L. Lalli**  mlalli@swlaw.com
**Janet Knauss Larsen**  larja@fosterpdx.com; decks@fosterpdx.com
**John E. Lucian**  lucian@blankrome.com
**Kara Read Marino**  kmarino@hwgsg.com
**Romaine C. Marshall**  rcmarshall@hollandhart.com; lcpaul@hollandhart.com; slclitdocket@hollandhart.com; intaketeam@hollandhart.com
**Steven M. McCauley**  smccauley@mis.net
**Taft A. McKinstry**  federaldistricteky@fowlerlaw.com; fmbfederaldistrict@gmail.com
**Charles C. Mihalek**  cmihalek@mis.net
**John O'Neill Morgan, Jr.**  court@johnomorganjr.com; john@johnomorganjr.com; johnmorgan@gmail.com
**Marc L. Newman**  mln@millerlawpc.com
**Elizabeth E. Nicholas**  eenicholas@jacksonkelly.com
**Medrith Lee Norman**  mnorman@fbtlaw.com; plobel@fbtlaw.com
**David H. Oermann**  oermann@brrlawyers.com

**David Andrew Owen**  dao@gdm.com; ejk@gdm.com; ckw@gdm.com; abc@gdm.com
**Pamela Dae Perlman**  pdperlman@hotmail.com
**C. Randall Raine**  crr@hwgsg.com
**Elizabeth Juliana Rest**  elizabeth.rest@idellseitel.com; erest@idellseitel.com
**Ronald E. Reynolds**  ron@brrlawyers.com; julie@brrlawyers.com; kathy@brrlawyers.com; oermann@brrlawyers.com
**Catherine L. Sakach**  csakach@duanemorris.com
**Ory Sandel**  ory.sandel@idellseitel.com
**Richard A. Schonfeld**  rreyes@cslawoffice.net
**David W. Scofield**  dws@psplawyers.com
**Gilbert Ross Serota**  gserota@howardrice.com
**J. Ronald Sim**  jrsim@stoel.com; jalorton@stoel.com; sea_docket@stoel.com; gshong@stoel.com
**Jana M. Smoot White**  federaldistrictky@fowlerlaw.com; fmbfederaldistrict@gmail.com
**David A. Sorensen**  dsorensen@hinshawlaw.com
**Jeffrey Alan Springer**  jspringer@springer-and-steinberg.com; zjobe@springer-and-steinberg.com
**Marvin E. Sprouse**  msprouse@jw.com, kgradney@jw.com, lbales@jw.com
**Matthew A. Stinnett**  mas2@gdm.com; ckw@gdm.com
**James T. Strawley**  strawley@blankrome.com
**Paul E. Sullivan**  psullivan@fbtlaw.com
**David P. Thatcher**  david.thatcher@ogletreedeakins.com; kristy.burroughs@ogletreedeakins.com
**Kyle C. Thompson**  kthompson@sywlaw.com; ksedell@sywlaw.com
**Amanda Lee Tomlin**  atomlin@bsglex.com
**Ahndrea R. Van Den Elzen**  arv@pjmlaw.com
**Robert C. Webb**  bwebb@fbtlaw.com; jdodson@fbtlaw.com; jraley@fbtlaw.com
**Mickey T. Webster**  mwebster@wyattfirm.com; hdabney@wyattfirm.com; rhobson@wyattfirm.com; jross@wyattfirm.com; smcintyre@wyattfirm.com
**T. Scott White**  tsw@morganandpottinger.com
**Kenneth W. Yeates**  kyeates@sywlaw.com; ksedell@sywlaw.com

I further certify that the same day I caused to be mailed the foregoing document by first class mail to the following non-CM/ECF participants:

**National Equine Lending Company, LLC**
**New NEL, LLC**
c/o Terry Green
563 W. 500 S.
Suite 230
Bountiful, UT 84010

**Thomas Williams**
90 Baker Lane
Erie, CO 80516-9064

13

| | |
|---|---|
| **Robert Holt** | **Gary L. Thornhill** |
| **Elizabeth Holt** | 2880 Lakeside Dr |
| 9110 E. Nichols Avenue | Suite 112 |
| Suite 100 | Santa Clara, CA 95054 |
| Englewood, CO 80112 | |

/s/ Jason M. Powers
Jason M. Powers

14