**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

**ELECTRONICALLY FILED**

| | |
|---|---|
| **IN RE CLASSICSTAR MARE LEASE LITIGATION** | )   **MDL No. 1877** |
| | ) |
| | ) |
| | )   **Master File:** |
| **AND** | )   **Civil Action No.:  5:07-cv-353-JMH** |
| | ) |
| **WEST HILLS FARMS, LLC, ET AL.** | ) |
| | ) |
|       **PLAINTIFFS** | ) |
| **V.** | )   **CASE NO.: 06-243-JMH** |
| | ) |
| **CLASSICSTAR, LLC, ET AL.** | ) |
| | ) |
|       **DEFENDANTS** | ) |

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

Pursuant to this Court's Order of October 8, 2010, the Plaintiffs, West Hills Farms, LLC,

Arbor Farms, LLC, Nelson Breeders, LLC, MacDonald Stables, LLC and Jaswinder and Monica

Grover (collectively "Plaintiffs"), submit the following proposed jury instructions and

interrogatories.  The Plaintiffs expressly object to any instructions and interrogatories which do

not conform to the ones set forth below.  The Plaintiffs also request the right to modify these

instructions and interrogatories as necessary.

Respectfully submitted,

   /s/ Barry D. Hunter
Paul E. Sullivan
Barry D. Hunter
Medrith Lee Norman
Frost Brown Todd LLC
250 West Main Street, Suite 2800
Lexington, Kentucky 40507-1749
Telephone:  (859) 231-0000
Facsimile:  (859) 231-0011

1

Robert C. Webb
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202-3363
Telephone:  (502) 589-5400
Facsimile:  (502) 581-1087

*Attorneys for Plaintiffs West Hills Farms,
LLC, Arbor Farms, Nelson Breeders, LLC,
MacDonald Stables, LLC, and Monica and
Jaswinder Grover*

2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been electronically filed

on March 17, 2011, with the Clerk of the Court by using the CM/ECF system, which will send a

notice of electronic filing to the following:

**Simona Alessandra Agnolucci**
sagnolucci@howardrice.com

**Jason Trent Ams**
jta@gdm.com,ckw@gdm.com

**Timothy S. Arnold**
timarn@bkf-law.com,termie@bkf-law.com

**Mark Bradley Blackburn**
mblackburn@erskine-blackburn.com

**Jayson E. Blake**
jeb@millerlawpc.com,cbc@millerlawpc.com,sed@millerlawpc.com,jns@millerlawpc.com,asl@millerlawpc.com

**Jennifer Julie Cave**
jca2@gdm.com,mlw@gdm.com,ckw@gdm.com

**David Z. Chesnoff**
dzchesnoff@cslawoffice.net

**Neal D. Colton**
ncolton@cozen.com

**Emily H. Cowles**
ehc@morganandpottinger.com

**Jason W. Crowell**
jwcrowell@stoel.com,docketclerk@stoel.com

**Stephen J. Defeo**
sdefeo@brownconnery.com

**Nathan Ray Denney**
ndenney@cnmlaw.com

**B. Dye, Jr.**
pdye@velaw.com,shuyck@velaw.com

**Dennis K. Egan**
degan@kotzsangster.com

**Blake C. Erskine, Jr.**
berskine@erskine-blackburn.com,dmarlin@erskine-blackburn.com,vflores@erskine-blackburn.com

**Angela S. Fetcher**
angela.fetcher@skofirm.com

**Steven C. Forman**
scformanlaw@comcast.net

**Earl M. Forte**
forte@blankrome.com

**Eric D. Freed**
efreed@cozen.com,ncolton@cozen.com,mmerola@cozen.com

**Joseph M. Garemore**
jgaremore@brownconnery.com

**Michael Joseph Gartland**
mgartland@dlgfirm.com,dlgecfs@gmail.com,dlgecf@dlgfirm.com

**James Douglas Gilson**
jgilson@cnmlaw.com

**Lea Pauley Goff**
lea.goff@skofirm.com,ginger.whitehouse@skofirm.com

**Jonathan Scott Goldman**
goldman-js@blankrome.com

**Ronald L. Green**
rgreen@greenandchesnut.com,dhobson@greenandchesnut.com

**Norman E. Greenspan**
greenspan@blankrome.com

**Stephen E. Gross**
gross-s@blankrome.com

**Culver V. Halliday**
culver.halliday@skofirm.com

**John W. Hays**
jwhays@jacksonkelly.com,tslangham@jacksonkelly.com

**Nancy L. Hendrickson**
nancy@hendricksonlawfirm.com

**George Edward Henry, II**
geh@hwgsg.com

**Robin Luce Herrmann**
luce-herrmann@butzel.com

**Gloria S. Hong**
gshong@stoel.com

**Richard J. Idell**
richard.idell@idellseitel.com,courts@idellseitel.com

**John G. Irvin, Jr.**
jirvin@ksattorneys.com

**Brent E. Johnson**
bjohnson@hollandhart.com

**Brian M. Johnson**
b0mj@gdm.com,ejk@gdm.com,ckw@gdm.com

**Terry E. Johnson**
tjohnson@pjmlaw.com

**Jonathan F. Jorissen**
jorissen@butzel.com

**Jeremy T. Kamras**
jkamras@howardrice.com,nprince@howardrice.com,jcaruso@howardrice.com

**Benjamin Samuel Klehr**
bklehr@cozen.com

**George J. Krueger**
krueger@blankrome.com

**Matthew L. Lalli**
mlalli@swlaw.com

**Janet Knauss Larsen**
larja@fosterpdx.com,decks@fosterpdx.com

**Matthew R. Lindblom**
matthew.lindblom@skofirm.com,geena.brangers@skofirm.com

**John E. Lucian**
lucian@blankrome.com

**Kara Read Marino**
kmarino@hwgsg.com

**Romaine C. Marshall**
rcmarshall@hollandhart.com,lcpaul@hollandhart.com,slclitdocket@hollandhart.com,intaket
eam@hollandhart.com

**Steven M. McCauley**
smccauley@mis.net

**Taft A. McKinstry**
federaldistricteky@fowlerlaw.com,fmbfederaldistrict@gmail.com

**Charles C. Mihalek**
cmihalek@mis.net

**Alisa E. Moen**
moen@blankrome.com,berry@blankrome.com

**John O'Neill Morgan, Jr.**
court@johnomorganjr.com,john@johnomorganjr.com,johnmorga@gmail.com

**Marc L. Newman**
mln@millerlawpc.com

**Elizabeth E. Nicholas**
eenicholas@jacksonkelly.com

**Kenneth Bradley Oakley**
kboakley@jacksonkelly.com

**David H. Oermann**
oermann@brrlawyers.com

**David Andrew Owen**
dao@gdm.com,ejk@gdm.com,ckw@gdm.com,abc@gdm.com

**Pamela Dae Perlman**
pdperlman@hotmail.com

**Jason M. Powers**
jpowers@velaw.com

**C. Randall Raine**
crr@hwgsg.com

**Elizabeth Juliana Rest**
elizabeth.rest@idellseitel.com,erest@idellseitel.com

**Ronald E. Reynolds**
ron@brrlawyers.com,oermann@brrlawyers.com,kathy@brrlawyers.com,julie@brrlawyers.com

**Catherine L. Sakach**
csakach@duanemorris.com

**Ory Sandel**
ory.sandel@idellseitel.com

**Richard A. Schonfeld**
rreyes@cslawoffice.net

**David W. Scofield**
dws@psplawyers.com

**Gilbert Ross Serota**
gserota@howardrice.com

**J. Ronald Sim**
jrsim@stoel.com,sea_docket@stoel.com,gshong@stoel.com,ldlomax@stoel.com

**Jeffrey Alan Springer**
jspringer@springer-and-steinberg.com,zjobe@springer-and-steinberg.com

**Matthew A. Stinnett**
mas2@gdm.com,ckw@gdm.com

**James T. Strawley**
strawley@blankrome.com

**David P. Thatcher**
david.thatcher@ogletreedeakins.com,kristy.burroughs@ogletreedeakins.com

**James D. Thompson, III**
jthompson@velaw.com,dglasson@velaw.com

**Kyle C. Thompson**
kthompson@sywlaw.com,ksedell@sywlaw.com

**Amanda Lee Tomlin**
atomlin@bsglex.com

**Ahndrea R. Van Den Elzen**
arv@pjmlaw.com

**Mickey T. Webster**
mwebster@wyattfirm.com,smcintyre@wyattfirm.com,rhobson@wyattfirm.com,jross@wyattfirm.com

**Jana M. Smoot White**
federaldistricteky@fowlerlaw.com,fmbfederaldistrict@gmail.com

**T. Scott White**
tsw@morganandpottinger.com

**Kenneth W. Yeates**
kyeates@sywlaw.com,ksedell@sywlaw.com

I further certify that on this same date I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

Elizabeth Holt
7200 S. Alton Way
Suite A-190
Centennial, CO 80112

National Equine Lending Company, LLC
c/o Terry Green
563 W 500 S
Suite 230
Bountiful, UT 84010

Robert Holt
7200 S. Alton Way
Suite A-190
Centennial, CO 80112

New NEL, LLC
c/o Terry Green
563 W 500 S
Suite 230
Bountiful, UT 84010

Gary L. Thornhill                       Thomas Williams
2880 Lakeside Dr                        90 Baker Lane
Suite 112                               Erie, CO 80516-9064
Santa Clara, CA 95054

   /s/ Barry D. Hunter

*Counsel for Plaintiffs West Hills*
*Farms, LLC, Arbor Farms, LLC,*
*Nelson Breeders, LLC, MacDonald*
*Stables, LLC and Monica and Jaswinder*
*Grover*

**PRELIMINARY INSTRUCTIONS FOR USE AT THE BEGINNING OF TRIAL:**

**<u>OPENING INSTRUCTION</u>**[1]

MEMBERS OF THE JURY:

      We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

      During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The parties who sue are called the plaintiffs. In this action, the plaintiffs are West Hills Farms, LLC, Arbor Farms, LLC, Nelson Breeders, LLC, MacDonald Stables, LLC and Monica and Jaswinder Grover. The parties being sued are called the defendants. In this action, the named defendants are ClassicStar, LLC, ClassicStar Farms, LLC, ClassicStar 2004, LLC, Geostar Corp., Geostar Equine Energy, Inc., Tony Ferguson, David Plummer, ClassicStar Thoroughbreds, LLC, Spencer Plummer, Thom Robinson, John Parrott, First Equine Energy Partners, LLC, Strategic Opportunity Solutions, LLC d/b/a Buffalo Ranch, ClassicStar Farms, Inc., GeoStar Financial Services Corp., and Gastar Exploration, Ltd. In this case, the Plaintiffs have reached a settlement with several companies that used to be defendants, including ClassicStar, LLC and GasStar Exploration, Ltd. so that they are no longer defendants in this case. However, because Plaintiffs claim that some of the other defendants are responsible for ClassicStar, LLC's actions, you will sometimes be asked to decide

---

[1] These instructions are largely based on the pattern instructions included in O'Malley, et. al, *Federal Jury Practice and Instructions (Civil)* (5th ed. 2000) and in Sand, et. al, *Modern Federal Jury Instructions, Volume 4 (Civil)* (Matthew Bender, 2010) as well as the *Fifth Circuit Pattern Jury Instructions (Civil)* (Matthew Bender, 2010) and the *Sixth Circuit Pattern Jury Instructions (Criminal)* (Matthew Bender, 2010) and, where appropriate, Palmore & Cetrulo, *Kentucky Jury Instructions (Civil)*(Matthew Bender 2010).

questions relating to ClassicStar, LLC.  You may also be asked to decide some issues relating to GasStar Exploration, Ltd.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the

11

case. You should also avoid watching, reading or listening to any television, internet or radio comments about the trial.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Authority: 3 Fed. Jury Prac. & Instr. § 101.01 (5th ed.)

## ORDER OF TRIAL

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said by the lawyers in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiffs will present evidence in support of plaintiffs' claims and the defendants' lawyers may cross-examine the witnesses. At the conclusion of the plaintiffs' case, the defendants may introduce evidence and the plaintiffs' lawyers may cross-examine the witnesses. The defendants are not required to introduce any evidence or to call any witnesses. If the defendants introduce evidence, the plaintiffs may then present rebuttal evidence. After all the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said by the lawyers in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

Authority: 3 Fed. Jury Prac. & Instr. § 101.02 (5th ed.)

## <u>PROVINCE OF JUDGE AND JURY</u>

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

Authority: 3 Fed. Jury Prac. & Instr. § 101.10 (5th ed.)

## **JUROR CONDUCT AND USE OF ELECTRONIC TECHNOLOGY**

To insure fairness, you must obey the following rules:

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.

Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

Outside the courtroom, do not let anyone tell you anything about the case or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

If there is publicity about this trial, you must ignore it.  Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  You must decide this case only from the evidence presented in the trial.

15

Do not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case.  Do not consult dictionaries or reference materials, search the Internet, visit websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.

Many of you use cell phones, Blackberries, iPhones, the Internet and other tools of technology. Do not use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you still cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

If you need to tell me something, simply give a signed note to the marshal to give to me.

Authority: 3 Fed. Jury Prac. & Instr. § 101.11; § 101.11.5 and  § 101.19 (5th ed.)

## EVIDENCE IN THE CASE

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed or that I may instruct you to accept as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Keep in mind that these videotapes have likely been edited by the parties in the interests of time.  The fact that the videotapes may start and stop at unusual intervals should not concern you or have any bearing on the weight you give to the testimony presented by the witness.  Deposition testimony should be accepted by you subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

17

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

Authority: 3 Fed. Jury Prac. & Instr. §§ 101.40, 101.45 (5th ed.)

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Authority: 3 Fed. Jury Prac. & Instr. § 101.42 (5th ed.)

19

## CREDIBILITY OF WITNESSES

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

Authority: 3 Fed. Jury Prac. & Instr. § 101.43 (5th ed.)

**GENERAL INSTRUCTIONS FOR USE DURING TRIAL:**

**<u>PUBLICITY DURING TRIAL</u>**

I am advised that reports about this trial are appearing in the newspapers and/or on radio, television and the internet. The person who wrote or is reporting the story may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

Please do not read anything or listen to anything or watch anything with regard to this trial. The case must be decided by you solely and exclusively on the evidence that will be received here in court.

Authority: 3 Fed. Jury Prac. & Instr. § 102.12 (5th ed.)

## **DEPOSITION AS SUBSTANTIVE EVIDENCE**

Testimony will now be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked of a witness in advance of the trial. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. You will now view a videotape of that testimony [or the questions and answers will be read to you.]

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

Authority: 3 Fed. Jury Prac. & Instr. § 102.23 (5th ed.)

**EVIDENCE ADMITTED AGAINST ONLY ONE PARTY**

Each party is entitled to have the case decided solely on the evidence that applies to that party. Some of the evidence in this case is limited under the rules of evidence to one of the parties and cannot be considered against the others. The evidence you are about to hear can be considered only in the case against _____.

Authority: 3 Fed. Jury Prac. & Instr. § 102.41 (5th ed.)

**SUBSTANTIVE INSTRUCTIONS:**

<u>**PLAINTIFFS' RICO CLAIMS - NATURE OF THE ACTION**</u>

The plaintiffs claim that defendants ClassicStar, LLC; ClassicStar Farms, Inc.; ClassicStar Farms, LLC; ClassicStar 2004, LLC; GeoStar Corp.; Parrott, Robinson, Ferguson, David Plummer and Spencer Plummer violated the Racketeering Influenced and Corrupt Organization Act commonly known as "**RICO**."  Specifically, the plaintiffs claim that each of the defendants violated one or more of sections 1962(a)(c) and (d) of Title 18 of the RICO Act.

Although RICO uses the terms "racketeer," "racketeering," and "corrupt organizations," that does not mean that the plaintiffs must prove that the defendants are "racketeers" or members of what is commonly referred to as "organized crime" in order to recover damages. You should also not assume that the defendants or their employees are "racketeers" because they have been sued under RICO as those concepts do not apply in this case.

To prevail on a RICO claim, the plaintiffs must prove each element of a RICO violation as those elements will now be explained to you.

Authority: 3 Fed. Jury Prac. & Instr. § 161.10 (5th ed.)

## RICO CLAIMS BASED ON VIOLATIONS OF 18 U.S.C. § 1962(A)

The plaintiffs have alleged that the defendants violated Section 1962(a) of the RICO Act, which provides as follows:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal ... to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

A "**person**" under the law includes but is not limited to any person or entity that is capable of holding a legal or beneficial interest in property. A corporation is a legal entity that, like a natural person, is capable of holding a legal or beneficial interest in property. Under Section 1962(a), the RICO "enterprise" and the RICO "person" may be the same and need not be separate and distinct.

To establish that a defendant violated Section 1962(a), the plaintiffs must prove by a preponderance of the evidence each of the following four elements:

**First**, that there was an "enterprise";

**Second**, that the enterprise engaged in, or had some effect upon, interstate or foreign commerce;

**Third**, that the defendant derived income, directly or indirectly, from a "pattern of racketeering activity"; and

**Fourth**, that some part of that income was used in acquiring an interest in or operating the enterprise.

The term "**enterprise**" includes any individual, partnership, corporation, association, or other legal entity.  The plaintiffs allege that each of ClassicStar, LLC; ClassicStar 2004, LLC;

ClassicStar Farms, LLC; Gastar Exploration, Ltd.; and GeoStar Corp. each constituted RICO enterprises.

An "**enterprise**" also includes any group of people who have associated together for a common purpose over a period of time, although it is not a legal entity.  This group of people, in addition to having a common purpose, must have a formal or informal organization and personnel who function as a continuing unit.  The group may be organized for a legitimate and lawful purpose or for an unlawful purpose.  The plaintiffs allege that the defendants, as a group, constituted such a formal or informal organization and RICO enterprise, generally referred to as the "ClassicStar Enterprise."

An enterprise "**affects interstate or foreign commerce**" if the enterprise either engages in, or has an effect on commerce between the states or between the states and foreign countries, no matter how minimal.  Interstate commerce includes the movement of goods, services, money, and individuals between states (or between states and the District of Columbia or a U.S. Territory or possession or between the United States and a foreign state or nation).   It is not necessary to prove that a defendant's acts affected interstate commerce so long as the acts of the enterprise had such an effect. An enterprise would satisfy this element if, for example, you found that it was directly engaged in the production, distribution, or acquisition of goods in interstate (or foreign) commerce. Finally, the plaintiffs are not required to prove that the defendant knew he was affecting interstate commerce.

A "**racketeering activity**" means an act in violation of the federal mail fraud statute or the federal wire fraud statute. You will be instructed on the law pertaining to these statutes to guide you in determining whether the plaintiffs have proved by a preponderance of the evidence

that a defendant committed one or more violations of these statutes. A "racketeering activity" may also be referred to as a "predicate offense".

A "**pattern of racketeering activity**" requires that the plaintiffs prove that a defendant participated in at least two acts of "racketeering activity" within ten years of each other that were related to each other and posed a threat of continued criminal activity. The two acts need not be of the same kind. For example, the acts may be one act of mail fraud and one act of wire fraud. However, you must find by a preponderance of the evidence that the two acts occurred within ten years of each other and that each was connected with the other by some common scheme, plan or motive so as to constitute a "pattern". To prove that the racketeering acts posed a threat of continued racketeering activity, the plaintiffs must establish that the acts were either part of a long-term association that existed for criminal purposes or that they were the regular way of conducting or participating in the defendant's ongoing legitimate business or RICO enterprise.

A series of wholly separate, isolated or disconnected acts of racketeering activity does not constitute a pattern. In other words, two or more otherwise unrelated acts of "racketeering activity" do not constitute a "pattern of racketeering activity" under RICO unless the acts all relate to a common scheme by the defendant to continually conduct the affairs of the alleged enterprise for illicit personal benefit, whether monetary or otherwise, for himself or for another, by committing the predicate offenses.

The plaintiffs allege that the defendants participated in numerous racketeering acts. However, you may not find a "pattern of racketeering activity" unless you all agree that at least two particular racketeering acts were committed by a single defendant. It is not enough if some of you think that one of the defendants participated in only racketeering acts A and B and the rest of you think that defendant participated in only racketeering acts C and D. There must be at least

two specific racketeering acts in which you unanimously find the defendant participated in, by a preponderance of the evidence, in order to satisfy this element.

The word "**knowingly**," as that term has been used in these instructions, means that the action was done voluntarily and intentionally and not because of mistake or accident.

The word "**willfully**," as that term has been used in these instructions, means that the action was committed voluntarily and purposely, with the specific intent to do something the law forbids.

The plaintiff has alleged that each of the defendants has participated in two or more predicate acts including violations of the mail fraud and wire fraud statutes. It is your function to decide whether the plaintiffs have proved by a preponderance of the evidence as to each defendant whether that defendant violated one or both of those statutes on one or more occasions, if at all. To establish that a "**mail fraud**" has been committed, the plaintiffs must prove each of the following by a preponderance of the evidence:

**First**, that the defendant knowingly participated in, devised or intended to devise a scheme to defraud in order to obtain money or property, that is by promoting and operating the ClassicStar Mare Lease Program in a fraudulent manner;

**Second**, that the scheme included a material misrepresentation or concealment of a material fact;

**Third**, that the defendant had the intent to defraud; and

**Fourth**, that the defendant used the mail or caused another to use the mail (or a private or commercial interstate carrier) in furtherance of the scheme.

To establish that a "**wire fraud**" has been committed, the plaintiffs must prove each of the above elements by a preponderance of the evidence, except the fourth element listed above is

28

changed to require proof that the defendant used wire communications (such as e-mail,
telephone, radio or television) or caused another to use wire communications in interstate or
foreign commerce in furtherance of the scheme.

Now, I will give you some definitions relevant to the elements of mail fraud and wire
fraud. First, a "**scheme to defraud**" includes any plan or course of action by which someone
intends to deprive another of money or property by means of false or fraudulent pretenses,
representations, or promises.

"**False or fraudulent pretenses, representations or promises**" means any false
statements or assertions that concern a material aspect of the matter in question, that were either
known to be untrue when made or made with reckless indifference to their truth. They include
actual, direct false statements as well as half-truths and the knowing concealment of material
facts. A misrepresentation or concealment is "**material**" if it has a natural tendency to influence
or is capable of influencing the decision of a person of ordinary prudence and comprehension.

I have already given you the definition of "knowingly" and that definition applies here as
well. In addition, you should note that no one can avoid responsibility for a crime by
deliberately ignoring the obvious. If you are convinced that any defendant deliberately ignored a
high probability that the Mare Lease Program was being operated or promoted in a fraudulent
manner, then you may find that he knew that. But to find this, you must be convinced that the
defendant was aware of a high probability that the Mare Lease Program was being operated or
promoted in a fraudulent manner, and that the defendant deliberately closed his eyes to what was
obvious. Carelessness, negligence, or foolishness on his part is not the same as knowledge. This,
of course, is all for you to decide.

To act with an "**intent to defraud**" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.  Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind. You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

To "**cause**" mail or wire communications to be used is to do an act with knowledge that the use of the mail (or a private or commercial interstate carrier) or the use of the wires (including e-mail, telephone, radio or television) will follow in the ordinary course of business or where such use can reasonably be foreseen.

It is not necessary that the Plaintiffs prove (1) all of the details alleged concerning the precise nature and purpose of the scheme, (2) that the material transmitted by mail or wire was itself false or fraudulent, (3) that the alleged scheme actually succeeded in defrauding anyone, (4) that the use of the mail or wire was intended as the specific or exclusive means of accomplishing the alleged fraud or (5) that someone relied on the misrepresentation or false statement.

With respect to the fourth element of Section 1962(a) of the RICO Act--use of income to acquire an interest in, establish or operate an enterprise--you must decide whether a defendant, directly or indirectly, used any part of the income derived from a pattern of racketeering activity

to acquire an interest in, to establish, or to operate the alleged enterprise. The plaintiffs must prove by a preponderance of the evidence that one or more of the defendants invested income in a specific enterprise and that income was acquired through the scheme in which they illegally used the mails or the wires with respect to that particular alleged enterprise.

Finally, for the plaintiffs to prevail under 18 USC §1962(a), they must prove by a preponderance of the evidence that the defendants' RICO violations were the "proximate cause" of injury to the plaintiff's business or property. Therefore you must find that the plaintiff suffered an injury to his business or property and that the injury was caused by reason of the defendants' violation of RICO.

An injury or damage is **proximately caused** when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

A person is injured in his business or property when he suffers loss of money or profits. To find that injury to a plaintiff's business or property was caused by reason of the defendants' violation of Section 1962(a), you must find that the injury to the plaintiff was caused by, and was a direct result of the defendants' violation of that section.

Authority: Fifth Circuit Pattern Jury Instructions 2004 (Civil) § 8.1; Sixth Circuit Pattern Jury Instructions (Criminal) §2.08, § 2.09, § 10.01, § 10.02, § 10.04; 4-84 Modern Federal Jury Instructions-Civil § 84.04, § 84.05, § 84.06, § 84.07, § 84.08, § 84.39 (Matthew Bender); *United States v. Johnson*, 440 F.3d 832, 839 (6th Cir. 2006)(examining the definition of a RICO "enterprise").

## RICO CLAIMS BASED ON VIOLATIONS OF 18 U.S.C. § 1962(C)

The plaintiffs have alleged that the defendants violated Section 1962(c) of the RICO Act, which provides as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

In order to prove that a defendant violated section 1962(c), the plaintiffs must prove by a preponderance of the evidence each one of the following five elements:

**First**, that there was an "enterprise";

**Second**, that the enterprise engaged in, or had some effect upon, interstate or foreign commerce;

**Third**, that the defendant was employed by or associated with the alleged enterprise;

**Fourth**, that the defendant knowingly and willfully conducted or participated, directly or indirectly, in the conduct of the affairs of the alleged enterprise; and

**Fifth**, that the defendant did so knowingly and willfully through a pattern of racketeering activity.

As to the first and second elements, I have already given you the definitions of a RICO enterprise that was engaged in, or had some effect upon, interstate or foreign commerce. Those definitions apply equally to the plaintiffs' claims under Section 1962(c), except that under this section of the statute, the RICO "person" (or the defendant) and the RICO "enterprise" cannot be one and the same.

As to the third element, "**employed by or associated with**" means some minimal association with the alleged enterprise. The defendant must know something about the alleged enterprise's activities as they relate to the racketeering activity. It is not required that the

defendant have been employed by, or associated with, the enterprise for the entire time that the enterprise existed.

The fourth and fifth elements require that the plaintiff prove by a preponderance of the evidence that the defendant knowingly and willfully conducted or participated in the conducting of the affairs of the alleged enterprise through a pattern of racketeering activity. The plaintiff must prove by a preponderance of the evidence a sufficient connection between the enterprise, the defendant, and the alleged pattern of racketeering activity. A person does not violate the law by merely associating with or being employed by an otherwise lawful enterprise the affairs of which are being conducted by others through a pattern of racketeering activity in which he is not personally engaged.

To "**conduct or participate**" in the conduct of the enterprise means that the defendant must have played some part in the operation or management of the enterprise. The plaintiffs are not required to prove that the defendant was a member of upper management. An enterprise is operated not only by those in upper management, but also by those lower down in the enterprise who act under the direction of upper management.

In addition to proving that the defendant played some part in the operation or management of the enterprise, the plaintiffs must also prove that there is some meaningful connection between the defendant's illegal acts and the affairs of the enterprise. To satisfy this part of the element, the plaintiffs must establish either (1) that the defendant's acts were in some way related to the affairs of the enterprise, (2) that the defendant's position in the enterprise facilitated the commission of those illegal acts and that the racketeering acts had some impact or effect on the enterprise, or (3) that the defendant was able to commit the acts by virtue of his or her position, or involvement in, the affairs of the enterprise.

33

Finally, for a plaintiff to prevail under 18 USC §1962(c), you must find that the plaintiff suffered an injury to his business or property and that the injury was proximately caused by reason of the defendants' violation of RICO.  An injury or damage is **proximately caused** when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act. A person is injured in his business or property when he suffers loss of money or profits.

Authority: Fifth Circuit Pattern Jury Instructions 2004 (Civil) § 8.1; 4-84 Modern Federal Jury Instructions-Civil § 84.21, § 84.23, § 84.24, § 84.25§ 84.26, § 84.27, § 84.28, § 84.29, § 84.39 (Matthew Bender)

## RICO CLAIMS BASED ON VIOLATIONS OF 18 U.S.C. § 1962(D)

The plaintiffs also claim that the defendants violated Section 1962(d) of the RICO Act because the defendants agreed or conspired to violate the RICO law.

A "**conspiracy**" in this sense is a combination or agreement of two or more persons to join together to accomplish an offense which would be in violation of Section 1962(a) or (c) under the law that I have given you with respect to those sections.

To establish a violation of Section 1962(d), the plaintiffs must prove by a preponderance of the evidence:

**First**, that two or more persons in some way or manner came to a mutual understanding to attempt to accomplish a common and unlawful plan to engage in a violation of either Section 1962(a) or 1962(c); and

**Second**, that the defendant knowingly and willfully became a member of a conspiracy by objectively indicating, through his words or actions, his agreement to do so; and

**Third**, that at least one of the conspirators committed at least one overt act during the existence of a conspiracy in an effort to accomplish some object or purpose of the conspiracy.

In regard to the first element, the evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement, or that they directly stated between themselves the details of the scheme and its object or purpose or the precise means by which the object or purpose was to be accomplished. Similarly, the evidence in the case need not establish that all of the means or methods alleged were in fact agreed upon to carry out the alleged conspiracy, or that all of the means or methods which were agreed upon were actually used or put into operation. The plaintiffs are not required to prove that all of the persons

charged with being members of the conspiracy were such or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

On the other hand, it is not enough if the evidence shows only that the alleged conspirators agreed to commit the acts of racketeering alleged by the plaintiffs, without more, or that they agreed merely to participate in the affairs of the same alleged enterprise. Instead, the plaintiff must prove by a preponderance of the evidence that the alleged conspirators agreed to engage in conduct which violated Section 1962(a) or 1962(c).

As to the second element of the alleged conspiracy violation--knowing and willful membership in the conspiracy, the focus of this element is on the defendant's agreement to participate in the conspiracy, not on the defendant's agreement to commit the individual criminal acts. The plaintiffs must prove that the defendant participated in some manner in the overall objective of the conspiracy and that the conspiracy involved the commission of two racketeering acts. The plaintiffs are not required to prove either that the defendant agreed to commit two racketeering acts or that he or she actually committed two such acts, although you may conclude that he or she agreed to participate in the conspiracy from proof that he or she agreed to commit, or actually committed, such acts.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or without knowledge of the names and identities of all of the other alleged conspirators. If the plaintiff proves by a preponderance of the evidence that the particular defendant has knowingly and willfully joined the alleged conspiracy under the standards I have just set forth, it does not matter that the defendant may not have participated in the earlier stages of the alleged conspiracy or scheme.

36

However, mere presence at the scene of some transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily prove the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

The plaintiffs need not prove that the defendant actually committed any of the acts that he may have agreed to commit in order to establish his membership in the conspiracy. You may consider only those racketeering acts alleged against the particular defendant by the plaintiffs in determining whether that defendant has agreed to commit two acts of racketeering activity as a "pattern of racketeering activity."

To establish the third element, the plaintiff must prove by a preponderance of the evidence that at least one of the alleged conspirators committed at least one "overt act" during the existence of the alleged conspiracy. An "**overt act**" is a transaction or event, even one which may be entirely legal and innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy. However, in accordance with my instructions during the trial, you may not consider any evidence of any alleged wrongful act, other than the alleged wrongful act which the plaintiff contends is a specific violation, as in any way bearing on the character of any defendant or as an indication that any defendant may have a propensity to commit any of the offenses charged.

In your consideration of this conspiracy claim, you should first determine whether the alleged conspiracy existed. If you conclude that a conspiracy did exist as alleged, you should

next determine whether or not the defendant under consideration willfully became a member of that conspiracy.

In determining whether there was a conspiracy you may consider all the evidence in the case. If you find that there was a conspiracy then you may attribute the statements or acts of one of the conspirators to one or more of the other conspirators.

If you find that no such conspiracy existed, then you must find for the defendants. However, if you are satisfied that such a conspiracy existed, you must determine who were the members of that conspiracy.

Finally, for the plaintiffs to prevail under 18 USC §1962(d), you must find that the plaintiff suffered an injury to his business or property and that the injury was proximately caused by reason of the defendants' violation of RICO.  An injury or damage is **proximately caused** when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.  A person is injured in his business or property when he suffers loss of money or profits.

Authority: Fifth Circuit Pattern Jury Instructions 2004 (Civil) § 8.1; 4-84 Modern Federal Jury Instructions-Civil § 84.32, § 84.34, § 84.35, § 84.36, § 84.37, § 84.38, § 84.39 (Matthew Bender)

## RICO CLAIMS - DAMAGES

In considering the issue of damages, if any, with respect to the RICO claims, you must assess the amount you find justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to the plaintiffs or their business or property caused by the defendants' violation of RICO.

Damages may not be based on speculation because it is only actual damages (what the law calls compensatory damages) that you are to determine.

You should consider the amount of damages, if any, as to each plaintiff and as to each defendant with respect to each RICO claim separately and independently from the amount of damages, if any, with respect to the other plaintiffs, the other defendants and the non-RICO claims. For example, and by way of example only, if you determine that damages should be awarded to a plaintiff under his RICO claim, you should award full, just and reasonable compensation for damages under the RICO claim, without regard to the damages, if any, you might award under any other claim brought by that plaintiff.

The fact that I have given you instructions concerning the issue of the plaintiffs' damages should not be interpreted in any way as an indication that I believe that the plaintiffs should or should not prevail in this case. The interrogatories which you will answer contain several questions about damages under different laws and different theories of recovery. You should not draw any inference from the fact that a damage question has been asked. You must answer each Interrogatory separately and award damages, if appropriate, independently of damages which you may award under any other interrogatory.

Authority: Fifth Circuit Pattern Jury Instructions 2004 (Civil) § 8.1; 4-84 Modern Federal Jury Instructions-Civil § 84.40 (Matthew Bender)

## **PLAINTIFFS' FRAUD AND MISREPRESENTATION CLAIMS**

Plaintiffs have also sued for damages on account of certain representations made to them that the plaintiffs claim were false and/or fraudulent. These representations related to the defendants' marketing and operation of the Mare Lease Program.  As explained in the following instructions, liability for misrepresentations may arise (1) where one knowingly misrepresents a material fact, (2) where one willfully fails to disclose information under circumstances creating a duty to speak, or (3) where one negligently supplies false information for the guidance of others in their business transactions.  The specific elements of each of the plaintiffs' fraud and misrepresentation claims are set forth in the following instructions.

## PLAINTIFFS' CLAIM OF FRAUD

To recover on a claim of fraud, the plaintiffs must show each of the following by clear and convincing evidence:

**First**, that a material representation was made to the plaintiff;

**Second**, that the representation was false;

**Third**, that the representation was (a) known to be false when it was made, (b) made recklessly and without regard to its truth or falsity, or (c) made under circumstances leading the plaintiff to believe that the speaker knew it to be true, when the speaker did not have such knowledge;

**Fourth**, that the representation was made to induce the plaintiff to act with reliance thereon;

**Fifth**, that the plaintiff relied on the representation; and

**Sixth**, that the representation was the proximate cause of damage to the plaintiff.

A defendant may be liable for fraud if he (a) makes the fraudulent representation himself; (b) authorizes another to make a fraudulent representation or commit a fraudulent transaction in his name, (c) assists in the commission of a fraud, (d) agrees or conspires with another to commit a fraud, or (e) knowingly accepts the fruits of another's fraudulent conduct.

As to the first element, a representation is "**material**" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

As to the third element, "**recklessly**" means wantonly, with indifference to consequences. If a person makes a representation without knowing whether it is true or not, or makes it without

regard to its truth or falsity or to its possible consequences, he may be found to have made the representation recklessly.

Finally, while a mere statement of opinion is not fraud, a statement of an opinion that is not genuinely held by the speaker is a fraud.  Similarly, while statements of future intentions or predictions are not frauds, false predictions or false representations as to future intentions, when in fact the speaker knew at the time the representations were made that he had no intention of carrying them out, are fraud.

If you find that one or more of the plaintiffs has established each of these elements by clear and convincing evidence against one or more of the defendants, then you should return a verdict for that plaintiff on its fraud claim against that particular defendant and award that plaintiff an amount of damages that you are satisfied from the evidence were proximately caused by the false representations.

If, on the other hand, you find that one of the plaintiffs has failed to establish each of these elements on its fraud claim against one of the defendants, then you must find for that particular defendant on the fraud claim brought against it by that particular plaintiff.

Authority: *Goodman v. Goldberg & Simpson, P.S.C.*, 323 S.W.3d 740, 744 (Ky. App. 2009); *Major v. Christian County Livestock Market*, 300 S.W.2d 246, 249 (Ky.1957);  *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1447-48 (6th Cir. 1993); *Edward Brockhaus & Co. v. Gilson*, 92 S.W.2d 830, 834-5 (Ky. 1936); *Raymond-Eldredge Co. v. Security Realty Inv. Co.*, 91 F.2d 168, 173 (6th Cir. 1937); *Lappas v. Barker*, 375 S.W.2d 248, 252 (Ky. 1963); *Kirby v. Firth*, 311 S.W.2d 799, 802 (Ky. 1958); 3 Fed. Jury Prac. & Instr. § 123.01, § 123.02, § 123.20 (5th ed.) .

## **PLAINTIFFS' CLAIM OF FRAUD BY OMISSION**

To recover on a claim of fraud by concealment or omission, the plaintiffs must show each of the following by clear and convincing evidence:

**First**, that the speaker had a duty to disclose a material fact to the plaintiff;

**Second**, that he failed to disclose the fact in question to the plaintiff;

**Third**, that the failure to disclose the material fact induced the plaintiff to act; and

**Fourth**, that the failure to disclose the material fact was the proximate cause of damage to the plaintiff.

Again, a defendant may be liable for fraud by omission or concealment if he (a) commits fraud by omission himself; (b) authorizes another to commit a fraud by omission in his name, (c) assists in the commission of a fraud by omission, (d) agrees or conspires with another to commit a fraud by omission, or (e) knowingly accepts the fruits of another's fraudulent conduct.

For a claim of fraud by omission, a "**material fact**" is one that is likely to affect the conduct of a reasonable man and be an inducement of a contract.

As to the first element, a "**duty to disclose**" information may arise from a statute or from a contractual transaction in which one party has superior knowledge of the subject matter and the other party relies on the first party to disclose same or from a partial disclosure of material facts that creates an impression that there has been a full disclosure of material facts.

If you find that one of the plaintiffs has established each of these elements by clear and convincing evidence against one of the defendants, then you should return a verdict for that plaintiff on its fraud by omission claim against that particular defendant and award that plaintiff an amount of damages that you are satisfied from the evidence were proximately caused by the fraud by omission.

43

If, on the other hand, you find that one of the plaintiffs has failed to establish these elements on its fraud claim against one of the defendants, then you must find for that particular defendant on the fraud by omission claim brought against it by that particular plaintiff.

Authority: *Morris Aviation, LLC v. Diamond Aircraft Industries, Inc.*, 730 F.Supp.2d 683, 697 - 698 (W.D. Ky. 2010); *Wallace v. Midwest Financial & Mortg. Services, Inc.*, 728 F.Supp.2d 906, 923 (E.D. Ky. 2010); *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 641 (Ky. App. 2003); *Faulkner Drilling Co., Inc. v. Gross*, 943 S.W.2d 634, 638 (Ky. App. 1997); *Smith v. Gen. Motors Corp.*, 979 S.W.2d 127, 130 (Ky. App. 1998); *Raymond-Eldredge Co. v. Security Realty Inv. Co.*, 91 F.2d 168, 173 (6th Cir. 1937); *Lappas v. Barker*, 375 S.W.2d 248, 252 (Ky. 1963); *Kirby v. Firth*, 311 S.W.2d 799, 802 (Ky. 1958)

## PLAINTIFFS' CLAIM OF NEGLIGENT MISREPRESENTATION

In order to recover on a claim of negligent misrepresentation, the plaintiffs must show each of the following:

**First**, that in the course of the defendant's business, profession or employment, or in any other transaction in which he had a pecuniary interest, certain representations were made to the plaintiff;

**Second**, that the representations were false;

**Third**, that in obtaining and communicating the information that was the subject of the representation, the speaker failed to comply with its duty of care as described below;

**Fourth**, that the representations were made for the purpose of guiding the plaintiff in making business and/or investment decisions;

**Fifth**, that the plaintiff justifiably relied on the representations when making his business and/or investment decisions; and

**Sixth**, that the plaintiff suffered a pecuniary loss for which his reliance on the representation was a substantial factor.

As to the third element, you are instructed that it was the duty of the defendants in obtaining and communicating information to potential participants in the Mare Lease Program, including the plaintiffs, to exercise that degree of care expected of a reasonably prudent businessmen acting under similar circumstances.

There can be no recovery for negligent misrepresentations if it is proven that the plaintiff had access to information that was equally available to both parties and would have led the plaintiff to discovery of the true facts, as in that case the plaintiff had no right to rely upon the speaker's misrepresentation.

If you find that one or more of the plaintiffs has established each of these elements by a preponderance of the evidence against one or more of the defendants, then you should return a verdict for that plaintiff on its negligent misrepresentation claim against that particular defendant and award that plaintiff an amount of damages that you are satisfied from the evidence were proximately caused by the negligent misrepresentations.

If, on the other hand, you find that one of the plaintiffs has failed to establish these elements against one of the defendants, then you must find for that particular defendant on the negligent misrepresentation claim brought against it by that particular plaintiff.

Authority: *H&R Mechanical Contractors, Inc. v. Codell Const. Co.*, 2005 WL 3487870, *2-3 (Ky.App. 2005); *Lamb v. Branch Banking & Trust Co.*, 2009 WL 4876796, *3 (Ky.App. 2009); 2-31 Palmore & Cetrulo, Kentucky Jury Instructions § 31.11 (2010)

## PUNITIVE DAMAGES

In addition to actual damages, the law permits a jury, under certain circumstances, to award the injured person punitive and exemplary damages in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find that a plaintiff in this case is entitled to a verdict for actual or compensatory damages on the plaintiff's claim of fraud or fraud by omission against one or more of the defendants, you may in your discretion award punitive damages to that plaintiff and against that defendant.  In addition to the compensatory damages you may award in association with the plaintiff's fraud claims as set out in Instructions No. _____ and No. _____, punitive damages may be awarded for the purpose of punishing the defendant's fraudulent behavior and discouraging it in the future.

If you decide to award punitive damages, in determining the amount thereof you should consider the following factors:

(a)     the likelihood at the time of the misrepresentation or fraudulent omission that serious harm would arise from it;

(b)     the degree of the defendant's awareness of that likelihood;

(c)     the profitability of the misconduct to the defendant;

(d)     the duration of the misconduct and any concealment of it by the defendant; AND

(e)     the actions by the defendant to remedy the misconduct once it became known to him.

47

If you award punitive damages, you will state the amount separately from the amount of compensatory damages awarded on the Plaintiff's fraud claims.

Authority: KRS 411.184; KRS 411.186; 2-39 Palmore & Cetrulo, *Kentucky Jury Instructions* § 39.152 (2010)

## PLAINTIFFS' BREACH OF CONTRACT CLAIMS

The Plaintiffs have asserted a number of claims for breach of various contracts between themselves and the defendants.  A "**contract**" is promise or agreement that the law recognizes as binding.  A contract exists when the parties come to an agreement as to the essential terms and conditions under which they will perform and mutually agree to be bound by those essential terms and conditions.  A contract may be an oral agreement or it may be in writing.

To recover for a breach of a contract, the plaintiff must establish the following:

**First**, that a contract existed between the parties;

**Second**, that the defendant breached that contract; and

**Third**, that the plaintiff suffered damages as a result of the defendant's breach of the contract.

In an action for breach of contract, the measure of damages is that sum which will put the injured party into the same position he would have been in had the contract been performed.

If you find that one or more of the plaintiffs has established each of these elements by a preponderance of the evidence against one or more of the defendants in relation to one or more of the contracts at issue, then you should return a verdict for that plaintiff on that breach of contract claim against that particular defendant and determine the amount of damages to be awarded to the plaintiff for that breach.

If, on the other hand, you find that one of the plaintiffs has failed to establish these elements against one of the defendants in relation to one or more of the contracts at issue, then you must find for that particular defendant on that breach of contract claim brought against it by that particular plaintiff.

Authority: *Barnett v. Mercy Health Partners–Lourdes, Inc.*, 233 S.W.3d 723 (Ky. App. 2007).

## PLAINTIFFS' CLAIMS OF UNJUST ENRICHMENT
## AND MONEY HAD AND RECEIVED

The plaintiffs have brought claims of unjust enrichment and money had and received against David Plummer, Spencer Plummer, Thom Robinson, Tony Ferguson, John Parrott, ClassicStar, LLC, ClassicStar Farms, LLC, ClassicStar 2004, LLC, ClassicStar Farms, Inc., ClassicStar Thoroughbreds, LLC, GeoStar Corp., and Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch in relation to their receipt of proceeds generated by the Mare Lease Program.  In order to prevail on a claim of unjust enrichment or money had and received, the Plaintiffs must show the following:

**First**, that a benefit was conferred upon the defendant at the plaintiff's expense as a result of the transaction in question;

**Second**, the defendant's awareness of the benefit;

**Third**, that it would be unjust for the defendant to retain the benefit without payment for its value.

If you find that one or more of the plaintiffs has established each of these elements by a preponderance of the evidence against one or more of the defendants, then you should return a verdict for that plaintiff on its unjust enrichment or money had and received claim against that particular defendant, determine the amount of the benefit that was unjustly retained by the defendant and award the plaintiff a sum equal to that amount.

If, on the other hand, you find that one of the plaintiffs has failed to establish these elements against one of the defendants, then you must find for that particular defendant on the unjust enrichment or money had and received claim brought against it by that particular plaintiff.

Authority: *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky.App. 2009).

## CONVERSION

The plaintiff West Hills Farms, LLC has brought a claim for conversion against defendants ClassicStar, LLC and Tony Ferguson in relation to the insurance proceeds payable on the death of the 06 foal out of Turko's Turn by Gone West.  To recover on this claim, West Hills Farms must show:

**First**, that one or both of these defendants received insurance proceeds as a result of the death of the foal; and

**Second**, that some or all of those insurance proceeds belonged to or should have been paid over to West Hills Farms.

Wrongful intent is not a necessary element of a claim of conversion as possession alone is enough to support a plaintiff's right of recovery unless the defendant can prove a superior right.

If you find that West Hills Farms has established each of these elements by a preponderance of the evidence against one or more of these defendants, then you should return a verdict for West Hills Farms on its conversion claim against that defendant, determine the amount of the proceeds that should have been paid to West Hills Farms and award West Hills Farms a sum equal to that amount.

If, on the other hand, you find that West Hills Farms has failed to establish these elements against one or more of the defendants, then you must find for that particular defendant on the conversion claim against it by West Hills Farms.

Authority: 2-29 Palmore & Cetrulo, *Kentucky Jury Instructions* § 29.0; *Sherman v. Adams*, 194

S.W.2d 625 (Ky. 1946)

## EFFECT OF INSTRUCTION AS TO DAMAGES

The fact that I have instructed you as to the proper measure of damages that may be awarded on each of the claims asserted in this action should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Authority: 3 Fed. Jury Prac. & Instr. § 106.02 (5th ed.)

**CLOSING INSTRUCTIONS FOR USE AT THE CLOSE OF THE EVIDENCE:**

**<u>GENERAL CLOSING INSTRUCTION</u>**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.


Authority: 3 Fed. Jury Prac. & Instr. § 103.01 (5th ed.)

## JUROR CONDUCT AND
## USE OF ELECTRONIC COMMUNICATION TECHNOLOGIES

My earlier instructions regarding juror conduct continue to apply to your conduct during your deliberations.  You can discuss this case only with your fellow jurors.  You still must not communicate with or provide any information to anyone else by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

Authority: 3 Fed. Jury Prac. & Instr. § 103.04 (5th ed.)

## <u>INSTRUCTIONS APPLY TO EACH PARTY</u>

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

Authority: 3 Fed. Jury Prac. & Instr. § 103.10 (5th ed.)

## MULTIPLE PLAINTIFFS AND DEFENDANTS

There are multiple plaintiffs and defendants in this action.  Do not assume that if one plaintiff is entitled to recover, they are all entitled to recover.  Likewise, do not assume that if if one defendant is liable to the plaintiff, all defendants are liable.  Each defendant is entitled to a fair consideration of the evidence presented by the plaintiffs, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against each of the defendants. Unless otherwise stated, all instructions I give you govern the case as to each plaintiff and each defendant.

Authority: 3 Fed. Jury Prac. & Instr. § 103.13 and  § 103.14 (5th ed.) (combined)

## **CORPORATE AGENTS AND EMPLOYEES**

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

Authority: 3 Fed. Jury Prac. & Instr. § 103.31 and § 108.01 (5th ed.)

## **COMMON SCHEME OR PLAN**

When two or more persons knowingly associate themselves together to carry out a common plan or arrangement, with the intent either to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means, there arises from the very act of knowingly associating themselves together with such intent, a kind of partnership in which each member becomes the agent of every other member.

So, where the evidence in the case shows such a common plan or arrangement between two or more persons, evidence as to an act done or statement made by one such person is admissible against all, provided the act be knowingly done, or the statement be knowingly made, during the continuance of the common plan or arrangement, and in furtherance of some intended object or purpose of the common plan.

In order to establish proof that such a common plan or arrangement existed, the evidence must show that the parties to the plan or arrangement in some way or manner, or through some contrivance, positively or tacitly came to a mutual understanding to try to accomplish some intended object or purpose of the plan or arrangement.

In order to establish proof that a defendant, or any other person, was a party to or member of such a common plan or arrangement, the evidence must show that the plan was knowingly formed, and that the defendant, or other person who is claimed to have been a member, knowingly participated in the plan or arrangement, with the intent to advance or further some intended object or purpose of the plan or arrangement.

In determining whether or not a defendant, or any other person, was a party to or member of such a common plan or arrangement, the jury is not to consider what others may have said or done. That is to say, the membership of a defendant, or any other person, in such a common plan

or arrangement must be established by evidence as to the person's own conduct—what the person knowingly said or did.

If and when it appears from the evidence in the case that such a common plan or arrangement did exist, and that a defendant was one of the members of the plan or arrangement, then the acts and statements by any person likewise found to be a member of the plan or arrangement may be considered by the jury as evidence in the case as to the defendant found to have been a member, even though the acts and statements may have occurred in the absence and without the knowledge of the defendant, provided such acts and statements were knowingly done and made during the continuance of the common plan or arrangement, and in furtherance of some intended object or purpose of the plan or arrangement.

Otherwise, any admission or statement made or act done by one person, outside of court, may not be considered as evidence against any person who was not present and did not see the act done, or hear the statement made, unless the admission, statement was made or act was done by an agent for a party acting within the scope of their authority delegated to them by the party or within the scope of their duties as employees of the party.

Authority: 3 Fed. Jury Prac. & Instr. § 108.04, § 103.31 and § 108.01 (5th ed.);

## CORPORATE ENTITY—ALTER EGO

The Plaintiffs claim that certain of the defendants are the alter ego of certain of the other defendants.  As such, the Plaintiffs claim that those defendants should be treated as being one and the same entity or person under the law so that their separate existence should be disregarded and they should be held personally liable for each other's obligations.

With respect to this issue, you are instructed that a corporation or limited liability company, generally, is a separate legal entity separate and apart from its shareholders.  However, the separate existence of a corporate entity may be disregarded where it is proved that the corporation was created as a mere device or sham to accomplish some ulterior purpose, such as to justify wrong, protect fraud or defend crime, or is a mere instrumentality or agent of another corporation or individual.  As such, courts will also disregard the corporate entity and hold another entity or individual liable where the corporate form is abused or where a failure to do so would sanction a fraud or promote injustice or subject the plaintiff to unjust loss.

In determining whether the corporation and its owners lack separateness and treating them as separate would allow fraud or injustice or whether the owners exercised control over the corporation in such a way as to harm a plaintiff you should consider all the circumstances, including whether the corporation is inadequately capitalized, whether the owners observe formalities, whether the corporation makes a profit or pays dividends, whether the owners mix their assets with those of the corporation, use corporate assets as their own, or deal with the corporation at arms-length, whether the corporation is insolvent, whether corporate records are maintained and whether others guarantee or pay the debts of the corporation.

Authority: 3 Fed. Jury Prac. & Instr. § 108.05 (5th ed.); *Bear, Inc. v. Smith*, 303 S.W.3d 137, 148 (Ky. App. 2010); *Foodland Distribs. v. Al-Naimi*, 559 N.W.2d 379, 380 (Mich. App. 1997); *Scarff Bros., Inc. v. Bicher Farms, Inc.*, 546 F. Supp. 2d 473, 494-95 (E.D. Mich. 2009)

### BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

The Plaintiff has the burden in a civil action, such as this, to prove every essential element of the plaintiff's claim. Unless I instruct you otherwise, the plaintiff has a burden to establish every element of his claim by a preponderance of the evidence.  If plaintiff should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

To establish something by a "**preponderance of the evidence**" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.


Authority: 3 Fed. Jury Prac. & Instr. § 104.01 (5th ed.)

## BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE

Occasionally, the plaintiff may be required to prove the elements of a claim by clear and convincing evidence.  "**Clear and convincing evidence**" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than a preponderance of evidence, but less than proof beyond a reasonable doubt.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Authority: 3 Fed. Jury Prac. & Instr. § 104.02 (5th ed.); *Fitch v. Burns*, 782 S.W.2d 618, 622 (Ky. 1989); *Sanders v. Motorists Mut. Ins. Co.*, 2010 WL 3634668, *3 (E.D. Ky. 2010)

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence. "**Direct evidence**" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "**Indirect or circumstantial evidence**" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Authority: 3 Fed. Jury Prac. & Instr. § 104.05 (5th ed.)

**PERMISSIVE FACTUAL INFERENCES**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.  "**Inferences**" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Authority: 3 Fed. Jury Prac. & Instr. § 104.20 (5th ed.)

## **FAILURE TO CALL AVAILABLE WITNESS**
## **FAILURE TO PRODUCE AVAILABLE EVIDENCE**

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

Likewise, if a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

Authority: 3 Fed. Jury Prac. & Instr. § 104.25 and § 104.26 (5th ed.)  (combined)

## **EXPERT WITNESS**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.


Authority: 3 Fed. Jury Prac. & Instr. § 104.40 (5th ed.)

## **CHARTS AND SUMMARIES**

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. If and to the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them.

Authority: 3 Fed. Jury Prac. & Instr. § 104.50 (5th ed.)

## REQUESTS FOR ADMISSION

Plaintiffs have introduced in evidence certain "requests for admission" identified as Exhibit _____.  These were presented to defendants GeoStar Corp., GeoStar Equine Energy, Inc. and GeoStar Financial Services Corp., who admitted that certain of the statements were true or made no response.  Under the governing procedural rules, the facts set out in these requests are deemed admitted unless a response is made. You are therefore to take the facts stated in those requests admitted or not answered in Plaintiff's Exhibit _____ as true for purposes of this case.

Authority: 3 Fed. Jury Prac. & Instr. § 104.71 and § 104.73 (5th ed.)

## ANSWERS TO INTERROGATORIES

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, that party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

Authority: 3 Fed. Jury Prac. & Instr. § 104.72 and § 104.73 (5th ed.)

## <u>USE OF DEPOSITIONS AS EVIDENCE</u>

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented under oath in writing or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Authority: 3 Fed. Jury Prac. & Instr. § 105.02 (5th ed.)

## REQUIRED FACTUAL INFERENCES

Defendants Ferguson, Robinson, Parrott, David Plummer and Spencer Plummer, ClassicStar accountant Terry Greene, and virtually all representatives of Defendant GeoStar Corp. refused to participate in discovery in this action by invoking their Fifth Amendment rights not to testify. Based on their decisions in that regard, you may infer that if they had testified at trial, they would have provided testimony favorable to the Plaintiffs on each of the following matters:

a) GeoStar Corp. and the individual Defendants Ferguson, Robinson, Parrott, David Plummer and Spencer Plummer knew, from the documents available to them and otherwise, that ClassicStar, LLC neither had nor would obtain sufficient inventory to fulfill its breeding obligations in connection with the Mare Lease Programs;

b) GeoStar Corp. and the individual Defendants knew that the loans supposedly made to participants by National Equine Lending Company, LLC were actually funded by ClassicStar, LLC;

c) GeoStar Corp. and the individual Defendants knew that there existed no real likelihood of pre-tax profits in the Mare Lease Programs;

d) GeoStar Corp. and the individual Defendants knew that the quarter horses included in participants' packages were never intended to be bred for the benefit of the participants, but were rather used to disguise ClassicStar's lack of horses to fulfill its breeding obligations, and the leases with Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch were shams designed to disguise this fact and the overselling of the Mare Lease Programs;

e) GeoStar Corp. and the individual Defendants knowingly and willfully oversold the GeoStar drilling programs which were marketed in conjunction with the Mare Lease Programs, and did so with the intent that participants would never receive actual possession of working interests, but would rather be induced to exchange those interests for stock in GeoStar's affiliate, Gastar Exploration, Ltd.;

f) GeoStar Corp., the individual Defendants and GeoStar's affiliates intentionally overstated the intangible drilling costs associated with the working interests supposedly assigned to participants, in order to create the appearance that the programs could deliver the promised tax benefits;

74

g)      GeoStar Corp. and the individual Defendants never intended for the conversions from Mare Lease interests to working interests in its drilling programs, which it authorized and facilitated, to result in actual transfer of the working interests to participants;

h)      GeoStar Corp. and the individual Defendants agreed to and knowingly and willfully authorized the marketing of conversion opportunities such as ClassicStar Racing Stables, FEP, FES, G.A.S., and First Equine Energy Partners, LLC ("FEEP") and participated in their creation with the intent that the existence of these entities disguise the overselling of the Mare Lease Programs and with the knowledge that the participants would receive no value in connection with these conversions;

i)      GeoStar Corp. and the individual Defendants knew that GeoStar's and ClassicStar, LLC's representatives were advising participants to claim horse breeding deductions on their tax returns which could not be supported by their Mare Lease packages;

j)      GeoStar Corp. and the individual Defendants knowingly and willfully advised Mare Lease participants converting to GeoStar's working interest programs to claim intangible drilling cost deductions on their tax returns which GeoStar and the individual Defendants knew could not be supported by their working interests;

k)      GeoStar Corp. and the individual Defendants agreed and acted in cooperation with each other to oversell the Mare Lease Programs and to disguise such overselling with the offering of alternative investments and quarter horses;

l)      The individual Defendants, acting in agreement and cooperation with each other, took part in the operation or management of the Mare Lease Programs as well as in the operation or management of ClassicStar, LLC and its affiliates and subsidiaries, including ClassicStar 2004, LLC, ClassicStar Farms, LLC, and ClassicStar Farms, Inc., and GeoStar Corp. and its affiliates and subsidiaries.

m)      GeoStar Corp. contracted with Handler, Thayer and Duggan, Private Consulting Group, Inc., and others to market the Mare Lease and drilling programs through mail, e-mail, and other forms of interstate communication, and its own members and employees so marketed the programs, with knowledge of the facts identified above, and the individual Defendants agreed, knew and intended that the Mare Lease Program would be marketed through interstate mailings and other communications and caused such communications to be made;

n)      GeoStar Corp., and the individual Defendants Parrott, Robinson and Ferguson, acquired and participated in the operation of the ClassicStar Mare Lease Programs with the intent of raising funds for the development of oil and gas properties owned by GeoStar and its affiliates;

o)     the majority of the funds used in the development of the mineral properties belonging to GeoStar Corp. and its affiliates during the period of the Mare Lease Programs came from the fraudulent sales to Mare Lease participants;

p)     GeoStar Corp. did not pay equivalent value for the cash transfers it or its affiliates received from ClassicStar;

q)     GeoStar Corp. and the individual Defendants knowingly and willfully accepted the proceeds of the Mare Lease Programs with knowledge that the programs were being marketed in reliance on equine inventory which ClassicStar did not possess and profit projections and tax benefits which had no factual basis;

r)     GeoStar Corp. and the individual Defendants used a portion of the fraudulently obtained funds generated by the Mare Lease Programs to fund the continued operation and activities of ClassicStar and its affiliates and subsidiaries, and GeoStar and its affiliates and subsidiaries, including Gastar Exploration, Ltd.

s)     GeoStar Corp. and its subsidiaries, including ClassicStar Financial Services, Inc. and GeoStar Financial Services Corp., entered into agreements with ClassicStar mare lease participants ostensibly to buy back mare lease and oil and gas working interests and to secure such payment obligations with collateral, including Gastar stock, although they had no intention of fulfilling these contractual obligations, and never did fulfill them, and the individual Defendants knew of and authorized these agreements with the same intent;

t)     GeoStar Corp. wholly owned and controlled the GeoStar subsidiaries that entered into these buy-back and related collateral agreements, GeoStar and the individual Defendants agreed to and did form the GeoStar subsidiaries for the purpose of insulating GeoStar Corp. against liability arising under these buy-back and related collateral agreements, and they purposefully kept the subsidiaries undercapitalized such that at all relevant times they lacked any assets besides unpaid accounts receivables from other GeoStar entities.

u)     During the period of the Mare Lease Programs, GeoStar Corp. wholly controlled its affiliates, including ClassicStar, LLC, ClassicStar 2004, LLC, ClassicStar Farms, LLC, ClassicStar Farms, Inc., and its other oil and gas subsidiaries, and GasStar Financial Services Corp., and did not distinguish between them for purposes of its transactions with the Mare Lease Participants; GeoStar and the subsidiaries shared a unity of ownership and interest; GeoStar subsidized the operations of and failed to adequately capitalize the subsidiaries to function as separate entities; GeoStar and the subsidiaries guaranteed obligations of the other and failed to observe corporate formalities among themselves; moreover, the various entities were used to further the fraudulent scheme or to work an injustice on the participants;

v)      GeoStar Corp. and the individual Defendants never intended for a number of the conversions from Mare Lease interests to ownership of Gastar Exploration Ltd. stock, which they authorized and facilitated, to result in actual transfer of the Gastar stock or the actual provision of the cash values set forth in the put options;

w)      GasStar Financial Services Corp. has no defense to the enforcement of the promissory notes to Jaswinder and Monica Grover;

x)      GasStar Financial Services Corp. entered into and breached any other agreements it reached with Jaswinder and Monica Grover;

y)      GasStar Financial Services Corp. intentionally misrepresented its financial condition and assets, thereby inducing Jaswinder and Monica Grover on the basis of false information to enter into such promissory notes and agreements.

You should consider the facts set out above in the same way as if a witness with knowledge of the subject had given the testimony of the same here in court.

Authority:  *De Saro v. United States*, 173 Fed. Appx. 760, 765 (11th Cir. 2006) (unpublished); *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 770 (9th Cir. 1995); *United States v. Johnson*, 288 F.2d 40, 45 (5th Cir. 1961); *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Nat'l Acceptance Co. of Am. v. Bathalter*, 951 F.2d 349, at *3 (6th Cir. 1991) (unpublished); *McKinney v. Galvin*, 701 F.2d 584, 589 (6th Cir. 1983); *ePlus Tech. v. Aboud*, 313 F.3d 166, 183-84 (4th Cir. 2002)

## JURY PROCEDURES

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room and try to reach agreement. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your decisions must be based solely on the evidence and on the law that I have given to you in my instructions. The decisions must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, I will be giving you a set of questions called "Interrogatories to the Jury" that you will need to answer in relation to the issues in this case.  You will take those interrogatories and a copy of these instructions to the jury room, and when each of you has agreed on the answers to those questions, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.

Authority: 3 Fed. Jury Prac. & Instr. § 103.50 (5th ed.)

## <u>DUTY TO DELIBERATE</u>

The verdict as set out in your answers to the interrogatories must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Authority: 3 Fed. Jury Prac. & Instr. § 106.01 (5th ed.)

**INTERROGATORIES TO THE JURY**

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(a)**

**ClassicStar, LLC Enterprise:**

The Plaintiffs have alleged that ClassicStar, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___. If you find that ClassicStar, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants received any income derived, directly or indirectly, from a pattern of racketeering activity in which that defendant participated as a principal, and that the defendant used or invested, directly or indirectly, any part of that income, to acquire an interest in, establish, or operate ClassicStar, LLC?

As to defendant ClassicStar, LLC -　　　　 _____ 　　　_____
　　　　　　　　　　　　　　　　　　　 YES 　or 　NO

As to defendant ClassicStar 2004, LLC -　 _____ 　　　_____
　　　　　　　　　　　　　　　　　　　 YES 　or 　NO

As to defendant ClassicStar Farms, LLC -　_____ 　　　_____
　　　　　　　　　　　　　　　　　　　 YES 　or 　NO

As to defendant GeoStar Corp.-　　　　　 _____ 　　　_____
　　　　　　　　　　　　　　　　　　　 YES 　or 　NO

As to defendant Tony Ferguson -　　　　　_____ 　　　_____
　　　　　　　　　　　　　　　　　　　 YES 　or 　NO

As to defendant John Parrott -　　　　　　_____ 　　　_____
　　　　　　　　　　　　　　　　　　　 YES 　or 　NO

As to defendant Thom Robinson -　　　　　_____ 　　　_____
　　　　　　　　　　　　　　　　　　　 YES 　or 　NO

As to defendant David Plummer -　　　　　_____ 　　　_____
　　　　　　　　　　　　　　　　　　　 YES 　or 　NO

81

As to defendant Spencer Plummer -

_____          _____
YES          or          NO

If you answered "YES" to the previous question as to any defendant, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her/its business or property by the defendant's use or investment of income derived from a pattern of racketeering activity to operate ClassicStar, LLC?

As to Plaintiff West Hills Farms, LLC -          $_____

As to Plaintiff Arbor Farms, LLC -          $_____

As to Plaintiff Nelson Breeders, LLC -          $_____

As to Plaintiff McDonald Stables, LLC -          $_____

As to Plaintiffs Jaswinder and Monica Grover -          $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(a)**

**ClassicStar 2004, LLC Enterprise:**

The Plaintiffs have alleged that ClassicStar 2004, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___.  If you find that ClassicStar 2004, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants received any income derived, directly or indirectly, from a pattern of racketeering activity in which that defendant participated as a principal, and that the defendant used or invested, directly or indirectly, any part of that income, to acquire an interest in, establish, or operate ClassicStar 2004, LLC?

As to defendant ClassicStar, LLC -          _____        or      _____
                                            YES                    NO

As to defendant ClassicStar 2004, LLC -     _____        or      _____
                                            YES                    NO

As to defendant ClassicStar Farms, LLC -    _____        or      _____
                                            YES                    NO

As to defendant GeoStar Corp.-              _____        or      _____
                                            YES                    NO

As to defendant Tony Ferguson -             _____        or      _____
                                            YES                    NO

As to defendant John Parrott -              _____        or      _____
                                            YES                    NO

As to defendant Thom Robinson -             _____        or      _____
                                            YES                    NO

As to defendant David Plummer -             _____        or      _____
                                            YES                    NO

As to defendant Spencer Plummer -           _____        or      _____
                                            YES                    NO

If you answered "YES" to the previous question as to any defendant, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her/its business or property by the defendant's use or investment of income derived from a pattern of racketeering activity to operate ClassicStar 2004, LLC?

As to Plaintiff West Hills Farms, LLC -          $_____

As to Plaintiff Arbor Farms, LLC -              $_____

As to Plaintiff Nelson Breeders, LLC -          $_____

As to Plaintiff McDonald Stables, LLC -         $_____

As to Plaintiffs Jaswinder and Monica Grover -  $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(a)**

**ClassicStar Farms, LLC Enterprise:**

The Plaintiffs have alleged that ClassicStar Farms, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___. If you find that ClassicStar Farms, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants received any income derived, directly or indirectly, from a pattern of racketeering activity in which that defendant participated as a principal, and that the defendant used or invested, directly or indirectly, any part of that income, to acquire an interest in, establish, or operate ClassicStar Farms, LLC?

As to defendant ClassicStar, LLC -          _____          _____
                                             YES     or      NO

As to defendant ClassicStar 2004, LLC -     _____          _____
                                             YES     or      NO

As to defendant ClassicStar Farms, LLC -    _____          _____
                                             YES     or      NO

As to defendant GeoStar Corp.-              _____          _____
                                             YES     or      NO

As to defendant Tony Ferguson -             _____          _____
                                             YES     or      NO

As to defendant John Parrott -              _____          _____
                                             YES     or      NO

As to defendant Thom Robinson -             _____          _____
                                             YES     or      NO

As to defendant David Plummer -             _____          _____
                                             YES     or      NO

As to defendant Spencer Plummer -           _____          _____
                                             YES     or      NO

If you answered "YES" to the previous question as to any defendant, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her/its business or property by the defendant's use or investment of income derived from a pattern of racketeering activity to operate ClassicStar Farms, LLC?

As to Plaintiff West Hills Farms, LLC -               $_____

As to Plaintiff Arbor Farms, LLC -                   $_____

As to Plaintiff Nelson Breeders, LLC -               $_____

As to Plaintiff McDonald Stables, LLC -              $_____

As to Plaintiffs Jaswinder and Monica Grover -       $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(a)**

**GeoStar Enterprise:**

The Plaintiffs have alleged that GeoStar is a RICO Enterprise as that term was defined for you in Instruction No. ___.  If you find that GeoStar is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants received any income derived, directly or indirectly, from a pattern of racketeering activity in which that defendant participated as a principal, and that the defendant used or invested, directly or indirectly, any part of that income, to acquire an interest in, establish, or operate GeoStar?

As to defendant ClassicStar, LLC -                    _____                    _____
                                                                              YES        or        NO

As to defendant ClassicStar 2004, LLC -          _____                    _____
                                                                              YES        or        NO

As to defendant ClassicStar Farms, LLC -        _____                    _____
                                                                              YES        or        NO

As to defendant GeoStar Corp.-                        _____                    _____
                                                                              YES        or        NO

As to defendant Tony Ferguson -                     _____                    _____
                                                                              YES        or        NO

As to defendant John Parrott -                        _____                    _____
                                                                              YES        or        NO

As to defendant Thom Robinson -                    _____                    _____
                                                                              YES        or        NO

As to defendant David Plummer -                    _____                    _____
                                                                              YES        or        NO

As to defendant Spencer Plummer -                 _____                    _____
                                                                              YES        or        NO

If you answered "YES" to the previous question as to any defendant, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her business or property by the defendant's use or investment of income derived from a pattern of racketeering activity to operate GeoStar?

As to Plaintiff West Hills Farms, LLC -          $_____

As to Plaintiff Arbor Farms, LLC -              $_____

As to Plaintiff Nelson Breeders, LLC -          $_____

As to Plaintiff McDonald Stables, LLC -         $_____

As to Plaintiffs Jaswinder and Monica Grover -  $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(a)**

**Gastar Enterprise:**

The Plaintiffs have alleged that Gastar is a RICO Enterprise as that term was defined for you in Instruction No. ___. If you find that Gastar is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants received any income derived, directly or indirectly, from a pattern of racketeering activity in which that defendant participated as a principal, and that the defendant used or invested, directly or indirectly, any part of that income, to acquire an interest in, establish, or operate Gastar?

As to defendant ClassicStar, LLC -

        _____        _____
        YES   or   NO

As to defendant ClassicStar 2004, LLC -

        _____        _____
        YES   or   NO

As to defendant ClassicStar Farms, LLC -

        _____        _____
        YES   or   NO

As to defendant ClassicStar Farms, Inc. -

        _____        _____
        YES   or   NO

As to defendant GeoStar Corp.-

        _____        _____
        YES   or   NO

As to defendant Tony Ferguson -

        _____        _____
        YES   or   NO

As to defendant John Parrott -

        _____        _____
        YES   or   NO

As to defendant Thom Robinson -

        _____        _____
        YES   or   NO

As to defendant David Plummer -

        _____        _____
        YES   or   NO

89

As to defendant Spencer Plummer -

_____     _____
YES    or    NO

If you answered "YES" to the previous question as to any defendant, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her business or property by the defendant's use or investment of income derived from a pattern of racketeering activity to operate Gastar?

As to Plaintiff West Hills Farms, LLC -     $_____

As to Plaintiff Arbor Farms, LLC -     $_____

As to Plaintiff Nelson Breeders, LLC -     $_____

As to Plaintiff McDonald Stables, LLC -     $_____

As to Plaintiffs Jaswinder and Monica Grover -     $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(a)**

**The "ClassicStar Enterprise":**

The Plaintiffs have alleged the existence of RICO Enterprise as that term was defined for you in Instruction No. ___, consisting of a formal or informal group of people, but not a legal entity, that has been generally referred to during trial as the "ClassicStar Enterprise". If you find that the "ClassicStar Enterprise" is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants received any income derived, directly or indirectly, from a pattern of racketeering activity in which that defendant participated as a principal, and that the defendant used or invested, directly or indirectly, any part of that income, to acquire an interest in, establish, or operate the "ClassicStar Enterprise"?

As to defendant ClassicStar, LLC -

       _____    YES    or    _____    NO

As to defendant ClassicStar 2004, LLC -

       _____    YES    or    _____    NO

As to defendant ClassicStar Farms, LLC -

       _____    YES    or    _____    NO

As to defendant ClassicStar Farms, Inc. -

       _____    YES    or    _____    NO

As to defendant GeoStar Corp.-

       _____    YES    or    _____    NO

As to defendant Tony Ferguson -

       _____    YES    or    _____    NO

As to defendant John Parrott -

       _____    YES    or    _____    NO

As to defendant Thom Robinson -       _____          _____
                                       YES        or      NO

As to defendant David Plummer -       _____          _____
                                       YES        or      NO

As to defendant Spencer Plummer -     _____          _____
                                       YES        or      NO


If you answered "YES" to the previous question as to any defendant, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her/its business or property by the defendant's use or investment of income derived from a pattern of racketeering activity to operate the "ClassicStar Enterprise"?


As to Plaintiff West Hills Farms, LLC -            $_____

As to Plaintiff Arbor Farms, LLC -                $_____

As to Plaintiff Nelson Breeders, LLC -            $_____

As to Plaintiff McDonald Stables, LLC -           $_____

As to Plaintiffs Jaswinder and Monica Grover -    $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(c)**

**ClassicStar, LLC Enterprise**

The Plaintiffs have alleged that ClassicStar, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___.  If you find that that ClassicStar, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants were employed by or associated with ClassicStar, LLC?

As to defendant ClassicStar 2004, LLC -
        _____   YES   or   _____   NO

As to defendant ClassicStar Farms, LLC -
        _____   YES   or   _____   NO

As to defendant ClassicStar Farms, Inc. -
        _____   YES   or   _____   NO

As to defendant GeoStar Corp.-
        _____   YES   or   _____   NO

As to defendant Tony Ferguson -
        _____   YES   or   _____   NO

As to defendant John Parrott -
        _____   YES   or   _____   NO

As to defendant Thom Robinson -
        _____   YES   or   _____   NO

As to defendant David Plummer -
        _____   YES   or   _____   NO

As to defendant Spencer Plummer -
        _____   YES   or   _____   NO

For each defendant for which you answered "YES" to the previous question, do you find from a preponderance of the evidence that the defendant conducted or participated, directly or indirectly, in the conduct of ClassicStar, LLC through a pattern of racketeering activity?

As to defendant ClassicStar 2004, LLC -      _____      or      _____
                                              YES                   NO

As to defendant ClassicStar Farms, LLC -      _____      or      _____
                                              YES                   NO

As to defendant ClassicStar Farms, Inc. -     _____      or      _____
                                              YES                   NO

As to defendant GeoStar Corp.-                _____      or      _____
                                              YES                   NO

As to defendant Tony Ferguson -               _____      or      _____
                                              YES                   NO

As to defendant John Parrott -                _____      or      _____
                                              YES                   NO

As to defendant Thom Robinson -               _____      or      _____
                                              YES                   NO

As to defendant David Plummer -               _____      or      _____
                                              YES                   NO

As to defendant Spencer Plummer -             _____      or      _____
                                              YES                   NO

If you answered "YES" to both of the previous two questions for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her/its business or property by the conduct of ClassicStar, LLC?

As to Plaintiff West Hills Farms, LLC -          $_____

As to Plaintiff Arbor Farms, LLC -              $_____

As to Plaintiff Nelson Breeders, LLC -          $_____

As to Plaintiff McDonald Stables, LLC -         $_____

As to Plaintiffs Jaswinder and Monica Grover -  $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(c)**

**ClassicStar 2004, LLC Enterprise**

The Plaintiffs have alleged that ClassicStar 2004, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___.  If you find that that ClassicStar 2004, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants were employed by or associated with ClassicStar 2004, LLC?

As to defendant ClassicStar, LLC -

        _____  YES  or  _____  NO

As to defendant ClassicStar Farms, LLC -

        _____  YES  or  _____  NO

As to defendant ClassicStar Farms, Inc. -

        _____  YES  or  _____  NO

As to defendant GeoStar Corp.-

        _____  YES  or  _____  NO

As to defendant Tony Ferguson -

        _____  YES  or  _____  NO

As to defendant John Parrott -

        _____  YES  or  _____  NO

As to defendant Thom Robinson -

        _____  YES  or  _____  NO

As to defendant David Plummer -

        _____  YES  or  _____  NO

As to defendant Spencer Plummer -

        _____  YES  or  _____  NO

As for each defendant for which you answered "Yes" to the previous question, do you find from a preponderance of the evidence that the defendant conducted or participated, directly or indirectly, in the conduct of ClassicStar 2004, LLC through a pattern of racketeering activity?

As to defendant ClassicStar, LLC -          _____          or          _____
                                               YES                          NO

As to defendant ClassicStar Farms, LLC -     _____          or          _____
                                               YES                          NO

As to defendant ClassicStar Farms, Inc. -    _____          or          _____
                                               YES                          NO

As to defendant GeoStar Corp.-               _____          or          _____
                                               YES                          NO

As to defendant Tony Ferguson -              _____          or          _____
                                               YES                          NO

As to defendant John Parrott -               _____          or          _____
                                               YES                          NO

As to defendant Thom Robinson -              _____          or          _____
                                               YES                          NO

As to defendant David Plummer -              _____          or          _____
                                               YES                          NO

As to defendant Spencer Plummer -            _____          or          _____
                                               YES                          NO

If you answered "YES" to both of the previous two questions for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her/its business or property by the conduct of ClassicStar 2004, LLC?

As to Plaintiff West Hills Farms, LLC -              $_____

As to Plaintiff Arbor Farms, LLC -                  $_____

As to Plaintiff Nelson Breeders, LLC -              $_____

As to Plaintiff McDonald Stables, LLC -             $_____

As to Plaintiffs Jaswinder and Monica Grover -      $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(c)**

**ClassicStar Farms, LLC Enterprise**

The Plaintiffs have alleged that ClassicStar Farms, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___.  If you find that that ClassicStar Farms, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants were employed by or associated with ClassicStar Farms, LLC?

As to defendant ClassicStar, LLC -       _____       or       _____
                                          YES                    NO

As to defendant ClassicStar 2004, LLC -   _____       or       _____
                                          YES                    NO

As to defendant ClassicStar Farms, Inc. - _____       or       _____
                                          YES                    NO

As to defendant GeoStar Corp.-            _____       or       _____
                                          YES                    NO

As to defendant Tony Ferguson -           _____       or       _____
                                          YES                    NO

As to defendant John Parrott -            _____       or       _____
                                          YES                    NO

As to defendant Thom Robinson -           _____       or       _____
                                          YES                    NO

As to defendant David Plummer -           _____       or       _____
                                          YES                    NO

As to defendant Spencer Plummer -         _____       or       _____
                                          YES                    NO

As for each defendant for which you answered "Yes" to the previous question, do you find from a preponderance of the evidence that the defendant conducted or participated, directly or indirectly, in the conduct of ClassicStar Farms, LLC through a pattern of racketeering activity?

As to defendant ClassicStar 2004, LLC -

           _____   or   _____
            YES         NO

As to defendant ClassicStar, LLC -

           _____   or   _____
            YES         NO

As to defendant ClassicStar Farms, Inc. -

           _____   or   _____
            YES         NO

As to defendant GeoStar Corp.-

           _____   or   _____
            YES         NO

As to defendant Tony Ferguson -

           _____   or   _____
            YES         NO

As to defendant John Parrott -

           _____   or   _____
            YES         NO

As to defendant Thom Robinson -

           _____   or   _____
            YES         NO

As to defendant David Plummer -

           _____   or   _____
            YES         NO

As to defendant Spencer Plummer -

           _____   or   _____
            YES         NO

If you answered "YES" to both of the previous two questions for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her/its business or property by the conduct of ClassicStar Farms, LLC?

As to Plaintiff West Hills Farms, LLC -                    $_____

As to Plaintiff Arbor Farms, LLC -                        $_____

As to Plaintiff Nelson Breeders, LLC -                    $_____

As to Plaintiff McDonald Stables, LLC -                   $_____

As to Plaintiffs Jaswinder and Monica Grover -            $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(c)**

**GeoStar Enterprise**

The Plaintiffs have alleged that GeoStar is a RICO Enterprise as that term was defined for you in Instruction No. ___.  If you find that that GeoStar is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants were employed by or associated with GeoStar?

As to defendant ClassicStar, LLC -                _____        or        _____
                                                   YES                       NO

As to defendant ClassicStar 2004, LLC -           _____        or        _____
                                                   YES                       NO

As to defendant ClassicStar Farms, LLC -          _____        or        _____
                                                   YES                       NO

As to defendant Tony Ferguson -                   _____        or        _____
                                                   YES                       NO

As to defendant John Parrott -                    _____        or        _____
                                                   YES                       NO

As to defendant Thom Robinson -                   _____        or        _____
                                                   YES                       NO

As to defendant David Plummer -                   _____        or        _____
                                                   YES                       NO

As to defendant Spencer Plummer -                 _____        or        _____
                                                   YES                       NO

As for each defendant for which you answered "Yes" to the previous question, do you find from a preponderance of the evidence that the defendant conducted or participated, directly or indirectly, in the conduct of GeoStar through a pattern of racketeering activity?

As to defendant ClassicStar 2004, LLC -          _____              _____
                                                   YES        or        NO

As to defendant ClassicStar Farms, LLC -          _____              _____
                                                   YES        or        NO

As to defendant ClassicStar, LLC -                _____              _____
                                                   YES        or        NO

As to defendant Tony Ferguson -                   _____              _____
                                                   YES        or        NO

As to defendant John Parrott -                    _____              _____
                                                   YES        or        NO

As to defendant Thom Robinson -                   _____              _____
                                                   YES        or        NO

As to defendant David Plummer -                   _____              _____
                                                   YES        or        NO

As to defendant Spencer Plummer -                 _____              _____
                                                   YES        or        NO

If you answered "YES" to both of the previous two questions for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her/its business or property by the conduct of GeoStar?

As to Plaintiff West Hills Farms, LLC -          $_____

As to Plaintiff Arbor Farms, LLC -               $_____

As to Plaintiff Nelson Breeders, LLC -           $_____

As to Plaintiff McDonald Stables, LLC -          $_____

As to Plaintiffs Jaswinder and Monica Grover -   $_____

103

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(c)**

**GasStar Enterprise**

The Plaintiffs have alleged that GasStar is a RICO Enterprise as that term was defined for you in Instruction No. ___.  If you find that that Buffalo Ranch is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants were employed by or associated with GasStar?

As to defendant ClassicStar, LLC -

      _____    or    _____
        YES           NO

As to defendant ClassicStar 2004, LLC -

      _____    or    _____
        YES           NO

As to defendant ClassicStar Farms, LLC -

      _____    or    _____
        YES           NO

As to defendant ClassicStar Farms, Inc. -

      _____    or    _____
        YES           NO

As to defendant GeoStar Corp. -

      _____    or    _____
        YES           NO

As to defendant Tony Ferguson -

      _____    or    _____
        YES           NO

As to defendant John Parrott -

      _____    or    _____
        YES           NO

As to defendant Thom Robinson -

      _____    or    _____
        YES           NO

As to defendant David Plummer -

      _____    or    _____
        YES           NO

As to defendant Spencer Plummer -

      _____    or    _____
        YES           NO

As for each defendant for which you answered "Yes" to the previous question, do you find from a preponderance of the evidence that the defendant conducted or participated, directly or indirectly, in the conduct of GasStar through a pattern of racketeering activity?

As to defendant ClassicStar 2004, LLC -      _____      or      _____
                                              YES                  NO

As to defendant ClassicStar Farms, LLC -     _____      or      _____
                                              YES                  NO

As to defendant ClassicStar, LLC -           _____      or      _____
                                              YES                  NO

As to defendant ClassicStar Farms, Inc. -    _____      or      _____
                                              YES                  NO

As to defendant GeoStar Corp. -              _____      or      _____
                                              YES                  NO

As to defendant Tony Ferguson -              _____      or      _____
                                              YES                  NO

As to defendant John Parrott -               _____      or      _____
                                              YES                  NO

As to defendant Thom Robinson -              _____      or      _____
                                              YES                  NO

As to defendant David Plummer -              _____      or      _____
                                              YES                  NO

As to defendant Spencer Plummer -            _____      or      _____
                                              YES                  NO

If you answered "YES" to both of the previous two questions for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her/its business or property by the conduct of GasStar?

As to Plaintiff West Hills Farms, LLC -          $_____

As to Plaintiff Arbor Farms, LLC -              $_____

As to Plaintiff Nelson Breeders, LLC -          $_____

As to Plaintiff McDonald Stables, LLC -         $_____

As to Plaintiffs Jaswinder and Monica Grover -  $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(c)**

**The "ClassicStar Enterprise"**

The Plaintiffs have alleged the existence of RICO Enterprise as that term was defined for you in Instruction No. ___, consisting of a formal or informal group of people, but not a legal entity, that has been generally referred to during trial as the "ClassicStar Enterprise".  If you find that that the "ClassicStar Enterprise" is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the following defendants were employed by or associated with the "ClassicStar Enterprise"?

As to defendant ClassicStar, LLC -

       _____   YES   or   _____   NO

As to defendant ClassicStar 2004, LLC -

       _____   YES   or   _____   NO

As to defendant ClassicStar Farms, LLC -

       _____   YES   or   _____   NO

As to defendant ClassicStar Farms, Inc. -

       _____   YES   or   _____   NO

As to defendant GeoStar Corp.-

       _____   YES   or   _____   NO

As to defendant Tony Ferguson -

       _____   YES   or   _____   NO

As to defendant John Parrott -

       _____   YES   or   _____   NO

As to defendant Thom Robinson -

       _____   YES   or   _____   NO

As to defendant David Plummer -

       _____   YES   or   _____   NO

As to defendant Spencer Plummer -

       _____   YES   or   _____   NO

As for each defendant for which you answered "Yes" to the previous question, do you find from a preponderance of the evidence that the defendant conducted or participated, directly or indirectly, in the conduct of the "ClassicStar Enterprise" through a pattern of racketeering activity?

      As to defendant ClassicStar, LLC -      _____      _____
                                                              YES    or    NO

      As to defendant ClassicStar 2004, LLC -      _____      _____
                                                              YES    or    NO

      As to defendant ClassicStar Farms, LLC -      _____      _____
                                                              YES    or    NO

      As to defendant ClassicStar Farms, Inc. -      _____      _____
                                                              YES    or    NO

      As to defendant GeoStar Corp.-      _____      _____
                                                              YES    or    NO

      As to defendant Tony Ferguson -      _____      _____
                                                              YES    or    NO

      As to defendant John Parrott -      _____      _____
                                                              YES    or    NO

      As to defendant Thom Robinson -      _____      _____
                                                              YES    or    NO

      As to defendant David Plummer -      _____      _____
                                                              YES    or    NO

      As to defendant Spencer Plummer -      _____      _____
                                                              YES    or    NO

If you answered "YES" to both of the previous two questions for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably

compensate the following plaintiffs for actual damages, if any, that were proximately caused to his/her/its business or property by the conduct of the "ClassicStar Enterprise"?

As to Plaintiff West Hills Farms, LLC -                $_____

As to Plaintiff Arbor Farms, LLC -                    $_____

As to Plaintiff Nelson Breeders, LLC -                $_____

As to Plaintiff McDonald Stables, LLC -               $_____

As to Plaintiffs Jaswinder and Monica Grover -        $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(a) - ClassicStar, LLC Enterprise**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(a).  If you find that ClassicStar, LLC is a RICO Enterprise, as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___, with any other person to use or invest income received or derived from a pattern of racketeering activity, in which at least one of the conspirators participated as a principal, in the establishment or operation of ClassicStar, LLC?

As to defendant ClassicStar, LLC -　　　_____　　　_____
　　　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant ClassicStar 2004, LLC -　　_____　　_____
　　　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant ClassicStar Farms, LLC -　　_____　　_____
　　　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant GeoStar Corp.-　　　_____　　_____
　　　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant Tony Ferguson -　　_____　　_____
　　　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant John Parrott -　　_____　　_____
　　　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant Thom Robinson -　　_____　　_____
　　　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant David Plummer -　　_____　　_____
　　　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant Spencer Plummer -　　_____　　_____
　　　　　　　　　　　　　　　　　　　　YES　　or　　NO

If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -               $_____

As to Plaintiff Arbor Farms, LLC -                    $_____

As to Plaintiff Nelson Breeders, LLC -                $_____

As to Plaintiff McDonald Stables, LLC -               $_____

As to Plaintiffs Jaswinder and Monica Grover -        $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(a) – ClassicStar 2004, LLC Enterprise**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(a). If you find that ClassicStar 2004, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___, with any other person to use or invest income received or derived from a pattern of racketeering activity, in which at least one of the conspirators participated as a principal, in the establishment or operation of ClassicStar 2004, LLC?

As to defendant ClassicStar, LLC -

        _____        _____
        YES    or    NO

As to defendant ClassicStar 2004, LLC -

        _____        _____
        YES    or    NO

As to defendant ClassicStar Farms, LLC -

        _____        _____
        YES    or    NO

As to defendant GeoStar Corp.-

        _____        _____
        YES    or    NO

As to defendant Tony Ferguson -

        _____        _____
        YES    or    NO

As to defendant John Parrott-

        _____        _____
        YES    or    NO

As to defendant Thom Robinson -

        _____        _____
        YES    or    NO

As to defendant David Plummer -

        _____        _____
        YES    or    NO

As to defendant Spencer Plummer -

        _____        _____
        YES    or    NO

If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -              $_____

As to Plaintiff Arbor Farms, LLC -                    $_____

As to Plaintiff Nelson Breeders, LLC -             $_____

As to Plaintiff McDonald Stables, LLC -           $_____

As to Plaintiffs Jaswinder and Monica Grover -   $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(a) – ClassicStar Farms, LLC Enterprise**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(a).  If you find that ClassicStar Farms, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___, with any other person to use or invest income received or derived from a pattern of racketeering activity, in which at least one of the conspirators participated as a principal, in the establishment or operation of ClassicStar Farms, LLC?

As to defendant ClassicStar, LLC -

        _____   YES   or   _____   NO

As to defendant ClassicStar 2004, LLC -

        _____   YES   or   _____   NO

As to defendant ClassicStar Farms, LLC -

        _____   YES   or   _____   NO

As to defendant GeoStar Corp.-

        _____   YES   or   _____   NO

As to defendant Tony Ferguson -

        _____   YES   or   _____   NO

As to defendant John Parrott -

        _____   YES   or   _____   NO

As to defendant Thom Robinson -

        _____   YES   or   _____   NO

As to defendant David Plummer -

        _____   YES   or   _____   NO

As to defendant Spencer Plummer -

        _____   YES   or   _____   NO

If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -                $_____

As to Plaintiff Arbor Farms, LLC -                    $_____

As to Plaintiff Nelson Breeders, LLC -                $_____

As to Plaintiff McDonald Stables, LLC -               $_____

As to Plaintiffs Jaswinder and Monica Grover -        $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(a) – GeoStar Enterprise**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(a).  If you find that GeoStar is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___, with any other person to use or invest income received or derived from a pattern of racketeering activity, in which at least one of the conspirators participated as a principal, in the establishment or operation of GeoStar?

As to defendant ClassicStar, LLC -
       _____ YES   or   _____ NO

As to defendant ClassicStar 2004, LLC -
       _____ YES   or   _____ NO

As to defendant ClassicStar Farms, LLC -
       _____ YES   or   _____ NO

As to defendant GeoStar Corp.-
       _____ YES   or   _____ NO

As to defendant Tony Ferguson -
       _____ YES   or   _____ NO

As to defendant John Parrott -
       _____ YES   or   _____ NO

As to defendant Thom Robinson -
       _____ YES   or   _____ NO

As to defendant David Plummer -
       _____ YES   or   _____ NO

As to defendant Spencer Plummer -
       _____ YES   or   _____ NO

116

If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -          $_____

As to Plaintiff Arbor Farms, LLC -              $_____

As to Plaintiff Nelson Breeders, LLC -          $_____

As to Plaintiff McDonald Stables, LLC -         $_____

As to Plaintiffs Jaswinder and Monica Grover -  $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(a) – GasStar**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(a).  If you find GasStar is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___, with any other person to use or invest income received or derived from a pattern of racketeering activity, in which at least one of the conspirators participated as a principal, in the establishment or operation of GasStar?

As to defendant ClassicStar, LLC -

      _____  YES  or  _____  NO

As to defendant ClassicStar 2004, LLC -

      _____  YES  or  _____  NO

As to defendant ClassicStar Farms, LLC -

      _____  YES  or  _____  NO

As to defendant ClassicStar Farms, Inc. -

      _____  YES  or  _____  NO

As to defendant GeoStar Corp.-

      _____  YES  or  _____  NO

As to defendant Tony Ferguson -

      _____  YES  or  _____  NO

As to defendant John Parrott -

      _____  YES  or  _____  NO

As to defendant Thom Robinson -

      _____  YES  or  _____  NO

As to defendant David Plummer -

      _____  YES  or  _____  NO

As to defendant Spencer Plummer -

_____          _____
YES          or          NO

If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -          $_____

As to Plaintiff Arbor Farms, LLC -          $_____

As to Plaintiff Nelson Breeders, LLC -          $_____

As to Plaintiff McDonald Stables, LLC -          $_____

As to Plaintiffs Jaswinder and Monica Grover -          $_____

119

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(a) – the "ClassicStar Enterprise"**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(a).  If you find that a formal or informal group of people, but not a legal entity, and generally referred to during trial as the "ClassicStar Enterprise" is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___, with any other person to use or invest income received or derived from a pattern of racketeering activity, in which at least one of the conspirators participated as a principal, in the establishment or operation of the "ClassicStar Enterprise"?

As to defendant ClassicStar, LLC -          _____          _____
                                             YES       or       NO

As to defendant ClassicStar 2004, LLC -      _____          _____
                                             YES       or       NO

As to defendant ClassicStar Farms, LLC -     _____          _____
                                             YES       or       NO

As to defendant ClassicStar Farms, Inc. -    _____          _____
                                             YES       or       NO

As to defendant GeoStar Corp.-               _____          _____
                                             YES       or       NO

As to defendant Tony Ferguson -              _____          _____
                                             YES       or       NO

As to defendant John Parrott-                _____          _____
                                             YES       or       NO

As to defendant Thom Robinson -              _____          _____
                                             YES       or       NO

As to defendant David Plummer -

        _____            _____
        YES    or    NO

As to defendant Spencer Plummer -

        _____            _____
        YES    or    NO

If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -      $_____

As to Plaintiff Arbor Farms, LLC -      $_____

As to Plaintiff Nelson Breeders, LLC -      $_____

As to Plaintiff McDonald Stables, LLC -      $_____

As to Plaintiffs Jaswinder and Monica Grover -      $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(c) - ClassicStar, LLC Enterprise**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(c).  If you find that ClassicStar, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___,  with any other person to conduct or participate, directly or indirectly, in the conduct of the affairs of ClassicStar, LLC through a pattern of racketeering activity, while employed by or associated with such enterprise?

As to defendant ClassicStar 2004, LLC -        _____        _____
                                               YES      or      NO

As to defendant ClassicStar Farms, LLC -       _____        _____
                                               YES      or      NO

As to defendant ClassicStar Farms, Inc. -      _____        _____
                                               YES      or      NO

As to defendant GeoStar Corp.-                 _____        _____
                                               YES      or      NO

As to defendant Tony Ferguson -                _____        _____
                                               YES      or      NO

As to defendant John Parrott -                 _____        _____
                                               YES      or      NO

As to defendant Thom Robinson -                _____        _____
                                               YES      or      NO

As to defendant David Plummer -                _____        _____
                                               YES      or      NO

As to defendant Spencer Plummer -              _____        _____
                                               YES      or      NO

 If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -                 $_____

As to Plaintiff Arbor Farms, LLC -                      $_____

As to Plaintiff Nelson Breeders, LLC -                  $_____

As to Plaintiff McDonald Stables, LLC -                 $_____

As to Plaintiffs Jaswinder and Monica Grover -          $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(c) – ClassicStar 2004, LLC Enterprise**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(c).  If you find that ClassicStar 2004, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___,  with any other person to conduct or participate, directly or indirectly, in the conduct of the affairs of ClassicStar 2004, LLC through a pattern of racketeering activity, while employed by or associated with such enterprise?

As to defendant ClassicStar, LLC -　　　_____　　　_____
　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant ClassicStar Farms, LLC -　　　_____　　　_____
　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant ClassicStar Farms, Inc. -　　　_____　　　_____
　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant GeoStar Corp.-　　　_____　　　_____
　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant Tony Ferguson -　　　_____　　　_____
　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant John Parrott -　　　_____　　　_____
　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant Thom Robinson -　　　_____　　　_____
　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant David Plummer -　　　_____　　　_____
　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant Spencer Plummer -　　　_____　　　_____
　　　　　　　　　　　　　　　　　　YES　　or　　NO

124

If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -                $_____

As to Plaintiff Arbor Farms, LLC -                      $_____

As to Plaintiff Nelson Breeders, LLC -               $_____

As to Plaintiff McDonald Stables, LLC -            $_____

As to Plaintiffs Jaswinder and Monica Grover -   $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(c) – ClassicStar Farms, LLC Enterprise**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(c).  If you find that ClassicStar Farms, LLC is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___,  with any other person to conduct or participate, directly or indirectly, in the conduct of the affairs of ClassicStar Farms, LLC through a pattern of racketeering activity, while employed by or associated with such enterprise?

As to defendant ClassicStar, LLC -
      _____ YES   or   _____ NO

As to defendant ClassicStar 2004, LLC -
      _____ YES   or   _____ NO

As to defendant ClassicStar Farms, Inc. -
      _____ YES   or   _____ NO

As to defendant GeoStar Corp.-
      _____ YES   or   _____ NO

As to defendant Tony Ferguson -
      _____ YES   or   _____ NO

As to defendant John Parrott -
      _____ YES   or   _____ NO

As to defendant Thom Robinson -
      _____ YES   or   _____ NO

As to defendant David Plummer -
      _____ YES   or   _____ NO

As to defendant Spencer Plummer -
      _____ YES   or   _____ NO

If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -            $_____

As to Plaintiff Arbor Farms, LLC -                 $_____

As to Plaintiff Nelson Breeders, LLC -             $_____

As to Plaintiff McDonald Stables, LLC -            $_____

As to Plaintiffs Jaswinder and Monica Grover -     $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(c) – GeoStar Enterprise**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(c).  If you find that GeoStar Corp. is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___, with any other person to conduct or participate, directly or indirectly, in the conduct of the affairs of GeoStar through a pattern of racketeering activity, while employed by or associated with such enterprise?

As to defendant ClassicStar, LLC -

                                                 YES    or    NO

As to defendant ClassicStar 2004, LLC -

    YES    or    NO

As to defendant ClassicStar Farms, LLC -

    YES    or    NO

As to defendant Tony Ferguson -

    YES    or    NO

As to defendant John Parrott -

    YES    or    NO

As to defendant Thom Robinson -

    YES    or    NO

As to defendant David Plummer -

    YES    or    NO

As to defendant Spencer Plummer -

    YES    or    NO

If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -          $_____

As to Plaintiff Arbor Farms, LLC -              $_____

As to Plaintiff Nelson Breeders, LLC -          $_____

As to Plaintiff McDonald Stables, LLC -         $_____

As to Plaintiffs Jaswinder and Monica Grover -  $_____

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(c) – GasStar**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(c).  If you find that GasStar is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___, with any other person to conduct or participate, directly or indirectly, in the conduct of the affairs of GasStar through a pattern of racketeering activity, while employed by or associated with such enterprise?

As to defendant ClassicStar, LLC -  _____ YES or _____ NO

As to defendant ClassicStar 2004, LLC -  _____ YES or _____ NO

As to defendant ClassicStar Farms, LLC -  _____ YES or _____ NO

As to defendant ClassicStar Farms, Inc. -  _____ YES or _____ NO

As to defendant GeoStar Corp.-  _____ YES or _____ NO

As to defendant Tony Ferguson -  _____ YES or _____ NO

As to defendant John Parrott -  _____ YES or _____ NO

As to defendant Thom Robinson -  _____ YES or _____ NO

As to defendant David Plummer -  _____ YES or _____ NO

As to defendant Spencer Plummer -    _____        _____
                                      YES       or       NO

If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -        $_____

As to Plaintiff Arbor Farms, LLC -             $_____

As to Plaintiff Nelson Breeders, LLC -         $_____

As to Plaintiff McDonald Stables, LLC -        $_____

As to Plaintiffs Jaswinder and Monica Grover -  $_____

131

**Plaintiffs' RICO Claim – Violation of 18 U.S.C. § 1962(d)**

**Conspiracy to Violate 18 U.S.C. § 1962(c) – the "ClassicStar Enterprise"**

The Plaintiffs have alleged that the defendants entered into a conspiracy to violate 18 U.S.C. § 1962(c).  If you find that a formal or informal group of people generally referred to during trial as the "ClassicStar Enterprise" is a RICO Enterprise as that term was defined for you in Instruction No. ___, do you find from a preponderance of the evidence that any of the defendants listed below entered into a conspiracy, as that term was defined for you in Instruction No. ___, with any other person to conduct or participate, directly or indirectly, in the conduct of the affairs of the "ClassicStar Enterprise" through a pattern of racketeering activity, while employed by or associated with such enterprise?

As to defendant ClassicStar, LLC -       _____       or       _____
                                          YES                   NO

As to defendant ClassicStar 2004, LLC -   _____       or       _____
                                          YES                   NO

As to defendant ClassicStar Farms, LLC -  _____       or       _____
                                          YES                   NO

As to defendant ClassicStar Farms, Inc. - _____       or       _____
                                          YES                   NO

As to defendant GeoStar Corp.-            _____       or       _____
                                          YES                   NO

As to defendant Tony Ferguson -           _____       or       _____
                                          YES                   NO

As to defendant John Parrott -            _____       or       _____
                                          YES                   NO

As to defendant Thom Robinson -           _____       or       _____
                                          YES                   NO

As to defendant David Plummer -

        _____             _____

        YES      or      NO

As to defendant Spencer Plummer -

        _____             _____

        YES      or      NO

If you answered "YES" to the previous question for any one of the defendants, what sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the following plaintiffs for the actual damages, if any, that were proximately caused to his/her/its business or property as a result of the RICO violation?

As to Plaintiff West Hills Farms, LLC -        $_____

As to Plaintiff Arbor Farms, LLC -        $_____

As to Plaintiff Nelson Breeders, LLC -        $_____

As to Plaintiff McDonald Stables, LLC -        $_____

As to Plaintiffs Jaswinder and Monica Grover -        $_____

**Fraud Claims – Plaintiff West Hills Farms, LLC**

**Fraudulent Representation**

The Plaintiffs allege that each of the defendants committed fraud as defined for you in Instruction No. ___ by making a fraudulent representation to the Plaintiffs, authorizing another to make a fraudulent representation on its behalf, assisting or conspiring with another to commit a fraud, or knowingly accepting the fruits of another's fraudulent conduct.  Do you find that plaintiff West Hills Farms, LLC has proven its claim of fraud by clear and convincing evidence against any of the following defendants?

As to defendant ClassicStar, LLC -
      _____   or   _____
      YES    or    NO

As to defendant ClassicStar 2004, LLC -
      _____   or   _____
      YES    or    NO

As to defendant ClassicStar Farms, LLC -
      _____   or   _____
      YES    or    NO

As to defendant ClassicStar Farms, Inc. -
      _____   or   _____
      YES    or    NO

As to defendant GeoStar Corp.-
      _____   or   _____
      YES    or    NO

As to defendant Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch -
      _____   or   _____
      YES    or    NO

As to defendant First Equine Energy, Inc.-
      _____   or   _____
      YES    or    NO

As to defendant GeoStar Equine Energy, Inc.-
      _____   or   _____
      YES    or    NO

As to defendant Tony Ferguson -
      _____   or   _____
      YES    or    NO

As to defendant John Parrott -

_____          _____
YES          or          NO

As to defendant Thom Robinson -

_____          _____
YES          or          NO

As to defendant David Plummer -

_____          _____
YES          or          NO

As to defendant Spencer Plummer -

_____          _____
YES          or          NO

**Fraudulent Omission**

The Plaintiffs also allege that the defendants committed fraud by omission or concealment as defined for you in Instruction No. \_\_\_ in that the defendants had a duty to disclose a material fact to the Plaintiffs and failed to do so or otherwise assisted or conspired with another to conceal a material fact from the Plaintiffs.  Do you find that plaintiff West Hills Farms, LLC has proven its fraud by omission claim by clear and convincing evidence against any of the following defendants?

As to defendant ClassicStar, LLC -

_____          _____
YES          or          NO

As to defendant ClassicStar 2004, LLC -

_____          _____
YES          or          NO

As to defendant ClassicStar Farms, LLC -

_____          _____
YES          or          NO

As to defendant ClassicStar Farms, Inc. -

_____          _____
YES          or          NO

As to defendant GeoStar Corp.-

_____          _____
YES          or          NO

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -

_____          _____
YES          or          NO

As to defendant First Equine Energy, Inc.-

       _____          _____

        YES     or     NO

As to defendant GeoStar Equine Energy, Inc.-

       _____          _____

        YES     or     NO

As to defendant Tony Ferguson -

       _____          _____

        YES     or     NO

As to defendant John Parrott-

       _____          _____

        YES     or     NO

As to defendant Thom Robinson -

       _____          _____

        YES     or     NO

As to defendant David Plummer -

       _____          _____

        YES     or     NO

As to defendant Spencer Plummer -

       _____          _____

        YES     or     NO

**Compensatory Damages**

If you answered "YES" to either one of the two questions above concerning fraudulent representation or fraudulent omission as to any defendant, you should now identify what sum of money, if any, you find by a preponderance of the evidence would reasonably compensate plaintiff West Hills Farms, LLC for the fraud of that defendant:

As to defendant ClassicStar, LLC -       $_____

As to defendant ClassicStar 2004, LLC -       $_____

As to defendant ClassicStar Farms, LLC -       $_____

As to defendant ClassicStar Farms, Inc. -       $_____

As to defendant GeoStar Corp.-                                   $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -                            $_____

As to defendant First Equine Energy, Inc.-                      $_____

As to defendant GeoStar Equine Energy, Inc.-                    $_____

As to defendant Tony Ferguson -                                 $_____

As to defendant John Parrott -                                  $_____

As to defendant Thom Robinson -                                 $_____

As to defendant David Plummer -                                 $_____

As to defendant Spencer Plummer -                               $_____

**Punitive Damages**

If you answered "YES" to either one of the two questions above concerning fraudulent representation or fraudulent omission as to any defendant, you may award punitive damages against that defendant in accordance with the standards and considerations set out for you in Instruction No. ___.  Identify here the sum of money, if any, you wish to assess as punitive damages for the fraud the defendant committed against the plaintiff West Hills Farms, LLC:

As to defendant ClassicStar, LLC -                              $_____

As to defendant ClassicStar 2004, LLC -          $_____

As to defendant ClassicStar Farms, LLC -         $_____

As to defendant ClassicStar Farms, Inc. -        $_____

As to defendant GeoStar Corp.-                   $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -            $_____

As to defendant First Equine Energy, Inc.-       $_____

As to defendant GeoStar Equine Energy, Inc.-     $_____

As to defendant Tony Ferguson -                  $_____

As to defendant John Parrott -                   $_____

As to defendant Thom Robinson -                  $_____

As to defendant David Plummer -                  $_____

As to defendant Spencer Plummer -                $_____

**Fraud Claims – Plaintiff Arbor Farms, LLC**

**Fraudulent Representation**

The Plaintiffs allege that each of the defendants committed fraud as defined for you in Instruction No. ___ by making a fraudulent representation to the Plaintiffs, authorizing another to make a fraudulent representation on its behalf, assisting or conspiring with another to commit a fraud, or knowingly accepting the fruits of another's fraudulent conduct.  Do you find that plaintiff Arbor Farms, LLC has proven its claim of fraud by clear and convincing evidence against any of the following defendants?

As to defendant ClassicStar, LLC -
                     _____   or   _____
                       YES        NO

As to defendant ClassicStar 2004, LLC -
               _____   or   _____
                YES        NO

As to defendant ClassicStar Farms, LLC -
             _____   or   _____
              YES        NO

As to defendant ClassicStar Farms, Inc. -
             _____   or   _____
              YES        NO

As to defendant GeoStar Corp.-
             _____   or   _____
              YES        NO

As to defendant Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch -
             _____   or   _____
              YES        NO

As to defendant First Equine Energy, Inc.-
             _____   or   _____
              YES        NO

As to defendant GeoStar Equine Energy, Inc.-
             _____   or   _____
              YES        NO

As to defendant Tony Ferguson -
             _____   or   _____
              YES        NO

As to defendant John Parrott -                 _____        _____
                                               YES      or     NO

As to defendant Thom Robinson -                _____        _____
                                               YES      or     NO

As to defendant David Plummer -                _____        _____
                                               YES      or     NO

As to defendant Spencer Plummer -              _____        _____
                                               YES      or     NO

**Fraudulent Omission**

The Plaintiffs also allege that the defendants committed fraud by omission or concealment as defined for you in Instruction No. ____ in that the defendants had a duty to disclose a material fact to the Plaintiffs and failed to do so or otherwise assisted or conspired with another to conceal a material fact from the Plaintiffs.  Do you find that plaintiff Arbor Farms, LLC has proven its fraud by omission claim by clear and convincing evidence against any of the following defendants?

As to defendant ClassicStar, LLC -             _____        _____
                                               YES      or     NO

As to defendant ClassicStar 2004, LLC -        _____        _____
                                               YES      or     NO

As to defendant ClassicStar Farms, LLC -       _____        _____
                                               YES      or     NO

As to defendant ClassicStar Farms, Inc. -      _____        _____
                                               YES      or     NO

As to defendant GeoStar Corp.-                 _____        _____
                                               YES      or     NO

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -          _____        _____
                                               YES      or     NO

140

As to defendant First Equine Energy, Inc.-        _____        _____
                                                    YES        or        NO

As to defendant GeoStar Equine Energy, Inc.-      _____        _____
                                                    YES        or        NO

As to defendant Tony Ferguson -                   _____        _____
                                                    YES        or        NO

As to defendant John Parrott-                     _____        _____
                                                    YES        or        NO

As to defendant Thom Robinson -                   _____        _____
                                                    YES        or        NO

As to defendant David Plummer -                   _____        _____
                                                    YES        or        NO

As to defendant Spencer Plummer -                 _____        _____
                                                    YES        or        NO

**Compensatory Damages**

If you answered "YES" to either one of the two questions above concerning fraudulent representation or fraudulent omission as to any defendant, you should now identify what sum of money, if any, you find by a preponderance of the evidence would reasonably compensate Plaintiff Arbor Farms, LLC for the fraud of that defendant:

As to defendant ClassicStar, LLC -                $_____

As to defendant ClassicStar 2004, LLC -           $_____

As to defendant ClassicStar Farms, LLC -          $_____

As to defendant ClassicStar Farms, Inc. -         $_____

141

As to defendant GeoStar Corp.-                              $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -                       $_____

As to defendant First Equine Energy, Inc.-                 $_____

As to defendant GeoStar Equine Energy, Inc.-               $_____

As to defendant Tony Ferguson -                            $_____

As to defendant John Parrott -                             $_____

As to defendant Thom Robinson -                            $_____

As to defendant David Plummer -                            $_____

As to defendant Spencer Plummer -                          $_____

**Punitive Damages**

If you answered "YES" to either one of the two questions above concerning fraudulent representation or fraudulent omission as to any defendant, you may award punitive damages against that defendant in accordance with the standards and considerations set out for you in Instruction No. ___. Identify here the sum of money, if any, you wish to assess as punitive damages for the fraud the defendant committed against the Plaintiff Arbor Farms, LLC:

As to defendant ClassicStar, LLC -                         $_____

As to defendant ClassicStar 2004, LLC -                    $_____

As to defendant ClassicStar Farms, LLC -                   $_____

As to defendant ClassicStar Farms, Inc. -                  $_____

As to defendant GeoStar Corp.-                             $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -                      $_____

As to defendant First Equine Energy, Inc.-                 $_____

As to defendant GeoStar Equine Energy, Inc.-               $_____

As to defendant Tony Ferguson -                            $_____

As to defendant John Parrott -                              $_____

As to defendant Thom Robinson -                            $_____

As to defendant David Plummer -                            $_____

As to defendant Spencer Plummer -                          $_____

**Fraud Claims – Plaintiff Nelson Breeders, LLC**

**Fraudulent Representation**

The Plaintiffs allege that each of the defendants committed fraud as defined for you in Instruction No. ___ by making a fraudulent representation to the Plaintiffs, authorizing another to make a fraudulent representation on its behalf, assisting or conspiring with another to commit a fraud, or knowingly accepting the fruits of another's fraudulent conduct. Do you find that plaintiff Nelson Breeders, LLC has proven its claim of fraud by clear and convincing evidence against any of the following defendants?

As to defendant ClassicStar, LLC -

_____    _____
YES    or    NO

As to defendant ClassicStar 2004, LLC -

_____    _____
YES    or    NO

As to defendant ClassicStar Farms, LLC -

_____    _____
YES    or    NO

As to defendant ClassicStar Farms, Inc. -

_____    _____
YES    or    NO

As to defendant GeoStar Corp.-

_____    _____
YES    or    NO

As to defendant Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch -

_____    _____
YES    or    NO

As to defendant First Equine Energy, Inc.-

_____    _____
YES    or    NO

As to defendant GeoStar Equine Energy, Inc.-

_____    _____
YES    or    NO

As to defendant Tony Ferguson -

_____    _____
YES    or    NO

As to defendant John Parrott -

        _____            _____

         YES      or      NO

As to defendant Thom Robinson -

        _____            _____

         YES      or      NO

As to defendant David Plummer -

        _____            _____

         YES      or      NO

As to defendant Spencer Plummer -

        _____            _____

         YES      or      NO

**Fraudulent Omission**

The Plaintiffs also allege that the defendants committed fraud by omission or concealment as defined for you in Instruction No. \_\_\_ in that the defendants had a duty to disclose a material fact to the Plaintiffs and failed to do so or otherwise assisted or conspired with another to conceal a material fact from the Plaintiffs. Do you find that plaintiff Nelson Breeders, LLC has proven its fraud by omission claim by clear and convincing evidence against any of the following defendants?

As to defendant ClassicStar, LLC -

        _____            _____

         YES      or      NO

As to defendant ClassicStar 2004, LLC -

        _____            _____

         YES      or      NO

As to defendant ClassicStar Farms, LLC -

        _____            _____

         YES      or      NO

As to defendant ClassicStar Farms, Inc. -

        _____            _____

         YES      or      NO

As to defendant GeoStar Corp.-

        _____            _____

         YES      or      NO

As to defendant Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch -

        _____            _____

         YES      or      NO

As to defendant First Equine Energy, Inc.-     _____        _____
                                                YES      or      NO

As to defendant GeoStar Equine Energy, Inc.-   _____        _____
                                                YES      or      NO

As to defendant Tony Ferguson -                _____        _____
                                                YES      or      NO

As to defendant John Parrott -                 _____        _____
                                                YES      or      NO

As to defendant Thom Robinson -                _____        _____
                                                YES      or      NO

As to defendant David Plummer -                _____        _____
                                                YES      or      NO

As to defendant Spencer Plummer -              _____        _____
                                                YES      or      NO

**Compensatory Damages**

If you answered "YES" to either one of the two questions above concerning fraudulent representation or fraudulent omission as to any defendant, you should now identify what sum of money, if any, you find by a preponderance of the evidence would reasonably compensate plaintiff Nelson Breeders, LLC for the fraud of that defendant:

As to defendant ClassicStar, LLC -             $_____

As to defendant ClassicStar 2004, LLC -        $_____

As to defendant ClassicStar Farms, LLC -       $_____

As to defendant ClassicStar Farms, Inc. -      $_____

146

As to defendant GeoStar Corp.-          $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -        $_____

As to defendant First Equine Energy, Inc.-      $_____

As to defendant GeoStar Equine Energy, Inc.-    $_____

As to defendant Tony Ferguson -          $_____

As to defendant John Parrott -           $_____

As to defendant Thom Robinson -         $_____

As to defendant David Plummer -         $_____

As to defendant Spencer Plummer -        $_____

**Punitive Damages**

If you answered "YES" to either one of the two questions above concerning fraudulent representation or fraudulent omission as to any defendant, you may award punitive damages against that defendant in accordance with the standards and considerations set out for you in Instruction No. ___.  Identify here the sum of money, if any, you wish to assess as punitive damages for the fraud the defendant committed against the plaintiff Nelson Breeders, LLC:

As to defendant ClassicStar, LLC -         $_____

As to defendant ClassicStar 2004, LLC -              $_____

As to defendant ClassicStar Farms, LLC -             $_____

As to defendant ClassicStar Farms, Inc. -            $_____

As to defendant GeoStar Corp.-                       $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -                $_____

As to defendant First Equine Energy, Inc.-           $_____

As to defendant GeoStar Equine Energy, Inc.-         $_____

As to defendant Tony Ferguson -                      $_____

As to defendant John Parrott -                       $_____

As to defendant Thom Robinson -                      $_____

As to defendant David Plummer -                      $_____

As to defendant Spencer Plummer -                    $_____

**Fraud Claims – Plaintiff McDonald Stables, LLC**

**Fraudulent Representation**

The Plaintiffs allege that each of the defendants committed fraud as defined for you in Instruction No. ___ by making a fraudulent representation to the Plaintiffs, authorizing another to make a fraudulent representation on its behalf, assisting or conspiring with another to commit a fraud, or knowingly accepting the fruits of another's fraudulent conduct.  Do you find that plaintiff McDonald Stables, LLC has proven its claim of fraud by clear and convincing evidence against any of the following defendants?

As to defendant ClassicStar, LLC - _____ or _____
YES          NO

As to defendant ClassicStar 2004, LLC - _____ or _____
YES          NO

As to defendant ClassicStar Farms, LLC - _____ or _____
YES          NO

As to defendant ClassicStar Farms, Inc. - _____ or _____
YES          NO

As to defendant GeoStar Corp.- _____ or _____
YES          NO

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch - _____ or _____
YES          NO

As to defendant First Equine Energy, Inc.- _____ or _____
YES          NO

As to defendant GeoStar Equine Energy, Inc.- _____ or _____
YES          NO

As to defendant Tony Ferguson - _____ or _____
YES          NO

149

As to defendant John Parrott -

_____                    _____
YES          or          NO

As to defendant Thom Robinson -

_____                    _____
YES          or          NO

As to defendant David Plummer -

_____                    _____
YES          or          NO

As to defendant Spencer Plummer -

_____                    _____
YES          or          NO

**Fraudulent Omission**

The Plaintiffs also allege that the defendants committed fraud by omission or concealment as defined for you in Instruction No. \_\_\_ in that the defendants had a duty to disclose a material fact to the Plaintiffs and failed to do so or otherwise assisted or conspired with another to conceal a material fact from the Plaintiffs.  Do you find that plaintiff McDonald Stables, LLC has proven its fraud by omission claim by clear and convincing evidence against any of the following defendants?

As to defendant ClassicStar, LLC -

_____                    _____
YES          or          NO

As to defendant ClassicStar 2004, LLC -

_____                    _____
YES          or          NO

As to defendant ClassicStar Farms, LLC -

_____                    _____
YES          or          NO

As to defendant ClassicStar Farms, Inc. -

_____                    _____
YES          or          NO

As to defendant GeoStar Corp.-

_____                    _____
YES          or          NO

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -

_____                    _____
YES          or          NO

150

As to defendant First Equine Energy, Inc.-   _____      _____
                                              YES      or     NO

As to defendant GeoStar Equine Energy, Inc.-  _____      _____
                                              YES      or     NO

As to defendant Tony Ferguson -               _____      _____
                                              YES      or     NO

As to defendant John Parrott -                _____      _____
                                              YES      or     NO

As to defendant Thom Robinson -               _____      _____
                                              YES      or     NO

As to defendant David Plummer -               _____      _____
                                              YES      or     NO

As to defendant Spencer Plummer -             _____      _____
                                              YES      or     NO

**Compensatory Damages**

If you answered "YES" to either one of the two questions above concerning fraudulent representation or fraudulent omission as to any defendant, you should now identify what sum of money, if any, you find by a preponderance of the evidence would reasonably compensate plaintiff McDonald Stables, LLC for the fraud of that defendant:

As to defendant ClassicStar, LLC -            $_____

As to defendant ClassicStar 2004, LLC -       $_____

As to defendant ClassicStar Farms, LLC -      $_____

As to defendant ClassicStar Farms, Inc. -     $_____

As to defendant GeoStar Corp.-                                    $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -                             $_____

As to defendant First Equine Energy, Inc.-                       $_____

As to defendant GeoStar Equine Energy, Inc.-                     $_____

As to defendant Tony Ferguson -                                  $_____

As to defendant John Parrott -                                   $_____

As to defendant Thom Robinson -                                  $_____

As to defendant David Plummer -                                  $_____

As to defendant Spencer Plummer -                                $_____

**Punitive Damages**

If you answered "YES" to either one of the two questions above concerning fraudulent representation or fraudulent omission as to any defendant, you may award punitive damages against that defendant in accordance with the standards and considerations set out for you in Instruction No. ___.   Identify here the sum of money, if any, you wish to assess as punitive damages for the fraud the defendant committed against the plaintiff McDonald Stables, LLC:

As to defendant ClassicStar, LLC -                               $_____

As to defendant ClassicStar 2004, LLC -                         $_____

As to defendant ClassicStar Farms, LLC -                        $_____

As to defendant ClassicStar Farms, Inc. -                       $_____

As to defendant GeoStar Corp.-                                  $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -                           $_____

As to defendant First Equine Energy, Inc.-                      $_____

As to defendant GeoStar Equine Energy, Inc.-                    $_____

As to defendant Tony Ferguson -                                 $_____

As to defendant John Parrott -                                  $_____

As to defendant Thom Robinson -                                 $_____

As to defendant David Plummer -                                 $_____

As to defendant Spencer Plummer -                               $_____

**Fraud Claims – Plaintiffs Jaswinder and Monica Grover**

**Fraudulent Representation**

The Plaintiffs allege that each of the defendants committed fraud as defined for you in Instruction No. ___ by making a fraudulent representation to the Plaintiffs, authorizing another to make a fraudulent representation on its behalf, assisting or conspiring with another to commit a fraud, or knowingly accepting the fruits of another's fraudulent conduct.  Do you find that plaintiffs Jaswinder and Monica Grover have proven their claim of fraud by clear and convincing evidence against any of the following defendants?

As to defendant ClassicStar, LLC -

_____          _____
YES          or          NO

As to defendant ClassicStar 2004, LLC -

_____          _____
YES          or          NO

As to defendant ClassicStar Farms, LLC -

_____          _____
YES          or          NO

As to defendant ClassicStar Farms, Inc. -

_____          _____
YES          or          NO

As to defendant GeoStar Corp.-

_____          _____
YES          or          NO

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -

_____          _____
YES          or          NO

As to defendant First Equine Energy, Inc.-

_____          _____
YES          or          NO

As to defendant GeoStar Equine Energy, Inc.-

_____          _____
YES          or          NO

As to defendant Tony Ferguson -

_____          _____
YES          or          NO

As to defendant John Parrott -            _____        _____
                                          YES      or     NO

As to defendant Thom Robinson -           _____        _____
                                          YES      or     NO

As to defendant David Plummer -           _____        _____
                                          YES      or     NO

As to defendant Spencer Plummer -         _____        _____
                                          YES      or     NO

**Fraudulent Omission**

The Plaintiffs also allege that the defendants committed fraud by omission or concealment as defined for you in Instruction No. ____ in that the defendants had a duty to disclose a material fact to the Plaintiffs and failed to do so or otherwise assisted or conspired with another to conceal a material fact from the Plaintiffs.  Do you find that plaintiffs Jaswinder and Monica Grover have proven their fraud by omission claim by clear and convincing evidence against any of the following defendants?

As to defendant ClassicStar, LLC -        _____        _____
                                          YES      or     NO

As to defendant ClassicStar 2004, LLC -   _____        _____
                                          YES      or     NO

As to defendant ClassicStar Farms, LLC -  _____        _____
                                          YES      or     NO

As to defendant ClassicStar Farms, Inc. - _____        _____
                                          YES      or     NO

As to defendant GeoStar Corp.-            _____        _____
                                          YES      or     NO

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -     _____        _____
                                          YES      or     NO

155

As to defendant First Equine Energy, Inc.-          _____                    _____
                                                    YES          or          NO

As to defendant GeoStar Equine Energy, Inc.-        _____                    _____
                                                    YES          or          NO

As to defendant Tony Ferguson -                     _____                    _____
                                                    YES          or          NO

As to defendant John Parrott -                      _____                    _____
                                                    YES          or          NO

As to defendant Thom Robinson -                     _____                    _____
                                                    YES          or          NO

As to defendant David Plummer -                     _____                    _____
                                                    YES          or          NO

As to defendant Spencer Plummer -                   _____                    _____
                                                    YES          or          NO

**Compensatory Damages**

If you answered "YES" to either one of the two questions above concerning fraudulent representation or fraudulent omission as to any defendant, you should now identify what sum of money, if any, you find by a preponderance of the evidence would reasonably compensate plaintiffs Jaswinder and Monica Grover for the fraud of that defendant:

As to defendant ClassicStar, LLC -                  $_____

As to defendant ClassicStar 2004, LLC -             $_____

As to defendant ClassicStar Farms, LLC -            $_____

As to defendant ClassicStar Farms, Inc. -           $_____

156

As to defendant GeoStar Corp.-                                        $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -                                 $_____

As to defendant First Equine Energy, Inc.-                           $_____

As to defendant GeoStar Equine Energy, Inc.-                         $_____

As to defendant Tony Ferguson -                                      $_____

As to defendant John Parrott -                                       $_____

As to defendant Thom Robinson -                                      $_____

As to defendant David Plummer -                                      $_____

As to defendant Spencer Plummer -                                    $_____


**Punitive Damages**

If you answered "YES" to either one of the two questions above concerning fraudulent

representation or fraudulent omission as to any defendant, you may award punitive damages

against that defendant in accordance with the standards and considerations set out for you in

Instruction No. ___.   Identify here the sum of money, if any, you wish to assess as punitive

damages for the fraud the defendant committed against the plaintiffs Jaswinder and Monica

Grover:

As to defendant ClassicStar, LLC -                                $_____

As to defendant ClassicStar 2004, LLC -                           $_____

As to defendant ClassicStar Farms, LLC -                          $_____

As to defendant ClassicStar Farms, Inc. -                         $_____

As to defendant GeoStar Corp.-                                    $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -                             $_____

As to defendant First Equine Energy, Inc.-                        $_____

As to defendant GeoStar Equine Energy, Inc.-                      $_____

As to defendant Tony Ferguson -                                   $_____

As to defendant John Parrott -                                    $_____

As to defendant Thom Robinson -                                   $_____

As to defendant David Plummer -                                   $_____

As to defendant Spencer Plummer -                                 $_____

**Negligent Misrepresentation Claim – Plaintiff West Hills Farms, LLC**

The Plaintiffs allege that in the course of the defendants' business, profession or employment, or in another transaction in which they had a pecuniary interest, the defendants negligently made certain false representations to the Plaintiffs for the purpose of guiding the Plaintiffs in making business and/or investment decisions, that the Plaintiffs justifiably relied on those representations when making business and/or investment decisions and suffered a financial loss as a result of their reliance on the representations. Do you find that plaintiff West Hills Farms, LLC has proven each of the elements of its claim of negligent misrepresentation as that tort was defined for you in Instruction No. ___ by a preponderance of the evidence as to any of the following defendants?

As to defendant ClassicStar, LLC -
                     _____ YES   or   _____ NO

As to defendant ClassicStar 2004, LLC -
                     _____ YES   or   _____ NO

As to defendant ClassicStar Farms, Inc. -
                     _____ YES   or   _____ NO

As to defendant GeoStar Corp.-
                     _____ YES   or   _____ NO

As to defendant First Equine Energy, Inc.-
                     _____ YES   or   _____ NO

As to defendant GeoStar Equine Energy, Inc.-
                     _____ YES   or   _____ NO

As to defendant Tony Ferguson -
                     _____ YES   or   _____ NO

As to defendant David Plummer -
                     _____ YES   or   _____ NO

As to defendant Spencer Plummer -
                     _____ YES   or   _____ NO

**Damages**

If you answered "YES" to the previous question as to any defendant, you should now identify what sum of money, if any, you find by a preponderance of the evidence would reasonably compensate Plaintiff West Hills Farms, LLC for the defendant's negligent misrepresentation:

As to defendant ClassicStar, LLC -                    $_____

As to defendant ClassicStar 2004, LLC -               $_____

As to defendant ClassicStar Farms, Inc. -             $_____

As to defendant GeoStar Corp.-                        $_____

As to defendant First Equine Energy, Inc.-            $_____

As to defendant GeoStar Equine Energy, Inc.-          $_____

As to defendant Tony Ferguson -                       $_____

As to defendant David Plummer -                       $_____

As to defendant Spencer Plummer -                     $_____

**Negligent Misrepresentation Claim – Plaintiff Arbor Farms, LLC**

The Plaintiffs allege that in the course of the defendants' business, profession or employment, or in another transaction in which they had a pecuniary interest, the defendants negligently made certain false representations to the Plaintiffs for the purpose of guiding the Plaintiffs in making business and/or investment decisions, that the Plaintiffs justifiably relied on those representations when making business and/or investment decisions and suffered a financial loss as a result of their reliance on the representations.  Do you find that plaintiff Arbor Farms, LLC has proven each of the elements of its claim of negligent misrepresentation as that tort was defined for you in Instruction No. ___ by a preponderance of the evidence as to any of the following defendants?

As to defendant ClassicStar, LLC -      _____   or   _____
                                                    YES    or    NO

As to defendant ClassicStar 2004, LLC -      _____   or   _____
                                                    YES    or    NO

As to defendant ClassicStar Farms, Inc. -      _____   or   _____
                                                    YES    or    NO

As to defendant GeoStar Corp.-      _____   or   _____
                                                    YES    or    NO

As to defendant First Equine Energy, Inc.-      _____   or   _____
                                                    YES    or    NO

As to defendant GeoStar Equine Energy, Inc.-      _____   or   _____
                                                    YES    or    NO

As to defendant Tony Ferguson -      _____   or   _____
                                                    YES    or    NO

As to defendant David Plummer -      _____   or   _____
                                                    YES    or    NO

As to defendant Spencer Plummer -      _____   or   _____
                                                    YES    or    NO

**Damages**

If you answered "YES" to the previous question as to any defendant, you should now identify what sum of money, if any, you find by a preponderance of the evidence would reasonably compensate plaintiff Arbor Farms, LLC for the defendant's negligent misrepresentation:

As to defendant ClassicStar, LLC - $_____

As to defendant ClassicStar 2004, LLC - $_____

As to defendant ClassicStar Farms, Inc. - $_____

As to defendant GeoStar Corp.- $_____

As to defendant First Equine Energy, Inc.- $_____

As to defendant GeoStar Equine Energy, Inc.- $_____

As to defendant Tony Ferguson - $_____

As to defendant David Plummer - $_____

As to defendant Spencer Plummer - $_____

**Negligent Misrepresentation Claim – Plaintiff Nelson Breeders, LLC**

The Plaintiffs allege that in the course of the defendants' business, profession or employment, or in another transaction in which they had a pecuniary interest, the defendants negligently made certain false representations to the Plaintiffs for the purpose of guiding the Plaintiffs in making business and/or investment decisions, that the Plaintiffs justifiably relied on those representations when making business and/or investment decisions and suffered a financial loss as a result of their reliance on the representations.  Do you find that plaintiff Nelson Breeders, LLC has proven each of the elements of its claim of negligent misrepresentation as that tort was defined for you in Instruction No. ___ by a preponderance of the evidence as to any of the following defendants?

As to defendant ClassicStar, LLC -
          _____    YES    or    _____    NO

As to defendant ClassicStar 2004, LLC -
          _____    YES    or    _____    NO

As to defendant ClassicStar Farms, Inc. -
          _____    YES    or    _____    NO

As to defendant GeoStar Corp.-
          _____    YES    or    _____    NO

As to defendant First Equine Energy, Inc.-
          _____    YES    or    _____    NO

As to defendant GeoStar Equine Energy, Inc.-
          _____    YES    or    _____    NO

As to defendant Tony Ferguson -
          _____    YES    or    _____    NO

As to defendant David Plummer -
          _____    YES    or    _____    NO

As to defendant Spencer Plummer -
          _____    YES    or    _____    NO

**Damages**

If you answered "YES" to the previous question as to any defendant, you should now identify what sum of money, if any, you find by a preponderance of the evidence would reasonably compensate plaintiff Nelson Breeders, LLC for the defendant's negligent misrepresentation:

As to defendant ClassicStar, LLC -        $_____

As to defendant ClassicStar 2004, LLC -        $_____

As to defendant ClassicStar Farms, Inc. -        $_____

As to defendant GeoStar Corp.-        $_____

As to defendant First Equine Energy, Inc.-        $_____

As to defendant GeoStar Equine Energy, Inc.-        $_____

As to defendant Tony Ferguson -        $_____

As to defendant David Plummer -        $_____

As to defendant Spencer Plummer -        $_____

**Negligent Misrepresentation Claim – Plaintiff McDonald Stables, LLC**

The Plaintiffs allege that in the course of the defendants' business, profession or employment, or in another transaction in which they had a pecuniary interest, the defendants negligently made certain false representations to the Plaintiffs for the purpose of guiding the Plaintiffs in making business and/or investment decisions, that the Plaintiffs justifiably relied on those representations when making business and/or investment decisions and suffered a financial loss as a result of their reliance on the representations.  Do you find that plaintiff McDonald Stables, LLC has proven each of the elements of its claim of negligent misrepresentation as that tort was defined for you in Instruction No. ___ by a preponderance of the evidence as to any of the following defendants?

As to defendant ClassicStar, LLC -    _____     _____
                  YES   or   NO

As to defendant ClassicStar 2004, LLC -    _____     _____
                  YES   or   NO

As to defendant ClassicStar Farms, Inc. -    _____     _____
                  YES   or   NO

As to defendant GeoStar Corp.-    _____     _____
                  YES   or   NO

As to defendant First Equine Energy, Inc.-    _____     _____
                  YES   or   NO

As to defendant GeoStar Equine Energy, Inc.-    _____     _____
                  YES   or   NO

As to defendant Tony Ferguson -    _____     _____
                  YES   or   NO

As to defendant David Plummer -    _____     _____
                  YES   or   NO

As to defendant Spencer Plummer -    _____     _____
                  YES   or   NO

**Damages**

If you answered "YES" to the previous question as to any defendant, you should now identify what sum of money, if any, you find by a preponderance of the evidence would reasonably compensate plaintiff McDonald Stables, LLC for the defendant's negligent misrepresentation:

As to defendant ClassicStar, LLC -                      $_____

As to defendant ClassicStar 2004, LLC -                 $_____

As to defendant ClassicStar Farms, Inc. -               $_____

As to defendant GeoStar Corp.-                          $_____

As to defendant First Equine Energy, Inc.-              $_____

As to defendant GeoStar Equine Energy, Inc.-            $_____

As to defendant Tony Ferguson -                         $_____

As to defendant David Plummer -                         $_____

As to defendant Spencer Plummer -                       $_____

**Negligent Misrepresentation Claim – Plaintiffs Jaswinder and Monica Grover**

The Plaintiffs allege that in the course of the defendants' business, profession or employment, or in another transaction in which they had a pecuniary interest, the defendants negligently made certain false representations to the Plaintiffs for the purpose of guiding the Plaintiffs in making business and/or investment decisions, that the Plaintiffs justifiably relied on those representations when making business and/or investment decisions and suffered a financial loss as a result of their reliance on the representations.  Do you find that plaintiffs Jaswinder and Monica Grover have proven each of the elements of their claim of negligent misrepresentation as that tort was defined for you in Instruction No. ___ by a preponderance of the evidence as to any of the following defendants?

As to defendant ClassicStar, LLC -

       _____  YES  or  _____  NO

As to defendant ClassicStar 2004, LLC -

       _____  YES  or  _____  NO

As to defendant ClassicStar Farms, Inc. -

       _____  YES  or  _____  NO

As to defendant GeoStar Corp.-

       _____  YES  or  _____  NO

As to defendant First Equine Energy, Inc.-

       _____  YES  or  _____  NO

As to defendant GeoStar Equine Energy, Inc.-

       _____  YES  or  _____  NO

As to defendant Tony Ferguson -

       _____  YES  or  _____  NO

As to defendant David Plummer -

       _____  YES  or  _____  NO

As to defendant Spencer Plummer -

       _____  YES  or  _____  NO

**Damages**

If you answered "YES" to the previous question as to any defendant, you should now identify what sum of money, if any, you find by a preponderance of the evidence would reasonably compensate plaintiffs Jaswinder and Monica Grover for the defendant's negligent misrepresentation:

As to defendant ClassicStar, LLC -                          $_____

As to defendant ClassicStar 2004, LLC -                     $_____

As to defendant ClassicStar Farms, Inc. -                   $_____

As to defendant GeoStar Corp.-                              $_____

As to defendant First Equine Energy, Inc.-                  $_____

As to defendant GeoStar Equine Energy, Inc.-                $_____

As to defendant Tony Ferguson -                             $_____

As to defendant David Plummer -                             $_____

As to defendant Spencer Plummer -                           $_____

**Plaintiffs' Breach of Contract Claims**

**Breach of Contract - Count IV (Nelson Breeders)**

Plaintiff Nelson Breeders, LLC alleges that it entered into a Mare Lease Agreement with ClassicStar in 2004.  Do you find from a preponderance of the evidence that ClassicStar breached this agreement?

_____

YES                            NO

If so, what sum of damages do you determine will compensate Nelson Breeders, LLC for that breach?

$_____

**Breach of Contract – Count IV (West Hills Farms)**

Plaintiff West Hills Farms, LLC alleges that it entered into a Mare Lease Agreement with ClassicStar in 2004.  Do you find from a preponderance of the evidence that ClassicStar breached this agreement?

_____                    _____
          YES                                          NO

If so, what sum of damages do you determine will compensate West Hills Farms, LLC for that breach?

$_____

**Breach of Contract – Count IV (Arbor Farms)**

Plaintiff Arbor Farms, LLC alleges that it entered into a Mare Lease Agreement with ClassicStar in 2004.  Do you find from a preponderance of the evidence that ClassicStar breached this agreement?

_____                    _____
          YES                                            NO


If so, what sum of damages do you determine will compensate Arbor Farms, LLC for that breach?

$_____

**Breach of Contract – Count IV (MacDonald Stables for 2003)**

Plaintiff MacDonald Stables, LLC alleges that it entered into a Mare Lease Agreement with ClassicStar in 2003.  Do you find from a preponderance of the evidence that ClassicStar breached this agreement?

_____                    _____

YES                                      NO

If so, what sum of damages do you determine will compensate MacDonald Stables, LLC for that breach?

$_____

**Breach of Contract – Count IV (MacDonald Stables for 2004)**

Plaintiff MacDonald Stables, LLC alleges that it entered into a Mare Lease Agreement with ClassicStar in 2004.  Do you find from a preponderance of the evidence that ClassicStar breached this agreement?

_____              _____
YES                                NO

If so, what sum of damages do you determine will compensate MacDonald Stables, LLC for that breach?

$_____

**Breach of Contract – Count IV (Grovers for 2003)**

Plaintiffs Jaswinder and Monica Grover allege that they entered into a Mare Lease Agreement with ClassicStar in 2003.  Do you find from a preponderance of the evidence that ClassicStar breached this agreement?

_____                _____
YES                                        NO

If so, what sum of damages do you determine will compensate the Grovers for that breach?

$_____

**Breach of Contract – Count IV (Grovers for 2004)**

Plaintiffs Jaswinder and Monica Groverallege that they entered into a Mare Lease Agreement with ClassicStar in 2004.  Do you find from a preponderance of the evidence that ClassicStar breached this agreement?

_____         _____

YES             NO

If so, what sum of damages do you determine will compensate the Grovers for that breach?

$_____

**Breach of Contract – Count XVII  (MacDonald Stables – 2003 Program)**

Plaintiff MacDonald Stables, LLC alleges that ClassicStar agreed to sell it $1,680,890 shares of Gastar stock, having the approximate value of $5 million, in exchange for approximately 1/3 of the interest purchased by MacDonald Stables as part of the 2003 Mare Lease Program, and agreed that the stock would only be restricted such that MacDonald Stables could feely transfer the stock after one year.  MacDonald Stables further alleges that ClassicStar delayed the transfer of the stock for such an unreasonable period of time that MacDonald Stables could not transfer the stock until after two years had passed.  Do you find from the preponderance of the evidence that ClassicStar breached such an agreement?

_____             _____
   YES                              NO

If so, what sum of damages do you determine will compensate MacDonald Stables, LLC for that breach?

$_____

176

**Breach of Contract Count XVIII (MacDonald Stables – 2004 Program)**

Plaintiff MacDonald Stables, LLC alleges that ClassicStar agreed to exchange a portion of the interests purchased by MacDonald Stables as part of the 2004 Mare Lease Program for $2 million worth of units in an entity known as GeoEquities.  MacDonald Stables further alleges that ClassicStar never delievered these units or anything having their equivalent value.  Do you find from the preponderance of the evidence that ClassicStar breached such an agreement?

_____                _____
YES                                NO

If so, what sum of damages do you determine will compensate MacDonald Stables, LLC for that breach?

$_____

177

**Breach of Contract (MacDonald Stables – FEEP)**

      Plaintiff MacDonald Stables, LLC alleges that it entered into an agreement with an entity called the First Equine Energy Partnership ("FEEP") whereby MacDonald Stables acquired 14,004,828 units of FEEP with the right to require FEEP to repurchase those units at $1 per unit. MacDonald Stables further alleges that GeoStar guaranteed this agreement, such that it had an obligation to repurchase the units if FEEP failed to do so. MacDonald Stables alleges that, despite his request, neither FEEP nor GeoStar repurchased the units.

Do you find from the preponderance of the evidence that FEEP breached such an agreement?

      _____          _____

        YES                   NO

Do you find from the preponderance of the evidence that GeoStar breached such an agreement?

      _____          _____

        YES                   NO

If so, what sum of damages do you determine will compensate MacDonald Stables, LLC for that breach?

      $_____

**Breach of Contract (The Grovers – FEEP)**

Plaintiffs Jaswinder and Monica Grover allege that they entered into an agreement with an entity called the First Equine Energy Partnership ("FEEP") whereby they acquired 7,215,584 units of FEEP with the right to require FEEP to repurchase those units at $1 per unit. The Grovers further allege that GeoStar guaranteed this agreement, such that it had an obligation to repurchase the units if FEEP failed to do so. The Grovers allege that, despite its request, neither FEEP nor GeoStar repurchased the units.

Do you find from the preponderance of the evidence that FEEP breached such an agreement?

_____               _____
YES                                        NO

Do you find from the preponderance of the evidence that GeoStar breached such an agreement?

_____               _____
YES                                        NO

If so, what sum of damages do you determine will compensate the Grovers for that breach?

$_____

**Breach of Contract (The Grovers – GFSC)**

Plaintiffs Jaswinder and Monica Grover allege that GeoStar Financial Services Corp., in exchange for consideration from the Grovers, agreed to pay the Grovers the amount of $3,796,707 on or before July 15, 2007, and that GeoStar Financial Service Corp. failed to do so. Do you find from the preponderance of the evidence that GeoStar Financial Service Corp. breached such an agreement?

_____            _____
        YES                         NO


If so, what sum of damages do you determine will compensate the Grovers for that breach?

$_____

**Breach of Contract (West Hills Farms 06 Turkos Turn Foal)**

Plaintiff West Hills Farms, LLC alleges that ClassicStar agreed to and did purchase insurance on a foal born of one the pairings purchased by West Hills Farms in connection with its 2004 Mare Lease Agreement, for the benefit of West Hills Farms.  The foal died, and West Hills Farms alleges that ClassicStar has refused to pay it the proceeds of the insurance, $694,000, which ClassicStar retained.  Do you find from a preponderance of the evidence that ClassicStar breached this agreement?

         _____         _____
           YES                     NO

If so, what sum of damages do you determine will compensate West Hills Farms, LLC for that breach?

        $_____

**West Hill Farms, LLC's Unjust Enrichment And Money Had And Received Claims**

Plaintiff West Hills Farms, LLC has brought claims of unjust enrichment and money had and received against David Plummer, Spencer Plummer, Thom Robinson, Tony Ferguson, John Parrott, ClassicStar, LLC, ClassicStar Farms, LLC, ClassicStar 2004, LLC, ClassicStar Farms, Inc., ClassicStar Thoroughbreds, LLC, GeoStar Corp., and Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch in relation to their receipt of proceeds generated by the Mare Lease Program. Do you find that the Plaintiff West Hills Farms, LLC has established the elements of this claim as defined to you in Instruction No. ___ by a preponderance of the evidence against any of the following defendants?

As to defendant ClassicStar, LLC -

_____    YES    or    _____ NO

As to defendant ClassicStar 2004, LLC -

_____    YES    or    _____ NO

As to defendant ClassicStar Farms, LLC -

_____    YES    or    _____ NO

As to defendant ClassicStar Farms, Inc. -

_____    YES    or    _____ NO

As to defendant GeoStar Corp.-

_____    YES    or    _____ NO

As to defendant Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch -

_____    YES    or    _____ NO

ClassicStar Thoroughbreds, LLC -

_____    YES    or    _____ NO

As to defendant Tony Ferguson -

_____    YES    or    _____ NO

As to defendant John Parrott-

_____    YES    or    _____ NO

As to defendant Thom Robinson -

    _____          _____

    YES      or      NO

As to defendant David Plummer -

    _____          _____

    YES      or      NO

As to defendant Spencer Plummer -

    _____          _____

    YES      or      NO

If you answered "YES" as to any defendant to the question above, you should now identify what sum of money, if any, you find by a preponderance of the evidence was unjustly retained by that defendant:

As to defendant ClassicStar, LLC -          $_____

As to defendant ClassicStar 2004, LLC -     $_____

As to defendant ClassicStar Farms, LLC -     $_____

As to defendant ClassicStar Farms, Inc. -     $_____

As to defendant GeoStar Corp.-           $_____

As to defendant Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch -     $_____

ClassicStar Thoroughbreds, LLC -        $_____

As to defendant Tony Ferguson -          $_____

As to defendant John Parrott-            $_____

As to defendant Thom Robinson -         $_____

As to defendant David Plummer -                    $_____

As to defendant Spencer Plummer -                  $_____

**Arbor Farms, LLC's Unjust Enrichment And Money Had And Received Claims**

Plaintiff Arbor Farms, LLC has brought claims of unjust enrichment and money had and received against David Plummer, Spencer Plummer, Thom Robinson, Tony Ferguson, John Parrott, ClassicStar, LLC, ClassicStar Farms, LLC, ClassicStar 2004, LLC, ClassicStar Farms, Inc., ClassicStar Thoroughbreds, LLC, GeoStar Corp., and Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch in relation to their receipt of proceeds generated by the Mare Lease Program. Do you find that the Plaintiff Arbor Farms, LLC has established the elements of this claim as defined to you in Instruction No. ___ by a preponderance of the evidence against any of the following defendants?

As to defendant ClassicStar, LLC -  
_____ YES   or   _____ NO

As to defendant ClassicStar 2004, LLC -  
_____ YES   or   _____ NO

As to defendant ClassicStar Farms, LLC -  
_____ YES   or   _____ NO

As to defendant ClassicStar Farms, Inc. -  
_____ YES   or   _____ NO

As to defendant GeoStar Corp.-  
_____ YES   or   _____ NO

As to defendant Strategic Opportunity  
Solutions, LLC, d/b/a Buffalo Ranch -  
_____ YES   or   _____ NO

ClassicStar Thoroughbreds, LLC -  
_____ YES   or   _____ NO

As to defendant Tony Ferguson -  
_____ YES   or   _____ NO

As to defendant John Parrott-  
_____ YES   or   _____ NO

As to defendant Thom Robinson -        _____        _____
                                        YES      or      NO

As to defendant David Plummer -        _____        _____
                                        YES      or      NO

As to defendant Spencer Plummer -      _____        _____
                                        YES      or      NO

If you answered "YES" as to any defendant to the question above, you should now identify what

sum of money, if any, you find by a preponderance of the evidence was unjustly retained by that

defendant:

As to defendant ClassicStar, LLC -                $_____

As to defendant ClassicStar 2004, LLC -           $_____

As to defendant ClassicStar Farms, LLC -          $_____

As to defendant ClassicStar Farms, Inc. -         $_____

As to defendant GeoStar Corp.-                    $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -             $_____

ClassicStar Thoroughbreds, LLC -                  $_____

As to defendant Tony Ferguson -                   $_____

As to defendant John Parrott-                     $_____

As to defendant Thom Robinson -                   $_____

**Nelson Breeders, LLC's Unjust Enrichment And Money Had And Received Claims**

Plaintiff Nelson Breeders, LLC has brought claims of unjust enrichment and money had and received against David Plummer, Spencer Plummer, Thom Robinson, Tony Ferguson, John Parrott, ClassicStar, LLC, ClassicStar Farms, LLC, ClassicStar 2004, LLC, ClassicStar Farms, Inc., ClassicStar Thoroughbreds, LLC, GeoStar Corp., and Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch in relation to their receipt of proceeds generated by the Mare Lease Program. Do you find that the Plaintiff Nelson Breeders, LLC has established the elements of this claim as defined to you in Instruction No. ___ by a preponderance of the evidence against any of the following defendants?

As to defendant ClassicStar, LLC -

      _____ YES   or   _____ NO

As to defendant ClassicStar 2004, LLC -

      _____ YES   or   _____ NO

As to defendant ClassicStar Farms, LLC -

      _____ YES   or   _____ NO

As to defendant ClassicStar Farms, Inc. -

      _____ YES   or   _____ NO

As to defendant GeoStar Corp.-

      _____ YES   or   _____ NO

As to defendant Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch -

      _____ YES   or   _____ NO

ClassicStar Thoroughbreds, LLC -

      _____ YES   or   _____ NO

As to defendant Tony Ferguson -

      _____ YES   or   _____ NO

As to defendant John Parrott-

      _____ YES   or   _____ NO

As to defendant Thom Robinson -          _____          _____
                                          YES      or       NO

As to defendant David Plummer -          _____          _____
                                          YES      or       NO

As to defendant Spencer Plummer -        _____          _____
                                          YES      or       NO

If you answered "YES" as to any defendant to the question above, you should now identify what

sum of money, if any, you find by a preponderance of the evidence was unjustly retained by that

defendant:

As to defendant ClassicStar, LLC -               $_____

As to defendant ClassicStar 2004, LLC -          $_____

As to defendant ClassicStar Farms, LLC -         $_____

As to defendant ClassicStar Farms, Inc. -        $_____

As to defendant GeoStar Corp.-                   $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -            $_____

ClassicStar Thoroughbreds, LLC -                 $_____

As to defendant Tony Ferguson -                  $_____

As to defendant John Parrott-                    $_____

As to defendant Thom Robinson -                  $_____

As to defendant David Plummer -                    $_____

As to defendant Spencer Plummer -                  $_____

**Jaswinder and Monica Grover Unjust Enrichment And Money Had And Received Claims**

Plaintiffs Jaswinder and Monica Grover have brought claims of unjust enrichment and money had and received against David Plummer, Spencer Plummer, Thom Robinson, Tony Ferguson, John Parrott, ClassicStar, LLC, ClassicStar Farms, LLC, ClassicStar 2004, LLC, ClassicStar Farms, Inc., ClassicStar Thoroughbreds, LLC, GeoStar Corp., and Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch in relation to their receipt of proceeds generated by the Mare Lease Program. Do you find that the Plaintiffs Jaswinder and Monica Grover have established the elements of this claim as defined to you in Instruction No. ___ by a preponderance of the evidence against any of the following defendants?

As to defendant ClassicStar, LLC -

     _____        _____
     YES    or    NO

As to defendant ClassicStar 2004, LLC -

     _____        _____
     YES    or    NO

As to defendant ClassicStar Farms, LLC -

     _____        _____
     YES    or    NO

As to defendant ClassicStar Farms, Inc. -

     _____        _____
     YES    or    NO

As to defendant GeoStar Corp.-

     _____        _____
     YES    or    NO

As to defendant Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch -

     _____        _____
     YES    or    NO

ClassicStar Thoroughbreds, LLC -

     _____        _____
     YES    or    NO

As to defendant Tony Ferguson -

     _____        _____
     YES    or    NO

As to defendant John Parrott-

     _____        _____
     YES    or    NO

As to defendant Thom Robinson -            _____          _____
                                            YES      or      NO

As to defendant David Plummer -            _____          _____
                                            YES      or      NO

As to defendant Spencer Plummer -          _____          _____
                                            YES      or      NO

If you answered "YES" as to any defendant to the question above, you should now identify what sum of money, if any, you find by a preponderance of the evidence was unjustly retained by that defendant:

As to defendant ClassicStar, LLC -                     $_____

As to defendant ClassicStar 2004, LLC -               $_____

As to defendant ClassicStar Farms, LLC -              $_____

As to defendant ClassicStar Farms, Inc. -             $_____

As to defendant GeoStar Corp.-                        $_____

As to defendant Strategic Opportunity
Solutions, LLC, d/b/a Buffalo Ranch -                 $_____

ClassicStar Thoroughbreds, LLC -                      $_____

As to defendant Tony Ferguson -                       $_____

As to defendant John Parrott-                         $_____

As to defendant Thom Robinson -                       $_____

**West Hills Farms' Conversion Claim**

Plaintiff West Hills Farms, LLC has brought a claim for conversion against defendants ClassicStar, LLC and Tony Ferguson in relation to the insurance proceeds payable on the death of the foal out of Turko's Turn by Gone West.

Do you find that West Hills Farms, LLC has proven the elements of its conversion claim against ClassicStar, LLC by a preponderance of the evidence, as those elements were defined for you in Instruction No. ___?

_____                          _____
YES                                                      NO

If you answered "YES" to the question above, state the amount of the proceeds that should have been paid to the West Hills Farms, LLC by ClassicStar, LLC below:

$_____

Do you find that West Hills Farms, LLC has proven the elements of its conversion claim against Tony Ferguson by a preponderance of the evidence, as those elements were defined for you in Instruction No. ___?

_____                          _____
YES                                                      NO

If you answered "YES" to the question above, state the amount of the proceeds that should have been paid to the West Hills Farms, LLC by Tony Ferguson below:

$_____

**Plaintiffs' Alter Ego Claims**

**Alter Ego of ClassicStar, LLC**

Plaintiffs allege that Defendant ClassicStar, LLC was operated as a mere instrumentality or alter ego by GeoStar Corp., Thom Robinson, Tony Ferguson and John Parrott, such that GeoStar Corp., Thom Robinson, Tony Ferguson and John Parrott are liable for ClassicStar, LLC's debts and obligations.   Do you find from a preponderance of the evidence that ClassicStar, LLC was the alter ego of any of the Defendants identified below?

As to defendant GeoStar Corp.-        _____        _____
                                       YES     or      NO

As to defendant Tony Ferguson -       _____        _____
                                       YES     or      NO

As to defendant John Parrott -        _____        _____
                                       YES     or      NO

As to defendant Thom Robinson -       _____        _____
                                       YES     or      NO

**Alter Ego of First Equine Energy Partners, LLC**

Plaintiffs allege that First Equity Energy Partners, LLC ("FEEP") was operated as a mere instrumentality or alter ego by GeoStar Corp., Thom Robinson, Tony Ferguson and John Parrott, such that GeoStar Corp., Thom Robinson, Tony Ferguson and John Parrott are liable for FEEP's debts and obligations.  Do you find from a preponderance of the evidence that FEEP was the alter ego of the defendants identified below?

As to defendant GeoStar Corp.-

_____          _____
YES          or          NO

As to defendant Tony Ferguson -

_____          _____
YES          or          NO

As to defendant John Parrott -

_____          _____
YES          or          NO

As to defendant Thom Robinson -

_____          _____
YES                     NO

194

**Alter Ego of GeoStar Corp.**

Plaintiffs allege that GeoStar Corp. was operated as a mere instrumentality or alter ego by Thom Robinson, Tony Ferguson and John Parrott, such that Thom Robinson, Tony Ferguson and John Parrott are liable for GeoStar Corp.'s debts and obligations.   Do you find from a preponderance of the evidence that GeoStar Corp. was the alter ego of the defendants identified below?

As to defendant Tony Ferguson -     _____          _____
                                                     YES        or        NO

As to defendant John Parrott -       _____          _____
                                                     YES        or        NO

As to defendant Thom Robinson -    _____          _____
                                                     YES        or        NO

**Alter Ego of  GeoStar Equine Energy, Inc.**

Plaintiffs allege that GeoStar Equine Energy, Inc. ("GEEI") was operated as a mere instrumentality or alter ego by GeoStar Corp., Thom Robinson, Tony Ferguson and John Parrott, such that GeoStar Corp., Thom Robinson, Tony Ferguson and John Parrott are liable for GEEI's debts and obligations.  Do you find from a preponderance of the evidence that GEEI was the alter ego of the defendants identified below?

As to defendant GeoStar Corp.-　　　　　　_____　　　　　_____
　　　　　　　　　　　　　　　　　　　　YES　　　or　　　NO

As to defendant Tony Ferguson -　　　　　_____　　　　　_____
　　　　　　　　　　　　　　　　　　　　YES　　　or　　　NO

As to defendant John Parrott -　　　　　　_____　　　　　_____
　　　　　　　　　　　　　　　　　　　　YES　　　or　　　NO

As to defendant Thom Robinson -　　　　　_____　　　　　_____
　　　　　　　　　　　　　　　　　　　　YES　　　or　　　NO

196

**Alter Ego of  GeoStar Financial Services Corp.**

Plaintiffs allege that GeoStar Financial Services Corp. ("GSFC") was operated as a mere instrumentality or alter ego by GeoStar Corp., Thom Robinson, Tony Ferguson and John Parrott, such that GeoStar Corp., Thom Robinson, Tony Ferguson and John Parrott are liable for GFSC's debts and obligations.  Do you find from a preponderance of the evidence that GFSC was the alter ego of the defendants identified below?

As to defendant GeoStar Corp.-　　　　_____　　_____
　　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant Tony Ferguson -　　　_____　　_____
　　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant John Parrott -　　　　_____　　_____
　　　　　　　　　　　　　　　　　　　YES　　or　　NO

As to defendant Thom Robinson -　　　_____　　_____
　　　　　　　　　　　　　　　　　　　YES　　or　　NO

**Alter Ego of ClassicStar 2004, LLC**

Plaintiffs allege that ClassicStar 2004, LLC was operated as a mere instrumentality or alter ego by GeoStar Corp., Thom Robinson, Tony Ferguson and John Parrott, such that GeoStar Corp., Thom Robinson, Tony Ferguson and John Parrott are liable for ClassicStar 2004, LLC's debts and obligations.  Do you find from a preponderance of the evidence that ClassicStar 2004, LLC was the alter ego of the defendants identified below?

As to defendant GeoStar Corp.-

_____   YES   or   _____   NO

As to defendant Tony Ferguson -

_____   YES   or   _____   NO

As to defendant John Parrott -

_____   YES   or   _____   NO

As to defendant Thom Robinson -

_____   YES   or   _____   NO

**Alter Ego of Strategic Opportunity Solutions d/b/a/ Buffalo Ranch**

Plaintiffs allege that Buffalo Ranch was operated as a mere instrumentality or alter ego by David Plummer, such that David Plummer is liable for Buffalo Ranch's debts and obligations. Do you find from a preponderance of the evidence that Buffalo Ranch was the alter ego of David Plummer?

_____          _____
     YES          or          NO

LEXLibrary 0108868.0536983   444384v2