ELECTRONICALLY FILED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | | |
|---|---|---|
| **IN RE CLASSICSTAR MARE LEASE LITIGATION** | ) ) ) | **MDL NO. 1877** |
| **AND** | ) ) | |
| **WEST HILLS FARMS, ET AL.,** | ) ) | **MASTER FILE:** **CIVIL ACTION NO. 5:07-CV-353-JMH** |
| **PLAINTIFFS** | ) ) | |
| **V.** | ) ) | **AND** |
| **CLASSICSTAR, LLC, ET AL.** | ) ) ) | **CIVIL ACTION NO. 5:06-CV-00243-JMH** |
| **DEFENDANTS** | ) | |

<u>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**</u>

Defendants GeoStar Corporation, ClassicStar Farms, Inc., Tony Ferguson and Thom Robinson (collectively "Defendants"), through counsel and pursuant to the Court's Scheduling Order, tender the attached proposed jury instructions. Defendants reserve the right to tender additional instructions or revisions if warranted at the close of the proof or at such other time as the Court may request. Defendants submit these proposed jury instructions without waiving the arguments they have made in their pending motions to dismiss and for summary judgment.

Respectfully submitted,


 /s/  Brian M. Johnson
David A. Owen
Brian M. Johnson
Matthew A. Stinnett
Jason T. Ams
Greenebaum Doll & McDonald PLLC
300 West Vine Street, Suite 1100
Lexington, Kentucky 40507
Telephone:  (859) 231-8500
Facsimile:  (859) 255-2742

COUNSEL FOR DEFENDANTS

## INSTRUCTION NO. 1
### <u>MEMBERS OF THE JURY</u>

Now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the Court as to the law that you must apply.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Nor are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are governed by the Court's instructions.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict regardless of the consequences.[1]

---

[1]       O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 103.01, pp. 106-07 (5th ed., Vol. 3 2000).

**INSTRUCTION NO. 2**
**EFFECT OF INSTRUCTIONS AS TO DAMAGES**

  The fact that the Court will instruct you as to the proper measure of damages should not be considered as indicating any view of the Court as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of Plaintiffs on their claims.[2]

---

[2]  O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 106.02, p. 186 (5th ed., Vol. 3 2000).

**INSTRUCTION NO. 3**
**BURDEN OF PROOF**

The burden is on Plaintiffs to prove every essential element of their claims by a preponderance of the evidence.

The term "preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof should fail to establish any essential element of Plaintiffs' claims by a preponderance of the evidence in the case, you, the jury, should find for the Defendants as to that claim.[3]

---

[3]     O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.01, p. 135 (5th ed., Vol. 3 2000).

## INSTRUCTION NO. 4

## <u>DUTY TO DELIBERATE</u>

The verdict must represent the considered opinion of each juror.  It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You each must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence merely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.[4]

---

[4]     O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 106.01, p. 180 (5th ed., Vol. 3 2000).

**INSTRUCTION NO. 5**
**CONSIDERATION OF EVIDENCE**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to by the parties.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.[5]

---

[5]      O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 103.30, pp. 121-22 (5th ed., Vol. 3 2000).

## INSTRUCTION NO. 6
## <u>WITNESS CREDIBILITY</u>

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

In short, you may accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more or less credible than the testimony of a larger number of witnesses to the contrary.[6]

The law does not require any party to call as witnesses all person who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence of the case.[7]

---

[6]     O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 105.01, pp. 161-62 (5th ed., Vol. 3 2000).

[7] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 105.11, p. 177 (5th ed., Vol. 3 2000).

**INSTRUCTION NO. 7**
**<u>EXPERT WITNESSES</u>**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses."  An expert witness is a person who, by education and experience has become expert in some art, science, profession or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.[8]

---

[8] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.40, pp. 151-52 (5th ed., Vol. 3, 2000).

8

## INSTRUCTION NO. 8
## <u>IMPEACHMENT</u>

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony, or by evidence that the character of the witness for truthfulness is bad.

If you believe any witness has been impeached, and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other matters and you may reject all of the testimony of that witness, or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[9]

---

[9]      O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 105.04, pp. 168-69 (5th ed., Vol. 3 2000).

## INSTRUCTION NO. 9
## <u>PROCEDURE</u>

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in Court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.  Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.  Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone, including me, how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in instructions. Nothing I have said or done is intended to suggest what your verdict should be; that is entirely for you to decide.  Nine or more of you must agree in order to answer the questions or make the determinations required by these instructions.  The nine or more who agree on one answer, however, need not be the same jurors who agreed upon an answer to another question.  If all twelve of you agree on the answers to the questions and determinations to which you are required to respond, the foreperson alone can sign for you.  Each answer or

response on which the verdict is *not* unanimous must be signed by the nine or more of you who agree.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the proper form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.[10]

---

[10]    O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 103.50, pp. 130-31 (5th ed., Vol. 3, 2000).

## <u>LIST OF PARTIES</u>

Throughout this trial, there were a number of parties named and identified. For your reference, I have listed all the relevant parties named in this action below.

| | |
|---|---|
| West Hills Farms, LLC ("West Hills") | David Plummer ("Plummer") |
| Arbor Farms, LLC ("Arbor") | Spencer Plummer ("Spencer") |
| Nelson Breeders, LLC ("Nelson") | ClassicStar Thoroughbreds, LLC ("ClassicStar Thoroughbreds") |
| MacDonald Stables, LLC ("MacDonald") | Karren Hendrix Stagg Allen & Co. ("KHSA") |
| Jaswinder & Monica Grover | Thom Robinson |
| ClassicStar, LLC ("ClassicStar") | John Parrott |
| ClassicStar Farms, LLC ("ClassicStar Farms") | First Equine Energy Partners, LLC ("FEEP") |
| ClassicStar 2004, LLC ("ClassicStar 2004") | Strategic Opportunity Solutions, LLC d/b/a Buffalo Ranch ("Buffalo Ranch") |
| National Equine Lending Company, LLC ("NELC") | ClassicStar 2005 Powerfoal Stables, LLC ("ClassicStar Powerfoal") |
| New NEL, LLC ("New NEL") | ClassicStar Farms, Inc. ("CFI") |
| GeoStar Corporation ("GeoStar") | GeoStar Financial Services Corporation ("GFSC") |
| GeoStar Equine Energy, Inc. ("GEEI") | Gastar Exploration, Ltd. ("Gastar") |
| Tony Ferguson | Zeus Investments, LLC ("Zeus") |

12

## RICO CLAIMS

The Plaintiffs have brought claims against Defendants ClassicStar, ClassicStar Farms, ClassicStar 2004, CFI, NELC, New NEL, GeoStar, Gastar, Parrott, Robinson, Ferguson, Plummer and Spencer (collectively "RICO Defendants") for alleged violations of the Racketeer Influenced and Corrupt Organizations Act, commonly referred to as RICO. Specifically, the Plaintiffs claim that each RICO Defendant violated Section 1962 (a), (c) and (d) of RICO.

Although RICO uses the terms "racketeer," "racketeering," and "corrupt organizations," Congress did not mean that plaintiff must prove that defendant is a "racketeer" or a member of what is commonly referred to as "organized crime" in order to recover damages.  You should not assume that the RICO Defendants or their employees are "racketeers" because RICO Defendants have been sued under RICO as those concepts do not apply in this case.

The Plaintiffs must establish by a preponderance of the evidence every element of a RICO claim.  You should consider each and every element of a RICO cause of action only in the precise way that I will define them in these instructions.  You must avoid confusing any of the elements of a RICO claim with your prior conceptions of the meaning of the terms that are used to describe the elements of a RICO claim.

Finally, the use of the terms "racketeering," "racketeer," or "corrupt organization" in RICO and during this trial should not be thought of as having anything to do with your determination of whether Plaintiffs have established the elements of their claim.[11]

---

[11]     O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.01, pp. 106-07 (5th ed., Vol. 3B, 2000).

## RELEVANT RICO STATUTES

Section 1962(a) of Title 18 of the United States Code, the RICO Act, provides that:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. [A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.]

Section 1962(c) of Title 18 of the United States Code, the RICO Act, provides that:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of an unlawful debt.

Section 1962(d) of Title 18 of the United States Code, the RICO Act, provides that:

It shall be unlawful for any person to conspire to violate any of the provisions of [18 U.S.C.A. § 1962(a), (b), or (c)].

The mail fraud statute, Section 1341 of Title 18 of the United States Code, provides in

pertinent part, that:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises … for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, [shall be guilty of an offense against the laws of the United States].

The wire fraud statute, Section 1343 of Title 18 of the United States Code, provides in

pertinent part, that:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than five years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000, or imprisoned not more than 30 years, or both.

## SECTION 1962(A): ELEMENTS

Plaintiffs claim that RICO Defendants' actions injured Plaintiffs in violation of 18 U.S.C.A. § 1962(a). Section 1962(a) requires that RICO Defendants be persons who derived income directly or indirectly from a pattern of racketeering activity in which RICO Defendants participated as principals.

In order to prevail under Section 1962(a), Plaintiffs must prove by a preponderance of evidence that:

(1)    RICO Defendants are persons who received income from a pattern of racketeering activity in which RICO Defendants have participated as a principal as that term is used in 18 U.S.C.A. § 2;

(2)    RICO Defendants invested or used all or part of that income in an enterprise;

(3)    The enterprise was engaged in, or the activities of the enterprise affected, interstate or foreign commerce; and

(4)    Plaintiffs' business or property was injured by reason of RICO Defendants' use of or investment of the income in the enterprise.

A person is liable as a principal if that person personally commits an act or aids and abets one who does. A person aids or abets another in the commission of an act if the person knowingly helped commit the act, intended to do so, and took some steps to assist in the commission of the act before it was complete.

It is not enough that RICO Defendants simply associated with the person who committed the act, were present at the time the act took place, or even did helpful things to the person or persons who committed the act. The evidence must show that each RICO Defendant acted with

the purpose of helping to commit a pattern of racketeering activity, or was reckless in disregarding the existence of the fraud.[12]

---

[12]        O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.16, pp. 111-25 (5th ed., Vol. 3B, 2000).

17

## SECTION 1962(C): ELEMENTS

Plaintiffs have also alleged that RICO Defendants have violated Section 1962(c) of RICO.  To establish that RICO Defendants have violated Section 1962(c), Plaintiffs must prove each of the following five elements by a preponderance of the evidence:

1.      That an "enterprise" existed;

2.      That the enterprise engaged in, or had some effect upon, interstate or foreign commerce;

3.      That the RICO Defendants were employed by or associated with the alleged enterprise;

4.      That the RICO Defendants knowingly and willfully conducted or participated, directly or indirectly, in the conduct of the affairs of the alleged enterprise; and

5.      That the RICO Defendants did so knowingly and willfully through a pattern of racketeering activity.

"Employed by or associated with" means some minimal association with the alleged enterprise.  The RICO Defendants must know something about the alleged enterprise's activities as they relate to the racketeering activity.

The fourth and fifth elements require that Plaintiffs prove by a preponderance of the evidence that RICO Defendants knowingly and willfully conducted or participated in the conducting of the affairs of the alleged enterprise through a pattern of racketeering activity. Plaintiffs must prove by a preponderance of the evidence a sufficient connection between the enterprise, the RICO Defendants, and the alleged pattern of racketeering activity.  In order to establish a sufficient connection between the enterprise, the RICO Defendants and the alleged pattern of racketeering activity, Plaintiffs must prove by a preponderance of the evidence:

1.      That RICO Defendants participated in the operation or management of the enterprise itself in such a way, directly or indirectly, as to have played some part in directing the affairs of the enterprise.

18

2.      That RICO Defendants in fact engaged in the pattern of racketeering activity as the Plaintiffs claim;

3.      That RICO Defendants' association with or employment by the enterprise facilitated their commission of the racketeering acts; and

4.      That the commission of these predicate acts had some direct or indirect effect on the alleged enterprise.

A person does not violate the law by merely associating with or being employed by an otherwise lawful enterprise the affairs of which are being conducted by others through a pattern of racketeering activity in which he is not personally engaged.[13]

---

[13]      *Id*.

## SECTION 1962(D): ELEMENTS

Plaintiffs also claim that RICO Defendants violated Section 1962(d) of RICO because they agreed or conspired to violate the RICO law.  A "conspiracy" in this sense is a combination or agreement of two or more persons to join together to accomplish an offense which would be in violation of Section 1962(a), (b), and/or (c) under the law that I have given you with respect to those sections.

To establish a violation of Section 1962(d), Plaintiffs must prove by a preponderance of the evidence:

1.     That two or more persons in some way or manner came to a mutual understanding to attempt to accomplish a common and unlawful plan, that is that while being employed by or associated with an enterprise, they engaged in activities which affected interstate or foreign commerce, or conducted the affairs of the alleged enterprise through a pattern of racketeering activity, in the manner charged; and

2.     That RICO Defendants knowingly and willfully became members of a conspiracy by objectively indicating, through their words or actions, their agreement to conduct or participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity; and

3.     That at least one of the conspirators committed at least one overt act during the existence of a conspiracy in an effort to accomplish some object or purpose of the conspiracy.

In regard to the first element of the claim of conspiracy, the evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement, or that they directly stated between themselves the details of the scheme and its object or purpose or the precise means by which the object or purpose was to be accomplished.  Similarly, the evidence in the case need not establish that all of the means or methods alleged were in fact agreed upon to carry out the alleged conspiracy, or that all of the means or methods which were agreed upon were actually used or put into operation.  Plaintiffs are not required to prove that all

of the persons charged with being members of the conspiracy were such or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

On the other hand, it is not enough if the evidence shows only that the alleged conspirators agreed to commit the acts of racketeering alleged by the Plaintiffs, without more, or that they agreed merely to participate in the affairs of the same alleged enterprise.  Instead, the Plaintiffs must prove by a preponderance of the evidence that the alleged conspirators agreed to conduct or participate in the conduct of the affairs of the alleged enterprise and that they further agreed that their individual participations would be through two or more racketeering acts in furtherance of the affairs of the alleged enterprise.  It does not matter that the alleged conspirators participated in the conduct of the affairs of the alleged enterprise through different, dissimilar or otherwise unrelated acts of racketeering activity, so long as the alleged racketeering acts would, if they were actually committed, create a "pattern of racketeering activity" as I defined that phrase to you.

As to the second element of the alleged conspiracy violation - knowing and willful membership in the conspiracy - the Plaintiffs must prove by a preponderance of the evidence:

> 1. That RICO Defendants knew that the basic object of the alleged conspiracy was conducting the alleged enterprise through a pattern of racketeering activity;

> 2. That RICO Defendants knowingly and willfully agreed to personally commit, or aid and abet the commission of at least two acts of racketeering as a "pattern of racketeering activity" as I have defined it; and

> 3. That RICO Defendants knowingly and willfully agreed to conduct or participate in the conduct of the affairs of the alleged enterprise through this pattern of racketeering activity.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or without knowledge of the names and identities of all of the other alleged conspirators.  If Plaintiffs prove by a preponderance of the evidence that the particular RICO

Defendant has knowingly and willfully joined the alleged conspiracy under the three standards I have just set forth, it does not matter that the RICO Defendant may not have participated in the earlier stages of the alleged conspiracy or scheme.

However, mere presence at the scene of some transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily prove the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

Plaintiffs need not prove that RICO Defendants actually committed any of the acts that they may have agreed to commit in order to establish their membership in the conspiracy. You may consider only those racketeering acts alleged against the particular defendant by Plaintiffs in determining whether that RICO Defendant has agreed to commit two acts of racketeering activity as a "pattern of racketeering activity."

To establish the third element, Plaintiffs must prove by a preponderance of the evidence that at least one of the alleged conspirators committed at least one "overt act" during the existence of the alleged conspiracy. An "overt act" is a transaction or event, even one which may be entirely legal and innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy. However, in accordance with my instructions during the trial, you may not consider any evidence of any alleged wrongful act, other than the alleged wrongful act which the plaintiff contends is a specific violation, as in any way bearing on the character of any defendant or as an indication that any defendant may have a propensity to commit any of the offenses charged.

In your consideration of this conspiracy claim, you should first determine whether the alleged conspiracy existed.  If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant under consideration willfully became a member of that conspiracy.

In determining whether there was a conspiracy you may consider all the evidence in the case.  If you find that there was a conspiracy then you may attribute the statements or acts of the co-conspirators to the RICO Defendants.  If you find that there was no conspiracy then you may not attribute the statements or acts of the alleged co-conspirators to the RICO Defendants.

If you find that no such conspiracy existed, then you must find for the RICO Defendants. However, if you are satisfied that such a conspiracy existed, you must determine who were the members of that conspiracy.

If you find that a particular RICO Defendant is a member of another conspiracy, but not the one charged by the Plaintiffs, then you must find for that RICO Defendant. In other words, you cannot find that a RICO Defendant violated Section 1962(d) unless you find that he was a member of the conspiracy charged, and not some other separate conspiracy.[14]

---

[14]    *Id*.

## PREDICATE ACTS

In order to establish that mail fraud has been committed for purposes of this case, Plaintiffs must show by a preponderance of the evidence that:

(1)     RICO Defendant willfully and knowingly participated in a scheme to defraud Plaintiffs;

(2)     RICO Defendant did so with an intent to defraud; and

(3)     RICO Defendant used the U.S. mails for the purpose of executing the scheme to defraud.[15]

Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate racketeering activity.  Mail fraud as a racketeering activity may be established without proof that one or more of the defendants personally did every act constituting mail fraud.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through direction of another person as an agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort.  Title 18, United States Code, Section 2 provides that whoever commits mail fraud or aids, abets, counsels, commands, induces, or procures its commission, is liable as a principal.  Section 2 also provides that whoever willfully causes an act to be done, which if directly performed by him or another would be mail fraud, is liable as a principal.[16]

Plaintiffs must prove the RICO Defendants committed the following in order to establish a violation of the federal wire fraud statute:

(1)     RICO Defendants willfully participated in a scheme to defraud plaintiff;

(2)     RICO Defendants did so with an intent to defraud; and

---

[15]     O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.24, pp. 141 (5th ed., Vol. 3B, 2000).

[16] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.25, p. 143 (5th ed., Vol. 3B, 2000).

(3)      RICO Defendants made interstate telephone calls or used radio communications

for the purpose of executing the scheme or plan to defraud.[17]

---

[17] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.26, p. 144 (5th ed., Vol. 3B, 2000).

**<u>RICO DEFINITIONS</u>**

A "person" under the law includes but is not limited to any person or entity that is capable of holding a legal or beneficial interest in property. A corporation is a legal entity that, like a person, is capable of holding a legal or beneficial interest in property.[18]

The term "enterprise" includes any individual, partnership, corporation, association, or other legal entity.  An enterprise "affects interstate or foreign commerce" if the enterprise either engages in, or has an effect on commerce between the states or between the states and foreign countries.[19]

Plaintiffs claim that the following were enterprises affecting interstate or foreign commerce, and that RICO Defendants participated in one of these enterprises through a pattern of racketeering activity, as that term will be defined for you.

1.      <u>ClassicStar, LLC</u>

2.      <u>ClassicStar 2004, LLC</u>

3.      <u>ClassicStar Farms, LLC</u>

4.      <u>GeoStar Corporation</u>

5.      <u>ClassicStar Association In Fact</u>

An enterprise "affects interstate or foreign commerce" if the enterprise either engages in or pursues activities affecting or having a potential effect on commerce between the states or

---

[18] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.40, pp. 144-45 (5th ed., Vol. 3B, 2000).

[19] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.41, p. 145 (5th ed., Vol. 3B, 2000).

26

between the states and foreign countries.  Thus, if you find that one of these enterprises met these requirements, you may find that it was an enterprise affecting interstate or foreign commerce.[20]

"Employed by or associated with" means that a defendant must have at least a minimal association with the enterprise.  A defendant must know something about the enterprise's activities as they relate to the racketeering activity, but it is not necessary that a defendant be aware of all racketeering activities of each of the participants in the enterprise.  To "participate in the conduct of the enterprise's affairs" requires that a person has conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity.  To participate, directly or indirectly, in the conduct of the enterprise's affairs, the defendant must participate in the operation or management of the enterprise itself.  Although plaintiff is not required to prove that defendant had primary responsibility for the enterprise's affairs, some part in directing or controlling the enterprise's affairs is required.  An enterprise is operated not just by upper management, but also by lower level participants in the enterprise who are under the direction of upper management.  An enterprise might also be operated or managed by others associated with the enterprise who exert some degree of control over it.[21]

In an action under Section 1962(a), the law requires that defendant "use[d] or invest[ed], directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of" the enterprise.  To "acquire an interest in" means to obtain, receive, or gain in whatever manner a right, claim, title, or legal share in something.  To "establish" means to found or create.  To "operate" means to conduct the affairs of or to manage.  RICO Defendants must do more than simply acquire an interest in, establish, or

---

[20] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.42, p. 146 (5th ed., Vol. 3B, 2000).

[21] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.43, pp. 147-48 (5th ed., Vol. 3B, 2000).

operate the enterprise.  Section 1962(a) is violated only if these acts were accomplished through the use or investment, directly or indirectly, of income obtained from the pattern of racketeering activity or the proceeds of such income.  Section 1962(a) is not violated if RICO Defendants used income obtained from sources other than the pattern of racketeering activity to acquire an interest in, or to establish or operate, the enterprise.[22]

A "racketeering activity" means an act in violation of the federal mail, wire or securities fraud statutes.  You will be instructed on the law pertaining to these statutes to guide you in determining whether the Plaintiffs proved by a preponderance of the evidence that a RICO Defendant committed one or more violations of these statutes.  A "racketeering activity" may also be referred to as a "predicate offense."[23]

A "pattern of racketeering activity" requires that the plaintiff prove that a defendant committed at least two acts of "racketeering activity" within ten years of each other.  The proof of two or more predicate acts does not in and of itself establish a "pattern" under RICO.  The two acts need not be of the same kind.  For example, the acts may be one act of mail fraud and one act of wire fraud.  However, you must find by a preponderance of the evidence that the two acts occurred within the time specified and that each was connected with the other by some common scheme, plan or motive so as to constitute a "pattern."  A series of wholly separate, isolated or disconnected acts of racketeering activity does not constitute a pattern.[24]

---

[22] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.45, p. 151 (5th ed., Vol. 3B, 2000).

[23] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.46, pp. 151-52 (5th ed., Vol. 3B, 2000).

[24] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.47, pp. 153-54 (5th ed., Vol. 3B, 2000).

In other words, two or more otherwise unrelated acts of "racketeering activity" do not constitute a "pattern" of racketeering activity under RICO unless the acts all relate to a common scheme by the defendant to continually conduct the affairs of the alleged enterprise for illicit personal benefit, whether monetary or otherwise, for himself or for another, by committing the predicate offenses.[25]

As I instructed you, "racketeering activity" means an act in violation of the mail, wire and/or securities fraud statutes. However you may not consider just any racketeering act allegedly committed by a RICO Defendant in violation of one of these statutes as bearing on the question of whether a defendant has committed two or more predicate offenses as a pattern of racketeering activity. In making this determination, you are to consider only those specific racketeering acts alleged by the plaintiff against a particular defendant. Further, you cannot find that the defendant has engaged in a "pattern of racketeering activity" unless you unanimously agree to which of the alleged predicate offenses, if any, make up the pattern. Thus, it would not be sufficient if some of you should find that a RICO Defendant committed a violation of two or more predicate offenses under one particular statute as a pattern and the rest of you should find that a RICO Defendant committed a violation of two or more predicate acts under another statute as a pattern. In other words, you may not find that the defendant has engaged in a pattern of racketeering activity unless you (1) find a "pattern" of predicate offenses and (2) find that Plaintiffs have established by a preponderance of the evidence that a RICO Defendant committed each of the two or more predicate offenses that you find are necessary to make up the pattern.[26]

---

[25] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.48, p. 157 (5th ed., Vol. 3B, 2000).

[26] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.16, pp. 111-25 (5th ed., Vol. 3B, 2000).

It is necessary that Plaintiffs prove RICO Defendants committed an overt act in furtherance of the object of the conspiracy. An overt act is any transaction or event that may be entirely innocent when considered alone, but that is committed by a conspirator in an effort to accomplish some object of the conspiracy.[27]

You should note that the pattern must be one in which the RICO Defendant has participated as a "principal." Thus in order to satisfy the second element, the Plaintiffs must prove the RICO Defendant was a "principal" by showing by a preponderance of the evidence:

> 1. That RICO Defendants knowingly and willfully committed, or knowingly and willfully aided and abetted in the commission of two or more alleged predicate offenses that constitute the alleged pattern of racketeering activity, and

> 2. That RICO Defendants knowingly and willfully received income derived, directly or indirectly, from that alleged pattern of racketeering activity.

Plaintiff contends that RICO Defendants violated RICO by committing acts of mail fraud constituting a pattern of racketeering activity. In determining whether a pattern of racketeering activity has been proved, you may consider only RICO Defendants' deceptive or fraudulent activity. You may not consider innocent mailings although they may have continued for a substantial period of time.[28]

The word "knowingly," as that term has been used in these instructions, means that the action was done voluntarily and intentionally and not because of mistake or accident.[29]

---

[27] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.51, p. 159 (5th ed., Vol. 3B, 2000).

[28] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.16, pp. 111-25 (5th ed., Vol. 3B, 2000).

[29] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.52, p. 159 (5th ed., Vol. 3B, 2000).

The word "willfully," as that term has been used in these instructions, means that the action was committed voluntarily and purposely, with the specific intent to do something the law forbids. The action must be done with a bad purpose: either to disobey or disregard the law.[30]

Plaintiffs have alleged that each of the RICO Defendants has committed two or more predicate acts including violations of the mail fraud and wire fraud statutes.  It is your function to decide whether Plaintiffs have proved by a preponderance of the evidence as to each RICO Defendant whether that RICO Defendant violated either or both of those statutes on one or more occasions, if at all.  To establish that mail fraud has been committed, Plaintiffs must prove each of the following by a preponderance of the evidence as to each defendant so charged:

1.  Some person or persons willfully and knowingly devised a scheme or artifice to defraud, or a scheme for obtaining money or property by means of false pretenses, representations or promises, and

2.  Some person or persons used the United States Postal Service by mailing, or by causing to be mailed, some matter or thing for the purpose of executing the scheme to defraud.[31]

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive. The words "scheme" and "artifice" in the mail fraud statute include any plan or course of action intended to deceive others, and to obtain property by false or fraudulent pretenses, representations, or promises, from the persons so deceived.[32]

A statement or representation is "false" or "fraudulent" within the meaning of the mail fraud statute if it relates to a material fact and is known to be untrue or is made with reckless

---

[30] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.53, p. 160 (5th ed., Vol. 3B, 2000).

[31] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.16, pp. 111-25 (5th ed., Vol. 3B, 2000).

[32] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.54, pp. 160-61 (5th ed., Vol. 3B, 2000).

indifference as to its truth or falsity, and is made or caused to be made with intent to defraud.  A statement or representation may also be "false" or "fraudulent" if it constitutes a half truth, or effectively conceals a material fact, with intent to defraud.  A material fact is a fact that would be important to a reasonable person in deciding whether to engage in a particular transaction.  A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not engage in a particular transaction.  Good faith constitutes a complete defense to mail fraud.  It is not necessary that Plaintiffs prove: (1) all of the details concerning the precise nature and purpose of the scheme, or; (2) that the material was itself false or fraudulent, or; (3) that the alleged scheme actually succeeded in defrauding anyone, or; (4) that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.  What must be shown by a preponderance of the evidence is that defendant knowingly and willfully devised or intended to devise a scheme to defraud substantially the same as the one alleged by Plaintiffs. It also must be shown that the use of the U.S. mail was closely related to the scheme in that one or more of the RICO Defendants either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.  To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen.  Even if you find RICO Defendants misstated or omitted to state certain facts, if RICO Defendants believed in good faith that the statements made were true at the time of mailing there is no mail fraud.[33]

---

[33] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.55, pp. 161-62 (5th ed., Vol. 3B, 2000).

A false statement is "material" if it has the natural tendency to influence, or is capable of influencing, the decision of the person to whom it was addressed.[34]

To establish fraudulent intent on the part of any person for purposes of the mail and wire fraud statutes, it must be established that such person knowingly and intentionally attempted to deceive another.  One who knowingly and intentionally deceives another is chargeable with fraudulent intent, notwithstanding the manner and form in which the deception was attempted. To act with an "intent to defraud" means to act knowingly and with specific intent to deceive, ordinarily for the purpose of causing some financial loss to another, or to bring about some financial gain to one's self.  An intent to defraud may be inferred from a RICO Defendant's statements or conduct.  The words "scheme" and "artifice," as used in the mail and wire fraud statutes, include any plan or course of action intended to deceive another, or to obtain, by false or fraudulent pretenses, representations, or promises, money, or property from persons so deceived. A statement or representation is "false" or "fraudulent," within the meaning of the mail and wire fraud statutes, if it relates to a material fact and is known to be untrue, or if it is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud.  A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud.  It is not necessary that Plaintiffs prove all of the details concerning the precise nature and purpose of the scheme or plan; or that the material mailed was itself false or fraudulent; or that the alleged scheme actually

---

[34] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.56, p. 163 (5th ed., Vol. 3B, 2000).

succeeded in defrauding anyone; or that the use of the mail, the telephone, or the radio was intended as the specific or exclusive means of accomplishing the alleged fraud.[35]

Within the meaning of the mail or wire fraud statute, "to defraud" means to use dishonest methods or schemes and usually signifies the deprivation of something of value by trick, deceit, chicane, or overreaching.[36]

---

[35] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.57, pp. 163-64 (5th ed., Vol. 3B, 2000).

[36] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.59, p. 168 (5th ed., Vol. 3B, 2000).

## CAUSATION[37]

In order for Plaintiffs to prevail under RICO, Plaintiffs must prove by a preponderance of the evidence that RICO Defendants' RICO violations were the proximate cause of injury to Plaintiffs' business or property.  Accordingly, you must find that Plaintiffs suffered an injury to their business or property and that the injury was proximately caused by RICO Defendants' violation of RICO.  An injury or damage is proximately caused when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.  A person is injured in the person's business when the person suffers loss of money or profits or a reduction in the value or worth of the person's business.  A finding that the Plaintiffs were injured in their business or property because of the RICO Defendants' violation of RICO requires only that you find Plaintiffs were harmed by the predicate acts of RICO Defendants.  However, to find that injury to the Plaintiffs' business or property were caused by reason of the RICO Defendants' violation of RICO, you must find that the injury to Plaintiffs were caused by, and was a direct result of, the RICO Defendants' violation of either Section 1962(a) or (b) or (c).  Therefore, you must find that RICO Defendants' commission of the acts of racketeering, or the pattern of racketeering activity, or the conduct of the affairs of the enterprise through the pattern of racketeering activity directly resulted in the injury or played a substantial role in producing Plaintiffs' injury.  In order to establish that the RICO Defendants' acts proximately caused Plaintiffs' injuries, they must prove that they reasonably relied on the RICO Defendants' purported fraudulent acts.

---

[37] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.70, pp. 170-71 (5th ed., Vol. 3B, 2000).

## **DEFENSES**[38]

RICO Defendants generally deny the existence of a RICO "enterprise" as I have previously defined that term for you. RICO Defendants also deny that they committed any of the predicate acts necessary to give rise to a RICO violation. RICO Defendants specifically deny that they invested income in a RICO enterprise as required by 1962(a), and further point out that Plaintiffs argument that money was diverted from ClassicStar is inconsistent with this claim. RICO Defendants further deny that Plaintiffs reasonably relied on any of the alleged fraudulent acts and state that you should consider Plaintiffs own motivations for participating in the ClassicStar Mare Lease Program in considering the validity of their claims.

---

[38] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.80, p. 173 (5th ed., Vol. 3B, 2000).

## DAMAGES[39]

In considering the issue of Plaintiffs' damages, if any, with respect to the RICO claims, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to Plaintiffs in their business or property, no more and no less.  Damages may not be based on speculation because it is only actual damages - what the law calls compensatory damages - that you are to determine.

Under Section 1964(c), Plaintiffs may recover only for injury to their business or property.  Injury to business may include lost profits and expenses incurred in connection with RICO Defendants' RICO violation and decrease in the value or worth of the business or property itself.  Injury to property includes the value of any personal or real property that has been diminished in value by the RICO Defendants' alleged actions.

Because Section 1964(c) limits Plaintiffs' recovery to business or property injuries, you may not compensate Plaintiffs for other losses, such as personal injuries or emotional harm.

In considering the issue of damages, if any, with respect to the RICO claims, you must assess the amount you find justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to the Plaintiffs in their business or property.  Damages may not be based on speculation because it is only actual damages, what the law calls compensatory damages, that you are to determine.

You should consider the amount of damages, if any, as to each RICO Defendant with respect to each RICO claim separately and independently from the amount of damages, if any, with respect to the other, non-RICO claims.  For example, if you determine that damages should be awarded to the Plaintiffs under their RICO claim, you should award full, just and reasonable

---

[39] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.90, pp. 173-74 (5th ed., Vol. 3B, 2000).

compensation for damages under the RICO claim, without regard to the damages, if any, you might award under any other claim brought by Plaintiffs.


## CAUTIONARY INSTRUCTION[40]

The fact that I have given you instructions concerning the issue of the Plaintiffs' damages should not be interpreted in any way as an indication that I believe that Plaintiffs should or should not prevail in this case.  The interrogatories which you will answer contain several questions about damages under different laws and different theories of recovery.

You should not draw any inference from the fact that a damage question has been asked. You must answer each Interrogatory separately and award damages, if appropriate, independently of damages which you may award under any other interrogatory.

---

[40] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.93, p. 180 (5th ed., Vol. 3B, 2000).

## SECURITIES CLAIMS

The buying and selling of securities is controlled by the securities laws.  One who violates the securities laws is liable for damages caused by the violation.  The securities laws generally prohibit misrepresentation of material facts, omission of material facts, and false registration in connection with the purchase and sale of securities.

A "security" is an investment in an enterprise with the expectation of profit from the efforts of other people.  Common types of securities include stocks, bonds, debentures, warrants and investment contracts.[41]

Section 11 of the 1933 Securities Act allows purchasers of a registered security to sue certain listed parties in a registered offering when false or misleading information is included in the registration statement.  This section was designed to assure compliance with the disclosure provisions of the Act by imposing a stringent standard of liability on the parties who play a direct role in the role in the registered offering.

If Plaintiffs MacDonald or the Grovers purchased a security issued pursuant to a registration statement, these Plaintiffs are required to show a material misstatement or omission to establish their prima facie case.

Plaintiffs claim to have experienced a loss because of the Defendants' alleged misrepresentation of material facts or omission of material facts in the registration statement.

Defendants deny that the registration statement misrepresented material facts or omitted material facts.  Further, Defendants claim to have used due diligence in preparing the registration statement.[42]

---

[41] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 162.40, p. 230 (5th ed., Vol. 3B, 2000).

This case involves the purchase of alleged securities issued by FEEP. Following the stock market crash of 1929, federal and state governments passed laws to protect the integrity of the financial markets.  The underlying idea of these laws is that disclosure of material matters about securities that are bought and sold will protect the integrity of the marketplace.[43]

Plaintiffs MacDonald and the Grovers must prove by a preponderance of the evidence that they acquired a security that was the subject of the disputed registration statement.  Plaintiffs are not required to prove that the security was obtained directly from the issuer.  It is sufficient if Plaintiffs are able to trace the purchased security back to the first registered offering.  Plaintiffs must also demonstrate that the security acquired was part of the block of securities that was the subject of the registration statement.  A person may acquire a security by coming into lawful possession of the security by any means, including by purchase, transfer, or gift.  It is not necessary that Plaintiffs prove that they purchased the security.[44]

Plaintiffs must prove by a preponderance of the evidence that the registration statement in issue misrepresented or omitted a material fact.  A misrepresentation is a statement made in the registration statement that was false or misleading when it was made.  An omission is a failure to disclose a material fact in the registration statement that needed to be disclosed to keep the statements that were actually made from being misleading.  An omission focuses on what was not said rather than what was said.  In order for Plaintiffs to succeed on their misstatement or omissions claim, they must establish by a preponderance of the evidence that a statement was

---

[42] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 162.01, pp. 211-12 (5th ed., Vol. 3B, 2000).

[43] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 162.02, p. 213 (5th ed., Vol. 3B, 2000).

[44] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 162.21, pp. 219-20 (5th ed., Vol. 3B, 2000).

false, or that a statement that was required to be made was omitted, or that a statement actually made in the registration statement was misleading because other material facts were omitted.

In determining whether a material statement was true and accurate, you must evaluate the statement in light of the circumstances that existed when the statement was made. A statement regarding a material fact is not false or misleading merely because later events prove it to have been untrue or inaccurate. If a material statement was true when made but became untrue before the date that the registration is effective, then Defendants had a duty to correct the statement.

"Disclosure" means that a statement fairly and adequately tells a reasonable investor about the true state of affairs of the company offering the securities. In considering the fairness and adequacy of the disclosure of any given material fact, the statement need not contain minute details or backup data. Rather, the disclosure obligation is satisfied if sufficient details are provided, in reasonably understandable language or figures, so that the significance of the disclosure is understandable to a reasonable investor. There is no requirement that a material fact be expressed in certain words or in a certain form of language. However, the language used and the position and emphasis given to each statement may be considered in determining whether a material fact has been fairly and reasonably disclosed.

Representations in a registration statement must be interpreted according to the plain meaning of the words used and must be read in the entire context in which they are made. In determining the adequacy of a disclosure in a registration statement, the disclosure must be reviewed from the standpoint of the reasonable investor. In considering whether a material fact was omitted, you must consider whether the information was already in the public domain. While full disclosure is an essential part of the federal securities regulations, there is no duty to disclose information to one who reasonably should already be aware of it. When determining the

completeness and accuracy of auditing financial statements, you should consider whether, in order to keep the financial statements from being materially misleading, it was necessary to disclose events occurring after the audit but before the effective date of the registration statement.[45]

If you find the registration statement contained an untrue fact or an omission, then you must decide if the facts misrepresented in or omitted from the statement are material. A fact is material if there is a substantial likelihood that a reasonable investor would consider the statement or fact to be significant or important in making an investment decision. This is an objective test, measuring what facts a hypothetical, reasonable investor would probably think important, not what any individual plaintiff actually considered to be important. You do not need to find that the misrepresented or omitted fact would have changed the decision to invest, only that it would be considered significant. A finding of materiality must be based on the facts existing when the statement was made. Materiality cannot be changed in hindsight. You may not consider events occurring after the statement or omission in determining whether the statement or omission was material when it was made. A statement or omission made after the time of the investment cannot be material to that investment.[46]

Plaintiffs must prove by a preponderance of the evidence that Defendants are persons in one of the categories specified in the federal and state statutes. These categories are:

1.    Persons who signed the registration statement.

2.    Any person who was a director of (or person performing similar functions) or partner in the issuer at the time of the filing of the part of the registration statement with respect to which that person's liability is asserted.

---

[45] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 162.22, pp. 220-21 (5th ed., Vol. 3B, 2000).

[46] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 162.23, pp. 222-23 (5th ed., Vol. 3B, 2000).

3.      A person who, with the person's consent, is named in the registration statement as being or about to become a director, person performing similar functions, or partner.

4.      An accountant, engineer, or appraiser, or any person whose profession gives authority to a statement made by that person, who has with his or her consent been named as having prepared or certified any part of the registration statement, or as having prepared or certified any report or valuation used in connection with the registration statement, with respect to the statement in the registration statement, report, or valuation, which purports to have been prepared or certified by that person.

5.      An underwriter with respect to the security acquired by the plaintiff.[47]

---

[47] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 162.24, pp. 225-26 (5th ed., Vol. 3B, 2000).

### OTHER DEFINITIONS

When the negligent acts or omissions of two or more persons contribute concurrently, and as proximate causes, to the injury and damage of another, each of such persons is liable. This is true regardless of the relative blame or fault of each.[48]  Since a corporation can act only through its officers, or employees, or other agents, the burden is on the Plaintiffs to establish by a preponderance of the evidence that the negligence of one or more officers, or employees, or other agents, of the corporate Defendants  was a proximate cause of any injuries and consequent damages sustained by the Plaintiffs.[49]

In order to find a corporate defendant liable for the injuries caused by one of the individuals, you must first find that the individual was an employee of the company.  In order for the individual to be an employee of the company, the company must have had the right to control and direct the work being performed.  That right of control of the work must include more than merely the right to control the results of the work.  The company must have also been able to control the means of accomplishing the work.  In determining whether you believe that the company had the right to control the means of accomplishing the work, you may consider the following factors:

> (1)     the extent to which the company had the right to control the means of accomplishing the work;

> (2)     the extent to which the company furnished the necessary tools or equipment to accomplish the work;

> (3)     the extent to which the company furnished additional help or assistants to accomplish the work;

---

[48] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 120.50, p. 263 (5th ed., Vol. 3B, 2000).

[49] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 120.51, p. 263 (5th ed., Vol. 3B, 2000).

(4)     the extent to which the person doing the work had the opportunity to realize a profit form the work or whether the person was paid regular wages;

(5)     the extent to which the relationship with the company had an expectation of permanency;

(6)     the extent to which the work being performed was a regular part of the company's business; and

(7)     the extent to which the parties expressed the right of the company to control the means of accomplishing the work in any written employment contracts.

In considering these factors, you should keep in mind that no single factor should be considered conclusive, but should, instead, be considered in conjunction with the whole circumstances of the activity.[50]   If you find from the facts that the company failed to have the right to control the means of accomplishing the work, then, even thought the plaintiff was injured by the conduct of the individual who was a supposed employee of the company, you shall find for the company.[51]

Moreover, Plaintiffs claim that the companies and the individuals are the alter ego of each other.  This amounts to a claim that those parties should be treated as being one and the same entity or person under the law so that the separate corporate existence should be disregarded and Defendants should be held personally liable for their obligations.  With respect to that issue, you are instructed that a corporation, generally, is a separate legal entity authorized under the law to do business in its own right and on its own credit as distinguished from the credit and assets of other persons or corporations.  Also, the mere fact that one or two individuals own and control the stock structure of a corporation, or that two corporations have common officers or directors, or both, does not mean that the corporation may be regarded as the alter ego of its stockholders.

---

[50] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 16.01, p 16-3 (2d ed., 2011).

[51] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 16.02, p 16-4 (2d ed., 2011).

Fraud, as used in these instructions, mean that he defendant made a misrepresentation or omission knowingly and intentionally, not as a result of mistake or accident; that is, that the defendant either knew of the falsity of the misrepresentation or that the omission would create a false impression, or that he or she made the misrepresentation, or omission, recklessly without any knowledge of its truth as a positive assertion.[52]

A misrepresentation is fraudulent if the maker of the statement intends his or her assertion to induce a party to take certain action and the maker: (1) knows or believes that the assertion is not in accordance with the facts, or (2) does not have confidence in the accuracy of the statement.[53]

In order for a contract to be binding and enforceable, several requirements must be met. There must be evidence sufficient to prove that there was an offer made by one of the parties, and that the other party accepted the offer.  In addition, there must be evidence that the parties supplied consideration for the formation of the agreement.  Finally, it is necessary that the parties had a meeting of the minds on all of the essential terms and conditions of the agreement.  If you find from the evidence, that all of the above requirements have been satisfied, then you will find that a legally binding and enforceable contract was formed.[54]

As used in these instructions, an "offer" is the manifestation of a willingness to enter into a bargain, so made as to justify another person in understanding that his or her assent to that

---

[52] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 2.02, p 2-5 (2d ed., 2011).

[53] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 2.03, p 2-6 (2d ed., 2011).

[54] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 4.01, p 4-4 (2d ed., 2011).

bargain is invited and will conclude it.[55]   As used in these instructions, the terms "acceptance means performance of the conditions of the offer.   In order to find that the offer has been accepted, therefore, you must find from the facts that acceptance meets the form specified in the offer.   In addition, in order to find an acceptance, you must find that the acceptance was clear and unequivocal.[56]   As used in these instructions, the term "consideration" means the inducement to enter into the agreement.   It is the cause, motive, price, or impelling influence which induced the party to enter into the contract.   It may include some right, interest, profit, or benefit accruing tone party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.[57]

---

[55] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 4.03, p 4-6 (2d ed., 2011).

[56] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 4.04, p 4-7 (2d ed., 2011).

[57] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 4.05, p 4-8 (2d ed., 2011).

## QUESTION NO. 1

Do you find from a preponderance of the evidence:

(1)      There were was an enterprise;

(2)      That the enterprise engaged in or had some effect on interstate commerce;

(3)      That the RICO Defendants derived income, directly or indirectly, from a pattern of racketeering activity; and

(4)      That some part of that income was used to acquire an interest in, to establish, or to operate the alleged enterprises?

Answer as to each RICO Defendant and each alleged enterprise.[58]

ClassicStar:                       _____ Yes        or      _____ No

      Which Enterprise:      _____ ClassicStar, LLC      _____ ClassicStar 2004, LLC

                                _____ ClassicStar Farms, LLC      _____ GeoStar Corporation

                                _____ ClassicStar Association In Fact

ClassicStar Farms:              _____ Yes        or      _____ No

      Which Enterprise:      _____ ClassicStar, LLC      _____ ClassicStar 2004, LLC

                                _____ ClassicStar Farms, LLC      _____ GeoStar Corporation

                                _____ ClassicStar Association In Fact

ClassicStar 2004:              _____ Yes        or      _____ No

      Which Enterprise:      _____ ClassicStar, LLC      _____ ClassicStar 2004, LLC

                                _____ ClassicStar Farms, LLC      _____ GeoStar Corporation

                                _____ ClassicStar Association In Fact

CFI:                               _____ Yes        or      _____ No

---

[58] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.100, pp. 181-182 (5th ed., Vol. 3B, 2000).  *See also* 18 U.S.C. 1962(a).

Which Enterprise: _____ ClassicStar, LLC   _____ ClassicStar 2004, LLC

_____ ClassicStar Farms, LLC   _____ GeoStar Corporation

_____ ClassicStar Association In Fact

<u>NELC</u>:   _____ Yes   or   _____ No

Which Enterprise: _____ ClassicStar, LLC   _____ ClassicStar 2004, LLC

_____ ClassicStar Farms, LLC   _____ GeoStar Corporation

_____ ClassicStar Association In Fact

<u>New NEL</u>:   _____ Yes   or   _____ No

Which Enterprise: _____ ClassicStar, LLC   _____ ClassicStar 2004, LLC

_____ ClassicStar Farms, LLC   _____ GeoStar Corporation

_____ ClassicStar Association In Fact

<u>GeoStar</u>:   _____ Yes   or   _____ No

Which Enterprise: _____ ClassicStar, LLC   _____ ClassicStar 2004, LLC

_____ ClassicStar Farms, LLC   _____ GeoStar Corporation

_____ ClassicStar Association In Fact

<u>Gastar</u>:   _____ Yes   or   _____ No

Which Enterprise: _____ ClassicStar, LLC   _____ ClassicStar 2004, LLC

_____ ClassicStar Farms, LLC   _____ GeoStar Corporation

_____ ClassicStar Association In Fact

<u>Parrott</u>:   _____ Yes   or   _____ No

Which Enterprise: _____ ClassicStar, LLC   _____ ClassicStar 2004, LLC

_____ ClassicStar Farms, LLC   _____ GeoStar Corporation

_____ ClassicStar Association In Fact

Robinson:    _____ Yes  or  _____ No

  Which Enterprise: _____ ClassicStar, LLC _____ ClassicStar 2004, LLC

       _____ ClassicStar Farms, LLC _____ GeoStar Corporation

       _____ ClassicStar Association In Fact

Ferguson:    _____ Yes  or  _____ No

  Which Enterprise: _____ ClassicStar, LLC _____ ClassicStar 2004, LLC

       _____ ClassicStar Farms, LLC _____ GeoStar Corporation

       _____ ClassicStar Association In Fact

Plummer:    _____ Yes  or  _____ No

  Which Enterprise: _____ ClassicStar, LLC _____ ClassicStar 2004, LLC

       _____ ClassicStar Farms, LLC _____ GeoStar Corporation

       _____ ClassicStar Association In Fact

Spencer:    _____ Yes  or  _____ No

  Which Enterprise: _____ ClassicStar, LLC _____ ClassicStar 2004, LLC

       _____ ClassicStar Farms, LLC _____ GeoStar Corporation

       _____ ClassicStar Association In Fact

_____
FOREPERSON (if unanimous)

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 2

Do you find from a preponderance of the evidence:

(1)     That an enterprise existed;

(2)     That the enterprise engaged in or had some effect upon interstate or foreign commerce;

(3)     That the RICO Defendants were employed by or associated with the alleged enterprise;

(4)     That the RICO Defendants knowingly and willfully conducted or participated, directly or indirectly, in the conduct of the affairs of the alleged enterprises; and

(5)     That the RICO Defendants did so knowingly and willfully through a pattern of racketeering activity.

Answer as to each RICO Defendant and each enterprise.[59]

ClassicStar:                    _____ Yes          or      _____ No

        Which Enterprise:       _____ ClassicStar, LLC       _____ ClassicStar 2004, LLC

                                _____ ClassicStar Farms, LLC   _____ GeoStar Corporation

                                _____ ClassicStar Association In Fact

ClassicStar Farms:              _____ Yes          or      _____ No

        Which Enterprise:       _____ ClassicStar, LLC       _____ ClassicStar 2004, LLC

                                _____ ClassicStar Farms, LLC   _____ GeoStar Corporation

                                _____ ClassicStar Association In Fact

ClassicStar 2004:               _____ Yes          or      _____ No

        Which Enterprise:       _____ ClassicStar, LLC       _____ ClassicStar 2004, LLC

---

[59] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.100, pp. 181-182 (5th ed., Vol. 3B, 2000).  *See also* 18 U.S.C. 1962(c).

_____ ClassicStar Farms, LLC          _____ GeoStar Corporation

_____ ClassicStar Association In Fact

CFI:                      _____ Yes          or          _____ No

    Which Enterprise:     _____ ClassicStar, LLC          _____ ClassicStar 2004, LLC

_____ ClassicStar Farms, LLC          _____ GeoStar Corporation

_____ ClassicStar Association In Fact

NELC:                    _____ Yes          or          _____ No

    Which Enterprise:     _____ ClassicStar, LLC          _____ ClassicStar 2004, LLC

_____ ClassicStar Farms, LLC          _____ GeoStar Corporation

_____ ClassicStar Association In Fact

New NEL:                 _____ Yes          or          _____ No

    Which Enterprise:     _____ ClassicStar, LLC          _____ ClassicStar 2004, LLC

_____ ClassicStar Farms, LLC          _____ GeoStar Corporation

_____ ClassicStar Association In Fact

GeoStar:                 _____ Yes          or          _____ No

    Which Enterprise:     _____ ClassicStar, LLC          _____ ClassicStar 2004, LLC

_____ ClassicStar Farms, LLC          _____ GeoStar Corporation

_____ ClassicStar Association In Fact

Gastar:                  _____ Yes          or          _____ No

    Which Enterprise:     _____ ClassicStar, LLC          _____ ClassicStar 2004, LLC

_____ ClassicStar Farms, LLC          _____ GeoStar Corporation

_____ ClassicStar Association In Fact

Parrott:                 _____ Yes          or          _____ No

Which Enterprise:    _____ ClassicStar, LLC    _____ ClassicStar 2004, LLC

                       _____ ClassicStar Farms, LLC    _____ GeoStar Corporation

                       _____ ClassicStar Association In Fact

Robinson:             _____ Yes    or    _____ No

Which Enterprise:    _____ ClassicStar, LLC    _____ ClassicStar 2004, LLC

                       _____ ClassicStar Farms, LLC    _____ GeoStar Corporation

                       _____ ClassicStar Association In Fact

Ferguson:             _____ Yes    or    _____ No

Which Enterprise:    _____ ClassicStar, LLC    _____ ClassicStar 2004, LLC

                       _____ ClassicStar Farms, LLC    _____ GeoStar Corporation

                       _____ ClassicStar Association In Fact

Plummer:             _____ Yes    or    _____ No

Which Enterprise:    _____ ClassicStar, LLC    _____ ClassicStar 2004, LLC

                       _____ ClassicStar Farms, LLC    _____ GeoStar Corporation

                       _____ ClassicStar Association In Fact

Spencer:             _____ Yes    or    _____ No

Which Enterprise:    _____ ClassicStar, LLC    _____ ClassicStar 2004, LLC

                       _____ ClassicStar Farms, LLC    _____ GeoStar Corporation

                       _____ ClassicStar Association In Fact

55

_____
FOREPERSON (if unanimous)

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 3

Do you find from a preponderance of the evidence:

(1)     That two or more RICO Defendants in some way or manner came to a mutual understanding to attempt to accomplish a common and unlawful plan, that is that while being employed by or associated with an enterprise, they engaged in activities which affected interstate or foreign commerce, or conducted the affairs of the alleged enterprise through a pattern of racketeering activity, in the manner charged;

(2)     That the RICO Defendants knowingly and willfully became members of a conspiracy by objectively indicating, through their words or actions, their agreement to conduct or participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity; and

(3)     That at least one of the conspirators committed at least one overt act during the existence of a conspiracy in an effort to accomplish some object or purpose of the conspiracy.

Answer as to each RICO Defendant and each enterprise.[60]

ClassicStar:                         _____ Yes          or         _____ No

       Which Enterprise:        _____ ClassicStar, LLC        _____ ClassicStar 2004, LLC

                                              _____ ClassicStar Farms, LLC        _____ GeoStar Corporation

                                              _____ ClassicStar Association In Fact

ClassicStar Farms:              _____ Yes          or         _____ No

       Which Enterprise:        _____ ClassicStar, LLC        _____ ClassicStar 2004, LLC

                                                _____ ClassicStar Farms, LLC        _____ GeoStar Corporation

                                              _____ ClassicStar Association In Fact

---

[60] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 161.100, pp. 181-182 (5th ed., Vol. 3B, 2000).  *See also* 18 U.S.C. 1962(d).

ClassicStar 2004:      _____ Yes     or     _____ No

      Which Enterprise:  _____ ClassicStar, LLC    _____ ClassicStar 2004, LLC

                                 _____ ClassicStar Farms, LLC    _____ GeoStar Corporation

                                 _____ ClassicStar Association In Fact

CFI:      _____ Yes     or     _____ No

      Which Enterprise:  _____ ClassicStar, LLC    _____ ClassicStar 2004, LLC

                                 _____ ClassicStar Farms, LLC    _____ GeoStar Corporation

                                 _____ ClassicStar Association In Fact

NELC:      _____ Yes     or     _____ No

      Which Enterprise:  _____ ClassicStar, LLC    _____ ClassicStar 2004, LLC

                                 _____ ClassicStar Farms, LLC    _____ GeoStar Corporation

                                 _____ ClassicStar Association In Fact

New NEL:      _____ Yes     or     _____ No

      Which Enterprise:  _____ ClassicStar, LLC    _____ ClassicStar 2004, LLC

                                 _____ ClassicStar Farms, LLC    _____ GeoStar Corporation

                                 _____ ClassicStar Association In Fact

GeoStar:      _____ Yes     or     _____ No

      Which Enterprise:  _____ ClassicStar, LLC    _____ ClassicStar 2004, LLC

                                 _____ ClassicStar Farms, LLC    _____ GeoStar Corporation

                                 _____ ClassicStar Association In Fact

Gastar:      _____ Yes     or     _____ No

      Which Enterprise:  _____ ClassicStar, LLC    _____ ClassicStar 2004, LLC

                                 _____ ClassicStar Farms, LLC    _____ GeoStar Corporation

_____ ClassicStar Association In Fact

Parrott:                    _____ Yes          or          _____ No

    Which Enterprise:          _____ ClassicStar, LLC          _____ ClassicStar 2004, LLC

                         _____ ClassicStar Farms, LLC          _____ GeoStar Corporation

                         _____ ClassicStar Association In Fact

Robinson:                    _____ Yes          or          _____ No

    Which Enterprise:          _____ ClassicStar, LLC          _____ ClassicStar 2004, LLC

                         _____ ClassicStar Farms, LLC          _____ GeoStar Corporation

                         _____ ClassicStar Association In Fact

Ferguson:                    _____ Yes          or          _____ No

    Which Enterprise:          _____ ClassicStar, LLC          _____ ClassicStar 2004, LLC

                         _____ ClassicStar Farms, LLC          _____ GeoStar Corporation

                         _____ ClassicStar Association In Fact

Plummer:                    _____ Yes          or          _____ No

    Which Enterprise:          _____ ClassicStar, LLC          _____ ClassicStar 2004, LLC

                         _____ ClassicStar Farms, LLC          _____ GeoStar Corporation

                         _____ ClassicStar Association In Fact

Spencer:                    _____ Yes          or          _____ No

    Which Enterprise:          _____ ClassicStar, LLC          _____ ClassicStar 2004, LLC

                         _____ ClassicStar Farms, LLC          _____ GeoStar Corporation

                         _____ ClassicStar Association In Fact

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 4

Do you find from a preponderance of the evidence:

      (a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to West Hills that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

      (b)     That this material representation was false;

      (c)     That Defendants made this material representation recklessly or knowing it to be false;

      (d)     That Defendants made this material representation with the intent to induce West Hills to take action based upon it;

      (e)     That West Hills justifiably relied upon the material representation to its detriment; AND

      (f)     That the material representation by Defendants was the proximate cause of the injury to West Hills?

Answer as to each Defendant.[61]

      Plummer:         _____ Yes      or     _____ No

      Ferguson:        _____ Yes      or     _____ No

      Spencer:         _____ Yes      or     _____ No

      ClassicStar:      _____ Yes      or     _____ No

      GeoStar:         _____ Yes      or     _____ No

      ClassicStar Farms:    _____ Yes      or     _____ No

      ClassicStar 2004:     _____ Yes      or     _____ No

      CFI:             _____ Yes      or     _____ No

      NELC:           _____ Yes      or     _____ No

---

[61] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

New NEL:          _____ Yes        or      _____ No

Buffalo Ranch:      _____ Yes        or      _____ No

FEEP:             _____ Yes        or      _____ No

GEEI:             _____ Yes        or      _____ No

Gastar:           _____ Yes        or      _____ No

Robinson:        _____ Yes        or      _____ No

Parrott:          _____ Yes        or      _____ No


_____
FOREPERSON (if unanimous)

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 5

Do you find from a preponderance of the evidence:

     (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Arbor that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

     (b)    That this material representation was false;

     (c)    That Defendants made this material representation recklessly or knowing it to be false;

     (d)    That Defendants made this material representation with the intent to induce Arbor to take action based upon it;

     (e)    That Arbor justifiably relied upon the material representation to its detriment; AND

     (f)    That the material representation by Defendants was the proximate cause of the injury to Arbor?

Answer as to each Defendant.[62]

    Plummer:        _____ Yes    or    _____ No

    Ferguson:        _____ Yes    or    _____ No

    Spencer:        _____ Yes    or    _____ No

    ClassicStar:        _____ Yes    or    _____ No

    GeoStar:        _____ Yes    or    _____ No

    ClassicStar Farms:        _____ Yes    or    _____ No

    ClassicStar 2004:        _____ Yes    or    _____ No

    CFI:        _____ Yes    or    _____ No

    NELC:        _____ Yes    or    _____ No

---

[62] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

New NEL:          _____ Yes      or      _____ No

Buffalo Ranch:     _____ Yes      or      _____ No

FEEP:             _____ Yes      or      _____ No

GEEI:             _____ Yes      or      _____ No

Gastar:           _____ Yes      or      _____ No

Robinson:       _____ Yes      or      _____ No

Parrott:         _____ Yes      or      _____ No


_____
FOREPERSON (if unanimous)

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 6

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Nelson that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce Nelson to take action based upon it;

(e)      That Nelson justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to Nelson?

Answer as to each Defendant.[63]

| | | | | |
|---|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[63] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

New NEL:                    _____ Yes        or        _____ No

Buffalo Ranch:             _____ Yes        or        _____ No

FEEP:                      _____ Yes        or        _____ No

GEEI:                      _____ Yes        or        _____ No

Gastar:                    _____ Yes        or        _____ No

Robinson:                  _____ Yes        or        _____ No

Parrott:                   _____ Yes        or        _____ No


_____
FOREPERSON (if unanimous)

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____


MEMBERS OF THE JURY
(if not unanimous)

66

**QUESTION NO. 7**

Do you find from a preponderance of the evidence:

    (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to MacDonald that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

    (b)    That this material representation was false;

    (c)    That Defendants made this material representation recklessly or knowing it to be false;

    (d)    That Defendants made this material representation with the intent to induce MacDonald to take action based upon it;

    (e)    That MacDonald justifiably relied upon the material representation to its detriment; AND

    (f)    That the material representation by Defendants was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.[64]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[64] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

New NEL:                    _____ Yes        or        _____ No

Buffalo Ranch:             _____ Yes        or        _____ No

FEEP:                       _____ Yes        or        _____ No

GEEI:                       _____ Yes        or        _____ No

Gastar:                     _____ Yes        or        _____ No

Robinson:                   _____ Yes        or        _____ No

Parrott:                    _____ Yes        or        _____ No



_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

68

## <u>QUESTION NO. 8</u>

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to the Grovers that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce the Grovers to take action based upon it;

(e)     That the Grovers justifiably relied upon the material representation to their detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.[65]

| | | | |
|---|---|---|---|
| <u>Plummer</u>: | _____ Yes | or | _____ No |
| <u>Ferguson</u>: | _____ Yes | or | _____ No |
| <u>Spencer</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar</u>: | _____ Yes | or | _____ No |
| <u>GeoStar</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar Farms</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar 2004</u>: | _____ Yes | or | _____ No |
| <u>CFI</u>: | _____ Yes | or | _____ No |
| <u>NELC</u>: | _____ Yes | or | _____ No |

---

[65] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

New NEL:                    _____ Yes          or          _____ No

Buffalo Ranch:              _____ Yes          or          _____ No

FEEP:                       _____ Yes          or          _____ No

GEEI:                       _____ Yes          or          _____ No

Gastar:                     _____ Yes          or          _____ No

Robinson:                   _____ Yes          or          _____ No

Parrott:                    _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)


_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____


MEMBERS OF THE JURY
(if not unanimous)

70

## QUESTION NO. 9

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to West Hills that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce West Hills to take such action;

(e)     That West Hills justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to West Hills?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 4, then you cannot answer "Yes" to that same Defendant in the present question.[66]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |

---

[66] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

NELC:               _____ Yes          or          _____ No

New NEL:            _____ Yes          or          _____ No

Buffalo Ranch:      _____ Yes          or          _____ No

FEEP:               _____ Yes          or          _____ No

GEEI:               _____ Yes          or          _____ No

Gastar:             _____ Yes          or          _____ No

Robinson:           _____ Yes          or          _____ No

Parrott:            _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)


72

## QUESTION NO. 10

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Arbor that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce Arbor to take such action;

(e)     That Arbor justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Arbor?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 5, then you cannot answer "Yes" to that same Defendant in the present question.[67]

| | | | | |
|---|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |

---

[67] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

NELC:                  _____ Yes          or          _____ No

New NEL:               _____ Yes          or          _____ No

Buffalo Ranch:         _____ Yes          or          _____ No

FEEP:                  _____ Yes          or          _____ No

GEEI:                  _____ Yes          or          _____ No

Gastar:                _____ Yes          or          _____ No

Robinson:              _____ Yes          or          _____ No

Parrott:               _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)


_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____


MEMBERS OF THE JURY
(if not unanimous)

74

## QUESTION NO. 11

Do you find from a preponderance of the evidence:

      (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Nelson that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

      (b)    That this material representation was false;

      (c)    That Defendants provided this assistance recklessly or knowing it to be false;

      (d)    That Defendants provided this assistance with the intent to induce Nelson to take such action;

      (e)    That Nelson justifiably relied upon the material representation to its detriment; AND

      (f)    That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Nelson?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 6, then you cannot answer "Yes" to that same Defendant in the present question.[68]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |

---

[68] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

NELC: _____ Yes  or  _____ No

New NEL: _____ Yes  or  _____ No

Buffalo Ranch: _____ Yes  or  _____ No

FEEP: _____ Yes  or  _____ No

GEEI: _____ Yes  or  _____ No

Gastar: _____ Yes  or  _____ No

Robinson: _____ Yes  or  _____ No

Parrott: _____ Yes  or  _____ No


_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 12

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to MacDonald that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce MacDonald to take such action;

(e)     That MacDonald justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 7, then you cannot answer "Yes" to that same Defendant in the present question.[69]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |

---

[69] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

NELC: _____ Yes   or   _____ No

New NEL: _____ Yes   or   _____ No

Buffalo Ranch: _____ Yes   or   _____ No

FEEP: _____ Yes   or   _____ No

GEEI: _____ Yes   or   _____ No

Gastar: _____ Yes   or   _____ No

Robinson: _____ Yes   or   _____ No

Parrott: _____ Yes   or   _____ No

_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 13

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to the Grovers that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce the Grovers to take such action;

(e)     That the Grovers justifiably relied upon the material representation to their detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.   If you answered "Yes" to one of these Defendants in Question No. 8, then you cannot answer "Yes" to that same Defendant in the present question.[70]

| | | | | |
|---|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |

---

[70] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

NELC:        _____ Yes     or     _____ No

New NEL:        _____ Yes     or     _____ No

Buffalo Ranch:        _____ Yes     or     _____ No

FEEP:        _____ Yes     or     _____ No

GEEI:        _____ Yes     or     _____ No

Gastar:        _____ Yes     or     _____ No

Robinson:        _____ Yes     or     _____ No

Parrott:        _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

MEMBERS OF THE JURY
(if not unanimous)

80

## <u>QUESTION NO. 14</u>

Do you find from a preponderance of the evidence:

  (a) That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to West Hills that West Hills would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

  (b) That this material representation was false;

  (c) That Defendants made this material representation recklessly or knowing it to be false;

  (d) That Defendants made this material representation with the intent to induce West Hills to take such action;

  (e) That West Hills justifiably relied upon the material representation to its detriment; AND

  (f) That the material representation by Defendants was the proximate cause of the injury to West Hills?

Answer as to each Defendant.[71]

  <u>Plummer</u>:   _____ Yes  or  _____ No

  <u>Ferguson</u>:   _____ Yes  or  _____ No

  <u>Spencer</u>:   _____ Yes  or  _____ No

  <u>ClassicStar</u>:   _____ Yes  or  _____ No

  <u>GeoStar</u>:   _____ Yes  or  _____ No

  <u>ClassicStar Farms</u>:  _____ Yes  or  _____ No

  <u>ClassicStar 2004</u>:  _____ Yes  or  _____ No

  <u>CFI</u>:   _____ Yes  or  _____ No

  <u>NELC</u>:   _____ Yes  or  _____ No

  <u>New NEL</u>:   _____ Yes  or  _____ No

---

[71] *Id.*

Buffalo Ranch: _____ Yes or _____ No

FEEP: _____ Yes or _____ No

GEEI: _____ Yes or _____ No

Gastar: _____ Yes or _____ No

Robinson: _____ Yes or _____ No

Parrott: _____ Yes or _____ No

_____
FOREPERSON (if unanimous)

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 15

Do you find from a preponderance of the evidence:

      (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Arbor that Arbor would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

      (b)    That this material representation was false;

      (c)    That Defendants made this material representation recklessly or knowing it to be false;

      (d)    That Defendants made this material representation with the intent to induce Arbor to take such action;

      (e)    That Arbor justifiably relied upon the material representation to its detriment; AND

      (f)    That the material representation by Defendants was the proximate cause of the injury to Arbor?

Answer as to each Defendant.[72]

        Plummer:             _____ Yes      or      _____ No

        Ferguson:             _____ Yes      or      _____ No

        Spencer:              _____ Yes      or      _____ No

        ClassicStar:          _____ Yes      or      _____ No

        GeoStar:              _____ Yes      or      _____ No

        ClassicStar Farms:    _____ Yes      or      _____ No

        ClassicStar 2004:     _____ Yes      or      _____ No

        CFI:                  _____ Yes      or      _____ No

        NELC:               _____ Yes      or      _____ No

        New NEL:            _____ Yes      or      _____ No

---

[72] *Id.*

Buffalo Ranch:  _____ Yes  or  _____ No

FEEP:  _____ Yes  or  _____ No

GEEI:  _____ Yes  or  _____ No

Gastar:  _____ Yes  or  _____ No

Robinson:  _____ Yes  or  _____ No

Parrott:  _____ Yes  or  _____ No


_____
FOREPERSON (if unanimous)


_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 16

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Nelson that Nelson would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce Nelson to take such action;

(e)     That Nelson justifiably relied upon the material representation to  its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to Nelson?

Answer as to each Defendant.[73]

| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[73] *Id.*

85

Buffalo Ranch:       _____ Yes     or     _____ No

FEEP:       _____ Yes     or     _____ No

GEEI:       _____ Yes     or     _____ No

Gastar:       _____ Yes     or     _____ No

Robinson:       _____ Yes     or     _____ No

Parrott:       _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)


_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____


MEMBERS OF THE JURY
(if not unanimous)

## <u>QUESTION NO. 17</u>

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to MacDonald that MacDonald would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce MacDonald to take such action;

(e)     That MacDonald justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.[74]

| | | | |
|---|---|---|---|
| <u>Plummer</u>: | _____ Yes | or | _____ No |
| <u>Ferguson</u>: | _____ Yes | or | _____ No |
| <u>Spencer</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar</u>: | _____ Yes | or | _____ No |
| <u>GeoStar</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar Farms</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar 2004</u>: | _____ Yes | or | _____ No |
| <u>CFI</u>: | _____ Yes | or | _____ No |
| <u>NELC</u>: | _____ Yes | or | _____ No |
| <u>New NEL</u>: | _____ Yes | or | _____ No |

---

[74] *Id.*

Buffalo Ranch:         _____ Yes        or       _____ No

FEEP:                  _____ Yes        or       _____ No

GEEI:                  _____ Yes        or       _____ No

Gastar:               _____ Yes        or       _____ No

Robinson:          _____ Yes        or       _____ No

Parrott:              _____ Yes        or       _____ No


_____
FOREPERSON (if unanimous)

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____


MEMBERS OF THE JURY
(if not unanimous)

88

## QUESTION NO. 18

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation the Grovers that the Grovers would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce the Grovers to take such action;

(e)     That the Grovers justifiably relied upon the material representation to their detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.[75]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[75] *Id.*

Buffalo Ranch:        _____ Yes      or      _____ No

FEEP:        _____ Yes      or      _____ No

GEEI:        _____ Yes      or      _____ No

Gastar:        _____ Yes      or      _____ No

Robinson:        _____ Yes      or      _____ No

Parrott:        _____ Yes      or      _____ No

_____
FOREPERSON (if unanimous)

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

MEMBERS OF THE JURY
(if not unanimous)

90

## <u>QUESTION NO. 19</u>

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to West Hills that West Hills would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce West Hills to take such action;

(e)     That West Hills justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to West Hills?

Answer as to each Defendant.   If you answered "Yes" to one of these Defendants in Question No. 14, then you cannot answer "Yes" to that same Defendant in the present question.[76]

| | | | |
|---|---|---|---|
| <u>Plummer</u>: | _____ Yes | or | _____ No |
| <u>Ferguson</u>: | _____ Yes | or | _____ No |
| <u>Spencer</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar</u>: | _____ Yes | or | _____ No |
| <u>GeoStar</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar Farms</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar 2004</u>: | _____ Yes | or | _____ No |
| <u>CFI</u>: | _____ Yes | or | _____ No |
| <u>NELC</u>: | _____ Yes | or | _____ No |

---

[76] *Id*.

New NEL:                     _____ Yes         or      _____ No

Buffalo Ranch:               _____ Yes         or      _____ No

FEEP:                        _____ Yes         or      _____ No

GEEI:                        _____ Yes         or      _____ No

Gastar:                      _____ Yes         or      _____ No

Robinson:                    _____ Yes         or      _____ No

Parrott:                     _____ Yes         or      _____ No


_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 20

Do you find from a preponderance of the evidence:

      (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Arbor that Arbor would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

      (b)    That this material representation was false;

      (c)    That Defendants provided this assistance recklessly or knowing it to be false;

      (d)    That Defendants provided this assistance with the intent to induce Arbor to take such action;

      (e)    That Arbor justifiably relied upon the material representation to its detriment; AND

      (f)    That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Arbor?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 15, then you cannot answer "Yes" to that same Defendant in the present question.[77]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[77] *Id.*

93

New NEL:              _____ Yes          or        _____ No

Buffalo Ranch:        _____ Yes          or        _____ No

FEEP:                 _____ Yes          or        _____ No

GEEI:                 _____ Yes          or        _____ No

Gastar:               _____ Yes          or        _____ No

Robinson:             _____ Yes          or        _____ No

Parrott:              _____ Yes          or        _____ No


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

94

## QUESTION NO. 21

Do you find from a preponderance of the evidence:

     (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Nelson that Nelson would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

     (b)    That this material representation was false;

     (c)    That Defendants provided this assistance recklessly or knowing it to be false;

     (d)    That Defendants provided this assistance with the intent to induce Nelson to take such action;

     (e)    That Nelson justifiably relied upon the material representation to its detriment; AND

     (f)    That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Nelson?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 16, then you cannot answer "Yes" to that same Defendant in the present question.[78]

| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[78] *Id.*

95

New NEL: _____ Yes     or     _____ No

Buffalo Ranch: _____ Yes     or     _____ No

FEEP: _____ Yes     or     _____ No

GEEI: _____ Yes     or     _____ No

Gastar: _____ Yes     or     _____ No

Robinson: _____ Yes     or     _____ No

Parrott: _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 22

Do you find from a preponderance of the evidence:

      (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to MacDonald that MacDonald would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

      (b)    That this material representation was false;

      (c)    That Defendants provided this assistance recklessly or knowing it to be false;

      (d)    That Defendants provided this assistance with the intent to induce MacDonald to take such action;

      (e)    That MacDonald justifiably relied upon the material representation to its detriment; AND

      (f)    That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 17, then you cannot answer "Yes" to that same Defendant in the present question.[79]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[79] *Id.*

New NEL:                    _____ Yes          or          _____ No

Buffalo Ranch:              _____ Yes          or          _____ No

FEEP:                       _____ Yes          or          _____ No

GEEI:                       _____ Yes          or          _____ No

Gastar:                     _____ Yes          or          _____ No

Robinson:                   _____ Yes          or          _____ No

Parrott:                    _____ Yes          or          _____ No


 

_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

## <u>QUESTION NO. 23</u>

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to the Grovers that the Grovers would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce the Grovers to take such action;

(e)     That the Grovers justifiably relied upon the material representation to their detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.   If you answered "Yes" to one of these Defendants in Question No. 18, then you cannot answer "Yes" to that same Defendant in the present question.[80]

| | | | |
|---|---|---|---|
| <u>Plummer</u>: | _____ Yes | or | _____ No |
| <u>Ferguson</u>: | _____ Yes | or | _____ No |
| <u>Spencer</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar</u>: | _____ Yes | or | _____ No |
| <u>GeoStar</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar Farms</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar 2004</u>: | _____ Yes | or | _____ No |
| <u>CFI</u>: | _____ Yes | or | _____ No |
| <u>NELC</u>: | _____ Yes | or | _____ No |

---
[80] *Id.*

New NEL: _____ Yes or _____ No

Buffalo Ranch: _____ Yes or _____ No

FEEP: _____ Yes or _____ No

GEEI: _____ Yes or _____ No

Gastar: _____ Yes or _____ No

Robinson: _____ Yes or _____ No

Parrott: _____ Yes or _____ No

_____
FOREPERSON (if unanimous)

MEMBERS OF THE JURY
(if not unanimous)

100

## QUESTION NO. 24

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to West Hills that the horses used in the Mare Lease Program had value corresponding with the value that was presented to West Hills in various marketing material;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce West Hills to take such action;

(e)     That West Hills justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to West Hills?

Answer as to each Defendant.[81]

| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[81] *Id.*

| | | | | |
|---|---|---|---|---|
| <u>Buffalo Ranch</u>: | _____ Yes | or | _____ No |
| <u>FEEP</u>: | _____ Yes | or | _____ No |
| <u>GEEI</u>: | _____ Yes | or | _____ No |
| <u>Gastar</u>: | _____ Yes | or | _____ No |
| <u>Robinson</u>: | _____ Yes | or | _____ No |
| <u>Parrott</u>: | _____ Yes | or | _____ No |

_____
FOREPERSON (if unanimous)

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 25

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Arbor that the horses used in the Mare Lease Program had value corresponding with the value that was presented to Arbor in various marketing material;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce Arbor to take such action;

(e)     That Arbor justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to Arbor?

Answer as to each Defendant.[82]

Plummer:              _____ Yes        or        _____ No

Ferguson:             _____ Yes        or        _____ No

Spencer:              _____ Yes        or        _____ No

ClassicStar:          _____ Yes        or        _____ No

GeoStar:              _____ Yes        or        _____ No

ClassicStar Farms:    _____ Yes        or        _____ No

ClassicStar 2004:     _____ Yes        or        _____ No

CFI:                  _____ Yes        or        _____ No

NELC:                 _____ Yes        or        _____ No

New NEL:              _____ Yes        or        _____ No

---

[82] *Id.*

103

Buffalo Ranch:        _____ Yes     or     _____ No

FEEP:        _____ Yes     or     _____ No

GEEI:        _____ Yes     or     _____ No

Gastar:        _____ Yes     or     _____ No

Robinson:        _____ Yes     or     _____ No

Parrott:        _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)


_____

_____

_____

_____

_____

_____


MEMBERS OF THE JURY
(if not unanimous)

104

## QUESTION NO. 26

Do you find from a preponderance of the evidence:

(a)      That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Nelson that the horses used in the Mare Lease Program had value corresponding with the value that was presented to Nelson in various marketing material;

(b)      That this material representation was false;

(c)      That Defendants made this material representation recklessly or knowing it to be false;

(d)      That Defendants made this material representation with the intent to induce Nelson to take such action;

(e)      That Nelson justifiably relied upon the material representation to its detriment; AND

(f)      That the material representation by Defendants was the proximate cause of the injury to Nelson?

Answer as to each Defendant.[83]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[83] *Id.*

Buffalo Ranch:      _____ Yes    or    _____ No

FEEP:      _____ Yes    or    _____ No

GEEI:      _____ Yes    or    _____ No

Gastar:      _____ Yes    or    _____ No

Robinson:      _____ Yes    or    _____ No

Parrott:      _____ Yes    or    _____ No


_____
FOREPERSON (if unanimous)


_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 27

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to MacDonald that the horses used in the Mare Lease Program had value corresponding with the value that was presented to MacDonald in various marketing material;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce MacDonald to take such action;

(e)     That MacDonald justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.[84]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[84] *Id.*

Buffalo Ranch:         _____ Yes        or       _____ No

FEEP:         _____ Yes        or       _____ No

GEEI:         _____ Yes        or       _____ No

Gastar:         _____ Yes        or       _____ No

Robinson:         _____ Yes        or       _____ No

Parrott:         _____ Yes        or       _____ No

_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 28

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to the Grovers that the horses used in the Mare Lease Program had value corresponding with the value that was presented to the Grovers in various marketing material;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce the Grovers to take such action;

(e)     That the Grovers justifiably relied upon the material representation to their detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.[85]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[85] *Id.*

Buffalo Ranch:       _____ Yes     or     _____ No

FEEP:       _____ Yes     or     _____ No

GEEI:       _____ Yes     or     _____ No

Gastar:       _____ Yes     or     _____ No

Robinson:       _____ Yes     or     _____ No

Parrott:       _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)


_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 29

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to West Hills that the horses used in the Mare Lease Program had value corresponding with the value that was presented to West Hills in various marketing material;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce West Hills to take such action;

(e)     That West Hills justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to West Hills?

Answer as to each Defendant.   If you answered "Yes" to one of these Defendants in Question No. 24, then you cannot answer "Yes" to that same Defendant in the present question.[86]

| Defendant | Yes | or | No |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[86] *Id.*

New NEL:                    _____ Yes          or          _____ No

Buffalo Ranch:             _____ Yes          or          _____ No

FEEP:                       _____ Yes          or          _____ No

GEEI:                       _____ Yes          or          _____ No

Gastar:                     _____ Yes          or          _____ No

Robinson:                   _____ Yes          or          _____ No

Parrott:                    _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)


112

## QUESTION NO. 30

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Arbor that the horses used in the Mare Lease Program had value corresponding with the value that was presented to Arbor in various marketing material;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce Arbor to take such action;

(e)     That Arbor justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Arbor?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 25, then you cannot answer "Yes" to that same Defendant in the present question.[87]

| | | | | |
|---|---|---|---|---|
| <u>Plummer</u>: | _____ Yes | or | _____ No |
| <u>Ferguson</u>: | _____ Yes | or | _____ No |
| <u>Spencer</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar</u>: | _____ Yes | or | _____ No |
| <u>GeoStar</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar Farms</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar 2004</u>: | _____ Yes | or | _____ No |
| <u>CFI</u>: | _____ Yes | or | _____ No |
| <u>NELC</u>: | _____ Yes | or | _____ No |

---

[87] *Id.*

New NEL:                    _____ Yes        or        _____ No

Buffalo Ranch:              _____ Yes        or        _____ No

FEEP:                       _____ Yes        or        _____ No

GEEI:                       _____ Yes        or        _____ No

Gastar:                     _____ Yes        or        _____ No

Robinson:                   _____ Yes        or        _____ No

Parrott:                    _____ Yes        or        _____ No


_____
FOREPERSON (if unanimous)


_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 31

Do you find from a preponderance of the evidence:

  (a) That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Nelson that the horses used in the Mare Lease Program had value corresponding with the value that was presented to Nelson in various marketing material;

  (b) That this material representation was false;

  (c) That Defendants provided this assistance recklessly or knowing it to be false;

  (d) That Defendants provided this assistance with the intent to induce Nelson to take such action;

  (e) That Nelson justifiably relied upon the material representation to its detriment; AND

  (f) That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Nelson?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 26, then you cannot answer "Yes" to that same Defendant in the present question.[88]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[88] *Id.*

New NEL:   _____ Yes  or  _____ No

Buffalo Ranch:  _____ Yes  or  _____ No

FEEP:    _____ Yes  or  _____ No

GEEI:    _____ Yes  or  _____ No

Gastar:    _____ Yes  or  _____ No

Robinson:   _____ Yes  or  _____ No

Parrott:    _____ Yes  or  _____ No


_____
FOREPERSON (if unanimous)

_____

_____

_____

_____

_____

_____

MEMBERS OF THE JURY
(if not unanimous)

116

## QUESTION NO. 32

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to MacDonald that the horses used in the Mare Lease Program had value corresponding with the value that was presented to the Plaintiffs in various marketing material;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce MacDonald to take such action;

(e)     That MacDonald justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.   If you answered "Yes" to one of these Defendants in Question No. 27, then you cannot answer "Yes" to that same Defendant in the present question.[89]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

_____

[89] *Id.*

New NEL:             _____ Yes        or        _____ No

Buffalo Ranch:       _____ Yes        or        _____ No

FEEP:                _____ Yes        or        _____ No

GEEI:                _____ Yes        or        _____ No

Gastar:              _____ Yes        or        _____ No

Robinson:            _____ Yes        or        _____ No

Parrott:             _____ Yes        or        _____ No


_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

118

## QUESTION NO. 33

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to the Grovers that the horses used in the Mare Lease Program had value corresponding with the value that was presented to the Plaintiffs in various marketing material;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce the Grovers to take such action;

(e)     That the Grovers justifiably relied upon the material representation to their detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.   If you answered "Yes" to one of these Defendants in Question No. 28, then you cannot answer "Yes" to that same Defendant in the present question.[90]

| Plummer: | _____ Yes | or | _____ No |
|---|---|---|---|
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

[90] *Id.*

New NEL:                _____ Yes        or        _____ No

Buffalo Ranch:          _____ Yes        or        _____ No

FEEP:                   _____ Yes        or        _____ No

GEEI:                   _____ Yes        or        _____ No

Gastar:                 _____ Yes        or        _____ No

Robinson:               _____ Yes        or        _____ No

Parrott:                _____ Yes        or        _____ No


_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

120

## QUESTION NO. 34

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to West Hills that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce West Hills to take such action;

(e)     That West Hills justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to West Hills?

Answer as to each Defendant.[91]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[91] *Id.*

<u>FEEP</u>:                    _____ Yes          or          _____ No

<u>GEEI</u>:                    _____ Yes          or          _____ No

<u>Gastar</u>:                  _____ Yes          or          _____ No

<u>Robinson</u>:              _____ Yes          or          _____ No

<u>Parrott</u>:                 _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 35

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Arbor that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce Arbor to take such action;

(e)     That Arbor justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to Arbor?

Answer as to each Defendant.[92]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[92] *Id.*

FEEP:      _____ Yes     or     _____ No

GEEI:      _____ Yes     or     _____ No

Gastar:    _____ Yes     or     _____ No

Robinson:   _____ Yes     or     _____ No

Parrott:    _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)


_____

_____

_____

_____

_____

_____

MEMBERS OF THE JURY
(if not unanimous)

124

## QUESTION NO. 36

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Nelson that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce Nelson to take such action;

(e)     That Nelson justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to Nelson?

Answer as to each Defendant.[93]

      Plummer:                  _____ Yes      or      _____ No

      Ferguson:                  _____ Yes      or      _____ No

      Spencer:                   _____ Yes      or      _____ No

      ClassicStar:              _____ Yes      or      _____ No

      GeoStar:                  _____ Yes      or      _____ No

      ClassicStar Farms:      _____ Yes      or      _____ No

      ClassicStar 2004:       _____ Yes      or      _____ No

      CFI:                       _____ Yes      or      _____ No

      NELC:                    _____ Yes      or      _____ No

      New NEL:                _____ Yes      or      _____ No

      Buffalo Ranch:         _____ Yes      or      _____ No

---

[93] *Id.*

<u>FEEP</u>:       _____ Yes     or     _____ No

<u>GEEI</u>:       _____ Yes     or     _____ No

<u>Gastar</u>:      _____ Yes     or     _____ No

<u>Robinson</u>:    _____ Yes     or     _____ No

<u>Parrott</u>:      _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)


_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____


MEMBERS OF THE JURY
(if not unanimous)

126

## QUESTION NO. 37

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to MacDonald that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce MacDonald to take such action;

(e)     That MacDonald justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.[94]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[94] *Id.*

FEEP:                    _____ Yes          or          _____ No

GEEI:                    _____ Yes          or          _____ No

Gastar:                  _____ Yes          or          _____ No

Robinson:                _____ Yes          or          _____ No

Parrott:                 _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 38

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to the Grovers that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce the Grovers to take such action;

(e)     That the Grovers justifiably relied upon the material representation to their detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.[95]

Plummer:            _____ Yes        or        _____ No

Ferguson:           _____ Yes        or        _____ No

Spencer:            _____ Yes        or        _____ No

ClassicStar:        _____ Yes        or        _____ No

GeoStar:            _____ Yes        or        _____ No

ClassicStar Farms:  _____ Yes        or        _____ No

ClassicStar 2004:   _____ Yes        or        _____ No

CFI:                _____ Yes        or        _____ No

NELC:               _____ Yes        or        _____ No

New NEL:            _____ Yes        or        _____ No

Buffalo Ranch:      _____ Yes        or        _____ No

---

[95] *Id.*

FEEP:           _____ Yes      or      _____ No

GEEI:           _____ Yes      or      _____ No

Gastar:         _____ Yes      or      _____ No

Robinson:      _____ Yes      or      _____ No

Parrott:         _____ Yes      or      _____ No

_____
FOREPERSON (if unanimous)

_____

_____

_____

_____

_____

_____

MEMBERS OF THE JURY
(if not unanimous)

130

## QUESTION NO. 39

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to West Hills that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce West Hills to take such action;

(e)     That West Hills justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to West Hills?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 34, then you cannot answer "Yes" to that same Defendant in the present question.[96]

<u>Plummer</u>:                          _____ Yes          or          _____ No

<u>Ferguson</u>:                         _____ Yes          or          _____ No

<u>Spencer</u>:                          _____ Yes          or          _____ No

<u>ClassicStar</u>:                      _____ Yes          or          _____ No

<u>GeoStar</u>:                          _____ Yes          or          _____ No

<u>ClassicStar Farms</u>:            _____ Yes          or          _____ No

<u>ClassicStar 2004</u>:             _____ Yes          or          _____ No

<u>CFI</u>:                                 _____ Yes          or          _____ No

<u>NELC</u>:                             _____ Yes          or          _____ No

---

[96] *Id.*

131

New NEL:                   _____ Yes          or        _____ No

Buffalo Ranch:             _____ Yes          or        _____ No

FEEP:                      _____ Yes          or        _____ No

GEEI:                      _____ Yes          or        _____ No

Gastar:                    _____ Yes          or        _____ No

Robinson:                  _____ Yes          or        _____ No

Parrott:                   _____ Yes          or        _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

132

## QUESTION NO. 40

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Arbor that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce Arbor to take such action;

(e)     That Arbor justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Arbor?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 35, then you cannot answer "Yes" to that same Defendant in the present question.[97]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[97] *Id*.

New NEL:         _____ Yes      or      _____ No

Buffalo Ranch:      _____ Yes      or      _____ No

FEEP:             _____ Yes      or      _____ No

GEEI:             _____ Yes      or      _____ No

Gastar:          _____ Yes      or      _____ No

Robinson:        _____ Yes      or      _____ No

Parrott:         _____ Yes      or      _____ No


_____
FOREPERSON (if unanimous)

_____

_____

_____

_____

_____

_____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 41

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Nelson that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce Nelson to take such action;

(e)     That Nelson justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Nelson?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 36, then you cannot answer "Yes" to that same Defendant in the present question.[98]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[98] *Id.*

New NEL:                 _____ Yes        or      _____ No

Buffalo Ranch:           _____ Yes        or      _____ No

FEEP:                    _____ Yes        or      _____ No

GEEI:                    _____ Yes        or      _____ No

Gastar:                  _____ Yes        or      _____ No

Robinson:                _____ Yes        or      _____ No

Parrott:                 _____ Yes        or      _____ No


_____
FOREPERSON (if unanimous)


_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____


MEMBERS OF THE JURY
(if not unanimous)


136

## QUESTION NO. 42

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to MacDonald that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce MacDonald to take such action;

(e)     That MacDonald justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 37, then you cannot answer "Yes" to that same Defendant in the present question.[99]

| Plummer: | _____ Yes | or | _____ No |
|---|---|---|---|
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[99] *Id*.

New NEL:                        _____ Yes          or          _____ No

Buffalo Ranch:                  _____ Yes          or          _____ No

FEEP:                           _____ Yes          or          _____ No

GEEI:                           _____ Yes          or          _____ No

Gastar:                         _____ Yes          or          _____ No

Robinson:                       _____ Yes          or          _____ No

Parrott:                        _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

**QUESTION NO. 43**

Do you find from a preponderance of the evidence:

      (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to the Grovers that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

      (b)    That this material representation was false;

      (c)    That Defendants provided this assistance recklessly or knowing it to be false;

      (d)    That Defendants provided this assistance with the intent to induce the Grovers to take such action;

      (e)    That the Grovers justifiably relied upon the material representation to their detriment; AND

      (f)    That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 38, then you cannot answer "Yes" to that same Defendant in the present question.[100]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |

---

[100] *Id.*

NELC: _____ Yes or _____ No

New NEL: _____ Yes or _____ No

Buffalo Ranch: _____ Yes or _____ No

FEEP: _____ Yes or _____ No

GEEI: _____ Yes or _____ No

Gastar: _____ Yes or _____ No

Robinson: _____ Yes or _____ No

Parrott: _____ Yes or _____ No

_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 44

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to West Hills that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce West Hills to take such action;

(e)     That West Hills justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to West Hills?

Answer as to each Defendant.[101]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[101] *Id.*

FEEP: _____ Yes     or     _____ No

GEEI: _____ Yes     or     _____ No

Gastar: _____ Yes     or     _____ No

Robinson: _____ Yes     or     _____ No

Parrott: _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 45

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Arbor that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce Arbor to take such action;

(e)     That Arbor justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to Arbor?

Answer as to each Defendant.[102]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[102] *Id.*

FEEP:       _____ Yes    or    _____ No

GEEI:       _____ Yes    or    _____ No

Gastar:       _____ Yes    or    _____ No

Robinson:       _____ Yes    or    _____ No

Parrott:       _____ Yes    or    _____ No


_____
FOREPERSON (if unanimous)


_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 46

Do you find from a preponderance of the evidence:

(a)      That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Nelson that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)      That this material representation was false;

(c)      That Defendants made this material representation recklessly or knowing it to be false;

(d)      That Defendants made this material representation with the intent to induce Nelson to take such action;

(e)      That Nelson justifiably relied upon the material representation to its detriment; AND

(f)      That the material representation by Defendants was the proximate cause of the injury to Nelson?

Answer as to each Defendant.[103]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

[103] *Id.*

145

FEEP:       _____ Yes     or     _____ No

GEEI:       _____ Yes     or     _____ No

Gastar:      _____ Yes     or     _____ No

Robinson:     _____ Yes     or     _____ No

Parrott:      _____ Yes     or     _____ No

_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

146

## QUESTION NO. 47

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to MacDonald that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce MacDonald to take such action;

(e)     That MacDonald justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.[104]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[104] *Id.*

<u>FEEP</u>:              _____ Yes          or          _____ No

<u>GEEI</u>:              _____ Yes          or          _____ No

<u>Gastar</u>:            _____ Yes          or          _____ No

<u>Robinson</u>:          _____ Yes          or          _____ No

<u>Parrott</u>:           _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

148

## QUESTION NO. 48

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to the Grovers that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce the Grovers to take such action;

(e)     That the Grovers justifiably relied upon the material representation to their detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.[105]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[105] *Id.*

FEEP:                 _____ Yes        or        _____ No

GEEI:                 _____ Yes        or        _____ No

Gastar:               _____ Yes        or        _____ No

Robinson:             _____ Yes        or        _____ No

Parrott:              _____ Yes        or        _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 49

Do you find from a preponderance of the evidence:

     (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to West Hills that the horses offered in the Mare Lease Program were owned by ClassicStar;

     (b)    That this material representation was false;

     (c)    That Defendants provided this assistance recklessly or knowing it to be false;

     (d)    That Defendants provided this assistance with the intent to induce West Hills to take such action;

     (e)    That West Hills justifiably relied upon the material representation to its detriment; AND

     (f)    That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to West Hills?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 44, then you cannot answer "Yes" to that same Defendant in the present question.[106]

       Plummer:         _____ Yes    or    _____ No

       Ferguson:        _____ Yes    or    _____ No

       Spencer:         _____ Yes    or    _____ No

       ClassicStar:      _____ Yes    or    _____ No

       GeoStar:         _____ Yes    or    _____ No

       ClassicStar Farms:  _____ Yes    or    _____ No

       ClassicStar 2004:   _____ Yes    or    _____ No

       CFI:            _____ Yes    or    _____ No

---

[106] *Id.*

NELC:        _____ Yes     or     _____ No

New NEL:      _____ Yes     or     _____ No

Buffalo Ranch:   _____ Yes     or     _____ No

FEEP:         _____ Yes     or     _____ No

GEEI:         _____ Yes     or     _____ No

Gastar:       _____ Yes     or     _____ No

Robinson:     _____ Yes     or     _____ No

Parrott:      _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)


_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 50

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Arbor that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce Arbor to take such action;

(e)     That Arbor justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Arbor?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 45, then you cannot answer "Yes" to that same Defendant in the present question.[107]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |

---

[107] *Id.*

153

NELC: _____ Yes    or    _____ No

New NEL: _____ Yes    or    _____ No

Buffalo Ranch: _____ Yes    or    _____ No

FEEP: _____ Yes    or    _____ No

GEEI: _____ Yes    or    _____ No

Gastar: _____ Yes    or    _____ No

Robinson: _____ Yes    or    _____ No

Parrott: _____ Yes    or    _____ No


_____
FOREPERSON (if unanimous)

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 51

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Nelson that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce Nelson to take such action;

(e)     That Nelson justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Nelson?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 46, then you cannot answer "Yes" to that same Defendant in the present question.[108]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |

---

[108] *Id.*

NELC: _____ Yes or _____ No

New NEL: _____ Yes or _____ No

Buffalo Ranch: _____ Yes or _____ No

FEEP: _____ Yes or _____ No

GEEI: _____ Yes or _____ No

Gastar: _____ Yes or _____ No

Robinson: _____ Yes or _____ No

Parrott: _____ Yes or _____ No


_____
FOREPERSON (if unanimous)

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____


MEMBERS OF THE JURY
(if not unanimous)

156

## QUESTION NO. 52

Do you find from a preponderance of the evidence:

     (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to MacDonald that the horses offered in the Mare Lease Program were owned by ClassicStar;

     (b)    That this material representation was false;

     (c)    That Defendants provided this assistance recklessly or knowing it to be false;

     (d)    That Defendants provided this assistance with the intent to induce MacDonald to take such action;

     (e)    That MacDonald justifiably relied upon the material representation to its detriment; AND

     (f)    That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 47, then you cannot answer "Yes" to that same Defendant in the present question.[109]

     Plummer:       _____ Yes    or    _____ No

     Ferguson:       _____ Yes    or    _____ No

     Spencer:       _____ Yes    or    _____ No

     ClassicStar:       _____ Yes    or    _____ No

     GeoStar:       _____ Yes    or    _____ No

     ClassicStar Farms:       _____ Yes    or    _____ No

     ClassicStar 2004:       _____ Yes    or    _____ No

     CFI:       _____ Yes    or    _____ No

---

[109] *Id.*

NELC: _____ Yes     or     _____ No

New NEL: _____ Yes     or     _____ No

Buffalo Ranch: _____ Yes     or     _____ No

FEEP: _____ Yes     or     _____ No

GEEI: _____ Yes     or     _____ No

Gastar: _____ Yes     or     _____ No

Robinson: _____ Yes     or     _____ No

Parrott: _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)


_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____


MEMBERS OF THE JURY
(if not unanimous)


158

## QUESTION NO. 53

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to the Grovers that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce the Grovers to take such action;

(e)     That the Grovers justifiably relied upon the material representation to their detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 48, then you cannot answer "Yes" to that same Defendant in the present question.[110]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |

---

[110] *Id.*

NELC: _____ Yes or _____ No

New NEL: _____ Yes or _____ No

Buffalo Ranch: _____ Yes or _____ No

FEEP: _____ Yes or _____ No

GEEI: _____ Yes or _____ No

Gastar: _____ Yes or _____ No

Robinson: _____ Yes or _____ No

Parrott: _____ Yes or _____ No

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

## <u>QUESTION NO. 54</u>

Do you find from a preponderance of the evidence:

(a)      That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to West Hills that the historical figures of the program justified the projected returns referenced in marketing materials provided to West Hills;

(b)      That this material representation was false;

(c)      That Defendants made this material representation recklessly or knowing it to be false;

(d)      That Defendants made this material representation with the intent to induce West Hills to take such action;

(e)      That Arbor justifiably relied upon the material representation to its detriment; AND

(f)      That the material representation by Defendants was the proximate cause of the injury to West Hills?

Answer as to each Defendant.[111]

|  |  |  |
|---|---|---|
| <u>Plummer</u>: | _____ Yes      or | _____ No |
| <u>Ferguson</u>: | _____ Yes      or | _____ No |
| <u>Spencer</u>: | _____ Yes      or | _____ No |
| <u>ClassicStar</u>: | _____ Yes      or | _____ No |
| <u>GeoStar</u>: | _____ Yes      or | _____ No |
| <u>ClassicStar Farms</u>: | _____ Yes      or | _____ No |
| <u>ClassicStar 2004</u>: | _____ Yes      or | _____ No |
| <u>CFI</u>: | _____ Yes      or | _____ No |
| <u>NELC</u>: | _____ Yes      or | _____ No |
| <u>New NEL</u>: | _____ Yes      or | _____ No |

---

[111] *Id.*

Buffalo Ranch:                _____ Yes          or          _____ No

FEEP:                         _____ Yes          or          _____ No

GEEI:                         _____ Yes          or          _____ No

Gastar:                       _____ Yes          or          _____ No

Robinson:                     _____ Yes          or          _____ No

Parrott:                      _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)


_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 55

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Arbor that the historical figures of the program justified the projected returns referenced in marketing materials provided to Arbor;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce Arbor to take such action;

(e)     That Arbor justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to Arbor?

Answer as to each Defendant.[112]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[112] *Id.*

163

Buffalo Ranch:      _____ Yes     or     _____ No

FEEP:      _____ Yes     or     _____ No

GEEI:      _____ Yes     or     _____ No

Gastar:      _____ Yes     or     _____ No

Robinson:      _____ Yes     or     _____ No

Parrott:      _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)


_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 56

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to Nelson that the historical figures of the program justified the projected returns referenced in marketing materials provided to Nelson;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce Nelson to take such action;

(e)     That Nelson justifiably relied upon the material representation to its detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to Nelson?

Answer as to each Defendant.[113]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[113] *Id.*

165

<u>Buffalo Ranch</u>:  _____ Yes  or  _____ No

<u>FEEP</u>:  _____ Yes  or  _____ No

<u>GEEI</u>:  _____ Yes  or  _____ No

<u>Gastar</u>:  _____ Yes  or  _____ No

<u>Robinson</u>:  _____ Yes  or  _____ No

<u>Parrott</u>:  _____ Yes  or  _____ No


_____
FOREPERSON (if unanimous)


_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____


MEMBERS OF THE JURY
(if not unanimous)

166

## QUESTION NO. 57

Do you find from a preponderance of the evidence:

(a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to MacDonald that the historical figures of the program justified the projected returns referenced in marketing materials provided to MacDonald;

(b)    That this material representation was false;

(c)    That Defendants made this material representation recklessly or knowing it to be false;

(d)    That Defendants made this material representation with the intent to induce MacDonald to take such action;

(e)    That MacDonald justifiably relied upon the material representation to its detriment; AND

(f)    That the material representation by Defendants was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.[114]

| | | | | |
|---|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[114] *Id.*

167

Buffalo Ranch:         _____ Yes      or      _____ No

FEEP:         _____ Yes      or      _____ No

GEEI:         _____ Yes      or      _____ No

Gastar:         _____ Yes      or      _____ No

Robinson:         _____ Yes      or      _____ No

Parrott:         _____ Yes      or      _____ No


_____
FOREPERSON (if unanimous)


_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 58

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each made the material representation to the Grovers that the historical figures of the program justified the projected returns referenced in marketing materials provided to the Grovers;

(b)     That this material representation was false;

(c)     That Defendants made this material representation recklessly or knowing it to be false;

(d)     That Defendants made this material representation with the intent to induce the Grovers to take such action;

(e)     That the Grovers justifiably relied upon the material representation to their detriment; AND

(f)     That the material representation by Defendants was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.[115]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[115] *Id.*

Buffalo Ranch:     _____ Yes    or    _____ No

FEEP:     _____ Yes    or    _____ No

GEEI:     _____ Yes    or    _____ No

Gastar:     _____ Yes    or    _____ No

Robinson:     _____ Yes    or    _____ No

Parrott:     _____ Yes    or    _____ No


_____
FOREPERSON (if unanimous)


_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____


MEMBERS OF THE JURY
(if not unanimous)


170

## QUESTION NO. 59

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to West Hills that the historical figures of the program justified the projected returns referenced in marketing materials provided to Plaintiffs;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce West Hills to take such action;

(e)     That West Hills justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to West Hills?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 54, then you cannot answer "Yes" to that same Defendant in the present question.[116]

Plummer:              _____ Yes        or        _____ No

Ferguson:             _____ Yes        or        _____ No

Spencer:              _____ Yes        or        _____ No

ClassicStar:          _____ Yes        or        _____ No

GeoStar:              _____ Yes        or        _____ No

ClassicStar Farms:    _____ Yes        or        _____ No

ClassicStar 2004:     _____ Yes        or        _____ No

CFI:                  _____ Yes        or        _____ No

_____

[116] *Id.*

<u>NELC</u>:            _____ Yes         or      _____ No

<u>New NEL</u>:         _____ Yes         or      _____ No

<u>Buffalo Ranch</u>:   _____ Yes         or      _____ No

<u>FEEP</u>:            _____ Yes         or      _____ No

<u>GEEI</u>:            _____ Yes         or      _____ No

<u>Gastar</u>:          _____ Yes         or      _____ No

<u>Robinson</u>:        _____ Yes         or      _____ No

<u>Parrott</u>:         _____ Yes         or      _____ No


_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 60

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Arbor that the historical figures of the program justified the projected returns referenced in marketing materials provided to Plaintiffs;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce Arbor to take such action;

(e)     That Arbor justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Arbor?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 55, then you cannot answer "Yes" to that same Defendant in the present question.[117]

Plummer:                _____ Yes        or        _____ No

Ferguson:              _____ Yes        or        _____ No

Spencer:               _____ Yes        or        _____ No

ClassicStar:           _____ Yes        or        _____ No

GeoStar:               _____ Yes        or        _____ No

ClassicStar Farms:     _____ Yes        or        _____ No

ClassicStar 2004:      _____ Yes        or        _____ No

CFI:                   _____ Yes        or        _____ No

---

[117] *Id.*

NELC: _____ Yes or _____ No

New NEL: _____ Yes or _____ No

Buffalo Ranch: _____ Yes or _____ No

FEEP: _____ Yes or _____ No

GEEI: _____ Yes or _____ No

Gastar: _____ Yes or _____ No

Robinson: _____ Yes or _____ No

Parrott: _____ Yes or _____ No

_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 61

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to Nelson that the historical figures of the program justified the projected returns referenced in marketing materials provided to Plaintiffs;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce Nelson to take such action;

(e)     That Nelson justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to Nelson?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 56, then you cannot answer "Yes" to that same Defendant in the present question.[118]

Plummer:            _____ Yes        or        _____ No

Ferguson:           _____ Yes        or        _____ No

Spencer:            _____ Yes        or        _____ No

ClassicStar:        _____ Yes        or        _____ No

GeoStar:            _____ Yes        or        _____ No

ClassicStar Farms:  _____ Yes        or        _____ No

ClassicStar 2004:   _____ Yes        or        _____ No

CFI:                _____ Yes        or        _____ No

---

[118] *Id.*

175

NELC:                    _____ Yes           or       _____ No

New NEL:                 _____ Yes           or       _____ No

Buffalo Ranch:           _____ Yes           or       _____ No

FEEP:                    _____ Yes           or       _____ No

GEEI:                    _____ Yes           or       _____ No

Gastar:                  _____ Yes           or       _____ No

Robinson:                _____ Yes           or       _____ No

Parrott:                 _____ Yes           or       _____ No


_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

176

## QUESTION NO. 62

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to MacDonald that the historical figures of the program justified the projected returns referenced in marketing materials provided to Plaintiffs;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce MacDonald to take such action;

(e)     That MacDonald justifiably relied upon the material representation to its detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 57, then you cannot answer "Yes" to that same Defendant in the present question.[119]

Plummer:               _____ Yes      or      _____ No

Ferguson:              _____ Yes      or      _____ No

Spencer:               _____ Yes      or      _____ No

ClassicStar:           _____ Yes      or      _____ No

GeoStar:               _____ Yes      or      _____ No

ClassicStar Farms:     _____ Yes      or      _____ No

ClassicStar 2004:      _____ Yes      or      _____ No

CFI:                   _____ Yes      or      _____ No

----

[119] *Id.*

NELC: _____ Yes      or      _____ No

New NEL: _____ Yes      or      _____ No

Buffalo Ranch: _____ Yes      or      _____ No

FEEP: _____ Yes      or      _____ No

GEEI: _____ Yes      or      _____ No

Gastar: _____ Yes      or      _____ No

Robinson: _____ Yes      or      _____ No

Parrott: _____ Yes      or      _____ No


_____
FOREPERSON (if unanimous)


_____            _____

_____            _____

_____            _____

_____            _____

_____            _____

_____            _____


MEMBERS OF THE JURY
(if not unanimous)

178

## QUESTION NO. 63

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants aided and abetted other parties in promoting the material representation to the Grovers that the historical figures of the program justified the projected returns referenced in marketing materials provided to Plaintiffs;

(b)     That this material representation was false;

(c)     That Defendants provided this assistance recklessly or knowing it to be false;

(d)     That Defendants provided this assistance with the intent to induce the Grovers to take such action;

(e)     That the Grovers justifiably relied upon the material representation to their detriment; AND

(f)     That each Defendants acts of aiding and abetting the misrepresentation was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.  If you answered "Yes" to one of these Defendants in Question No. 58, then you cannot answer "Yes" to that same Defendant in the present question.[120]

| | | |
|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |

---

[120] *Id.*

NELC: _____ Yes or _____ No

New NEL: _____ Yes or _____ No

Buffalo Ranch: _____ Yes or _____ No

FEEP: _____ Yes or _____ No

GEEI: _____ Yes or _____ No

Gastar: _____ Yes or _____ No

Robinson: _____ Yes or _____ No

Parrott: _____ Yes or _____ No


_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 64

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants had a duty to disclose to West Hills the relationship between ClassicStar and NELC;

(b)     That these Defendants failed to disclose the relationship;

(c)     That Defendants' other disclosures in the marketing material and oral representations constituted a partial disclosure, but created the impression of full disclosure;

(d)     That Defendants' failure to disclose this fact induced West Hills to participate in the Mare Lease Program;

(e)     That West Hills justifiably relied upon the partial disclosure to its detriment; AND

(f)     That the omission by Defendants was the proximate cause of the injury to West Hills?

Answer as to each Defendant.[121]

Plummer:               _____ Yes      or      _____ No

Ferguson:              _____ Yes      or      _____ No

Spencer:               _____ Yes      or      _____ No

ClassicStar:           _____ Yes      or      _____ No

GeoStar:               _____ Yes      or      _____ No

ClassicStar Farms:     _____ Yes      or      _____ No

ClassicStar 2004:      _____ Yes      or      _____ No

CFI:                   _____ Yes      or      _____ No

NELC:                  _____ Yes      or      _____ No

New NEL:               _____ Yes      or      _____ No

---

[121] *See* Palmore's Kentucky Instructions to Juries, § 31.08; *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636 (Ky. App. 2003).

Buffalo Ranch:          _____ Yes          or          _____ No

FEEP:                   _____ Yes          or          _____ No

GEEI:                   _____ Yes          or          _____ No

Gastar:                 _____ Yes          or          _____ No

Robinson:               _____ Yes          or          _____ No

Parrott:                _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)


182

## QUESTION NO. 65

Do you find from a preponderance of the evidence:

      (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants had a duty to disclose to Arbor the relationship between ClassicStar and NELC;

      (b)    That these Defendants failed to disclose the relationship;

      (c)    That Defendants' other disclosures in the marketing material and oral representations constituted a partial disclosure, but created the impression of full disclosure;

      (d)    That Defendants' failure to disclose this fact induced Arbor to participate in the Mare Lease Program;

      (e)    That Arbor justifiably relied upon the partial disclosure to its detriment; AND

      (f)    That the omission by Defendants was the proximate cause of the injury to Arbor?

Answer as to each Defendant.[122]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[122] *See* Palmore's Kentucky Instructions to Juries, § 31.08; *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636 (Ky. App. 2003).

Buffalo Ranch:        _____ Yes      or      _____ No

FEEP:        _____ Yes      or      _____ No

GEEI:        _____ Yes      or      _____ No

Gastar:        _____ Yes      or      _____ No

Robinson:        _____ Yes      or      _____ No

Parrott:        _____ Yes      or      _____ No


_____
FOREPERSON (if unanimous)


_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 66

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants had a duty to disclose to Nelson the relationship between ClassicStar and NELC;

(b)     That these Defendants failed to disclose the relationship;

(c)     That Defendants' other disclosures in the marketing material and oral representations constituted a partial disclosure, but created the impression of full disclosure;

(d)     That Defendants' failure to disclose this fact induced Nelson to participate in the Mare Lease Program;

(e)     That Nelson justifiably relied upon the partial disclosure to its detriment; AND

(f)     That the omission by Defendants was the proximate cause of the injury to Nelson?

Answer as to each Defendant.[123]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[123] *See* Palmore's Kentucky Instructions to Juries, § 31.08; *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636 (Ky. App. 2003).

Buffalo Ranch:      _____ Yes    or    _____ No

FEEP:      _____ Yes    or    _____ No

GEEI:      _____ Yes    or    _____ No

Gastar:      _____ Yes    or    _____ No

Robinson:      _____ Yes    or    _____ No

Parrott:      _____ Yes    or    _____ No

_____
FOREPERSON (if unanimous)

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

MEMBERS OF THE JURY
(if not unanimous)

186

## QUESTION NO. 67

Do you find from a preponderance of the evidence:

(a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants had a duty to disclose to MacDonald the relationship between ClassicStar and NELC;

(b)    That these Defendants failed to disclose the relationship;

(c)    That Defendants' other disclosures in the marketing material and oral representations constituted a partial disclosure, but created the impression of full disclosure;

(d)    That Defendants' failure to disclose this fact induced MacDonald to participate in the Mare Lease Program;

(e)    That MacDonald justifiably relied upon the partial disclosure to its detriment; AND

(f)    That the omission by Defendants was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.[124]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[124] *See* Palmore's Kentucky Instructions to Juries, § 31.08; *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636 (Ky. App. 2003).

<u>Buffalo Ranch</u>:      _____ Yes     or     _____ No

<u>FEEP</u>:      _____ Yes     or     _____ No

<u>GEEI</u>:      _____ Yes     or     _____ No

<u>Gastar</u>:      _____ Yes     or     _____ No

<u>Robinson</u>:      _____ Yes     or     _____ No

<u>Parrott</u>:      _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 68

Do you find from a preponderance of the evidence:

      (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants had a duty to disclose to the Grovers the relationship between ClassicStar and NELC;

      (b)    That these Defendants failed to disclose the relationship;

      (c)    That Defendants' other disclosures in the marketing material and oral representations constituted a partial disclosure, but created the impression of full disclosure;

      (d)    That Defendants' failure to disclose this fact induced the Grovers to participate in the Mare Lease Program;

      (e)    That the Grovers justifiably relied upon the partial disclosure to their detriment; AND

      (f)    That the omission by Defendants was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.[125]

Plummer:        _____ Yes    or    _____ No

Ferguson:        _____ Yes    or    _____ No

Spencer:        _____ Yes    or    _____ No

ClassicStar:        _____ Yes    or    _____ No

GeoStar:        _____ Yes    or    _____ No

ClassicStar Farms:        _____ Yes    or    _____ No

ClassicStar 2004:        _____ Yes    or    _____ No

CFI:        _____ Yes    or    _____ No

NELC:        _____ Yes    or    _____ No

New NEL:        _____ Yes    or    _____ No

---

[125] *See* Palmore's Kentucky Instructions to Juries, § 31.08; *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636 (Ky. App. 2003).

Buffalo Ranch:          _____ Yes        or       _____ No

FEEP:          _____ Yes        or       _____ No

GEEI:          _____ Yes        or       _____ No

Gastar:          _____ Yes        or       _____ No

Robinson:          _____ Yes        or       _____ No

Parrott:          _____ Yes        or       _____ No


_____

FOREPERSON (if unanimous)


_____

_____

_____

_____

_____

_____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 69

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants had a duty to disclose to West Hills that many of the leased mares were owned by Plummer, Spencer and/or Buffalo Ranch;

(b)     That these Defendants failed to disclose this fact;

(c)     That Defendants' other disclosures in the marketing material and oral representations constituted a partial disclosure, but created the impression of full disclosure;

(d)     That Defendants' failure to disclose this fact induced West Hills to participate in the Mare Lease Program;

(e)     That West Hills justifiably relied upon the partial disclosure to its detriment; AND

(f)     That the omission by Defendants was the proximate cause of the injury to West Hills?

Answer as to each Defendant.[126]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[126] *See* Palmore's Kentucky Instructions to Juries, § 31.08; *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636 (Ky. App. 2003).

Buffalo Ranch:          _____ Yes      or      _____ No

FEEP:               _____ Yes      or      _____ No

GEEI:               _____ Yes      or      _____ No

Gastar:            _____ Yes      or      _____ No

Robinson:         _____ Yes      or      _____ No

Parrott:           _____ Yes      or      _____ No

_____
FOREPERSON (if unanimous)

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

MEMBERS OF THE JURY
(if not unanimous)

192

## QUESTION NO. 70

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants had a duty to disclose to Arbor that many of the leased mares were owned by Plummer, Spencer and/or Buffalo Ranch;

(b)     That these Defendants failed to disclose this fact;

(c)     That Defendants' other disclosures in the marketing material and oral representations constituted a partial disclosure, but created the impression of full disclosure;

(d)     That Defendants' failure to disclose this fact induced Arbor to participate in the Mare Lease Program;

(e)     That Arbor justifiably relied upon the partial disclosure to its detriment; AND

(f)     That the omission by Defendants was the proximate cause of the injury to Arbor?

Answer as to each Defendant.[127]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[127] *See* Palmore's Kentucky Instructions to Juries, § 31.08; *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636 (Ky. App. 2003).

Buffalo Ranch:    _____ Yes    or    _____ No

FEEP:    _____ Yes    or    _____ No

GEEI:    _____ Yes    or    _____ No

Gastar:    _____ Yes    or    _____ No

Robinson:    _____ Yes    or    _____ No

Parrott:    _____ Yes    or    _____ No


_____
FOREPERSON (if unanimous)


_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 71

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants had a duty to disclose to Nelson that many of the leased mares were owned by Plummer, Spencer and/or Buffalo Ranch;

(b)     That these Defendants failed to disclose this fact;

(c)     That Defendants' other disclosures in the marketing material and oral representations constituted a partial disclosure, but created the impression of full disclosure;

(d)     That Defendants' failure to disclose this fact induced Nelson to participate in the Mare Lease Program;

(e)     That Nelson justifiably relied upon the partial disclosure to its detriment; AND

(f)     That the omission by Defendants was the proximate cause of the injury to Nelson?

Answer as to each Defendant.[128]

| | | | | |
|---|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[128] *See* Palmore's Kentucky Instructions to Juries, § 31.08; *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636 (Ky. App. 2003).

Buffalo Ranch:     _____ Yes     or     _____ No

FEEP:     _____ Yes     or     _____ No

GEEI:     _____ Yes     or     _____ No

Gastar:     _____ Yes     or     _____ No

Robinson:     _____ Yes     or     _____ No

Parrott:     _____ Yes     or     _____ No


_____

FOREPERSON (if unanimous)


_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____


MEMBERS OF THE JURY
(if not unanimous)

196

## QUESTION NO. 72

Do you find from a preponderance of the evidence:

(a)      That in the course of marketing and operating the Mare Lease Program, the below listed Defendants had a duty to disclose to MacDonald that many of the leased mares were owned by Plummer, Spencer and/or Buffalo Ranch;

(b)      That these Defendants failed to disclose this fact;

(c)      That Defendants' other disclosures in the marketing material and oral representations constituted a partial disclosure, but created the impression of full disclosure;

(d)      That Defendants' failure to disclose this fact induced MacDonald to participate in the Mare Lease Program;

(e)      That MacDonald justifiably relied upon the partial disclosure to its detriment; AND

(f)      That the omission by Defendants was the proximate cause of the injury to MacDonald?

Answer as to each Defendant.[129]

| Plummer: | _____ Yes | or | _____ No |
|---|---|---|---|
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[129] *See* Palmore's Kentucky Instructions to Juries, § 31.08; *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636 (Ky. App. 2003).

Buffalo Ranch:        _____ Yes      or      _____ No

FEEP:              _____ Yes      or      _____ No

GEEI:              _____ Yes      or      _____ No

Gastar:           _____ Yes      or      _____ No

Robinson:        _____ Yes      or      _____ No

Parrott:          _____ Yes      or      _____ No


_____
FOREPERSON (if unanimous)


_____               _____

_____               _____

_____               _____

_____               _____

_____               _____

_____               _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 73

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants had a duty to disclose to the Grovers that many of the leased mares were owned by Plummer, Spencer and/or Buffalo Ranch;

(b)     That these Defendants failed to disclose this fact;

(c)     That Defendants' other disclosures in the marketing material and oral representations constituted a partial disclosure, but created the impression of full disclosure;

(d)     That Defendants' failure to disclose this fact induced the Grovers to participate in the Mare Lease Program;

(e)     That the Grovers justifiably relied upon the partial disclosure to their detriment; AND

(f)     That the omission by Defendants was the proximate cause of the injury to the Grovers?

Answer as to each Defendant.[130]

| Plummer: | _____ Yes | or | _____ No |
|---|---|---|---|
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[130] *See* Palmore's Kentucky Instructions to Juries, § 31.08; *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636 (Ky. App. 2003).

Buffalo Ranch:      _____ Yes      or      _____ No

FEEP:      _____ Yes      or      _____ No

GEEI:      _____ Yes      or      _____ No

Gastar:      _____ Yes      or      _____ No

Robinson:      _____ Yes      or      _____ No

Parrott:      _____ Yes      or      _____ No

 

 

_____

FOREPERSON (if unanimous)

 

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

 

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 74

Do you find from a preponderance of the evidence:

(a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to West Hills that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

(b)    That Defendants intended for West Hills to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)    That West Hills in fact justifiably relied upon Defendants' representations and otherwise West Hills would not have participated in the Mare Lease Program;

(d)    That Defendants' representations were false;

(e)    That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)    That West Hills suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[131]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[131] *See* Palmore's Kentucky Instructions to Juries, § 31.10; *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575 (Ky. 2004).

FEEP:         _____ Yes     or    _____ No

GEEI:        _____ Yes     or    _____ No

_____
FOREPERSON (if unanimous)

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

MEMBERS OF THE JURY
(if not unanimous)

202

## <u>QUESTION NO. 75</u>

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to Arbor that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

(b)     That Defendants intended for Arbor to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That Arbor in fact justifiably relied upon Defendants' representations and otherwise Arbor would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That Arbor suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[132]

| | | | |
|---|---|---|---|
| <u>Plummer</u>: | _____ Yes | or | _____ No |
| <u>Ferguson</u>: | _____ Yes | or | _____ No |
| <u>Spencer</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar</u>: | _____ Yes | or | _____ No |
| <u>Gastar</u>: | _____ Yes | or | _____ No |
| <u>GeoStar</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar 2004</u>: | _____ Yes | or | _____ No |
| <u>CFI</u>: | _____ Yes | or | _____ No |
| <u>NELC</u>: | _____ Yes | or | _____ No |
| <u>New NEL</u>: | _____ Yes | or | _____ No |

---

[132] *See* Palmore's Kentucky Instructions to Juries, § 31.10; *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575 (Ky. 2004).

FEEP:          _____ Yes          or          _____ No

GEEI:          _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 76

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to Nelson that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

(b)     That Defendants intended for Nelson to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That Nelson in fact justifiably relied upon Defendants' representations and otherwise Nelson would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That Nelson suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[133]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[133] *See* Palmore's Kentucky Instructions to Juries, § 31.10; *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575 (Ky. 2004).

FEEP:        _____ Yes     or     _____ No

GEEI:        _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)


_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____


MEMBERS OF THE JURY
(if not unanimous)

206

## QUESTION NO. 77

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to MacDonald that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

(b)     That Defendants intended for MacDonald to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That MacDonald in fact justifiably relied upon Defendants' representations and otherwise MacDonald would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That MacDonald suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[134]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[134] *See* Palmore's Kentucky Instructions to Juries, § 31.10; *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575 (Ky. 2004).

New <u>NEL</u>:            _____ Yes      or      _____ No

<u>FEEP</u>:            _____ Yes      or      _____ No

<u>GEEI</u>:            _____ Yes      or      _____ No


_____
FOREPERSON (if unanimous)


_____

_____

_____

_____

_____

_____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 78

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to the Grovers that the Mare Lease Program was structured such that it fell within certain IRS guidelines for certain deductions;

(b)     That Defendants intended for the Grovers to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That the Grovers in fact justifiably relied upon Defendants' representations and otherwise the Grovers would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That the Grovers suffered a pecuniary, "or monetary," loss for which their reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[135]

| Plummer: | _____ Yes | or | _____ No |
|---|---|---|---|
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[135] *See* Palmore's Kentucky Instructions to Juries, § 31.10; *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575 (Ky. 2004).

New <u>NEL</u>:           _____ Yes        or        _____ No

<u>FEEP</u>:           _____ Yes        or        _____ No

<u>GEEI</u>:           _____ Yes        or        _____ No


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 79

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented that West Hills would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

(b)     That Defendants intended for West Hills to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That West Hills in fact justifiably relied upon Defendants' representations and otherwise West Hills would not have participating in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That West Hills suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[136]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[136] *Id.*

FEEP:               _____ Yes       or      _____ No

GEEI:              _____ Yes       or      _____ No

_____
FOREPERSON (if unanimous)

_____

_____

_____

_____

_____

_____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 80

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented that Arbor would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

(b)     That Defendants intended for Arbor to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That Arbor in fact justifiably relied upon Defendants' representations and otherwise Arbor would not have participating in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That Arbor suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[137]

| Plummer: | _____ Yes | or | _____ No |
|---|---|---|---|
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[137] *Id.*

<u>FEEP</u>:                    _____ Yes          or          _____ No

<u>GEEI</u>:                    _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

## **QUESTION NO. 81**

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented that Nelson would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

(b)     That Defendants intended for Nelson to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That Nelson in fact justifiably relied upon Defendants' representations and otherwise Nelson would not have participating in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That Nelson suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[138]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[138] *Id.*

FEEP:        _____ Yes     or    _____ No

GEEI:        _____ Yes     or    _____ No


_____
FOREPERSON (if unanimous)


_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____


MEMBERS OF THE JURY
(if not unanimous)

216

## QUESTION NO. 82

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented that MacDonald would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

(b)     That Defendants intended for MacDonald to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That MacDonald in fact justifiably relied upon Defendants' representations and otherwise MacDonald would not have participating in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That MacDonald suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[139]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[139] *Id.*

New NEL:           _____ Yes        or       _____ No

FEEP:           _____ Yes        or       _____ No

GEEI:           _____ Yes        or       _____ No

_____
FOREPERSON (if unanimous)

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 83

Do you find from a preponderance of the evidence:

(a)      That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented that the Grovers would be provided services, as described in the various mare lease contracts, that were of equal or greater value than those services described in the mare lease contracts;

(b)      That Defendants intended for the Grovers to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)      That the Grovers in fact justifiably relied upon Defendants' representations and otherwise the Grovers would not have participating in the Mare Lease Program;

(d)      That Defendants' representations were false;

(e)      That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)      That the Grovers suffered a pecuniary, "or monetary," loss for which their reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[140]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

_____

[140] *Id.*

New <u>NEL</u>:                  _____ Yes          or          _____ No

<u>FEEP</u>:                    _____ Yes          or          _____ No

<u>GEEI</u>:                    _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 84

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to West Hills that the horses used in the Mare Lease Program had value corresponding with the value that was presented to West Hills in various marketing material;

(b)     That Defendants intended for West Hills to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That West Hills in fact justifiably relied upon Defendants' representations and otherwise West Hills would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That West Hills suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[141]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[141] *Id.*

FEEP:              _____ Yes       or      _____ No

GEEI:              _____ Yes       or      _____ No

_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

222

## QUESTION NO. 85

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to Arbor that the horses used in the Mare Lease Program had value corresponding with the value that was presented to Arbor in various marketing material;

(b)     That Defendants intended for Arbor to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That Arbor in fact justifiably relied upon Defendants' representations and otherwise Arbor would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That Arbor suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[142]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[142] *Id.*

FEEP:           _____ Yes     or     _____ No

GEEI:          _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 86

Do you find from a preponderance of the evidence:

(a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to Nelson that the horses used in the Mare Lease Program had value corresponding with the value that was presented to Nelson in various marketing material;

(b)    That Defendants intended for Nelson to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)    That Nelson in fact justifiably relied upon Defendants' representations and otherwise Nelson would not have participated in the Mare Lease Program;

(d)    That Defendants' representations were false;

(e)    That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)    That Nelson suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[143]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[143] *Id.*

FEEP: _____ Yes      or      _____ No

GEEI: _____ Yes      or      _____ No


_____
FOREPERSON (if unanimous)


_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____


MEMBERS OF THE JURY
(if not unanimous)

226

**QUESTION NO. 87**

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to MacDonald that the horses used in the Mare Lease Program had value corresponding with the value that was presented to MacDonald in various marketing material;

(b)     That Defendants intended for MacDonald to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That MacDonald in fact justifiably relied upon Defendants' representations and otherwise MacDonald would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That MacDonald suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[144]

|  |  |  |  |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[144] *Id.*

227

New NEL:            _____ Yes        or        _____ No

FEEP:               _____ Yes        or        _____ No

GEEI:               _____ Yes        or        _____ No


_____
FOREPERSON (if unanimous)


_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 88

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to the Grovers that the horses used in the Mare Lease Program had value corresponding with the value that was presented to the Grovers in various marketing material;

(b)     That Defendants intended for the Grovers to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That the Grovers in fact justifiably relied upon Defendants' representations and otherwise the Grovers would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That the Grovers suffered a pecuniary, "or monetary," loss for which their reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[145]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[145] *Id.*

New <u>NEL</u>:           _____ Yes       or      _____ No

<u>FEEP</u>:            _____ Yes       or      _____ No

<u>GEEI</u>:            _____ Yes       or      _____ No

_____
FOREPERSON (if unanimous)

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 89

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to West Hills that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That Defendants intended for West Hills to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That West Hills in fact justifiably relied upon Defendants' representations and otherwise Plaintiffs would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That West Hills suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[146]

Plummer:            _____ Yes        or        _____ No

Ferguson:           _____ Yes        or        _____ No

Spencer:            _____ Yes        or        _____ No

ClassicStar:        _____ Yes        or        _____ No

Gastar:             _____ Yes        or        _____ No

GeoStar:            _____ Yes        or        _____ No

ClassicStar 2004:   _____ Yes        or        _____ No

CFI:                _____ Yes        or        _____ No

NELC:               _____ Yes        or        _____ No

New NEL:            _____ Yes        or        _____ No

---

[146] *Id.*

FEEP:                  _____ Yes       or      _____ No

GEEI:                 _____ Yes       or      _____ No


_____

FOREPERSON (if unanimous)


_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 90

Do you find from a preponderance of the evidence:

     (a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to Arbor that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

     (b)     That Defendants intended for Arbor to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

     (c)     That Arbor in fact justifiably relied upon Defendants' representations and otherwise Arbor would not have participated in the Mare Lease Program;

     (d)     That Defendants' representations were false;

     (e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

     (f)     That Arbor suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[147]

       Plummer:        _____ Yes     or     _____ No

       Ferguson:        _____ Yes     or     _____ No

       Spencer:        _____ Yes     or     _____ No

       ClassicStar:        _____ Yes     or     _____ No

       Gastar:        _____ Yes     or     _____ No

       GeoStar:        _____ Yes     or     _____ No

       ClassicStar 2004:        _____ Yes     or     _____ No

       CFI:        _____ Yes     or     _____ No

       NELC:        _____ Yes     or     _____ No

       New NEL:        _____ Yes     or     _____ No

---

[147] *Id.*

FEEP:                _____ Yes      or      _____ No

GEEI:               _____ Yes      or      _____ No

_____
FOREPERSON (if unanimous)

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 91

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to Nelson that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That Defendants intended for Nelson to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That Nelson in fact justifiably relied upon Defendants' representations and otherwise Nelson would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That Nelson suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[148]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[148] *Id.*

FEEP:            _____ Yes     or     _____ No

GEEI:            _____ Yes     or     _____ No

_____

FOREPERSON (if unanimous)

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 92

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to MacDonald that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That Defendants intended for MacDonald to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That MacDonald in fact justifiably relied upon Defendants' representations and otherwise MacDonald would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That MacDonald suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[149]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[149] *Id.*

FEEP:            _____ Yes        or        _____ No

GEEI:            _____ Yes        or        _____ No


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 93

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to the Grovers that the horses offered in the Mare Lease Program were exclusively thoroughbred horses;

(b)     That Defendants intended for the Grovers to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That the Grovers in fact justifiably relied upon Defendants' representations and otherwise the Grovers would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That the Grovers suffered a pecuniary, "or monetary," loss for which their reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[150]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[150] *Id.*

FEEP:             _____ Yes        or        _____ No

GEEI:             _____ Yes        or        _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 94

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to West Hills that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That Defendants intended for West Hills to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That West Hills in fact justifiably relied upon Defendants' representations and otherwise Plaintiffs would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That West Hills suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[151]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[151] *Id.*

FEEP:               _____ Yes        or        _____ No

GEEI:               _____ Yes        or        _____ No

_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 95

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to Arbor that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That Defendants intended for Arbor to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That Arbor in fact justifiably relied upon Defendants' representations and otherwise Plaintiffs would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That Arbor suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[152]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[152] *Id.*

FEEP:          _____ Yes      or     _____ No

GEEI:          _____ Yes      or     _____ No

_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 96

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to Nelson that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That Defendants intended for Nelson to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That Nelson in fact justifiably relied upon Defendants' representations and otherwise Plaintiffs would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That Nelson suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[153]

| | | | | |
|---|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No | |
| Ferguson: | _____ Yes | or | _____ No | |
| Spencer: | _____ Yes | or | _____ No | |
| ClassicStar: | _____ Yes | or | _____ No | |
| Gastar: | _____ Yes | or | _____ No | |
| GeoStar: | _____ Yes | or | _____ No | |
| ClassicStar 2004: | _____ Yes | or | _____ No | |
| CFI: | _____ Yes | or | _____ No | |
| NELC: | _____ Yes | or | _____ No | |
| New NEL: | _____ Yes | or | _____ No | |

---

[153] *Id.*

FEEP:                _____ Yes       or      _____ No

GEEI:                _____ Yes       or      _____ No


_____
FOREPERSON (if unanimous)


_____

_____

_____

_____

_____

_____


MEMBERS OF THE JURY
(if not unanimous)

246

## QUESTION NO. 97

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to MacDonald that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That Defendants intended for MacDonald to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That MacDonald in fact justifiably relied upon Defendants' representations and otherwise Plaintiffs would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That MacDonald suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[154]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[154] *Id.*

FEEP:           _____ Yes        or      _____ No

GEEI:           _____ Yes        or      _____ No


_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____


MEMBERS OF THE JURY
(if not unanimous)

248

**QUESTION NO. 98**

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to the Grovers that the horses offered in the Mare Lease Program were owned by ClassicStar;

(b)     That Defendants intended for the Grovers to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That the Grovers in fact justifiably relied upon Defendants' representations and otherwise Plaintiffs would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That the Grovers suffered a pecuniary, "or monetary," loss for which their reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[155]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

―――――――――――――

[155] *Id.*

<u>FEEP</u>:                    _____ Yes          or          _____ No

<u>GEEI</u>:                    _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 99

Do you find from a preponderance of the evidence:

      (a)    That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to West Hills that the historical figures of the program justified the projected returns referenced in marketing materials provided to Plaintiffs;

      (b)    That Defendants intended for West Hills to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

      (c)    That West Hills in fact justifiably relied upon Defendants' representations and otherwise West Hills would not have participated in the Mare Lease Program;

      (d)    That Defendants' representations were false;

      (e)    That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

      (f)    That West Hills suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[156]

| Plummer: | _____ Yes | or | _____ No |
|---|---|---|---|
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[156] *Id.*

FEEP:    _____ Yes    or    _____ No

GEEI:    _____ Yes    or    _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 100

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to Arbor that the historical figures of the program justified the projected returns referenced in marketing materials provided to Plaintiffs;

(b)     That Defendants intended for Arbor to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That Arbor in fact justifiably relied upon Defendants' representations and otherwise Arbor would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That Arbor suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[157]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |

---

[157] *Id.*

FEEP:          _____ Yes          or          _____ No

GEEI:          _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)


_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____


MEMBERS OF THE JURY
(if not unanimous)

## <u>QUESTION NO. 101</u>

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to Nelson that the historical figures of the program justified the projected returns referenced in marketing materials provided to Plaintiffs;

(b)     That Defendants intended for Nelson to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That Nelson in fact justifiably relied upon Defendants' representations and otherwise Nelson would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That Nelson suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[158]

<u>Plummer</u>:               _____ Yes        or        _____ No

<u>Ferguson</u>:              _____ Yes        or        _____ No

<u>Spencer</u>:               _____ Yes        or        _____ No

<u>ClassicStar</u>:           _____ Yes        or        _____ No

<u>Gastar</u>:                _____ Yes        or        _____ No

<u>GeoStar</u>:               _____ Yes        or        _____ No

<u>ClassicStar 2004</u>:      _____ Yes        or        _____ No

<u>CFI</u>:                   _____ Yes        or        _____ No

<u>NELC</u>:                  _____ Yes        or        _____ No

<u>New NEL</u>:               _____ Yes        or        _____ No

---

[158] *Id.*

FEEP:              _____ Yes        or        _____ No

GEEI:              _____ Yes        or        _____ No


_____
FOREPERSON (if unanimous)


_____         _____

_____         _____

_____         _____

_____         _____

_____         _____

_____         _____


MEMBERS OF THE JURY
(if not unanimous)

**QUESTION NO. 102**

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to MacDonald that the historical figures of the program justified the projected returns referenced in marketing materials provided to Plaintiffs;

(b)     That Defendants intended for MacDonald to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That MacDonald in fact justifiably relied upon Defendants' representations and otherwise MacDonald would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That MacDonald suffered a pecuniary, "or monetary," loss for which its reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[159]

| | | |
|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |

---

[159] *Id.*

257

New <u>NEL</u>:     _____ Yes     or     _____ No

<u>FEEP</u>:     _____ Yes     or     _____ No

<u>GEEI</u>:     _____ Yes     or     _____ No


_____
FOREPERSON (if unanimous)


_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____


MEMBERS OF THE JURY
(if not unanimous)

## **QUESTION NO. 103**

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, the below listed Defendants each represented to the Grovers that the historical figures of the program justified the projected returns referenced in marketing materials provided to Plaintiffs;

(b)     That Defendants intended for the Grovers to rely upon the accuracy of such representations in proceeding with participating in the Mare Lease Program;

(c)     That the Grovers in fact justifiably relied upon Defendants' representations and otherwise the Grovers would not have participated in the Mare Lease Program;

(d)     That Defendants' representations were false;

(e)     That Defendants, in exercising the degree of care expected of a party associated with a mare leasing business under similar circumstances, should have realized that the representations were false; AND

(f)     That the Grovers suffered a pecuniary, "or monetary," loss for which their reliance on Defendants' representation was a substantial factor?

Answer as to each Defendant.[160]

| | | | |
|---|---|---|---|
| <u>Plummer</u>: | _____ Yes | or | _____ No |
| <u>Ferguson</u>: | _____ Yes | or | _____ No |
| <u>Spencer</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar</u>: | _____ Yes | or | _____ No |
| <u>Gastar</u>: | _____ Yes | or | _____ No |
| <u>GeoStar</u>: | _____ Yes | or | _____ No |
| <u>ClassicStar 2004</u>: | _____ Yes | or | _____ No |
| <u>CFI</u>: | _____ Yes | or | _____ No |
| <u>NELC</u>: | _____ Yes | or | _____ No |

---

[160] *Id.*

New NEL:  _____ Yes   or   _____ No

FEEP:  _____ Yes   or   _____ No

GEEI:  _____ Yes   or   _____ No

_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## <u>QUESTION NO. 104</u>

Do you find from a preponderance of the evidence that ClassicStar and/or ClassicStar

2004 entered into a contractual relationship with West Hills in which both ClassicStar and/or

ClassicStar 2004 and West Hills understood and agreed

    (a)    that ClassicStar and/or ClassicStar 2004 owned the mares being leased, that they would breed the horses on Westhills' schedules, that they would pay all stallion fees, that the substitute of quarter horses would have equal value of the thoroughbreds, and that they agreed to obtain insurance for the mares; AND

    (b)    that ClassicStar and/or ClassicStar 2004's failure to perform one of these acts constituted a breach of the contract?

Answer as to each Defendant.[161]

     <u>ClassicStar</u>:       _____ Yes    or    _____ No

     <u>ClassicStar 2004</u>:       _____ Yes    or    _____ No

_____
FOREPERSON (if unanimous)

_____

_____

_____

_____

_____

_____

MEMBERS OF THE JURY
(if not unanimous)

_____

[161] Palmore's Kentucky Instructions to Juries § 39.15.

## QUESTION NO. 105

Do you find from a preponderance of the evidence that ClassicStar and/or ClassicStar 2004 entered into a contractual relationship with Arbor in which both ClassicStar and/or ClassicStar 2004 and Arbor understood and agreed

    (a)    that ClassicStar and/or ClassicStar 2004 owned the mares being leased, that they would breed the horses on Arbor's schedules, that they would pay all stallion fees, that the substitute of quarter horses would have equal value of the thoroughbreds, and that they agreed to obtain insurance for the mares; AND

    (b)    that ClassicStar and/or ClassicStar 2004's failure to perform one of these acts constituted a breach of the contract?

Answer as to each Defendant.[162]

    ClassicStar:            _____ Yes     or    _____ No

    ClassicStar 2004:    _____ Yes     or    _____ No

_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

---

[162] Palmore's Kentucky Instructions to Juries § 39.15.

## QUESTION NO. 106

Do you find from a preponderance of the evidence that ClassicStar and/or ClassicStar 2004 entered into a contractual relationship with Nelson in which both ClassicStar and/or ClassicStar 2004 and Nelson understood and agreed

(a)     that ClassicStar and/or ClassicStar 2004 owned the mares being leased, that they would breed the horses on Nelson's schedules, that they would pay all stallion fees, that the substitute of quarter horses would have equal value of the thoroughbreds, and that they agreed to obtain insurance for the mares; AND

(b)     that ClassicStar and/or ClassicStar 2004's failure to perform one of these acts constituted a breach of the contract?

Answer as to each Defendant.[163]

ClassicStar:              _____ Yes      or      _____ No

ClassicStar 2004:        _____ Yes      or      _____ No


_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

_____

[163] Palmore's Kentucky Instructions to Juries § 39.15.

## **QUESTION NO. 107**

Do you find from a preponderance of the evidence that ClassicStar and/or ClassicStar 2004 entered into a contractual relationship with MacDonald in which both ClassicStar and/or ClassicStar 2004 and MacDonald understood and agreed

(a)     that ClassicStar and/or ClassicStar 2004 owned the mares being leased, that they would breed the horses on MacDonald's schedules, that they would pay all stallion fees, that the substitute of quarter horses would have equal value of the thoroughbreds, and that they agreed to obtain insurance for the mares; AND

(b)     that ClassicStar and/or ClassicStar 2004's failure to perform one of these acts constituted a breach of the contract?

Answer as to each Defendant.[164]

ClassicStar:              _____ Yes        or      _____ No

ClassicStar 2004:     _____ Yes        or      _____ No

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

_____

[164] Palmore's Kentucky Instructions to Juries § 39.15.

264

## **QUESTION NO. 108**

Do you find from a preponderance of the evidence that ClassicStar and/or ClassicStar

2004 entered into a contractual relationship with the Grover in which both ClassicStar and/or

ClassicStar 2004 and the Grovers understood and agreed

(a)     that ClassicStar and/or ClassicStar 2004 owned the mares being leased, that they would breed the horses on the Grovers' schedules, that they would pay all stallion fees, that the substitute of quarter horses would have equal value of the thoroughbreds, and that they agreed to obtain insurance for the mares; AND

(b)     that ClassicStar and/or ClassicStar 2004's failure to perform one of these acts constituted a breach of the contract?

Answer as to each Defendant.[165]

ClassicStar:                _____ Yes        or      _____ No

ClassicStar 2004:          _____ Yes        or      _____ No


_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

---

[165] Palmore's Kentucky Instructions to Juries § 39.15.

265

## QUESTION NO. 109

Do you find from a preponderance of the evidence:

(a)     That a benefit was conferred upon each Defendant below at West Hills' expenses when it purchased interests in the Mare Lease Program;

(b)     That each Defendant below realized an appreciation from that benefit; AND

(c)     That each Defendants' retention of the benefit would be inequitable.

Answer as to each Defendant.[166]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Robinson: | _____ Yes | or | _____ No |
| Parrott: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar Thoroughbreds: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[166] *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987).

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

## **QUESTION NO. 110**

Do you find from a preponderance of the evidence:

(a)     That a benefit was conferred upon each Defendant below at Arbor's expenses when it purchased interests in the Mare Lease Program;

(b)     That each Defendant below realized an appreciation from that benefit; AND

(c)     That each Defendants' retention of the benefit would be inequitable.

Answer as to each Defendant.[167]

| Defendant | | | | |
|---|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Robinson: | _____ Yes | or | _____ No |
| Parrott: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar Thoroughbreds: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[167] *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987).

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

## **QUESTION NO. 111**

Do you find from a preponderance of the evidence:

(a)    That a benefit was conferred upon each Defendant below at Nelson's expenses when it purchased interests in the Mare Lease Program;

(b)    That each Defendant below realized an appreciation from that benefit; AND

(c)    That each Defendants' retention of the benefit would be inequitable.

Answer as to each Defendant.[168]

| | | | | |
|---|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Robinson: | _____ Yes | or | _____ No |
| Parrott: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar Thoroughbreds: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[168] *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987).

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

## **QUESTION NO. 112**

Do you find from a preponderance of the evidence:

     (a)    That a benefit was conferred upon each Defendant below at MacDonald's expenses when it purchased interests in the Mare Lease Program;

     (b)    That each Defendant below realized an appreciation from that benefit; AND

     (c)    That each Defendants' retention of the benefit would be inequitable.

Answer as to each Defendant.[169]

| | | | |
|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Robinson: | _____ Yes | or | _____ No |
| Parrott: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar Thoroughbreds: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[169] *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987).

_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## **QUESTION NO. 113**

Do you find from a preponderance of the evidence:

(a)     That a benefit was conferred upon each Defendant below at the Grover's expenses when they purchased interests in the Mare Lease Program;

(b)     That each Defendant below realized an appreciation from that benefit; AND

(c)     That each Defendants' retention of the benefit would be inequitable.

Answer as to each Defendant.[170]

| | | | | |
|---|---|---|---|---|
| Plummer: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Robinson: | _____ Yes | or | _____ No |
| Parrott: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |
| ClassicStar 2004: | _____ Yes | or | _____ No |
| CFI: | _____ Yes | or | _____ No |
| ClassicStar Farms: | _____ Yes | or | _____ No |
| ClassicStar Thoroughbreds: | _____ Yes | or | _____ No |
| Gastar: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| NELC: | _____ Yes | or | _____ No |
| New NEL: | _____ Yes | or | _____ No |
| Buffalo Ranch: | _____ Yes | or | _____ No |

---

[170] *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987).

_____
FOREPERSON (if unanimous)

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

MEMBERS OF THE JURY
(if not unanimous)

## **QUESTION NO. 114**

Do you find from a preponderance of the evidence that FEEP and MacDonald entered into a contractual relationship in which both FEEP and MacDonald understood and agreed that FEEP agreed to provide certain FEEP shares in exchange of MacDonald providing certain horse interests to FEEP and that FEEP breached this agreement?

FEEP:　　　　　　　_____ Yes　　　or　　　_____ No

_____
FOREPERSON (if unanimous)

_____　　　_____

_____　　　_____

_____　　　_____

_____　　　_____

_____　　　_____

_____　　　_____

MEMBERS OF THE JURY
(if not unanimous)

276

## **QUESTION NO. 115**

Do you find from a preponderance of the evidence that GeoStar knowingly and intentionally provided a guaranty in the FEEP Agreement between FEEP and MacDonald guaranteeing his put option?

GeoStar:                          _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

277

## QUESTION NO. 116

Do you find from a preponderance of the evidence:

(a)     That the FEEP units offered to MacDonald and the Grovers by FEEP were security interests;

(b)     That the Defendants below each actively sought to offer, sale, or purchase the FEEP security interests, directly or indirectly, to MacDonald and the Grovers;

(c)     That each Defendant listed below (1) sold the FEEP units as a device, scheme, or artifice to defraud; (2) sold the FEEP units to further an untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (3) sold the FEEP units to make an untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

(d)     That MacDonald and the Grovers did not know that the statements were untrue or that there was an omission of a statement of material fact; AND

(e)     That MacDonald and the Grovers did not now know and in the exercise of reasonable care could not have known of the untrue statement or misleading omission.

Answer as to each Defendant.[171]

| | | | |
|---|---|---|---|
| FEEP: | _____ Yes | or | _____ No |
| GeoStar: | _____ Yes | or | _____ No |
| GEEI: | _____ Yes | or | _____ No |
| Robinson: | _____ Yes | or | _____ No |
| Ferguson: | _____ Yes | or | _____ No |
| Plummer: | _____ Yes | or | _____ No |
| Spencer: | _____ Yes | or | _____ No |
| ClassicStar: | _____ Yes | or | _____ No |

---

[171] Wis. Stat. § 551.501; Nev. Stat. § 90.570; 90.660; 17 C.F.R. § 240.10b-5.

_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## <u>QUESTION NO. 117</u>

Do you find from a preponderance of the evidence that the Grovers and GFSC entered into a contractual relationship in which both the Grovers and GFSC understood that GFSC was obligated to pay the Grovers $3,796,707 on or before July 15, 2007 and that GFSC's failure to make such payments was in breach of the contract?

GFSC:          _____ Yes      or     _____ No

_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 118

Do you find from a preponderance of the evidence that FEPP and the Grovers entered into a contractual relationship in which both FEEP and the Grovers understood and agreed that FEEP agreed to provide certain FEEP shares in exchange of the Grovers providing certain horse interests to FEEP and that FEEP breached this agreement?

FEEP:             _____ Yes        or        _____ No

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 119

Do you find from a preponderance of the evidence that GeoStar knowingly and intentionally provided a guaranty in the FEEP Agreement between FEEP and the Grovers guaranteeing his put option?

GeoStar:          _____ Yes      or      _____ No

_____
FOREPERSON (if unanimous)

_____

_____

_____

_____

_____

_____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 120

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.  It was West Hills' duty to exercise the ordinary care for its own interest expected of a reasonably prudent participant acting under similar circumstances.  If you find for West Hills under the above questions, but are also satisfied from the evidence that West Hills failed to exercise ordinary care for their own interest and that such failure was a substantial factor in causing their loss, you will determine from the evidence and indicate in the following blank spaces what percentage of total fault was attributable to each of the parties as follows:[172]

| West Hills | _____ % | Plummer | _____ % |
| ClassicStar | _____ % | Spencer | _____ % |
| ClassicStar Farms | _____ % | ClassicStar Thoroughbreds | _____ % |
| ClassicStar 2004 | _____ % | KHSA | _____ % |
| NELC | _____ % | Robinson | _____ % |
| New NEL | _____ % | Parrott | _____ % |
| GeoStar | _____ % | FEEP | _____ % |
| GEEI | _____ % | Buffalo Ranch | _____ % |
| Ferguson | _____ % | ClassicStar Powerfoal | _____ % |
| GFSC | _____ % | CFI | _____ % |
| Gastar | _____ % | | |

(Total percentages should equal 100%)

---

[172]      O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 129.50, p. 481 (5th ed., Vol. 3, 2000).

_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 121

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.  It was Arbors' duty to exercise the ordinary care for its own interest expected of a reasonably prudent participant acting under similar circumstances.  If you find for Arbors under the above questions, but are also satisfied from the evidence that Arbors failed to exercise ordinary care for their own interest and that such failure was a substantial factor in causing their loss, you will determine from the evidence and indicate in the following blank spaces what percentage of total fault was attributable to each of the parties as follows:[173]

| Arbors | _____ % | Plummer | _____ % |
|---|---|---|---|
| ClassicStar | _____ % | Spencer | _____ % |
| ClassicStar Farms | _____ % | ClassicStar Thoroughbreds | _____ % |
| ClassicStar 2004 | _____ % | KHSA | _____ % |
| NELC | _____ % | Robinson | _____ % |
| New NEL | _____ % | Parrott | _____ % |
| GeoStar | _____ % | FEEP | _____ % |
| GEEI | _____ % | Buffalo Ranch | _____ % |
| Ferguson | _____ % | ClassicStar Powerfoal | _____ % |
| GFSC | _____ % | CFI | _____ % |
| Gastar | _____ % | | |

(Total percentages should equal 100%)

---

[173]   O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 129.50, p. 481 (5th ed., Vol. 3, 2000).

_____
FOREPERSON (if unanimous)

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

_____       _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 122

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.  It was Nelson's duty to exercise the ordinary care for its own interest expected of a reasonably prudent participant acting under similar circumstances.  If you find for Nelson under the above questions, but are also satisfied from the evidence that Nelson failed to exercise ordinary care for their own interest and that such failure was a substantial factor in causing their loss, you will determine from the evidence and indicate in the following blank spaces what percentage of total fault was attributable to each of the parties as follows:[174]

| Nelson | _____ % | Plummer | _____ % |
|--------|---------|---------|---------|
| ClassicStar | _____ % | Spencer | _____ % |
| ClassicStar Farms | _____ % | ClassicStar Thoroughbreds | _____ % |
| ClassicStar 2004 | _____ % | KHSA | _____ % |
| NELC | _____ % | Robinson | _____ % |
| New NEL | _____ % | Parrott | _____ % |
| GeoStar | _____ % | FEEP | _____ % |
| GEEI | _____ % | Buffalo Ranch | _____ % |
| Ferguson | _____ % | ClassicStar Powerfoal | _____ % |
| GFSC | _____ % | CFI | _____ % |
| Gastar | _____ % | | |

(Total percentages should equal 100%)

---

[174] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 129.50, p. 481 (5th ed., Vol. 3, 2000).

_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 123

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.  It was MacDonald's duty to exercise the ordinary care for its own interest expected of a reasonably prudent participant acting under similar circumstances.  If you find for MacDonald under the above questions, but are also satisfied from the evidence that MacDonald failed to exercise ordinary care for their own interest and that such failure was a substantial factor in causing their loss, you will determine from the evidence and indicate in the following blank spaces what percentage of total fault was attributable to each of the parties as follows:[175]

| MacDonald | _____ % | Plummer | _____ % |
|---|---|---|---|
| ClassicStar | _____ % | Spencer | _____ % |
| ClassicStar Farms | _____ % | ClassicStar Thoroughbreds | _____ % |
| ClassicStar 2004 | _____ % | KHSA | _____ % |
| NELC | _____ % | Robinson | _____ % |
| New NEL | _____ % | Parrott | _____ % |
| GeoStar | _____ % | FEEP | _____ % |
| GEEI | _____ % | Buffalo Ranch | _____ % |
| Ferguson | _____ % | ClassicStar Powerfoal | _____ % |
| GFSC | _____ % | CFI | _____ % |
| Gastar | _____ % | | |

(Total percentages should equal 100%)

---

[175]    O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 129.50, p. 481 (5th ed., Vol. 3, 2000).

_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 124

Any person who claims damages as a result of an alleged wrongful act on the part of

another has a duty under the law to "mitigate" those damages – that is, to take advantage of any

reasonable opportunity the person may have had under the circumstances to reduce or minimize

the loss or damage.  It was the Grovers' duty to exercise the ordinary care for its own interest

expected of a reasonably prudent participant acting under similar circumstances.  If you find for

the Grovers under the above questions, but are also satisfied from the evidence that the Grovers

failed to exercise ordinary care for their own interest and that such failure was a substantial

factor in causing their loss, you will determine from the evidence and indicate in the following

blank spaces what percentage of total fault was attributable to each of the parties as follows:[176]

| The Grovers | _____ % | Plummer | _____ % |
|---|---|---|---|
| ClassicStar | _____ % | Spencer | _____ % |
| ClassicStar Farms | _____ % | ClassicStar Thoroughbreds | _____ % |
| ClassicStar 2004 | _____ % | KHSA | _____ % |
| NELC | _____ % | Robinson | _____ % |
| New NEL | _____ % | Parrott | _____ % |
| GeoStar | _____ % | FEEP | _____ % |
| GEEI | _____ % | Buffalo Ranch | _____ % |
| Ferguson | _____ % | ClassicStar Powerfoal | _____ % |
| GFSC | _____ % | CFI | _____ % |
| Gastar | _____ % | | |

(Total percentages should equal 100%)

---

[176]     O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 129.50, p. 481 (5th ed., Vol. 3, 2000).

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 125

Finally, you will determine from the evidence and award Plaintiffs such sum or sums of money that will fairly compensate them for the business losses suffered from their participation in the Mare Lease Program.

West Hills:           $_____     (may be $0, but not to exceed $_____)

Arbor:                $_____     (may be $0, but not to exceed $_____)

Nelson:               $_____     (may be $0, but not to exceed $_____)

MacDonald:            $_____     (may be $0, but not to exceed $_____)

The Grovers:          $_____     (may be $0, but not to exceed $_____)


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

293

## QUESTION NO. 126

Certain legal duties and responsibilities exist between the officers and directors of a company and the company which they manage.  Included among those duties is the duty for the officer or director to disclose to the company such information that came to the officer or director during the course of the fiduciary relationship.  Do you find from a preponderance of the evidence that Spencer gained information concerning the business operations of ClassicStar, CFI and/or GeoStar and that Spencer failed to disclose or reveal to ClassicStar, CFI and/or GeoStar the information that was gained?[177]

Spencer:                    _____ Yes           or        _____ No

_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

---

[177] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 1.04, p 1-09 (2d ed., 2011).

## **QUESTION NO. 127**

Certain legal duties and responsibilities exist between the officers and directors of a company and the company which they manage.  Included among those duties is the duty for the officer or director not to compete in business on matters that are part of the fiduciary relationship that exists between the parties.  The law, however, does recognize an exception to this rule.  The law will allow a fiduciary to compete with the other party to the fiduciary relationship, if the other party knew there was going to be competition, or through the course of dealings, the fats indicate that the other party knew of the competition.  Do you find from a preponderance of the evidence that Spencer breached this duty to ClassicStar, CFI and/or GeoStar, and that the exceptions did not apply?[178]

<u>Spencer</u>:                    _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

_____

[178] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 1.06, p 1-12 (2d ed., 2011).

295

## QUESTION NO. 128

Certain legal duties and responsibilities exist between the officers and directors of a company and the company which they manage.  Included among those duties is the duty for the officer or director is not to misuse funds or property of the company.  If Spencer received funds, property and/or securities from ClassicStar, CFI and/or GeoStar with instructions from those companies as to how those funds, property and/or securities were to be used, then Spencer had a duty to follow the instructions that were given.  If Spencer used the funds, property and/or securities for some purpose other than the purposes identified in the instructions, then Spencer breach the duty owed to ClassicStar, CFI and/or GeoStar.  Do you find from a preponderance of the evidence that Spencer breached this duty to ClassicStar, CFI and/or GeoStar?[179]

Spencer: _____ Yes     or     _____ No

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

_____

[179] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 1.07, p 1-12 (2d ed., 2011).

296

## **QUESTION NO. 129**

Certain legal duties and responsibilities exist between the officers and directors of a company and the company which they manage.  Included among those duties is the duty for the officer or director not to compete in business on matters that are part of the fiduciary relationship that exists between the parties.  The law, however, does recognize an exception to this rule.  The law will allow a fiduciary to compete with the other party to the fiduciary relationship, if the other party knew there was going to be competition, or through the course of dealings, the fats indicate that the other party knew of the competition.  Do you find from a preponderance of the evidence that Plummer breached this duty to ClassicStar, CFI and/or GeoStar, and that the exceptions did not apply?[180]

Plummer:                    _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

_____

[180] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 1.06, p 1-12 (2d ed., 2011).

297

## QUESTION NO. 130

Certain legal duties and responsibilities exist between the officers and directors of a company and the company which they manage.  Included among those duties is the duty for the officer or director is not to misuse funds or property of the company.  If Plummer received funds, property and/or securities from ClassicStar, CFI and/or GeoStar with instructions from those companies as to how those funds, property and/or securities were to be used, then Plummer had a duty to follow the instructions that were given.  If Plummer used the funds, property and/or securities for some purpose other than the purposes identified in the instructions, then Plummer breach the duty owed to ClassicStar, CFI and/or GeoStar.  Do you find from a preponderance of the evidence that Plummer breached this duty to ClassicStar, CFI and/or GeoStar?[181]

Plummer:              _____ Yes          or      _____ No

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

---

[181] Ronald Eades, JURY INSTRUCTIONS IN COMMERCIAL LITIGATION § 1.07, p 1-12 (2d ed., 2011).

298

## <u>QUESTION NO. 131</u>

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, Plummer and Spencer each made the material representation that they, as agents of Buffalo Ranch, had sufficient quarter horses to meet Buffalo Ranch's obligations to ClassicStar;

(b)     That this material representation was false;

(c)     That Plummer and Spencer made this material representation recklessly or knowing it to be false;

(d)     That Plummer and Spencer made this material representation with the intent to induce ClassicStar and GeoStar to take such action;

(e)     That ClassicStar and GeoStar justifiably relied upon the material representation to their detriment; AND

(f)     That the material representation by Plummer and Spencer was the proximate cause of the injury to ClassicStar and GeoStar?

Answer as to each Defendant.[182]

<u>Plummer</u>:                    _____ Yes          or       _____ No

<u>Spencer</u>:                    _____ Yes          or       _____ No

---

[182] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

300

## QUESTION NO. 132

Do you find from a preponderance of the evidence:

(a)     That in the course of marketing and operating the Mare Lease Program, Plummer and Spencer each made the material representation that they were entitled to commissions based upon the alleged quarter horse pairings which ClassicStar and GeoStar believes were to be bred to meet Buffalo Ranch's obligations to ClassicStar;

(b)     That this material representation was false;

(c)     That Plummer and Spencer made this material representation recklessly or knowing it to be false;

(d)     That Plummer and Spencer made this material representation with the intent to induce ClassicStar and GeoStar to take such action;

(e)     That ClassicStar and GeoStar justifiably relied upon the material representation to their detriment; AND

(f)     That the material representation by Plummer and Spencer was the proximate cause of the injury to ClassicStar and GeoStar?

Answer as to each Defendant.[183]

Plummer: _____ Yes     or     _____ No

Spencer: _____ Yes     or     _____ No

---

[183] O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 123.02, pp. 333-344 (5th ed., Vol. 3, 2000).  *See also United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

_____
FOREPERSON (if unanimous)

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

MEMBERS OF THE JURY
(if not unanimous)

## **QUESTION NO. 133**

Do you find from a preponderance of the evidence that GeoStar and CFI entered into a contractual relationship in which Spencer and each of the parties understood that Plummer was obligated to use his best efforts to promote the interests and profitability of GeoStar and CFI and that his efforts to usurp corporate opportunities of CFI and GeoStar to benefit Spencer's own companies was a breach of that contract?

Spencer:                         _____ Yes         or         _____ No


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

303

## **QUESTION NO. 134**

Do you find from a preponderance of the evidence that GeoStar and CFI entered into a contractual relationship in which Plummer and each of the parties understood that the Plummer represented that he acted in good faith in dealing with GeoStar and CFI and that Plummer's actions to misuse corporate funds for his own benefit was a breach of that contract?

Plummer:                          _____ Yes          or          _____ No


_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## **QUESTION NO. 135**

Do you find from a preponderance of the evidence:

(a)     That a benefit was conferred upon each Defendant below at the expense of ClassicStar and GeoStar when they obtained payment based upon ClassicStar's total alleges sales, as represented to GeoStar;

(b)     That each party below realized an appreciation from that benefit;  AND

(c)     That each party's retention of the benefit would be inequitable.

Answer as to each Defendant.[184]

Plummer:                           _____ Yes        or        _____ No

Spencer:                           _____ Yes        or        _____ No

Buffalo Ranch:                     _____ Yes        or        _____ No


_____
FOREPERSON (if unanimous)


_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____


MEMBERS OF THE JURY
(if not unanimous)

---

[184] *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987).

**QUESTION NO. 136**

Do you find from a preponderance of the evidence:

(a) That each Defendant listed below committed a tortious act in concert with the another Defendant pursuant to a common design among the parties;

(b) That each Defendant listed below knew that the co-conspirator's conduct constituted a breach of duty and gave substantial assistance or encouragement to the other so to conduct themselves; OR

(c) That each Defendant gave substantial assistance to the co-conspirator in accomplishing a tortious result and their own conduct separately considered, constitutes a breach of duty to ClassicStar, CFI and/or GeoStar.

Answer as to each Defendant.[185]

| | | | |
|---|---|---|---|
| Plummer: | ______ Yes | or | ______ No |
| Spencer: | ______ Yes | or | ______ No |
| Buffalo Ranch: | ______ Yes | or | ______ No |
| NELC: | ______ Yes | or | ______ No |
| New NEL: | ______ Yes | or | ______ No |
| Zeus: | ______ Yes | or | ______ No |

[185] *James v. Wilson*, 95 S.W.3d 875 (Ky. App. 2002).

_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## <u>QUESTION NO. 137</u>

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.  It was CFI's duty to exercise the ordinary care for its own interest expected of a reasonably prudent company acting under similar circumstances.  If you find for CFI under the above questions, but are also satisfied from the evidence that CFI failed to exercise ordinary care for their own interest and that such failure was a substantial factor in causing their loss, you will determine from the evidence and indicate in the following blank spaces what percentage of total fault was attributable to each of the parties as follows:[186]

| CFI | _____ % | Buffalo Ranch | _____ % |
| Plummer | _____ % | Zeus | _____ % |
| Spencer | _____ % | | |

(Total percentages should equal 100%)

---

[186]     O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 129.50, p. 481 (5th ed., Vol. 3, 2000).

_____
FOREPERSON (if unanimous)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

MEMBERS OF THE JURY
(if not unanimous)

## QUESTION NO. 138

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage.  It was GeoStar's duty to exercise the ordinary care for its own interest expected of a reasonably prudent company acting under similar circumstances.  If you find for GeoStar under the above questions, but are also satisfied from the evidence that GeoStar failed to exercise ordinary care for their own interest and that such failure was a substantial factor in causing their loss, you will determine from the evidence and indicate in the following blank spaces what percentage of total fault was attributable to each of the parties as follows:[187]

| GeoStar | _____ % | Buffalo Ranch | _____ % |
|---------|-------------|---------------|-------------|
| Plummer | _____ % | Zeus | _____ % |
| Spencer | _____ % | | |

(Total percentages should equal 100%)

---

[187]     O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 129.50, p. 481 (5th ed., Vol. 3, 2000).

_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

## <u>QUESTION NO. 139</u>

Finally, you will determine from the evidence and award CFI and GeoStar such sum or sums of money that will fairly compensate them for the business losses suffered in connection with the Mare Lease Program.

<u>CFI</u>:                        $_____   (may be $0, but not to exceed $_____)

<u>GeoStar</u>:                 $_____   (may be $0, but not to exceed $_____)


_____
FOREPERSON (if unanimous)

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

MEMBERS OF THE JURY
(if not unanimous)

312

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document through the CM/ECF system on March 17, 2011, which will send a notice of electronic filing to the following counsel of record:

- **Simona Alessandra Agnolucci**
  sagnolucci@howardrice.com
- **Jason Trent Ams**
  jta@gdm.com, ckw@gdm.com
- **Timothy S. Arnold**
  timarn@bkf-law.com, termie@bkf-law.com
- **Mark Bradley Blackburn**
  mblackburn@erskine-blackburn.com
- **Jayson E. Blake**
  jeb@millerlawpc.com, cbc@millerlawpc.com, sed@millerlawpc.com, jns@millerlawpc.com, asl@millerlawpc.com
- **Jennifer Julie Cave**
  jca2@gdm.com, mlw@gdm.com, ckw@gdm.com
- **David Z. Chesnoff**
  dzchesnoff@cslawoffice.net
- **Neal D. Colton**
  ncolton@cozen.com
- **Emily H. Cowles**
  ehc@morganandpottinger.com
- **Jason W. Crowell**
  jwcrowell@stoel.com, docketclerk@stoel.com
- **Stephen J. Defeo**
  sdefeo@brownconnery.com
- **Nathan Ray Denney**
  ndenney@cnmlaw.com
- **Phillip B. Dye , Jr**
  pdye@velaw.com, shuyck@velaw.com
- **Dennis K. Egan**
  degan@kotzsangster.com
- **Blake C. Erskine , Jr**
  berskine@erskine-blackburn.com, dmarlin@erskine-blackburn.com, vflores@erskine-blackburn.com
- **Angela S. Fetcher**
  angela.fetcher@skofirm.com
- **Steven C. Forman**
  scformanlaw@comcast.net
- **Earl M. Forte**
  forte@blankrome.com
- **Eric D. Freed**
  efreed@cozen.com, ncolton@cozen.com, mmerola@cozen.com

- **Joseph M. Garemore**
  jgaremore@brownconnery.com
- **Michael Joseph Gartland**
  mgartland@dlgfirm.com, dlgecfs@gmail.com, dlgecf@dlgfirm.com
- **James Douglas Gilson**
  jgilson@cnmlaw.com
- **Lea Pauley Goff**
  lea.goff@skofirm.com, ginger.whitehouse@skofirm.com
- **Jonathan Scott Goldman**
  goldman-js@blankrome.com
- **Ronald L. Green**
  rgreen@greenandchesnut.com, dhobson@greenandchesnut.com
- **Norman E. Greenspan**
  greenspan@blankrome.com
- **Stephen E. Gross**
  gross-s@blankrome.com
- **Culver V. Halliday**
  culver.halliday@skofirm.com
- **John W. Hays**
  jwhays@jacksonkelly.com, tslangham@jacksonkelly.com
- **Nancy L. Hendrickson**
  nancy@hendricksonlawfirm.com
- **George Edward Henry , II**
  geh@hwgsg.com
- **Robin Luce Herrmann**
  luce-herrmann@butzel.com
- **Gloria S. Hong**
  gshong@stoel.com
- **Barry D. Hunter**
  bhunter@fbtlaw.com, jbowman@fbtlaw.com, kmelloan@fbtlaw.com,
  ahorger@fbtlaw.com, plobel@fbtlaw.com
- **Richard J. Idell**
  richard.idell@idellseitel.com, courts@idellseitel.com
- **John G. Irvin , Jr**
  jirvin@ksattorneys.com
- **Brent E. Johnson**
  bjohnson@hollandhart.com
- **Brian M. Johnson**
  bmj@gdm.com, ejk@gdm.com, ckw@gdm.com
- **Terry E Johnson**
  tjohnson@pjmlaw.com
- **Jonathan F. Jorissen**
  jorissen@butzel.com
- **Jeremy T. Kamras**
  jkamras@howardrice.com, nprince@howardrice.com, jcaruso@howardrice.com

- **Benjamin Samuel Klehr**
  bklehr@cozen.com
- **George J. Krueger**
  krueger@blankrome.com
- **Matthew L. Lalli**
  mlalli@swlaw.com
- **Janet Knauss Larsen**
  larja@fosterpdx.com, decks@fosterpdx.com
- **Matthew R. Lindblom**
  matthew.lindblom@skofirm.com, geena.brangers@skofirm.com
- **John E. Lucian**
  lucian@blankrome.com
- **Kara Read Marino**
  kmarino@hwgsg.com
- **Romaine C. Marshall**
  rcmarshall@hollandhart.com, lcpaul@hollandhart.com, slclitdocket@hollandhart.com, intaketeam@hollandhart.com
- **Steven M. McCauley**
  smccauley@mis.net
- **Taft A. McKinstry**
  federaldistricteky@fowlerlaw.com, fmbfederaldistrict@gmail.com
- **Charles C. Mihalek**
  cmihalek@mis.net
- **Alisa E. Moen**
  moen@blankrome.com, berry@blankrome.com
- **John O'Neill Morgan , Jr**
  court@johnomorganjr.com, john@johnomorganjr.com, johnmorga@gmail.com
- **Marc L. Newman**
  mln@millerlawpc.com
- **Elizabeth E. Nicholas**
  eenicholas@jacksonkelly.com
- **Medrith Lee Norman**
  mnorman@fbtlaw.com, plobel@fbtlaw.com
- **Kenneth Bradley Oakley**
  kboakley@jacksonkelly.com
- **David H. Oermann**
  oermann@brrlawyers.com
- **David Andrew Owen**
  dao@gdm.com, ejk@gdm.com, ckw@gdm.com, abc@gdm.com
- **Pamela Dae Perlman**
  pdperlman@hotmail.com
- **Jason M. Powers**
  jpowers@velaw.com
- **C. Randall Raine**
  crr@hwgsg.com

- **Elizabeth Juliana Rest**
  elizabeth.rest@idellseitel.com, erest@idellseitel.com
- **Ronald E. Reynolds**
  ron@brrlawyers.com, oermann@brrlawyers.com, kathy@brrlawyers.com, julie@brrlawyers.com
- **Catherine L. Sakach**
  csakach@duanemorris.com
- **Ory Sandel**
  ory.sandel@idellseitel.com
- **Richard A. Schonfeld**
  rreyes@cslawoffice.net
- **David W. Scofield**
  dws@psplawyers.com
- **Gilbert Ross Serota**
  gserota@howardrice.com
- **J. Ronald Sim**
  jrsim@stoel.com, sea_docket@stoel.com, gshong@stoel.com, ldlomax@stoel.com
- **Jeffrey Alan Springer**
  jspringer@springer-and-steinberg.com, zjobe@springer-and-steinberg.com
- **Matthew A. Stinnett**
  mas2@gdm.com, ckw@gdm.com
- **James T. Strawley**
  strawley@blankrome.com
- **Paul E. Sullivan**
  psullivan@fbtlaw.com
- **David P. Thatcher**
  david.thatcher@ogletreedeakins.com, kristy.burroughs@ogletreedeakins.com
- **James D. Thompson , III**
  jthompson@velaw.com, dglasson@velaw.com
- **Kyle C. Thompson**
  kthompson@sywlaw.com, ksedell@sywlaw.com
- **Amanda Lee Tomlin**
  atomlin@bsglex.com
- **Ahndrea R Van Den Elzen**
  arv@pjmlaw.com
- **Robert C. Webb**
  bwebb@fbtlaw.com, jdodson@fbtlaw.com
- **Mickey T. Webster**
  mwebster@wyattfirm.com, smcintyre@wyattfirm.com, rhobson@wyattfirm.com, jross@wyattfirm.com
- **Jana M. Smoot White**
  federaldistricteky@fowlerlaw.com, fmbfederaldistrict@gmail.com
- **T. Scott White**
  tsw@morganandpottinger.com
- **Kenneth W. Yeates**
  kyeates@sywlaw.com, ksedell@sywlaw.com

/s/ Brian M. Johnson
COUNSEL FOR DEFENDANTS

4303182_2.doc