UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| IN RE CLASSICSTAR MARE LEASE LITIGATION | MDL No. 1877 |
| AND | Master File:<br>Civil Action No.: 5:07-cv-353-JMH |
| WEST HILLS FARMS, LLC, ET AL. | |
| PLAINTIFFS | |
| V. | CASE NO.: 06-243-JMH |
| CLASSICSTAR, LLC, ET AL. | |
| DEFENDANTS | |

## INJUNCTION ORDER

This matter having come before the Court on Plaintiffs' Motion for Injunctive Relief under 18 U.S.C. § 1964 and Fed. R. Civ. P. 65, and the Court, considering the record, pleadings, exhibits, and affidavits, issues the following injunction order in accordance with 18 U.S.C. § 1964 and Fed. R. Civ. P. 65:

### FINDINGS OF FACT

1. On September 30, 2011, the Court issued a Memorandum Opinion and Order granting summary judgment to the Plaintiffs on their claims for breach of contract, common law fraud, and violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68.

2. In that Memorandum Opinion and Order, the Court found that the Defendants had extensive knowledge of the mails and wires, and used that knowledge to maintain and perpetuate a scheme to defraud the Plaintiffs through the Mare Lease Program, which was marketed to the

Plaintiffs as a program to lease thoroughbred mares for breeding purposes. The Defendants, however, used the Mare Lease Program as a mechanism to finance the development of oil and gas properties. The Court held that this scheme was contrary to 18 U.S.C. § 1962.

3. The Court additionally held that: (1) the Defendants knowingly misled the Plaintiffs about tax deductions; (2) the Defendants constantly transferred funds through various entities that made up their unlawful enterprise; (3) the Defendants made massive transfers of funds from ClassicStar, therefore leaving it undercapitalized; (4) the Defendants used certain entities to encourage investments in the Mare Lease Program; and (5) the Defendants represented themselves as officers of all of the various entities found liable in this action.

4. The Court concluded that the Plaintiffs satisfied all the elements for relief under 18 U.S.C. § 1962, and granted them a judgment of $49,405,811.61, with prejudgment interest of $15,636,273.00. The Court amended that judgment to make Defendant Strategic Opportunity Solutions, LLC d/b/a Buffalo Ranch liable for the judgment on November 8, 2011.

5. Based on arguments and exhibits presented to the Court in the Plaintiffs' Motion, certain Defendants have sold or in the process of selling several assets that have significant value. In the event that the Defendants are unable to satisfy the Court's judgment, these assets are available for execution and attachment under KRS 425.301 and Fed. R. Civ. P. 64 and 69.

## CONCLUSIONS OF LAW

6. The Court has jurisdiction over this action. The Court has the authority to enter the requested injunctive relief, if appropriate.

7. In order to obtain injunctive relief, the Plaintiffs must prove: (1) the likelihood of success on the merits; (2) whether injunctive relief will save them from irreparable harm; (3) whether the injunction would harm others; and (4) whether the public interest would be served.

The Plaintiffs have met this burden.

8.   Because of the Court's grant of summary judgment to the Plaintiffs in the September 30, 2011 Memorandum Opinion and Order, the Court finds that the Plaintiffs have produced sufficient evidence that the Plaintiffs are likely to be successful on the merits of their claims against the Defendants.

9.   The Plaintiffs face immediate and irreparable harm if the requested injunctive relief is denied because it is likely that they will not be able to collect the judgment they obtained if injunctive relief is not entered.

10.  Injunctive relief freezes the Defendants' assets. Freezing the Defendants' assets as requested by the Plaintiffs does not pose any significant harm to the Defendants, provided that they are permitted to utilize assets necessary to provide for life and continuing reasonable business operations. Moreover, the temporary nature of this Order minimizes any potential harm to the Defendants. The Court may address these issues at a preliminary injunction hearing or upon motion by the Defendants to modify this Order.

11.  The Plaintiffs have demonstrated that the requested injunction is in the public interest because the Defendants are aware of the fact that the Plaintiffs know of the facts set forth above and it is likely that the Defendants will take steps to place assets beyond the reach of the Plaintiffs. The public interest is served by the enforcement of RICO and compliance with court orders. Further, it would harm the public's trust in the judiciary if the Defendants could continue to create and maintain other schemes intended to defraud innocent victims.

12.  Injunctive relief is appropriate because the Plaintiffs have no adequate remedy at law. Kentucky's attachment statute does not provide an adequate remedy because: (1) the statute does not adequately preserve assets during post-judgment discovery; (2) the Plaintiffs do

not have an accurate account of the Defendants' assets that are subject to attachment and execution; and (3) the Defendants may take advantage of any delay in preparing post-judgment discovery and attachment pleadings to transfer and dissipate assets.

13. The Plaintiffs are entitled to injunctive relief.

After consideration of the facts and legal conclusions above, the Court **ORDERS THAT**:

14. The Defendants, their agents, and potential transferees are enjoined, restrained, and prohibited from moving, dissipating, spending or otherwise transferring any money, securities, real estate, personal property, or other assets in which any of the Defendants have an interest.

15. Any agent, heir, assignee, family member, shareholder, or other representative of the Defendants is also enjoined, restrained, and prohibited from moving, dissipating, spending, or otherwise transferring any money, securities, real estate, personal property, or other assets in which any of the Defendants have an interest.

16. The Plaintiffs may serve this Order by facsimile, mail, or in person on any bank, brokerage firm, corporation, individual, or other entity that the Plaintiffs reasonably believe has access to, possession of, or control over any money, securities, real estate, personal property, or other assets in which any of the Defendants have an interest.

17. Upon receipt of this Order, whether by facsimile, mail, or in person, every bank, brokerage firm, corporation, individual, or other entity shall abide by this Order and refuse to honor any request or demand by any entity to move, dissipate, spend, or otherwise transfer any money, securities, real estate, personal property, or other assets in which any of the Defendants have an interest. This paragraph shall apply to every bank, brokerage firm, corporation, individual, or other entity that has actual knowledge of this Order, whether or not the entity

physically possesses a copy of this Order.

18. The Plaintiffs are authorized to take whatever steps they believe are necessary to implement this Order, including, but not limited to: (1) serving a copy of this Order on banks and financial institutions where the Defendants may have accounts; (2) filing lis pendens notices in jurisdictions where any of the Defendants may own real or personal property; and (3) serving this Order on any entity that is believed to have possession or control of any asset in which any of the Defendants may have an interest.

19. The provisions of this Order shall remain in effect until satisfaction of the Court's judgment, unless modified by the Court. In the event that this Order is modified, the Plaintiffs shall take all necessary steps to notify each entity that received a copy of the initial Order. And after any modification of this Order, if the Plaintiffs discovery any additional entities that the Plaintiffs reasonably believe has access to, possession of, or control over any money, securities, real estate, personal property, or other assets in which any of the Defendants have an interest, the Plaintiffs shall serve a copy of the modified Order to the entity.

20. The Court retains jurisdiction to issue any further relief under this Order.

21. The Court has considered the issue of a bond and has determined that the current bond of $100 is appropriate and shall be paid to the Clerk of Court by the Plaintiffs.

ENTERED THIS DAY OF ____, 2011, AT _____ A.M. / P.M.

This is a final and appealable order. There is no just cause for delay

Copies to:

All counsel of record

LOULibrary 0108868.0536983  1178781v1