UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| IN RE CLASSICSTAR MARE LEASE LITIGATION | ) ) ) | MDL No. 1877 |
| and | ) ) | Master File: |
| WEST HILLS FARMS, LLC, *et al.*, | ) ) | Civil Action No. 07-353-JMH |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CLASSICSTAR, LLC, *et al.*, | ) ) | Civil Action No. 06-243-JMH |
| Defendants. | ) | **MEMORANDUM OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court upon the Motions of GeoStar Corporation, Tony Ferguson, Thom Robinson, and John Parrott to Alter or Amend the Court's Judgment entered with respect to Plaintiff's claims [DE 768 and 769]. Plaintiffs have filed a Response to those motions [DE 771] and a Motion for Entry of Rule 54(b) Certification [DE 772]. Defendants have filed a response to Plaintiffs' Motion [DE 781] and replies in further support of their Motions [DE 780]. Plaintiffs have filed a Reply [DE 782] in further support of their Motion.

Defendants argue that this court erroneously certified as final and appealable that judgment entered on October 11, 2011 [DE 760] and as amended on November 8, 2011 [DE 767] because (1) it did so without offering a reasoned analysis for its decision to do so

and (2) Defendants' cross-claims have not yet been resolved and remain pending.  In their response and by their Motion for Entry of a certification under Fed. R. Civ. P. 54(b), Plaintiffs concede that the Court must offer a reasoned analysis for such a certification in light of the pending cross-claims.  Unlike Defendants, however, Plaintiffs urge the Court to enter a certification on the grounds that the Court has adjudicated all of Plaintiffs' claims against all Defendants and there is no just cause for delay the final disposition of those claims, even in light of Defendants' cross-claims.

As an initial matter, the Court has adjudicated all of Plaintiffs' claims against all Defendants and, frankly, there is nothing more to say about them.  Those defendants who have filed cross-claims based on breach of fiduciary duty, fraud, fraud in the inducement, aiding and abetting, conversion and misappropriation, breach of contract, unjust enrichment, and theories of contribution and indemnity against one another may have claims which "arise from the same operative facts as the plaintiffs' claims," but the resolution of them will not and does not impact their liability – joint and several or individual – to Plaintiffs.

The rules explicitly provide "this court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties," Fed. R. Civ. P. 54(b), under appropriate circumstances. While "[t]he District Court cannot, in the exercise of its

discretion, treat as 'final' that which is not 'final' within the meaning of § 1291[, . . .] the District Court may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions...." *Sears Roebuck & Co. v. Mackey*, 351 U.S. 427, 437-38 (1956).  When determining if an order should be certified as final and appealable under Rule 54(b), this Court may consider this non-exhaustive list of factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994); *Corrosioneering, Inc. v. Thyssen Environmental Sys*. 807 F.2d 1279, 1283 (6th Cir. 1986) (citations omitted); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 n.2 (6th Cir. 1986); *Day v. NLO, Inc.*, 3 F.3d 153, 155 (6th Cir. 1993).

Considering first the relationship between the adjudicated claims and unadjudicated claims, indemnity and liability are interrelated but also necessarily considered by the Court in series

-3-

because "indemnity is collateral to and dependent upon a finding of liability." *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1284 (6th Cir. 1986).  Notably, the present case is not in the same posture as that in *Corrosioneering, Inc.*, upon which Defendants rely in urging the Court not to enter a certification of finality.  There, the Court of Appeals determined it was improper to review "a question of indemnity…prior to the consideration on appeal of the question of whether any liability exists" because a later determination of liability by the district court could moot the indemnification issue.  *Id.*  In other words, while many of the same facts go to the issues presented in Plaintiffs' claims as they do with respect to Defendants cross-claims, there is no possibility that the need for review of the liability issue might be mooted by future developments in the district court in a decision on the cross claims.

Similarly, the Court of Appeals would not need to reconsider the issue of Defendants' liability to Plaintiffs if and when the issue of Defendants' obligations and liability one to another are decided and subsequently subjected to appeal.  Nor do any of the cross-claims carry with them the possibility of set-off from the amount of judgment awarded to Plaintiffs.

All told, the strongest argument in Defendants' favor is that, by forcing Plaintiffs to wait until to appeal until the cross-claims are resolved, Defendants can conserve their resources

-4-

on appeal.   However, considering the distinct nature of the theories of recovery for the Plaintiffs' claims and the cross-claims between Defendants, the conservation of resources to be had is limited.   Further, while it is not dispositive of the issue before the Court by any means, the Court does note that Plaintiffs have already endured a great burden and expense in obtaining the Judgment. "An important effect of a 54(b) certification is that the entry of judgment permits prompt execution.   When no substantial reason appears why a litigant should not be entitled to collect upon a claim adjudicated in its favor immediately, the appellate courts will sustain the entry of judgment upon that claim by the trial court." *Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 951 (7th Cir. 1980). Here, in light of the factors set forth above, Plaintiffs should not be forced to further delay collection of their Judgment and await the outcome of claims asserted amongst the very defendants who injured them. *See id.* at 951-52.

Ultimately, Defendants are correct insofar that Fed. R. Civ. P. 54(b) demands an express and reasoned determination as to why there is no just reason to delay appellate review when the Court decides upon "entry of final judgment as to one or more but fewer than all the claims or parties in a case," *Gen. Acquisition, Inc.*, 23 F.3d at 1026.   *Rudd Constr. Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983).   The Court has done so here.

-5-

Accordingly, **IT IS ORDERED**:

(1) that Defendants' Motions to Alter or Amend the Court's October 11, 2011 Judgment [DE 768 and 769] are **GRANTED IN PART** and **DENIED IN PART**;

(2) that Plaintiffs' Motion for Entry of Rule 54(b) Certification [DE 772] is **GRANTED**;

(3) that the Court's earlier statement, set forth in the Amended Judgment of November 8, 2011 [DE 765], that the judgment in favor of Plaintiffs on their claims was final and appealable is **STRICKEN AND HELD FOR NAUGHT**. An order of judgment, setting forth the required certification under Fed. R. Civ. P. 54(b) as of this date, shall be entered separately.

**IT IS FURTHER ORDERED**:

(4) that the Clerk shall return this matter to the active docket with respect to the cross-claims of the Defendants;

(5) that, within ten (10) days of entry of this order, the parties to the cross-claims shall file briefs advising the Court of (a) whether they have any intent to pursue their cross-claims, particularly in light of their failure to mention them during pretrial conference and proceedings or to submit jury instructions, (b) whether any of the cross-claims are now moot or otherwise unavailable in light of the Court's earlier decisions with respect to Plaintiffs' claims, and (c) whether these cross-claims stand ready for trial on **June 5, 2012**, and the anticipated length of

-6-

trial.

This the 30th day of March, 2012.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge