```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| IN RE CLASSICSTAR MARE LEASE )<br>LITIGATION                     )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                ) | MDL No. 1877<br><br>Master File:<br>Civil Action No. 07-353-JMH<br><br>5:06-cv-243-JMH<br>5:07-cv-347-JMH<br>5:07-cv-348-JMH<br>5:07-cv-349-JMH<br>5:07-cv-351-JMH<br>5:07-cv-352-JMH<br>5:07-cv-419-JMH<br>5:08-cv-17-JMH<br>5:08-cv-53-JMH<br>5:08-cv-60-JMH<br>5:08-cv-74-JMH<br>5:08-cv-321-JMH<br>5:08-cv-418-JMH<br>5:08-cv-496-JMH<br>5:09-cv-15-JMH<br>5:09-cv-167-JMH<br><br><br>**MEMORANDUM OPINION & ORDER** |

                         *** *** ***

This matter is before the Court upon the Plaintiffs' Motion for Sanctions Against GeoStar and Defendants S. David Plummer II, Spencer D. Plummer, III, Strategic Opportunity Solutions, LLC d/b/a Buffalo Ranch, and Zeus Investments, LLC's (hereinafter, collectively, "the Plummer parties") Limited Joinder in that Motion for Sanctions Against GeoStar and Request for Additional Sanctions

filed in the various cases listed in the caption above.[1]  GeoStar has responded with respect to both motions, and the Movants have replied in further support of their motions.  Having considered the motions, the Court grants the requests for relief, and sanctions are entered as set forth below.

These parties request an award of sanctions restricting the use of GeoStar's deposition testimony due to the failure of GeoStar's designated witness to appear for the second and third days of GeoStar's deposition.  The designee's failure to appear meant that Plaintiffs were unable to conclude questioning directed to GeoStar and that the Plummer parties never had an opportunity to cross-examine GeoStar's designated witness on that testimony which was elicited through questioning by Plaintiffs' counsel on the first day of the deposition.  The failure to appear for questioning has, according to these parties, prejudiced their ability to gather evidence in support of their own claims and cross-claims against GeoStar, defend against GeoStar's cross- and third-party claims in the various suits, as well as the Plummer parties' ability to cross-examine GeoStar's designee about that testimony which could be construed as being offered against the Plummers during the first day of the deposition.  Plaintiffs and the moving Defendants seek to have certain facts deemed established and to restrict the use of

---

[1] The location of these motions in the various records are set forth, by docket entry number, in the order language, below.

what limited deposition testimony GeoStar's designated witness offered without examination by all interested parties on the first day of the scheduled three day deposition.

Pursuant to Fed. R. Civ. P. 30(b)(6), GeoStar had an obligation to designate one or more witnesses to appear on its behalf at a deposition noticed by Plaintiffs and as ordered by this Court, as well as to prepare that witness to testify regarding GeoStar's position on the topics included in the notice – here someone with knowledge of corporate documents.  A failure to provide an adequately prepared and willing designee is, essentially, a failure to appear.  *See Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000).  In such a situation, Fed. R. Civ. P. 37(d) authorizes the Court to impose sanctions on a corporate party, directing that certain facts be deemed established or prohibiting the party from presenting evidence or opposing certain claims.  Rule 37 puts no limits on who may move for sanctions, and, thus, the Court concludes that both the party who noticed the depositions and others that might have questioned the designee at a noticed deposition may seek sanctions. *See Payne v. Exxon Corp.*, 121 F.3d 503, 509-10 (9th Cir. 1997).  In this way, the Court can prevent frustration of the discovery process by giving the frustrated party or parties the benefit of an inference that the deposition would have yielded evidence favorable to its position – or at least unfavorable to that defendant.

Moore's Federal Practice – Civil § 37.96 (2009).  Further, this Court recognizes that the parties' taking the deposition could and likely would have requested authentication of documents identified by the notice of deposition in the course of that proceeding.  *See Sprint Comm. Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006).  This Court concludes that it can also provide relief from the designee's failure to appear with respect to this issue by refusing to allow the errant corporation to deny that such documents are authentic.

The various parties have briefed this issue extensively but, frankly, the Court finds that the issues raised by the motion of whether to sanction Defendant GeoStar are quite simple.  GeoStar was provided a list of topics upon which its designee was to provide testimony at a deposition.  GeoStar had discretion in selecting its designee or designees.  A selected designee appeared and decided, after a single day of questioning, to walk out of the deposition rather than proceed as noticed.  Geostar has not disputed these facts and does not deny that the moving parties have been prejudiced by them with respect to the preparation of their claims and defenses.

Rather, GeoStar spends the bulk of its briefs in response to the various requests for relief arguing that the movants are seeking what is essentially a default judgment against it.  While that may well be the result of the sanctions requested, GeoStar

misses the point. GeoStar was given an opportunity to provide evidence in this case, including evidence that would arguably support its defenses. GeoStar's failure to produce a designee to provide that evidence means that, if Geostar is unable to offer a defense due to limitations on what evidence it can now offer in support of its claims and defenses, it was the master of its own fate at the deposition. Put another way, GeoStar made its own bed and must now lie in it.

The Court finds that it is only fair that GeoStar itself be precluded from disputing the authenticity of documents appearing to have been created or received by GeoStar or its agents, as requested by Plaintiffs. Further, the limited testimony offered by GeoStar's designee may be used with respect to any admissions in that testimony against GeoStar itself. The more difficult question is what to do with any inferences that can be drawn from testimony actually offered or anticipated from the designee that speaks to other Defendants or cross- or third-parties in these matters. In the context of allegations of conspiracy, this is particularly troubling – for GeoStar's knowledge and actions can be imputed to anyone else who demonstrably participated in the conspiracy. That said, the Court believes that any issue in this regard can be straightforwardly remedied by estopping GeoStar from denying the assertions set forth by Plaintiffs and the other parties to this motion.

Frankly, the proponents of the facts which are to be inferred from GeoStar's silence will still need to provide *some* evidence from which these inferences themselves can be drawn in order for them to be accepted as established with respect to parties other than GeoStar.  Thus, for example, a party would need to show some evidence to the Court that GeoStar "entered into sham leases with Buffalo Ranch," *see* proposed inference (d) in Plaintiff's Memorandum of Law, in order to assert that fact against Buffalo Ranch.  Then, the parties other than GeoStar may still marshal evidence in support of their claims and defenses and remain free to challenge the inferences that touch on the claims against them using the evidence available to them to the extent that the inference speaks to their action or inaction, even if GeoStar itself cannot.

In this instance, the Court concludes that the fairest resolution is to sanction Geostar by prohibiting GeoStar, and GeoStar alone, from presenting evidence that would deny any of the assertions (a) through (s) set forth in the Plaintiff's Memorandum in Support of its Motion for Sanctions and those set forth in paragraphs (1) through (13) in the Memorandum in Support of Joinder in the Plaintiffs' Motion filed by the Plummers, Buffalo Ranch, and Zeus Investments.

Accordingly, **IT IS ORDERED**:

(1)  that the Plaintiffs' Motion for Sanctions and the Motion

to Join that Motion for Sanctions, albeit in a limited fashion, by Defendants S. David Plummer II, Spencer D. Plummer, III, Strategic Opportunity Solutions, LLC d/b/a Buffalo Ranch, and Zeus Investments, and their Request for Additional Sanctions[2] are **GRANTED** as set forth below;

(2) that GeoStar Corporation is precluded from disputing the authenticity of documents appearing to have been created or received by GeoStar or its agents;

(3) that the testimony offered by GeoStar Corporation's designee may be used by any party only insofar as it contains admissions against GeoStar itself and as offered against GeoStar;

(4) that GeoStar Corporation is estopped from denying the assertions set forth by Plaintiffs and the other parties to this motion in paragraphs (a) through (s) of Plaintiff's Memorandum in Support of its Motion for Sanctions and paragraphs (1) through (13) in the Memorandum in Support of Joinder in the Plaintiffs' Motion filed by the Plummers, Buffalo Ranch, and Zeus Investments;

(5) that these motions as filed in 5:09-cv-15 [DE 76, 78] are **DENIED AS MOOT**; and

(6) that the Plummer parties' Motion is **STRICKEN** from 5:09-

---

[2] These motions can be found in the records of these matters as follows: 5:06-cv-243 [DE 385, 391], 5:07-cv-347 [DE 141, 146], 5:07-cv-348 [DE 151, 153], 5:07-cv-349 [DE 169, 171], 5:07-cv-351 [DE 65, 67], 5:07-cv-352 [DE 78, 81], 5:07-cv-353 [DE 1061, 1080], 5:07-cv-419 [DE 116, 118], 5:08-cv-17 [DE 43], 5:08-cv-53 [DE 216, 222], 5:08-cv-60 [DE 34, 36], 5:08-cv-74 [DE 42], 5:08-cv-321 [DE 120, 124], 5:08-cv-418 [DE 30], 5:08-cv-496 [DE 85].

cv-167 [DE 14], as it appears that the parties did not intend to file the motion in that individual case.

This the 4th day of April, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge