UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| WEST HILLS FARMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 06-cv-243-JMH |
| v. | ) | |
| | ) | MDL NO. 1877 |
| CLASSICSTAR, LLC, et al., | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |

\*\*\*

The Court, having considered Defendants Geostar Corporation, Tony Ferguson, and Thom Robinson's Emergency Motion to Vacate Temporary Injunction or, in the Alternative, Stay the Temporary Injunction and Hearing [DE 818] as well as its Response to Plaintiffs' Emergency Motion for Post-Judgment Information and Asset Freeze Injunction [820] and being adequately advised, concludes that it has authority to enter the injunctive relief requested by Plaintiffs if, ultimately, the instant case demands such relief on the facts which are presented to the Court. Accordingly, it declines to afford the relief requested by Defendant's Motion to Vacate, at least in part, as set forth below.

First and foremost, this matter is sought and litigated *post-judgment*. Plaintiffs are judgment creditors, and Defendants are judgment debtors. The Court does not believe that Plaintiffs' most recent and post-judgment motion actually

1

asks this Court to substitute equitable relief for the money judgment it sought and obtained. Rather, Plaintiffs seek equitable relief solely on the grounds that the means of obtaining the legal relief to which they are now entitled to by virtue of this Court's judgment -- execution on the judgment by use of law to reach judgment debtors' assets in various jurisdictions around the country – are insufficient at this point to afford them meaningful relief. They argue that the legal ability to execute on the judgment, alone, is insufficient to afford them relief because they believe Defendants seek to waste, dissipate, or secret their assets in order to frustrate Plaintiffs' ability to recover on the judgment obtained. The preliminary injunction that they seek from this Court would serve as no more than a temporary stop-gap measure to insure that no waste or dissipation of assets frustrates their efforts to obtain any legal remedy to which they are due.

In this post-judgment context and on the request for relief made by Plaintiffs, it is irrelevant whether Plaintiffs could have obtained equitable relief on their claim instead of a money judgment. The fact of the matter is that the money judgment was obtained, and this Court may issue all necessary orders to effectuate that order of judgment. Clearly, this Court may not have jurisdiction over the assets sought, depending on where they are located, but it has jurisdiction over the defendants

who may waste, dissipate, or secret those assets. Thus, while the Court appreciates Defendants' well-articulated position against the imposition of equitable relief in the pre-judgment phase of proceedings based upon a civil RICO claim, those arguments no longer apply. The Court reaches no conclusion on whether a pre-judgment equitable remedy in the form of an asset freeze was available to Plaintiffs in this matter.

Ultimately, the Court concludes that it has authority to issue any necessary injunctive relief "in aid of its jurisdiction" as set forth above. *See, e.g., Meyers v. Moody*, 723 F.2d 388 (5th Cir. 1984) (approving use of post-judgment preliminary injunction to freeze assets where "waste, dissipation, or transfer of assets by [judgment debtor had] a direct impact on appellee's potential ultimate recovery"). Thus, the question for this Court is not whether it may enter a preliminary injunction freezing assets, for the Court concludes that it does, but whether it should do so in this instance. Plaintiffs must bear the burden required for entry of a preliminary injunction under Fed. R. Civ. P. 65 and demonstrate their "(1) likelihood of success on the merits; (2) whether [they] will suffer irreparable injury without a preliminary injunction; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary

injunction." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (citing *American Imaging Services, Inc. v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 963 F.2d 855, 858 (6th Cir.1992); *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 441 (1974).

At the end of the day or at least by the end of the hearing scheduled in this matter, Plaintiffs must demonstrate to this Court on what grounds they wish the Court to conclude that Defendants have already engaged in some sort of waste, dissipation, or secreting of assets or that there is a real likelihood that they will engage in such actions -- to the detriment of the ability of the legal process to afford Plaintiffs' the relief due under the judgment obtained from this Court. While the burden is on Plaintiffs to do so, Defendants are welcome to short cut the process of litigating this matter by providing some sort of assurance acceptable to Plaintiffs that they will not waste, dissipate, or secret their assets, whether through posting some sort of bond or voluntarily placing assets in an appropriate account, etc.

Further, with respect to some parties' failure to respond adequately to post-judgment discovery requests, Defendants have provided a response to the Plaintiffs' argument that they have failed to adequately respond to post-judgment discovery –

4

indicating that they believe they are justified in responding as they have. The Court shall refer that and any other post-judgment discovery dispute in this matter to Magistrate Judge Robert E. Wier for all necessary proceedings and orders for resolution in due time. While the Court still expects that the parties will engage in discovery in good faith, the Court shall vacate paragraphs 1, 2, and 3 of its August 16, 2013, Order [DE 816], allowing the issue of Plaintiffs' motion to compel raised in their August 7, 2013, Order to remain pending until such time as the parties can present the discovery dispute raised by Plaintiffs' Motion and Defendant's response to the Magistrate Judge for resolution.

Accordingly, **IT IS ORDERED:**

(1) That Defendants Geostar Corporation, Tony Ferguson, and Thom Robinson's Emergency Motion to Vacate Temporary Injunction or, in the Alternative, Stay the Temporary Injunction and Hearing [DE 818] is **GRANTED IN PART** and **DENIED IN PART**;

(2) That paragraphs 1, 2, and 3 of the Court's August 16, 2013, Order [DE 816] are **VACATED**;

(3) That all post-judgment discovery disputes in this matter are **REFERRED** to Magistrate Judge Robert E. Wier for all necessary proceedings and orders for resolution.

This the 23rd day of August, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge