UNITED STATES DISTRICT COURT
EASTERN DISTRCT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| IN RE CLASSICSTAR MARE LEASE LITIGATION | ) ) ) | MDL No. 1877 Master File: Civil Action No. 07-353- |
| WEST HILLS FARMS, LLC, et al., | ) ) | JMH |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 5:06-CV-243 |
| CLASSICSTAR, LLC, et al., | ) ) | |
| Defendants. | ) ) | **MEMORANDUM OPINION & ORDER** |

**\*\*\***

This matter is before the Court upon Plaintiffs Motion for a Declaration that Certain Property Is Owned by Judgment Debtor John Parrott or was Fraudulently Transferred by Judgment [DE 866], to which Defendant John Parrott objects [DE 872]. In lieu of a Reply, Plaintiff has filed a Motion to Continue [DE 875] consideration of that Motion for Declaration in order that they might collect more evidence through discovery to support their request for relief rather than litigate the matter piecemeal. For the reasons which follow, Plaintiff's Motion for a Declaration will be denied, and Plaintiff's Motion to Continue will be denied as moot.

Plaintiffs believe that Defendant John Parrott has used his legal training to manipulate his financial affairs to hide his

assets from his judgment creditors, including transferring funds to his ex-wife, Judy I. Parrott, and Jude Investments, LLC, during the course of this and other litigation concerning Defendant Parrott's involvement with the conspiracy alleged in this action and which was the subject of criminal proceedings. Plaintiffs seek a declaration that certain money and securities transferred by Defendant Parrott to his ex-wife and Jude Investments were fraudulently conveyed such that Defendant Parrott is the owner of the property and the funds should be subject to execution in this matter. Plaintiffs seek, in the alternative, a declaration that the property was transferred for no consideration and the transfers are voidable as they violate the rights of Defendant Parrott's creditors.

Plaintiffs rely on Federal Rule of Civil Procedure 69 and the Court's inherent authority to enforce its own judgment to provide this Court with subject matter jurisdiction over this matter. Certainly, as they point out, federal district courts have "ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments – including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Peacock v. Thomas*, 516 U.S. 349, 351 and 356 (1996) (citations omitted) ("We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a

2

federal court's inherent power to enforce its judgments."). Arguably, the Court would have jurisdiction over Defendant John Parrott in an action for relief as described and might, if asked, have jurisdiction over his ex-wife and Jude Investments. There is, however, no reason to make that determination because the cause of action has not been brought against those parties before this Court.

The Court appreciates that Plaintiffs would enjoy the convenience of obtaining relief from this Court, before which the judgment it seeks to enforce was obtained, but ultimately agrees with Defendant Parrot that, under the circumstances a motion under Rule 69 cannot provide the relief that Plaintiffs seek. First and foremost, Judy Parrott and Jude Investments are not parties to this action nor does the Court immediately see how they might be brought before this Court in the absence of a new action. As Parrott points out, "fraudulent transfer" is, in its own right, a cause of action in Kentucky and other jurisdictions, including Florida and the U.S. Virgin Islands, under which law Defendant theorizes that Plaintiff's might seek redress. Even if a declaratory action founded on such a cause of action could provide the appropriate relief, this Court may "may declare the rights and other legal relations of any interested party seeking such declaration" pursuant to 28 U.S.C. § 2201 only "upon the filing of an appropriate pleading." 28 U.S.C. § 2201; *see* Federal Rule of

3

Civil Procedure 7 (listing types of "pleadings," limited to complaint, answer to a complaint, answer to a counterclaim designated as a counterclaim, answer to a crossclaim, third-party complaint, answer to a third-party complaint, and reply to an answer); *see, e.g., Ledbetter v. Knox Cty., Tenn*, No. 3:05-CV-248, 2006 WL 354200, at *1 (E.D. Tenn. Feb. 15, 2006) (denying plaintiff's motion for declaratory relief because no "pleading" had been filed seeking declaratory relief pursuant to 28 U.S.C. § 2201).

Absent an amendment to the Complaint or a request for relief through some other appropriate pleading, which Plaintiffs do not seek, this Court will not entertain their request for relief. Nor does the Court suggest that it would look favorably upon a request for amendment.

Accordingly, **IT IS ORDERED**:

(1)  that the Motion for a Declaration that Certain Property Is Owned by Judgment Debtor John Parrott or Was Fraudulently Transferred by Judgment [DE 866] is **DENIED.**

(2)  that Plaintiffs' Motion to Continue [DE 875] and to extend time to file a Reply in order to obtain further evidence in support of its motion is **DENIED AS MOOT**.

This the 29th day of February, 2016.

4



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge